1  GIBSON, DUNN & CRUTCHER LLP
   G. CHARLES NIERLICH, SBN 196611
2  REBECCA JUSTICE LAZARUS, SBN 227330
   One Montgomery St., Ste. 3100
3  San Francisco, California 94104
   Telephone: (415) 393-8200
4  Facsimile: (415) 986-5309
   E-Mail:  gnierlich@gibsondunn.com
5          rjustice@gibsondunn.com

6  GIBSON, DUNN & CRUTCHER LLP
   JULIAN W. POON, SBN 219843
7  333 South Grand Avenue
   Los Angeles, California 90071
8  Telephone: (213) 229-7000
   Facsimile: (213) 229-7520
9  E-Mail:  jpoon@gibsondunn.com

10 Attorneys for Defendant
   WAL-MART STORES, INC.

11

12                 UNITED STATES DISTRICT COURT

13           FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15 DONALD C. BRYAN, VIRGIL CALDWELL,      CASE NO.
   CARROLL HAMPTON, and ROBERT
16 RODRIGUEZ,                             CV 08    5221

17                Plaintiffs,
                                          NOTICE OF REMOVAL OF ACTION
18         v.                             UNDER 28 U.S.C. § 1441

19                                        [Superior Court in and for the County of
   WAL-MART STORES, INC., a Delaware      Alameda, Case No. RG08414583]
20 Corporation dba WAL-MART
   TRANSPORTATION LLC, JEFFREY
21 HAMMOND and DOES 1-50, inclusive,

22                Defendants.

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS DONALD

2    C. BRYAN, VIRGIL CALDWELL, CARROLL HAMPTON, ROBERT RODRIGUEZ AND

3    THEIR COUNSEL OF RECORD:

4             PLEASE TAKE NOTICE that, pursuant to sections 1332 and 1441 of Title 28 of the United

5    States Code, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby removes the state court action

6    described below to the United States District Court for the Northern District of California.  Defendant

7    bases removal upon the following grounds:

8    A.    **Factual Background**

9             1.        On October 10, 2008, plaintiffs Donald C. Bryan, Virgil Caldwell, Carroll Hampton,

10   and Robert Rodriguez ("Plaintiffs") filed a putative class action complaint ("Complaint") against

11   Wal-Mart in the Superior Court of the State of California for Alameda County.  The Complaint was

12   captioned *Donald C. Bryan, Virgil Caldwell, Carroll Hampton, and Robert Rodriguez v. Wal-Mart*

13   *Stores, Inc., a Delaware Corporation dba Wal-Mart Transportation LLC and DOES 1-50, inclusive*

14   (Case No. RG08414583).  Plaintiffs served a copy of this initial Complaint on Defendant's registered

15   agent on October 21, 2008.

16            2.        On November 3, 2008, Plaintiffs filed the First Amended Complaint ("FAC") in this

17   action.  The FAC added an additional defendant, Jeffrey Hammond, to the Defendants listed in the

18   caption.  Plaintiffs served a copy of this initial Complaint on Defendant Wal-Mart's registered agent

19   on  November 12, 2008.  A true and correct copy of plaintiffs' initial complaint, as well as plaintiffs'

20   first amended complaint, summons and other papers served by Plaintiff in this action are attached

21   hereto as **Exhibit A**.

22            3.        Defendant has taken no action in the state court, and the state court has not entered any

23   orders in that action.

24   B.    **Jurisdictional Statement**

25            4.        This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as the Notice

26   is filed on November 19, 2008, which is within thirty (30) days after October 21, 2008, the date Wal-

27   Mart received the initial complaint.

28

Gibson, Dunn &
Crutcher LLP

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

5.     This is a civil class action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant is authorized to remove this action to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1453.

6.     As set forth in greater detail below, this action satisfies each of the three requirements for removal set forth in 28 U.S.C. § 1332(d):  (a) there are over 100 alleged class members in Plaintiff's proposed class (id. § 1332(d)(5)(B)); (b) the combined alleged claims of all potential class members, in the aggregate, exceed $5,000,000 (id. § 1332(d)(2)); and (c) the requisite diversity exists (id. § 1332(d)(2)(A)).

7.     There are over 100 class members in Plaintiff's proposed class, as required by 28 U.S.C. § 1332(d)(5)(B).  Plaintiff seeks to represent a class of "all current and former California-based, 'Drivers' or persons in an equivalent position or performing equivalent job duties however titled, who worked and/or are working for Defendants, and each of them, within four years prior to the filing of the original Complaint in this action up to and including the resolution of this action, yet were not paid wages in violation of California Labor Code sections 201, 202, 203, 226.7, 510 and 512 and subsections 11, and 12 of the applicable Industrial Welfare Commission Orders." (Compl. ¶ 24; FAC ¶ 24.)  Plaintiff also alleges that the members of this proposed class are "so numerous that joinder of all members would be impractical." (Id., ¶ 25; FAC ¶ 25.)  Based on information and belief, Defendant avers that more than 500 persons may fall within the scope of the class definition proposed by Plaintiffs.

8.     Defendant avers that the matter in controversy exceeds $5,000,000, exclusive of interest and costs, for several reasons:

a.     Plaintiffs contend that the named Plaintiffs and the putative class are entitled to "damages and/or restitution, as appropriate, to Plaintiffs and to the Class Members, who have not been paid wages as required by California law and/or whose records of hours worked have not been maintained or furnished, have been inaccurately maintained or have been altered or destroyed, including exemplary damages where and if appropriate." (Compl. ¶ 3(a); FAC ¶ 3(a).)  Plaintiffs seek recovery for members of the putative class who "did not receive all pay due and owing at the

Gibson, Dunn &
Crutcher LLP

2

1  time of their employment" including pay for "meal time, break time, and time devoted to work." (*Id.*

2  ¶ 23; FAC ¶ 23.)

3          b.     Plaintiff prays for disgorgement of "all monies wrongfully withheld, including

4  interest, as a result of the practices alleged [in the Complaint]." (*Id.* ¶ 3(b); FAC ¶ 3(b).)

5          c.     Plaintiff seeks "exemplary and punitive damages as appropriate available

6  under each cause of action, pursuant to California Civil Code 3294." (Complaint Prayer for Relief

7  ¶ 3; FAC Prayer for Relief ¶ 3.) Such damages are relevant to a consideration of the amount in

8  controversy in this type of action. *See, e.g., Yeroushalmi v. Blockbuster Inc.*, No. 05-2550, 2005 U.S.

9  Dist. LEXIS 39331, at *19 (C.D. Cal. July 11, 2005) (holding that "it is proper [under Class Actions

10  Fairness Act] to consider the cost of injunctive relief, potential punitive damages, and attorney's

11  fees").)

12          d.     Plaintiff seeks equitable and injunctive relief, including "an injunction

13  prohibiting Defendants, and each of them, from (1) failing to pay wages to "Drivers" as required

14  under California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, and subsections 11 and 12

15  of the applicable Industrial Welfare Commission Orders." (Compl. ¶ 3(c); FAC ¶ 3(c).) Such relief

16  is relevant to a consideration of the amount in controversy in this type of action. *See, e.g.,*

17  *Yeroushalmi*, 2005 U.S. Dist. LEXIS 39331, at *19; *Nelson v. Bic USA, Inc.*, No. 07-2367, 2008 U.S.

18  Dist. LEXIS 27366 (S.D. Cal. Apr. 1, 2008), at *18-19, n.7 (because plaintiff sought primarily

19  injunctive as opposed to monetary relief, "the amount in controversy could permissibly be evaluated

20  in consideration of the other costs [defendant] is at risk of incurring should Plaintiff prevail on her

21  requests for equitable relief under disgorgement, injunctive, and other theories").

22          e.     Plaintiff's counsel seeks a recovery of its attorneys' fees pursuant to California

23  Labor Code §§ 218.5 and 1194 (Compl. ¶ 3(e); FAC ¶ 3(e)), and the Ninth Circuit "ha[s] held that

24  attorneys' fees [a]re properly included in the amount in controversy in a class action" under the Class

25  Actions Fairness Act of 2005. *See Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994,

26  1000 (9th Cir. 2007) (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942-43 (9th Cir. 2001)); *see*

27  *also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (noting that "Section

28  1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

1    includes attorneys' fees[,]" and that plaintiff sought attorneys' fees pursuant to same state statutes

2    cited here).

3            f.      Based on the potential size of the class, Defendant avers that the amount in

4    controversy readily exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

5            9.      Finally, the requisite diversity exists pursuant to 28 U.S.C. § 1332(d)(2)(A) because

6    Plaintiffs are citizens of a state different from Defendant Wal-Mart.  Plaintiffs allege that they were at

7    the time the Complaint was filed California citizens and residents.  (Compl. ¶¶ 8-11; FAC ¶¶ 8-11.)

8    Defendant Wal-Mart avers that it was at the time the Complaint was filed and still is a corporation

9    organized and existing by virtue of the laws of the State of Delaware, and having its principal place

10   of business in the State of Arkansas.  Defendant was at the time the Complaint was filed and is still a

11   citizen of the States of Delaware and Arkansas, and Wal-Mart is not now and has never been a citizen

12   of the State of California, where this action was brought within the meaning of 28 U.S.C. § 1332(c).

13   *See* 28 U.S.C. § 1332(c) (for purposes of Sections 1332 and 1441, "a corporation shall be deemed to

14   be a citizen of any State by which it has been incorporated and of the State where it has its principal

15   place of business").  At no time has Defendant ever been a citizen or resident of California.

16   **C.      Intradistrict Assignment**

17           10.     Pursuant to Civ. L.R. 3-2(d), this action should be assigned to the San Francisco or

18   Oakland Division because the Complaint was filed in the Alameda County Superior Court.

19   **D.      Removal Procedure**

20           11.     Wal-Mart hereby complies with 28 U.S.C. § 1446(a) by attaching hereto as **Exhibit A**

21   all process, pleadings, and orders received in the state court action.

22           12.     Wal-Mart will promptly give written notice of this Notice to plaintiffs and will file a

23   copy of this notice with the clerk of the Alameda County Superior Court, as required by 28 U.S.C.

24   § 1446(d).

25           13.     Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and other papers received by

26   Defendant in the state court action, including the Complaint and the FAC, are attached to this Notice

27   as **Exhibit A**.

28

Gibson, Dunn &
Crutcher LLP

4

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

14.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of the defendant's receipt of the initial pleading.  Defendant received the Complaint when it was served via its registered agent on October 21, 2008.  Defendant files this Notice of Removal on November 19, 2008, within the thirty-day deadline provided by 28 U.S.C. § 1446(b).

15.     Defendant will promptly give notice of this Notice to Plaintiff and will file a copy of this notice with the clerk of the Alameda County Superior Court pursuant to 28 U.S.C. § 1446(d).


WHEREFORE Defendant removes the original action brought by Plaintiff now pending in the Alameda County Superior Court from the Alameda County Superior Court to the United States District Court for the Northern District of California.



DATED: November 19, 2008                    GIBSON, DUNN & CRUTCHER LLP



By: _____
                                                      G. Charles Nierlich

Attorneys for Defendant WAL-MART STORES, INC.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

Gibson, Dunn &
Crutcher LLP

# DECLARATION OF SERVICE

I, Robin McBain, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is One Montgomery Street, 31st Floor, San Francisco, California 94104, in said County and State. On November 19, 2008, I served the within:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441;**
**CIVIL COVER SHEET;**
**U.S. DISTRICT COURT OF NORTHERN CALIFORNIA ECF REGISTRATION**
**INFORMATION HANDOUT**

by placing a true copy thereof in an envelope addressed to each of the persons named below at the address shown:

**Attorneys for Plaintiffs**

Andrew B. Jones
WAGNER & JONES LLP
1111 East Herndon, Ste. 317
Fresno, CA 93720
Telephone: (559) 449-1800
Facsimile: (559) 449-0749

☑ **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the date shown below. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Certificate of Service was executed by me on November 19, 2008, at San Francisco, California.

By _____
Robin McBain

100550796_2.DOC

Gibson, Dunn &
Crutcher LLP

# Exhibit A

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Andrew B. Jones 076915
WAGNER & JONES LLP
1111 E. Herndon, Ste. 317

Fresno, CA  93720
TELEPHONE NO.: 559/449-1800    FAX NO.: 559/449-0749
ATTORNEY FOR *(Name):* PLAINTIFFS

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA  94612
BRANCH NAME:

CASE NAME:  BRYAN et al. v. WAL-MART et al.

**FILED BY FAX**
ALAMEDA COUNTY
October 10, 2008
CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:
RG08414583

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder — Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: / DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d. [X] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive

**4.** Number of causes of action *(specify):*  6

**5.** This case [X] is [ ] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/9/08

Andrew B. Jones 076915
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.1

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

CM-010 [Rev. July 1, 2007]

Fax Server          10/10/2008 4:37:35 PM     PAGE    7/002   Fax Server

10-21-08
2:26 pm

10/10/2008 18:21 FAX  5594490749        Wagner and Jones                   ☑ 003/003

SUMMONS
(CITACION JUDICIAL)

| | SUM-100 |
|---|---|

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
WAL-MART STORES, INC., a Delaware corporation dba WAL-
MART TRANSPORTATION, LLC, and DOES 1-50, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED BY FAX
ALAMEDA COUNTY
October 10, 2008
CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
DONALD C. BRYAN, VIRGIL CALDWELL, CARROLL HAMPTON and
ROBERT RODRIGUEZ

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

CASE NUMBER:
(Número de Caso):
RG08414583

The name and address of the court is:
(El nombre y dirección de la corte es):
ALAMEDA SUPERIOR COURT
1225 Fallon Street

Oakland, CA  94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Andrew B. Jones                                                   559/449-0749
WAGNER & JONES LLP
1111 E. Herndon, Ste. 317
Fresno, CA 93720
DATE: October 10, 2008                  Clerk, by _____, Deputy
(Fecha)                                        (Secretario)                            (Adjunto)
(For proof of service of this summons, use Proof of Service of Summons (POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).
NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [✓] on behalf of (specify): Wal Mart Stores Inc. a Delaware Corporation
       dba Walmart Transportation, LLC.
   under: [✓] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [✓] by personal delivery on (date): 10-21-08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

FILED BY FAX
ALAMEDA COUNTY

October 10, 2008

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:
**RG08414583**

1 | LAW OFFICES OF
WAGNER & JONES LLP
2 | Andrew B. Jones, #076915
Nicholas Wagner, #109455
3 | Daniel M. Kopfman, #192191
1111 East Herndon, Suite 317
4 | Fresno, California  93720
559/449-1800
5
Attorney for Plaintiffs DONALD C. BRYAN, VIRGIL CALDWELL,
6 | CARROLL HAMPTON, and ROBERT RODRIGUEZ

7 | SUPERIOR COURT OF CALIFORNIA

8 | COUNTY OF ALAMEDA

9 | DONALD C. BRYAN, VIRGIL | Case No.
10 | CALDWELL, CARROLL HAMPTON, and | **CLASS ACTION**
ROBERT RODRIGUEZ
11 | | **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
        Plaintiffs,
12 | | 1.   VIOLATION OF LABOR CODE
        vs. | SECTIONS 226.7 AND 512
13 | | AND SECTION 11 OF THE
WAL-MART STORES, INC., a | INDUSTRIAL WELFARE
14 | Delaware Corporation dba WAL- | COMMISSION WAGE ORDERS.
MART TRANSPORTATION LLC and | (FAILURE TO PROVIDE A
15 | DOES 1-50, inclusive, | MEAL PERIOD.)
16 | | 2.   VIOLATION OF LABOR CODE
        Defendants. | SECTIONS 226.7 AND 512
17 | _____/ | AND SECTION 12 OF THE
INDUSTRIAL WELFARE
18 | | COMMISSION WAGE ORDERS.
(FAILURE TO PROVIDE A
19 | | REST PERIOD.)
3.   VIOLATION OF LABOR CODE
20 | | 203   (FAILURE TO PAY
WAGES DUE AND OWING UPON
21 | | TERMINATION OF
EMPLOYMENT.)
22 | | 4.   VIOLATION OF BUSINESS AND
PROFESSIONS CODE 17200 ET
23 | | SEQ.
5.   FAILURE TO PAY WAGES DUE
24 | | AND OWING (CA LABOR CODE
510)
25 | | 6.   FAILURE TO PROVIDE
ACCURATE WAGE STATEMENTS
26 | | (Ca. Labor Code 226)
7.   FAILURE TO PAY MINIMUM
27 | | WAGE
28 |
| **JURY TRIAL DEMANDED**

I

## GENERAL ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

Representative Plaintiffs, DONALD C. BRYAN, VIRGIL CALDWELL, CARROLL HAMPTON, and ROBERT RODRIGUEZ, bring this challenge to Defendants lucrative, repressive and unlawful business practices on behalf of themselves and on behalf of all other members of the general public similarly situated, and hereby allege and state as follows:

1.   This is a class action brought against Defendants, and each of them, on behalf of a collective class of all persons employed by Defendants, and each of them, in the position of "Driver" in the State of California (or persons with the equivalent position however titled) who were not provided meal and rest periods and who were not paid wages pursuant to California law prior and subsequent to the date this action was filed.

2.   This action alleges that Defendants, and each of them: (1) improperly and in violation of California state law failed to pay wages and penalties due and owing to its "Drivers" in violation of California Labor Code sections 201, 202, 203, 226.7, 510 and 512, and sections 11, and 12 of the applicable California Industrial Welfare Commission Orders; and, (2) violated California Business and Professions Code 17200, et. seq., all in conscious disregard of the Plaintiffs' and the Class members' rights, entitling Plaintiffs and the Class to an award of punitive damages.

3.   This action seeks relief for the unremedied violations of California law including, inter alia:

    (a)  damages and/or restitution, as appropriate, to Plaintiffs and to the Class Members, who have not been paid wages as required by California law and/or whose records of hours worked have not been maintained or furnished, have been inaccurately maintained or have been altered or destroyed, including exemplary damage where and if appropriate;

CLASS ACTION – COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

(b) an order requiring disgorgement from Defendants, and each of them, of all monies wrongfully withheld, including interest, as a result of the practices alleged herein;

(c) implementation of other equitable and injunctive relief, including inter alia, an injunction prohibiting Defendants, and each of them, from (1) failing to pay wages to "Drivers" as required under California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders;

(d) interest;

(e) attorney fees and costs as provided by statute and/or applicable case law including California Labor Code sections 218.5 and 1194;

(f) such other relief as the court deems just and proper.

4.    This class-action lawsuit for damages and equitable relief is founded exclusively upon California state law including, but not limited to, violations of provisions of the California Labor Code, Industrial Welfare Commission Wage Orders, and the California Business and Professions Code.

5.    Venue is proper in Alameda County because Defendants own and operate business facilities in Alameda County where Defendants have failed to pay Plaintiffs and Class Members wages in violation of California law.  Plaintiffs and the Class Members have suffered damages in Alameda County and will continue to suffer the same harm as the Representative Plaintiffs as a result of Defendants, and each of their wrongful conduct unless the relief requested herein is granted.

6.    Defendants, and each of them, at all relevant times herein are duly organized and existing as entities under and by virtue of law, authorized to do and doing business in the County of Alameda, and the State of California.

7.    Plaintiffs and Class Members were and are employed as "Drivers" (or the equivalent) by Defendants, and each of them, and

1  work in various other counties in the State of California.  The
2  majority of the Class are citizens of the State of California.

3      8.   Plaintiff, DONALD C. BRYAN, is a resident of Kings
4  County, California and a citizen of the State of California. Mr.
5  BRYAN has been employed by Defendant, and each of them, as a
6  Driver from April 1993 to November 2007. He joins this action in
7  his individual capacity on behalf of himself, and on behalf of all
8  other Delivery Drivers similarly situated pursuant to California
9  Code of Civil Procedure section 382, and pursuant to California
10  Business and Professions Code 17200 et. seq., on behalf of the
11  general public.

12      9. Plaintiff, VIRGIL CALDWELL, is a resident of Fresno County
13  and is a citizen of the State of California.  Mr. CALDWELL has
14  been employed by Defendant, and each of them as a Driver from
15  August 1994 to September 2006. He joins this action in his
16  individual capacity on behalf of himself, and on behalf of all
17  other Delivery Drivers similarly situated pursuant to California
18  Code of Civil Procedure section 382, and pursuant to California
19  Business and Professions Code 17200 et. seq., on behalf of the
20  general public.

21      10.   Plaintiff, CARROLL HAMPTON is a resident of Fresno
22  County and is a citizen of the State of California.  Mr. HAMPTON
23  has been employed by Defendant, and each of them as a Driver from
24  August 1994 to January 31, 2008. He joins this action in his
25  individual capacity on behalf of himself, and on behalf of all
26  other Delivery Drivers similarly situated pursuant to California
27  Code of Civil Procedure section 382, and pursuant to California
28  Business and Professions Code 17200 et. seq., on behalf of the
   general public.

       11. Plaintiff, ROBERT RODRIGUEZ is a resident of Tulare

1  County and is a citizen of the State of California. He has been

2  employed by Defendant, and each of them as a Driver from April

3  1992 to the present. Mr. RODRIGUEZ joins this action in his

4  individual capacity on behalf of himself, and on behalf of all

5  other Delivery Drivers similarly situated pursuant to California

6  Code of Civil Procedure section 382, and pursuant to California

7  Business and Professions Code 17200 et. seq., on behalf of the

8  general public.

9       12.  Plaintiffs are informed and believe and thereupon allege

10  that Defendants, and each of them, are at all time relevant

11  hereto, persons, residing in various counties in the State of

12  California.

13      13. Plaintiffs are further informed and believe and thereupon

14  allege that at all relevant times herein such DOE 1-20 Defendants,

15  were managing agents of Defendants, and each of them, with policy

16  making authority to set wages, hire, fire, discipline employees,

17  and with supervisory control over Plaintiffs and Class members.

18      14.  The true names and capacities of the Defendants sued

19  herein as DOES 1 through 50, inclusive, whether individual,

20  corporate, associate or otherwise, are unknown to Plaintiffs, who

21  therefore sues such Defendants by their fictitious names pursuant

22  to California Code of Civil Procedure section 474.  Plaintiffs are

23  informed and believe that each of the Doe Defendants are liable to

24  Plaintiffs under the same theories and causes of action as set

25  forth in this complaint.  Plaintiffs are informed and believe and

26  thereon allege that the DOE Defendants are California residents.

27  Plaintiffs will amend this complaint to show such true names and

28  capacities when the same have been ascertained.

        15.  Plaintiffs are informed and believe and thereon allege

    that each of the Defendants identified herein was at all times

1    relevant hereto the agent, employee, servant, representative or
2    alter ego of the remaining Defendants, and was acting, at least in
3    part, within the course and scope of such relationship.

4         16.  At all times mentioned, Defendants, and each of them,
5    were members of, and engaged in, a joint venture, partnership and
6    common enterprise, and acting within the course and scope of, and
7    in pursuit of, said joint venture, partnership and common
8    enterprise.

9         17.  At all times herein mentioned, Defendants, and each of
10   them, ratified each and every act or omission complained of
11   herein.  At all times mentioned, the Defendants, and each of them,
12   aided and abetted the acts and omissions of each and all of the
13   other Defendants and proximately caused the damages as alleged
14   herein.

15        18.  Defendants, and each of them, through their agents and
16   employees (not including the Plaintiffs, members of the
17   "Collective Class", or "Class-Action Class" (members)),
18   established and carried out a policy which violated California
19   Labor Code sections 201, 202, 203, 226.7, 510 and 512, and
20   Subsections 11, and 12 of the applicable Industrial Welfare
21   Commission Orders in that Plaintiffs, members of the Collective
22   Class, and Class-Action Class members were not paid wages
23   according to California law for hours that they were required to
24   work including, but not limited to, hours devoted to the
25   following: (1) work during their statutory lunch or break periods;
26   (2) work during which Defendants, and each of them, automatically
27   deducted 30 minutes or more from their daily hours worked; and (3)
28   work during which they were engaged to wait (standby time).

          19.  As a result of the actions of Defendants, and each of
     them, Plaintiffs, members of the Collective Class, and Class-

1  Action Class members suffered damages, including, but not limited
2  to, lost pay, wages, benefits, vacation pay, and interest.

3       20.   These violations of law were committed knowingly and
4  willfully by Defendants, and each of them, with full knowledge of
5  the required laws cited herein.

6       21.  The actions of Defendants, and each of them, were
7  therefore fraudulent, malicious, and oppressive and as such
8  Plaintiffs, the Collective Class and the Class-Action Class
9  members are entitled to an award of punitive damages by way of
10  example and deterrence.

11       22.  The duties and responsibilities of the "Drivers" are
12  virtually identical from region to region, area to area, store to
13  store and employee to employee within the State of California.
14  Further, any variation in job activities between the different
15  individuals are legally insignificant to the issues presented by
16  this action since the central facts remain, to wit, Plaintiffs and
17  the Representative Class and Class-Action Class Members performed
18  nonexempt work for which they have never been paid the wages
19  earned as required by California law.

20       23.  Some of the Class Members were involuntarily discharged
21  by Defendants, constructively terminated or voluntarily terminated
22  their employment, and did not receive all pay due and owing at the
23  time their employment with Defendants, and each of the, was
24  terminated.  Defendants, in violation of California Labor Code
25  sections 201, 202, and 203 had a consistent uniform policy,
26  practice and procedure of willfully failing to pay the earned and
27  wages of all such former employees.  The Defendants willfully
28  failed to pay the earned and unpaid wages of such individuals,
    including, but not limited to, meal time, break time, and time
    devoted to work which Defendants, and each of them, automatically

1  deducted from their daily hours worked. The Defendants willfully
2  failed to pay the earned and unpaid wages of such individuals,
3  including, but not limited to, timely payment of accrued vacation
4  on termination of employment. Members of the Collective Class and
5  members of the Class-Action Class did not secret or absent
6  themselves from Defendants nor did they refuse to accept the
7  earned but unpaid wages from Defendants. Accordingly, Defendants
8  are liable for waiting time penalties for the unpaid wages
9  pursuant to California Labor Code sections 201, 202, and 203.

## II

### CLASS ACTION ALLEGATIONS

12    24.  This complaint is brought by Representative Plaintiffs,
13  DONALD C. BRYAN, VIRGIL CALDWELL, CARROLL HAMPTON, and ROBERT
14  RODRIGUEZ, pursuant to California Code of Civil Procedure section
15  382 on behalf of the Class.   All claims alleged herein arise
16  exclusively under California law for which Representative
17  Plaintiffs seek the relief authorized under California law. The
18  class is comprised of, and defined as, all current and former
19  California-based, "Drivers" or persons in an equivalent position
20  or performing equivalent job duties however titled, who worked
21  and/or are working for Defendants, and each of them, within four
22  years prior to the filing of the original Complaint in this action
23  up to and including the resolution of this action, yet were not
24  paid wages in violation of California Labor Code sections 201,
25  202, 203, 226.7, 510 and 512 and subsections 11, and 12 of the
26  applicable Industrial Welfare Commission Orders.
27    25.  The members of the Class are so numerous that joinder of
28  all members would be impractical, if not impossible. The identity
of each members of the Class is readily ascertainable by review of
Defendant's own business records, including but not limited to,

8

1  records required by subsection 7 of the applicable Industrial
2  Welfare Commission Orders and California Labor Code sections 1174.
3  Further, the subject matter of this action both as to factual
4  matters and as to matters of law, is such that there are questions
5  of law and fact common to the Class which predominate over
6  questions affecting only individual members.

7      26.    The California Labor Code and Industrial Welfare
8  Commission Wage Order provisions upon which Representative
9  Plaintiffs base their claims are broadly remedial in nature.
10 These laws and labor standards serve an important public interest
11 in establishing minimum working conditions and standards in
12 California. These laws and labor standards protect the average
13 working employee from exploitation by employers who may seek to
14 take advantage of superior economic and bargaining power in
15 setting onerous terms and conditions of employment. The nature of
16 this action and the format of laws available to Representative
17 Plaintiff and the Class make the class action format a
18 particularly efficient and appropriate procedure to redress the
19 wrongs alleged herein. Further, this case involves a large
20 corporate employer and a large number of individual employees with
21 many relatively small claims. If each employee were required to
22 file an individual lawsuit, the corporate Defendants would
23 necessarily gain an unconscionable advantage since they would be
24 able to exploit and overwhelm the limited resources of each
25 individual Plaintiff and Class member with its vastly superior
26 financial and legal resources. Requiring each member of the Class
27 to pursue an individual remedy and would also discourage the
28 assertion of lawful claims by employees who would be disinclined
to file an action against their former and/or current employer for
real and justifiable fear of retaliation and permanent damage to

1   their careers at their current or subsequent employment.

2       27.   The prosecution of separate actions by the individual

3   Class Members, even if possible, would create a substantial risk

4   of (1) inconsistent or varying adjudications with respect to

5   individual Class Members against the Defendants and which would

6   establish potentially incompatible standards of conduct for the

7   Defendants, and/or (2) adjudications with respect to individual

8   Class Members which would, as a practical matter, be dispositive

9   of the interests of the other Class Members not parties to the

10  adjudications or which would substantially impair or impede the

11  ability of the Class Members to protect their interests. Further,

12  the claims of the individual members of the Class are not

13  sufficiently large to warrant vigorous individual prosecution

14  considering all of the concomitant costs and expenses.

15      28.   Such a pattern, practice and uniform administration of

16  corporate policy regarding employee compensation as described

17  herein is unlawful and creates an entitlement to recovery by the

18  Plaintiffs and the Class, in a civil action, for the unpaid

19  balance of the full amount of the pay, including interest thereon,

20  waiting time penalties, reasonable attorney's fees and costs of

21  suit according to the mandates of California Labor Code sections

22  218.5 and 1194.

23      29.   Proof of a common business practice or pattern, of which

24  the named Plaintiffs experienced are representative and will

25  establish the right of each of the members of the Class to

26  recovery on the causes of action alleged herein.

27      30.   The Class is entitled in common to a specific fund with

28  respect to the wages illegally and unfairly retained by

    Defendants.  The Class is entitled in common to restitution and

    disgorgement of those funds being improperly withheld by

                                                            10

1  Defendants. This action is brought for the benefit of the entire
2  Class and will result in the creation of a common fund.
3      31. There is a well-defined community of interest in the
4  questions of law and fact involved affecting the parties to be
5  represented. The questions of law and fact common to the Class
6  predominate over questions that may affect individual Class
7  Members, including the following:
8      ...
9      (a) whether Drivers received pay due and owing pursuant
10  to California Labor Code sections 201, 202, 203, 226.7,
    510, 512, and subsections 11 and 12 of the applicable
    Industrial Welfare Commission Orders;
11     (b) whether Defendants implemented and engaged in a
12  systematic business practice of failing to pay "Drivers"
    wages according to California law for all hours worked
13  or whether Defendants automatically deducted 30 minutes
    or more from each "Drivers' daily hours worked;
14     (c) whether upon recognizing its legal obligation to pay
15  wages pursuant to California law to members of the
    Class, Defendants paid all wages actually due;
16     (d) whether Defendants failed to keep, maintain or
17  furnish accurate records of the actual hours worked by
    each Driver as required by subsection 7 of the
18  applicable Industrial Welfare Commission Orders;
19     (e) whether Defendants failed to maintain any other
    records and/or other evidence relevant to the claims
20  asserted in this litigation;
21     (f) whether Defendants willfully failed to pay all wages
22  due and owing to all Drivers whose employment with
    Dependants was terminated;
23     (g) whether the systematic acts and practices of
    Defendants, and each of them, as alleged herein
24  violated, inter alia, California Labor Code sections
    201, 202, 203, 226.7, 510, 512, sections 7, 11, and 12,
25  of the applicable Industrial Welfare Commission Wage
    Orders, and California Business and Professions Code
26  sections 17200, et seq.
27     32. Because the Representative Plaintiffs and other members
28  of the Class in the position of "Driver" routinely worked more
    than four hours without breaks and/or more than five hours without
    a lunch period as required by California Labor Code section 512

CLASS ACTION - COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1 and subsections 11 and 12 of the applicable Industrial Welfare
2 Commission Orders and based upon the uniform duties and
3 responsibilities required by Defendants, and each of them, and its
4 uniform pay scheme for such employees, the Representative
5 Plaintiffs's claims are typical of the claims of the entire Class.

6      33.   The Representative Plaintiffs will fairly and adequately
7 represent and protect the interests of the Class in that they have
8 no disabling conflicts of interest that would be antagonistic to
9 the other members of the Class.   The Representative Plaintiffs
10 have retained counsel who are competent in the prosecution of
11 class action litigation, and in overtime wage class action
12 litigation.

13      34.   The Representative Plaintiffs and members of the Class
14 have all similarly suffered irreparable harm and damages as a
15 result of Defendants, and each of their, unlawful and wrongful
16 conduct.   Defendants' systematic failure to retain accurate
17 records of hours worked by each "Driver" as required by law makes
18 Class treatment especially appropriate.   This action will provide
19 substantial benefits to both the Class and the public since,
20 absent this action, Defendants' unlawful conduct will continue
21 unremedied and uncorrected.

**FIRST CAUSE OF ACTION**

(Violation of California Labor Code section 512 and section 11
of the applicable Industrial Welfare Commission Wage Order.)
(Against All Defendants)

26      35.   Plaintiffs incorporate by reference the allegations
27 contained in Paragraphs 1 through 34 of this Complaint as if fully
28 set forth herein.

       36.   California Labor Code sections 512(a) provide as

12

follows:

(a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes. Except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

37. Section 11 of the applicable Industrial Welfare Commission Wage Order provides as follows:

"(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

38. California Labor Code section 226.7 provides:

"(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

1    (b) If an employer fails to provide an employee a meal
     period or rest period in accordance with an applicable
2    order of the Industrial Welfare Commission, the employer
     shall pay the employee one additional hour of pay at the
3    employee's regular rate of compensation for each work
     day that the meal or rest period is not provided."

4        39.   It was and continues to be Defendants', and each of

5    their, systematic business policy and practice work Plaintiffs,

6    members of the Representative Class, and members of the Class-

7    Action Class more than five hours per day without an off-duty 30

8    minute meal period as required by California Labor Code section

9    512 and section 11 of the applicable Industrial Welfare Commission

10   Wage Order.

11       40.   Furthermore, Plaintiffs, members of the Representative

12   Class, and members of the Class have not waived their right to a

13   30 minute meal period by mutual consent.

14       41.   In addition, it was and continues to be Defendants', and

15   each of their, systematic business policy and practice not to

16   compensate the Plaintiffs, members of the Representative Class or

17   Class members with the pay due and owing as required by California

18   Labor Code sections 226.7, and subsection 11 of the applicable

19   Industrial Welfare Commission Orders (i.e., one hour of pay per

20   day   per   lunch   period   at   the   employee's   regular   rate   of

21   compensation).

22       42.   Despite all of the available California law, Defendants

23   and each of them, willfully refused, and continue to refuse, to

24   compensate Plaintiffs and Class Members with the pay they are owed

25   pursuant to California Labor Code section 226.7 and subsection 11

26   of the applicable Industrial Welfare Commission Orders.

27       43.   In failing to compensate Plaintiffs and the Class

28   Members the pay due and owing pursuant to Labor Code sections

     226.7 and subsection 11 of the applicable Industrial Welfare

14

1   Commission Orders as alleged herein, Defendants, and each of them,

2   acted maliciously, oppressively, despicably, with the wrongful

3   intention of causing injury and hardship to Plaintiffs and the

4   Class Members by reaping economic gain at Plaintiffs' and the

5   Class' expense, in willful and conscious disregard of their

6   statutory and regulatory right to pay due and owing.

7   Consequently, Plaintiffs and the members of the Representative

8   Class, and the Class-Action Class are entitled to an award of

9   exemplary damages to punish Defendants' past conduct and to deter

10  similar future conduct.

11      44. Furthermore, Plaintiffs and Class Members are entitled

12  to the relief requested below.

13

14                        **SECOND CAUSE OF ACTION**

15  **(Violation of California Labor Code section 512 and section 12
    of the applicable Industrial Welfare Commission Wage Order.)**

16                          (Against All Defendants)

17      45. Plaintiffs incorporate by reference the allegations

18  contained in Paragraphs 1 through 44 of this Complaint as if fully

19  set forth herein.

20      46. Section 12 of the applicable Industrial Welfare

21  Commission Wage Order provides as follows:

22      "(A) Every employer shall authorize and permit all
        employees to take rest periods, which insofar as
23      practicable shall be in the middle of each work period.
        The authorized rest period time shall be based on the
24      total hours worked daily at the rate of ten (10) minutes
        net rest time per four (4) hours or major fraction
25      thereof. However, a rest period need not be authorised
        for employees whose total daily work time is less than
26      three and one-half (3 ½) hours. Authorized rest period
        time shall be counted as hours worked for which there
27      shall be no deduction for wages.

28      (B) if an employer fails to provide an employee a rest
        period in accordance with the applicable provisions of
        this order, the employer shall pay the employee one(1)
        hour of pay at the employee's regular rate of
        compensation for each workday that the rest period is

not provided."

47.   It was and continues to be Defendants', and each of their, systematic business policy and practice work Plaintiffs, members of the Representative Class, and members of the Class-Action Class members more than three and one half (3 ½) hours per day without a ten (10) minute rest period as required by California Labor Code section 512 and section 12 of the applicable Industrial Welfare Commission Wage Order.

48. In addition, it was and continues to be Defendants', and each of their, systematic business policy and practice not to compensate the Plaintiffs, members of the Representative Class or Class with the pay due and owing as required by California Labor Code sections 226.7, and subsection 12 of the applicable Industrial Welfare Commission Orders (i.e., one hour of pay per day per rest period at the employee's regular rate of compensation).

49.   Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to California Labor Code section 226.7 and subsection 12 of the applicable Industrial Welfare Commission Orders.

50.   In failing to compensate Plaintiffs and the Class Members the pay due and owing pursuant to Ca. Labor Code sections 226.7 and subsection 12 of the applicable Industrial Welfare Commission Orders as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiffs and the Class Members by reaping economic gain at Plaintiffs' and the Class' expense, in willful and conscious disregard of their

1    statutory   and   regulatory   right   to   pay   due   and   owing.
2    Consequently, Plaintiffs and the members of the Representative
3    Class, and the Class-Action Class are entitled to an award of
4    exemplary damages to punish Defendants' past conduct and to deter
5    similar future conduct.

6        51.   Furthermore, Plaintiffs and Class Members are entitled
7    to the relief requested below.

8                        THIRD CAUSE OF ACTION
9            (Violation of California Labor Code Section 201, 202,
10                              and 203)
11                        (Against All Defendants)

12       52.   Plaintiffs incorporate by reference the allegations
13   contained in paragraphs 1 through 51 of this Complaint as if fully
14   set forth herein.

15       53.   California Labor Code section 201 provides in pertinent
16   part: "If an employer discharges an employee, the wages earned
17   and   unpaid  at  the  time  of  discharge  are  due  and  payable
18   immediately ..."

19       54.   California Labor Code section 202 provides in pertinent
20   part: "If an employee not having a written contract for a definite
21   period quits his or her employment, his or her wages shall become
22   due and payable not later than 72 hours thereafter, unless the
23   employee has given 72 hours previous notice of his or her
24   intention to quit, in which case the employee is entitled to his
25   or her wages at the time of quitting."

26       55.   California Labor Code section 203 provides in pertinent
27   part:
28           "If an employer willfully fails to pay, without
         abatement or reduction, in accordance with Sections 201,
         201.5, 202, and 205.5, any wages of an employee who is
         discharged or quit, the wages of the employee shall
         continue as a penalty from the due date the of at the

same rate until paid or until an action therefore is
commenced; but the wages shall not continue for more
than 30 days.   An employee who secretes or absents
himself or herself to avoid payment to him or her, or
who refuses to receive the payment when fully tendered
to him or her, including any penalty then accrued under
this section, is not entitled to any benefit under this
section for the time during which he or she so avoids
payment.
Suit may be filed for these penalties at any time before
the expiration of the statue of limitations on an action
for the wages from which the penalties arises."

56.   Plaintiffs and Class Members identified herein were
discharged by Defendants and/or voluntarily quit.  The Defendants,
in violation of California Labor Code sections 203, had a
consistent and uniform policy, practice and procedure of willfully
failing to pay the earned and unpaid wages or accrued vacation of
all such former employees as described herein.   Plaintiffs and
Class Members did not secret or absent themselves from Defendants
nor refuse to accept the earned and unpaid wages from Defendants.
Accordingly, Defendants are liable for waiting time penalties for
the unpaid wages pursuant to California Labor Code sections 203.

57.   In addition to the penalties imposed by California Labor
Code section 203, Defendants, and each of them are liable for the
penalties imposed by subsection 20 of the applicable Industrial
Welfare Commission Orders which provides in relevant part as
follows:

(a) In addition to any other civil penalties provided by
law, any employer or any other person acting on behalf
of the employer who violates, or causes to violate, the
provisions of this order, shall be subject to the civil
penalty of: (1) Initial Violation - $50.00 for each
underpaid employee for each pay period during which the
employee was underpaid in addition to the amount which
is sufficient to recover unpaid wages.  (2) Subsequent
Violations - $100.00 for each underpaid employee for
each pay period during which the employee was underpaid
in addition to an amount which is sufficient to recover
unpaid wages.

58.   Despite all of the available California law, Defendants
and each of them, willfully refused, and continue to refuse, to

CLASS ACTION - COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

18

1  compensate Plaintiffs and Class Members with the pay they are owed
2  pursuant to California Labor Code section 203 and section 20 of
3  the applicable Industrial Welfare Commission Orders.

4      59.  In failing to compensate Plaintiffs and the Class
5  Members the pay due and owing pursuant to Ca. Labor Code section
6  203 as alleged herein, Defendants, and each of them, acted
7  maliciously, oppressively, despicably, with the wrongful intention
8  of causing injury and hardship to Plaintiffs and the Class Members
9  by reaping economic gain at Plaintiffs' and the Class' expense, in
10 willful and conscious disregard of their statutory and regulatory
11 right to pay due and owing.  Consequently, Plaintiffs and the
12 members of the Representative Class, and the Class-Action Class
13 are entitled to an award of exemplary damages to punish
14 Defendants' past conduct and to deter similar future conduct.

15     60.  Furthermore, Plaintiffs and Class Members are entitled
16 to the relief requested below.

17              **FOURTH CAUSE OF ACTION**
18  **(Violation of Business and Professions Code 17200 et seq.)**
              (Against all Defendants)
19

20     61.  Plaintiffs incorporate by reference the allegations
21 contained in paragraphs 1 through 60 of this Complaint as if
22 fully set forth herein.

23     62.  Defendants, and each of them, have engaged and
24 continue to engage in unfair business practices in California by
25 practicing, employing and utilizing the employment policy of
26 failing to pay Plaintiffs, members of the Representative Class
27 and members of the Class-Action Class employment compensation as
28 required by the California law cited herein above.  Defendants',
   and each of their, utilization of such unfair business practices
   constitutes unfair competition and provides an unfair advantage

1  over Defendants' competitors.

2      63.  Plaintiffs seek on their own behalf, on behalf of the

3  Representative Class, and on behalf of the general public, full

4  restitution and disgorgement of all employment compensation

5  wrongfully withheld, as necessary and according to proof, to

6  restore any and all monies withheld, acquired and/or converted

7  by the Defendants by means of the unfair and/or unlawful

8  practices complained of herein.  The restitution and

9  disgorgement requested includes all wages earned and unpaid,

10  including interest thereon.  The acts complained of herein

11  occurred, at least in part, within the last four (4) years

12  preceding the filing of the Complaint in this action and

13  continue to the present.

14      64.  Plaintiffs are informed and believe and on that basis

15  allege that at all times herein mentioned Defendants, and each

16  of them, have engaged in unlawful, deceptive and unfair business

17  practices, as proscribed by California Business and Professions

18  Code 17200 et seq., by depriving Plaintiffs and the members of

19  the Representative Class of the minimum working condition

20  standards due to them under the California Labor Code and

21  Industrial Welfare Commission wage orders as identified herein.

22      65. Business and Professions Code 17200, et seq., prohibits

23  acts of unfair competition which shall mean and include any

24  unlawful, unfair or fraudulent business act or practice.  Under

25  California law, wages unlawfully withheld from an employee

26  constitutes an unfair business act entitling the Plaintiffs and

27  the members of the Representative Class to a restitution remedy

28  authorized by section 17203.  Plaintiffs, the representative

class, and the general public are therefore entitled to the

relief requested below.

CLASS ACTION - COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

<u>FIFTH CAUSE OF ACTION</u>

(Failure to Pay Wages Due And Owing. California Labor Code
section 510 and subsection 3 of the applicable
Industrial Welfare Commission Orders)

66. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. California Labor Code 510 and subsection 3 of the applicable Industrial Welfare Commission Orders provide in relevant part as follows:

(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of not less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of not less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of not less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

68. California Labor Code 514 and subsection 3 of the applicable Industrial Welfare Commission Orders provides an exception to the overtime provisions of California Labor Code 510 in relevant part as follows:

Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than thirty percent more than the state minimum wage.

69. This cause of action for payment of overtime pursuant to California Labor Code section 510 and subsection 3 of the applicable Industrial Welfare Commission Orders is brought on behalf of Plaintiffs, Representative Class Members and members

CLASS ACTION - COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  of the Class who are not exempt by operation of California Labor
2  Code 514 and the corresponding language in subsection 3 of the
3  applicable Industrial Welfare Commission Orders.
4      70.   During all relevant periods, Defendants, and each of
5  them, suffered or permitted Plaintiffs, members of the
6  Representative Class and Class-Action Class Members to work in
7  excess of eight (8) hours per day and to work in excess of forty
8  (40) hours per week.
9      71.   During all relevant periods, Defendants, and each of
10  them, suffered or permitted Plaintiffs, the members of the
11  Representative Class and the members of the Class-Action Class
12  to work up to fourteen hours per day without a lunch or break
13  period.
14      72.   However, Defendants, and each of them, had and
15  continue to have a systematic business policy of deducting
16  thirty (30) minutes from the total time each driver worked each
17  day and refuse to pay them for the thirty (30) minutes the
18  drivers were required to devote to work instead of a daily lunch
19  period.
20      73.   Since Defendants, and each of them, deduct the thirty
21  (30) minutes from the total hours worked by each driver each
22  day, Defendants, and each of them, have willfully failed and
23  continue to fail to pay Plaintiffs, members of the
24  Representative Class and Class-Action Class Members, who are not
25  exempt by operation of California Labor Code section 514 and the
26  corresponding language in subsection 3 of the applicable
27  Industrial Welfare Commission Orders, 2.5 hours of overtime for
28  each five day work week and 3.0 hours of overtime for each six
   day work.
       74.   Despite all of the available California law,

1   Defendants and each of them, willfully refused, and continue to

2   refuse, to pay Plaintiffs and Class Members the pay they are

3   owed.

4       75.   In failing to compensate Plaintiffs and the Class

5   Members for the wages due and owing pursuant to California Labor

6   Code section 510 as alleged herein, Defendants, and each of

7   them, acted maliciously, oppressively, despicably, with the

8   wrongful intention of causing injury and hardship to Plaintiffs

9   and the Class Members by reaping economic gain at Plaintiffs'

10  and the Class' expense, in willful and conscious disregard of

11  their statutory and regulatory right to overtime compensation.

12  Consequently, Plaintiffs and the members of the Class-Action

13  Class are entitled to an award of exemplary damages to punish

14  Defendants' past conduct and to deter similar future conduct.

15      76.   Furthermore, Plaintiffs and Class Members are entitled

16  to the relief requested below.

17                 **SIXTH CAUSE OF ACTION**

18  **(Failure To Provide Accurate Wage Statements.   California Labor
    Code 226, And Subsections of the applicable
    Industrial Welfare Commission Orders.)**

19

20      77.   Plaintiffs incorporate by reference the allegations

21  contained in paragraphs 1 through 76 of this Complaint as if

22  fully set forth herein.

23      78.   California Labor Code 226 provides:

24  226. Itemized statements; contents; records; inspection
    of records; compliance with inspection request;'

25  limitation of application

26  (a) Every employer shall, semimonthly or at the time of
    each payment of wages, furnish each of his or her

27  employees, either as a detachable part of the check,
    draft, or voucher paying the employee's wages, or

28  separately when wages are paid by personal check or
    cash, an accurate itemized statement in writing showing
    (1) gross wages earned, (2) total hours worked by the
    employee, except for any employee whose compensation is
    solely based on a salary and who is exempt from payment
    of overtime under subdivision (a) of Section 515 or any

applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an existing employee identification number other than asocial security number may be shown on the check, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer. The employer may take reasonable steps to assure the identity of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.

(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. A violation of this subdivision is an infraction. Impossibility of performance, not caused by or a result of a violation of law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision. An employer may designate the person to whom a request under this subdivision will be made.

(d) This section does not apply to any employer of any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of the owner or occupant.

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater

CLASS ACTION - COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven hundred fifty dollars ($750) penalty from the employer.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

79.   Defendants have failed to maintain the records required by Labor Code §226.  Consequently, it will be more difficult for Plaintiffs and Class Members to establish all actual hours worked for Defendant over the four years preceding the filing of this complaint.  As a result, Plaintiffs and class members will incur additional attorney fees and costs and will be required to devote significantly more time to this litigation.

80.   Accordingly, Plaintiffs and Class Members may be prejudiced in their ability to establish the total amount of their actual damages.

81.   Therefore, Plaintiffs and Class Members seek the remedy set forth in California Labor Code §226(e).

///
///
///
///

CLASS ACTION - COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

25

## SEVENTH CAUSE OF ACTION

**(Failure to Pay Minimum Wage As Required By
Subsection 4 Of The Applicable Industrial
Welfare Commission Orders.)
(Against WAL-MART STORES, INC., and Does 1-50.)**

81. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 80 of this Complaint as if fully set forth herein.

82. Subsection 4 of the applicable Industrial Welfare Commission Orders provides in relevant part as follows:

(a) Every employer shall pay to each employee wages not less than six dollars and twenty-five cents ($6.25) per hour for all hours worked, effective January 1, 2001, and not less than six dollars and seventy-five cents ($6.75) per hour for all hours worked, effective January 2002, ... (b) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

83. During all relevant periods, Defendants, and each of them, suffered or permitted Plaintiffs, members of the Representative Class and Class-Action Class Members to work in excess of eight (8) hours per day and to work in excess of forty (40) hours per week.

84. During all relevant periods, Defendants, and each of them, required Plaintiff, members of the Representative Class and Class-Action Class Members to work unpaid hours.

85. However, Defendants, and each of them, had and continue to have a systematic business policy and practice of refusing to pay them for all time they were required to devote to work.

86. Defendants, and each of them, have willfully failed and continue to fail to pay Plaintiffs, members of the Representative Class and Class-Action Class Members minimum wage.

87. It was and continues to be Defendants', and each of their, systematic business policy and practice to not pay minimum wage as required by California law and as alleged herein.

88. Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to subsection 4 of the applicable Industrial Welfare Commission Orders.

89. In failing to compensate Plaintiffs and the Class Members the pay due and owing as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiff and the Class Members by reaping economic gain at Plaintiff's and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to receive pay due and owing. Consequently, Plaintiff, members of the Representative Class and Class-Action Class Members are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.

90. Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.

### PLAINTIFFS REQUEST JURY TRIAL

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

1. An Order certifying that the action may be maintained as a class action;

CLASS ACTION - COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

2.   Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial;

3.   Exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code section 3294;

4.   An Order imposing an asset freeze in constructive trust of Defendants, and each of their, ill-gotten gains, and enjoining Defendants from failing and refusing to disgorge all monies acquired by means of any act or practice declared by this Court to constitute unlawful, unfair or fraudulent acts or practices;

5.   That Defendants be ordered to show cause why it should not be enjoined and ordered to comply the applicable California Industrial Welfare Commission Wage Orders related to payment of employment compensation and record keeping for Defendants' employees who are engaged in non-exempt work and work, without a meal or break period;

6.   For a declaratory judgment and decree adjudging and decreeing that the Plaintiffs and the Class have meal periods and break periods for which they have not been paid in violation of California Law;

7.   For restitution to Plaintiffs and other similarly affected members of the general public (and disgorgement from Defendants) of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the California Labor Code, Industrial Welfare Commission Orders, and California Business and Professions Code 17200 et seq.

8. For any and all profits, whether direct or indirect,

CLASS ACTION - COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  Defendants acquired by its conversion of the Plaintiffs' and

2  Class Members' wages;

3      9.  For pre-judgment and post-judgment interest as allowed

4  by California Labor Code sections 218.6 and 1194;

5      10.  For reasonable attorney's fees, expenses and costs as

6  provided by California Labor Code sections 218.5 and 1194; and

7      11.  Such other and further relief as the Court deems just

8  and proper.

9  DATED: October  9  2008        LAW OFFICES OF
                                    WAGNER & JONES LLP

10

11                                By: _____

12

13                                Andrew B. Jones
                              Attorneysfor Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION - COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Superior Court of California, County of Alameda
Gale / Schenone Hall of Justice
Civil Division
5672 Stoneridge Drive
Pleasanton, CA  94588

To:   Donald C. Bryan

Date:  10/10/2008

Re:  No. RG08414583 - Bryan   VS.  Wal-Mart Stores, Inc., a Delaware Corporation

Your request to file Summons Issued and Filed has been rejected for the following
reason:

   (Direct Fax Return) Names must match exactly to complaint.

Executive Officer / Clerk of the Superior Court

By                                              digital

                                          Deputy Clerk

Wagner & Jones LLP
Attn: Jones, Andrew B
1111 East Herndon
Ste. 317
Fresno, CA   93720

Wal-Mart Stores, Inc., a Delaware
Corporation

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Bryan

                              Plaintiff/Petitioner(s)

vs.

Wal-Mart Stores, Inc., a Delaware Corporation

                              Defendant/Respondent(s)
                       (Abbreviated Title)

No. <u>RG08414583</u>

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 11/24/2008   TIME: 02:00 PM   DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Case Management Conference:
DATE: 01/09/2009   TIME: 11:00 AM   DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6936.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 267-6936.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  10/17/2008

Executive Officer / Clerk of the Superior Court

By _____

_____
Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/17/2008.

By _____

_____
Deputy Clerk

POS-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:
Andrew B. Jones (076915)
Law Offices of Wagner & Jones
1111 E. Herndon Suite 317
Fresno, CA 93720

TELEPHONE NO: 559.449-1800    FAX NO. *(Optional)*: 559.449-0749
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA. 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: Bryan, et al.

DEFENDANT/RESPONDENT: Wal Mart, et al.

**FOR COURT USE ONLY**

**FILED BY FAX**
ALAMEDA COUNTY
October 27, 2008
CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy
CASE NUMBER:
RG08414583

CASE NUMBER:
RG08414583

Ref. No. or File No.:

**PROOF OF SERVICE OF SUMMONS**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. |X| summons
   b. |X| complaint
   c. | | Alternative Dispute Resolution (ADR) package
   d. |X| Civil Case Cover Sheet *(served in complex cases only)*
   e. | | cross-complaint
   f. | | other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*: Wal-Mart Stores, Inc, a Delaware
      Corporation dba Wal-Mart Transportation LLC
   b. |X| Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Margerite Wilson: Agent for service of process

4. Address where the party was served: 818 W. Seventh Street
                                        Los Angeles, CA. 90017

5. I served the party *(check proper box)*
   a. |X| by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date)*: 10-21-08        (2) at *(time)*: 2:26 p.m.
   b. | | by substituted service. On *(date)*:                          at *(time)*:        I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) | | (business) a person at least 18 years of age apparently in charge at the office or usual place of business
              of the person to be served. I informed him or her of the general nature of the papers.

      (2) | | (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
              place of abode of the party. I informed him or her of the general nature of the papers.

      (3) | | (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
              address of the person to be served, other than a United States Postal Service post office box. I informed
              him or her of the general nature of the papers.

      (4) | | I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
              at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
              *(date)*:              from *(city)*:                          or | | a declaration of mailing is attached.

      (5) | | I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure, § 417.10



@ 002/003                              Wagner and Jones          5594490749  FAX 09:50 2008/27/10

| PLAINTIFF/PETITIONER: Bryan, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wal Mart, et al. | RG08414583 |

5. c. | | by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*     (2) from *(city):* .

    (3) | | with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) | | to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. | | by other means *(specify means of service and authorizing code section):*

    | | Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. | | as an individual defendant.
    b. | | as the person sued under the fictitious name of *(specify):*
    c. | | as occupant.
    d. | X | On behalf of *(specify):* Wal-Mart Stores Inc., a Delaware corporation dba Wal-Mart Transportatin, LLC
    under the following Code of Civil Procedure section:

| | |
|---|---|
| | X | 416.10 (corporation) | | 415.95 (business organization, form unknown) |
| | 416.20 (defunct corporation) | | 416.60 (minor) |
| | 416.30 (joint stock company/association) | | 416.70 (ward or conservatee) |
| | 416.40 (association or partnership) | | 416.90 (authorized person) |
| | 416.50 (public entity) | | 415.46 (occupant) |
| | | | other: |

7. **Person who served papers**
    a. Name: FRESNO ATTORNEY SERVICE/Ryan Price
    b. Address: 6083 N. Figarden Drive, PMB 187, Fresno, CA. 93722
    c. Telephone number: 559.375-2804
    d. The fee for service was: $ 78.00
    e. I am:
      (1) | | not a registered California process server.
      (2) | | exempt from registration under Business and Professions Code section 22350(b).
      (3) | X | registered California process server:
        (i) | | owner | | employee | X | independent contractor.
        (ii) Registration No.: 2126
        (iii) County: Orange

8. | X . | I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. | | I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 10-21-08

Ryan Price
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *[signature]*
(SIGNATURE)

POS-010 [Rev January 1, 2007]      **PROOF OF SERVICE OF SUMMONS**

FILED BY FAX

ALAMEDA COUNTY

November 03, 2008

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:
RG08414583

1  LAW OFFICES OF
   WAGNER & JONES LLP
2  Andrew B. Jones, #076915
   Nicholas Wagner, #109455
3  Daniel M. Kopfman, #192191
   1111 East Herndon, Suite 317
4  Fresno, California  93720
   559/449-1800
5
   Attorney for Plaintiffs DONALD C. BRYAN, VIRGIL CALDWELL,
6  CARROLL HAMPTON, and ROBERT RODRIGUEZ

7                 SUPERIOR COURT OF CALIFORNIA

8                    COUNTY OF ALAMEDA

9  DONALD C. BRYAN, VIRGIL            Case No.  RG08414583
   CALDWELL, CARROLL HAMPTON, and
10 ROBERT RODRIGUEZ                   CLASS ACTION

11       Plaintiffs,                  FIRST AMENDED COMPLAINT FOR
                                      DAMAGES AND EQUITABLE RELIEF
12    vs.
                                      1.  VIOLATION OF LABOR CODE
13 WAL-MART STORES, INC., a               SECTIONS 226.7 AND 512
   Delaware Corporation dba WAL-          AND SECTION 11 OF THE
14 MART TRANSPORTATION LLC,               INDUSTRIAL WELFARE
   JEFFREY HAMMOND, and DOES 1-           COMMISSION WAGE ORDERS.
15 50, inclusive,                         (FAILURE TO PROVIDE A
                                          MEAL PERIOD.)
16                                    2.  VIOLATION OF LABOR CODE
17       Defendants.        /             SECTIONS 226.7 AND 512
                                          AND SECTION 12 OF THE
18                                        INDUSTRIAL WELFARE
                                          COMMISSION WAGE ORDERS.
19                                        (FAILURE TO PROVIDE A
                                          REST PERIOD.)
20                                    3.  VIOLATION OF LABOR CODE
21                                        203   (FAILURE TO PAY
                                          WAGES DUE AND OWING UPON
22                                        TERMINATION OF
                                          EMPLOYMENT.)
23                                    4.  VIOLATION OF BUSINESS AND
                                          PROFESSIONS CODE 17200 ET
24                                        SEQ.
                                      5.  FAILURE TO PAY WAGES DUE
25                                        AND OWING (CA LABOR CODE
                                          510)
26                                    6.  FAILURE TO PROVIDE
                                          ACCURATE WAGE STATEMENTS
27                                        (Ca. Labor Code 226)
                                      7.  FAILURE TO PAY MINIMUM
28                                        WAGE

                                      JURY TRIAL DEMANDED

                                      I

☒003/031
11/03/2008 15:24 FAX  5584480749          Wagner and Jones

## GENERAL ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

Representative Plaintiffs, DONALD C. BRYAN, VIRGIL CALDWELL, CARROLL HAMPTON, and ROBERT RODRIGUEZ, bring this challenge to Defendants lucrative, repressive and unlawful business practices on behalf of themselves and on behalf of all other members of the general public similarly situated, and hereby allege and state as follows:

1.   This is a class action brought against Defendants, and each of them, on behalf of a collective class of all persons employed by Defendants, and each of them, in the position of "Driver" in the State of California (or persons with the equivalent position however titled) who were not provided meal and rest periods and who were not paid wages pursuant to California law prior and subsequent to the date this action was filed.

2.   This action alleges that Defendants, and each of them: (1) improperly and in violation of California state law failed to pay wages and penalties due and owing to its "Drivers" in violation of California Labor Code sections 201, 202, 203, 226.7, 510 and 512, and sections 11, and 12 of the applicable California Industrial Welfare Commission Orders; and, (2) violated California Business and Professions Code 17200, et. seq., all in conscious disregard of the Plaintiffs' and the Class members' rights, entitling Plaintiffs and the Class to an award of punitive damages.

3.   This action seeks relief for the unremedied violations of California law including, inter alia:

(a) damages and/or restitution, as appropriate, to Plaintiffs and to the Class Members, who have not been paid wages as required by California law and/or whose records of hours worked have not been maintained or have furnished, have been inaccurately maintained or have been altered or destroyed, including exemplary damage where and if appropriate;

1   (b) an order requiring disgorgement from Defendants, and
each of them, of all monies wrongfully withheld,
2   including interest, as a result of the practices alleged
herein;

3   (c) implementation of other equitable and injunctive
relief, including inter alia, an injunction prohibiting
4   Defendants, and each of them, from (1) failing to pay
wages to "Drivers" as required under California Labor
5   Code sections 201, 202, 203, 226, 226.7, 510, 512, and
subsections 11 and 12 of the applicable Industrial
6   Welfare Commission Orders;

7   (d) interest;

8   (e) attorney fees and costs as provided by statute
and/or applicable case law including California Labor
9   Code sections 218.5 and 1194;

10  (f) such other relief as the court deems just and proper.

11      4.   This class-action lawsuit for damages and equitable

12  relief is founded exclusively upon California state law including,

13  but not limited to, violations of provisions of the California

14  Labor Code, Industrial Welfare Commission Wage Orders, and the

15  California Business and Professions Code.

16      5.   Venue is proper in Alameda County because Defendants own

17  and operate business facilities in Alameda County where Defendants

18  have failed to pay Plaintiffs and Class Members wages in violation

19  of California law.  Plaintiffs and the Class Members have suffered

20  damages in Alameda County and will continue to suffer the same

21  harm as the Representative Plaintiffs as a result of Defendants,

22  and each of their wrongful conduct unless the relief requested

23  herein is granted.

24      6.   Defendants, and each of them, at all relevant times

25  herein are duly organized and existing as entities under and by

26  virtue of law, authorized to do and doing business in the County

27  of Alameda, and the State of California.  Defendant, JEFFREY

28  HAMMOND, General Manager of Defendant, WAL-MART STORES, is a
resident of Fresno County, an a citizen of the State of

@005/031

1  **California.**

2      7.  Plaintiffs and Class Members were and are employed as

3  "Drivers" (or the equivalent) by Defendants, and each of them, and

4  work in various other counties in the State of California.  The

5  majority of the Class are citizens of the State of California.

6      8.  Plaintiff, DONALD C. BRYAN, is a resident of Kings

7  County, California and a citizen of the State of California. Mr.

8  BRYAN has been employed by Defendant, and each of them, as a

9  Driver from April 1993 to November 2007. He joins this action in

10  his individual capacity on behalf of himself, and on behalf of all

11  other Delivery Drivers similarly situated pursuant to California

12  Code of Civil Procedure section 382, and pursuant to California

13  Business and Professions Code 17200 et. seq., on behalf of the

14  general public.

15      9. Plaintiff, VIRGIL CALDWELL, is a resident of Fresno County

16  and is a citizen of the State of California.  Mr. CALDWELL has

17  been employed by Defendant, and each of them as a Driver from

18  August 1994 to September 2006. He joins this action in his

19  individual capacity on behalf of himself, and on behalf of all

20  other Delivery Drivers similarly situated pursuant to California

21  Code of Civil Procedure section 382, and pursuant to California

22  Business and Professions Code 17200 et. seq., on behalf of the

23  general public.

24      10:  Plaintiff, CARROLL HAMPTON is a resident of Fresno

25  County and is a citizen of the State of California.  Mr. HAMPTON

26  has been employed by Defendant, and each of them as a Driver from

27  August 1994 to January 31, 2008. He joins this action in his

28  individual capacity on behalf of himself, and on behalf of all

other Delivery Drivers similarly situated pursuant to California

Code of Civil Procedure section 382, and pursuant to California

@006/031
11/03/2008 15:24 FAX 5594490749        Wagner and Jones

1  Business and Professions Code 17200 et. seq., on behalf of the
2  general public.
3      11. Plaintiff, ROBERT RODRIGUEZ is a resident of Tulare
4  County and is a citizen of the State of California. He has been
5  employed by Defendant, and each of them as a Driver from April
6  1992 to the present. Mr. RODRIGUEZ joins this action in his
7  individual capacity on behalf of himself, and on behalf of all
8  other Delivery Drivers similarly situated pursuant to California
9  Code of Civil Procedure section 382, and pursuant to California
10 Business and Professions Code 17200 et. seq., on behalf of the
11 general public.
12     12. Plaintiffs are informed and believe and thereupon allege
13 that Defendants, and each of them, are at all time relevant
14 hereto, persons, residing in various counties in the State of
15 California.
16     13. Plaintiffs are further informed and believe and thereupon
17 allege that at all relevant times herein such DOE 1-20 Defendants,
18 were managing agents of Defendants, and each of them, with policy
19 making authority to set wages, hire, fire, discipline employees,
20 and with supervisory control over Plaintiffs and Class members.
21     14. The true names and capacities of the Defendants sued
22 herein as DOES 1 through 50, inclusive, whether individual,
23 corporate, associate or otherwise, are unknown to Plaintiffs, who
24 therefore sues such Defendants by their fictitious names pursuant
25 to California Code of Civil Procedure section 474. Plaintiffs are
26 informed and believe that each of the Doe Defendants are liable to
27 Plaintiffs under the same theories and causes of action as set
28 forth in this complaint. Plaintiffs are informed and believe and
   thereon allege that the DOE Defendants are California residents.
   Plaintiffs will amend this complaint to show such true names and

capacities when the same have been ascertained.

15. Plaintiffs are informed and believe and thereon allege that each of the Defendants identified herein was at all times relevant hereto the agent, employee, servant, representative or alter ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such relationship.

16. At all times mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuit of, said joint venture, partnership and common enterprise.

17. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants and proximately caused the damages as alleged herein.

18. Defendants, and each of them, through their agents and employees (not including the Plaintiffs, members of the "Collective Class", or "Class-Action Class" (members)), established and carried out a policy which violated California Labor Code sections 201, 202, 203, 226.7, 510 and 512, and Subsections 11, and 12 of the applicable Industrial Welfare Commission Orders in that Plaintiffs, members of the Collective Class, and Class-Action Class members were not paid wages according to California law for hours that they were required to work including, but not limited to, hours devoted to the following: (1) work during their statutory lunch or break periods; (2) work during which Defendants, and each of them, automatically deducted 30 minutes or more from their daily hours worked; and (3)

11/03/2008 15:24 FAX  5594490749         Wagner and Jones                    ☑008/031

1    work during which they were engaged to wait (standby time).

2        19.  As a result of the actions of Defendants, and each of

3    them, Plaintiffs, members of the Collective Class, and Class-

4    Action Class members suffered damages, including, but not limited

5    to, lost pay, wages, benefits, vacation pay, and interest.

6        20.  These violations of law were committed knowingly and

7    willfully by Defendants, and each of them, with full knowledge of

8    the required laws cited herein.

9        21. The actions of Defendants, and each of them, were

10   therefore fraudulent, malicious, and oppressive and as such

11   Plaintiffs, the Collective Class and the Class-Action Class

12   members are entitled to an award of punitive damages by way of

13   example and deterrence.

14       22.  The duties and responsibilities of the "Drivers" are

15   virtually identical from region to region, area to area, store to

16   store and employee to employee within the State of California.

17   Further, any variation in job activities between the different

18   individuals are legally insignificant to the issues presented by

19   this action since the central facts remain, to wit, Plaintiffs and

20   the Representative Class and Class-Action Class Members performed

21   nonexempt work for which they have never been paid the wages

22   earned as required by California law.

23       23.  Some of the Class Members were involuntarily discharged

24   by Defendants, constructively terminated or voluntarily terminated

25   their employment, and did not receive all pay due and owing at the

26   time their employment with Defendants, and each of the, was

27   terminated.  Defendants, in violation of California Labor Code

28   sections 201, 202, and 203 had a consistent uniform policy,
     practice and procedure of willfully failing to pay the earned and
     wages of all such former employees.  The Defendants willfully

CLASS ACTION - FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

☑009/031
11/03/2008 15:24 FAX  5594490749          Wagner and Jones

1 failed to pay the earned and unpaid wages of such individuals,
2 including, but not limited to, meal time, break time, and time
3 devoted to work which Defendants, and each of them, automatically
4 deducted from their daily hours worked. The Defendants willfully
5 failed to pay the earned and unpaid wages of such individuals,
6 including, but not limited to, timely payment of accrued vacation
7 on termination of employment. Members of the Collective Class and
8 members of the Class-Action Class did not secret or absent
9 themselves from Defendants nor did they refuse to accept the
10 earned but unpaid wages from Defendants. Accordingly, Defendants
11 are liable for waiting time penalties for the unpaid wages
12 pursuant to California Labor Code sections 201, 202, and 203.

II

## CLASS ACTION ALLEGATIONS

15    24.  This complaint is brought by Representative Plaintiffs,
16 DONALD C. BRYAN, VIRGIL CALDWELL, CARROLL HAMPTON, and ROBERT
17 RODRIGUEZ, pursuant to California Code of Civil Procedure section
18 382 on behalf of the Class.  All claims alleged herein arise
19 exclusively under California law for which Representative
20 Plaintiffs seek the relief authorized under California law.  The
21 class is comprised of, and defined as, all current and former
22 California-based, "Drivers" or persons in an equivalent position
23 or performing equivalent job duties however titled, who worked
24 and/or are working for Defendants, and each of them, within four
25 years prior to the filing of the original Complaint in this action
26 up to and including the resolution of this action, yet were not
27 paid wages in violation of California Labor Code sections 201,
28 202, 203, 226.7, 510 and 512 and subsections 11, and 12 of the
applicable Industrial Welfare Commission Orders.

     25.  The members of the Class are so numerous that joinder of

1 all members would be impractical, if not impossible. The identity
2 of each members of the Class is readily ascertainable by review of
3 Defendant's own business records, including but not limited to,
4 records required by subsection 7 of the applicable Industrial
5 Welfare Commission Orders and California Labor Code sections 1174.
6 Further, the subject matter of this action both as to factual
7 matters and as to matters of law, is such that there are questions
8 of law and fact common to the Class which predominate over
9 questions affecting only individual members.
10    26.    The California Labor Code and Industrial Welfare
11 Commission Wage Order provisions upon which Representative
12 Plaintiffs base their claims are broadly remedial in nature.
13 These laws and labor standards serve an important public interest
14 in establishing minimum working conditions and standards in
15 California.  These laws and labor standards protect the average
16 working employee from exploitation by employers who may seek to
17 take advantage of superior economic and bargaining power in
18 setting onerous terms and conditions of employment. The nature of
19 this action and the format of laws available to Representative
20 Plaintiff and the Class make the class action format a
21 particularly efficient and appropriate procedure to redress the
22 wrongs alleged herein.  Further, this case involves a large
23 corporate employer and a large number of individual employees with
24 many relatively small claims.  If each employee were required to
25 file an individual lawsuit, the corporate Defendants would
26 necessarily gain an unconscionable advantage since they would be
27 able to exploit and overwhelm the limited resources of each
28 individual Plaintiff and Class member with its vastly superior
financial and legal resources. Requiring each member of the Class
to pursue an individual remedy and would also discourage the

CLASS ACTION - FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF        9

1  assertion of lawful claims by employees who would be disinclined
2  to file an action against their former and/or current employer for
3  real and justifiable fear of retaliation and permanent damage to
4  their careers at their current or subsequent employment.

5       27.  The prosecution of separate actions by the individual
6  Class Members, even if possible, would create a substantial risk
7  of (1) inconsistent or varying adjudications with respect to
8  individual Class Members against the Defendants and which would
9  establish potentially incompatible standards of conduct for the
10 Defendants, and/or (2) adjudications with respect to individual
11 Class Members which would, as a practical matter, be dispositive
12 of the interests of the other Class Members not parties to the
13 adjudications or which would substantially impair or impede the
14 ability of the Class Members to protect their interests. Further,
15 the claims of the individual members of the Class are not
16 sufficiently large to warrant vigorous individual prosecution
17 considering all of the concomitant costs and expenses.

18      28.  Such a pattern, practice and uniform administration of
19 corporate policy regarding employee compensation as described
20 herein is unlawful and creates an entitlement to recovery by the
21 Plaintiffs and the Class, in a civil action, for the unpaid
22 balance of the full amount of the pay, including interest thereon,
23 waiting time penalties, reasonable attorney's fees and costs of
24 suit according to the mandates of California Labor Code sections
25 218.5 and 1194.

26      29.  Proof of a common business practice or pattern, of which
27 the named Plaintiffs experienced are representative and will
28 establish the right of each of the members of the Class to
recovery on the causes of action alleged herein.

       30.  The Class is entitled in common to a specific fund with

1  respect to the wages illegally and unfairly retained by

2  Defendants.  The Class is entitled in common to restitution and

3  disgorgement of those funds being improperly withheld by

4  Defendants.  This action is brought for the benefit of the entire

5  Class and will result in the creation of a common fund.

6         31.   There is a well-defined community of interest in the

7  questions of law and fact involved affecting the parties to be

8  represented.  The questions of law and fact common to the Class

9  predominate over questions that may affect individual Class

10  Members, including the following:

11         ...

12      (a) whether Drivers received pay due and owing pursuant
    to California Labor Code sections 201, 202, 203, 226.7,
13  510, 512, and subsections 11 and 12 of the applicable
    Industrial Welfare Commission Orders;

14      (b) whether Defendants implemented and engaged in a
    systematic business practice of failing to pay "Drivers"
15  wages according to California law for all hours worked
    or whether Defendants automatically deducted 30 minutes
16  or more from each "Drivers' daily hours worked;

17      (c) whether upon recognizing its legal obligation to pay
    wages pursuant to California law to members of the
18  Class, Defendants paid all wages actually due;

19      (d) whether Defendants failed to keep, maintain or
    furnish accurate records of the actual hours worked by
20  each Driver as required by subsection 7 of the
    applicable Industrial Welfare Commission Orders;
21

22      (e) whether Defendants failed to maintain any other
    records and/or other evidence relevant to the claims
23  asserted in this litigation;

24      (f) whether Defendants willfully failed to pay all wages
    due and owing to all Drivers whose employment with
25  Dependants was terminated;

26      (g) whether the systematic acts and practices of
    Defendants, and each of them, as alleged herein
27  violated, inter alia, California Labor Code sections
    201, 202, 203, 226.7, 510, 512, sections 7, 11, and 12,
28  of the applicable Industrial Welfare Commission Wage
    Orders, and California Business and Professions Code
    sections 17200, et seq.

       32.  Because the Representative Plaintiffs and other members

CLASS ACTION - FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF          11

☑ 013/031

1  of the Class in the position of "Driver" routinely worked more
2  than four hours without breaks and/or more than five hours without
3  a lunch period as required by California Labor Code section 512
4  and subsections 11 and 12 of the applicable Industrial Welfare
5  Commission Orders and based upon the uniform duties and
6  responsibilities required by Defendants, and each of them, and its
7  uniform pay scheme for such employees, the Representative
8  Plaintiffs's claims are typical of the claims of the entire Class.

9     33.  The Representative Plaintiffs will fairly and adequately
10 represent and protect the interests of the Class in that they have
11 no disabling conflicts of interest that would be antagonistic to
12 the other members of the Class.  The Representative Plaintiffs
13 have retained counsel who are competent in the prosecution of
14 class action litigation, and in overtime wage class action
15 litigation.

16    34.  The Representative Plaintiffs and members of the Class
17 have all similarly suffered irreparable harm and damages as a
18 result of Defendants, and each of their, unlawful and wrongful
19 conduct.  Defendants' systematic failure to retain accurate
20 records of hours worked by each "Driver" as required by law makes
21 Class treatment especially appropriate.  This action will provide
22 substantial benefits to both the Class and the public since,
23 absent this action, Defendants' unlawful conduct will continue
24 unremedied and uncorrected.

25 ///
26 ///
27 ///
28 ///

11/03/2008 15:25 FAX  5584480749

Wagner and Jones

Ø 014/031

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code section 512 and section 11 of the applicable Industrial Welfare Commission Wage Order.)
### (Against WAL-MART STORES, INC,
### dba WAL-MART TRANSPORTATION, LLC)

35.   Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.   California Labor Code sections 512(a) provide as follows:

(a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.  Except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

37.   Section 11 of the applicable Industrial Welfare Commission Wage Order provides as follows:

"(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state period is agreed to.  The written agreement shall state

that the employee may in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

38. California Labor Code section 226.7 provides:

"(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

39. It was and continues to be Defendants', and each of their, systematic business policy and practice work Plaintiffs, members of the Representative Class, and members of the Class-Action Class more than five hours per day without an off-duty 30 minute meal period as required by California Labor Code section 512 and section 11 of the applicable Industrial Welfare Commission Wage Order.

40. Furthermore, Plaintiffs, members of the Representative Class, and members of the Class have not waived their right to a 30 minute meal period by mutual consent.

41. In addition, it was and continues to be Defendants', and each of their, systematic business policy and practice not to compensate the Plaintiffs, members of the Representative Class or Class members with the pay due and owing as required by California Labor Code sections 226.7, and subsection 11 of the applicable Industrial Welfare Commission Orders (i.e., one hour of pay per day per lunch period at the employee's regular rate of compensation).

11/03/2008 15:26 FAX  5594490749          Wagner and Jones                    @016/031

1    42.  Despite all of the available California law, Defendants
2  and each of them, willfully refused, and continue to refuse, to
3  compensate Plaintiffs and Class Members with the pay they are owed
4  pursuant to California Labor Code section 226.7 and subsection 11
5  of the applicable Industrial Welfare Commission Orders.

6    43.  In failing to compensate Plaintiffs and the Class
7  Members the pay due and owing pursuant to Labor Code sections
8  226.7 and subsection 11 of the applicable Industrial Welfare
9  Commission Orders as alleged herein, Defendants, and each of them,
10 acted maliciously, oppressively, despicably, with the wrongful
11 intention of causing injury and hardship to Plaintiffs and the
12 Class Members by reaping economic gain at Plaintiffs' and the
13 Class' expense, in willful and conscious disregard of their
14 statutory and regulatory right to pay due and owing.
15 Consequently, Plaintiffs and the members of the Representative
16 Class, and the Class-Action Class are entitled to an award of
17 exemplary damages to punish Defendants' past conduct and to deter
18 similar future conduct.

19   44.  Furthermore, Plaintiffs and Class Members are entitled
20 to the relief requested below.

21
22                    SECOND CAUSE OF ACTION
23   (Violation of California Labor Code section 512 and section 12
   of the applicable Industrial Welfare Commission Wage Order.)
                  (Against WAL-MART STORES, INC,
24             dba WAL-MART TRANSPORTATION, LLC)

25   45.  Plaintiffs incorporate by reference the allegations
26 contained in Paragraphs 1 through 44 of this Complaint as if fully
27 set forth herein.

28   46.  Section 12 of the applicable Industrial Welfare
   Commission Wage Order provides as follows:

☐017/031

"(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorised for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction for wages.

(B) if an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one(1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

47.   It was and continues to be Defendants', and each of their, systematic business policy and practice work Plaintiffs, members of the Representative Class, and members of the Class-Action Class members more than three and one half (3 ½) hours per day without a ten (10) minute rest period as required by California Labor Code section 512 and section 12 of the applicable Industrial Welfare Commission Wage Order.

48. In addition, it was and continues to be Defendants', and each of their, systematic business policy and practice not to compensate the Plaintiffs, members of the Representative Class or Class with the pay due and owing as required by California Labor Code sections 226.7, and subsection 12 of the applicable Industrial Welfare Commission Orders (i.e., one hour of pay per day per rest period at the employee's regular rate of compensation).

49.   Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to California Labor Code section 226.7 and subsection 12 of the applicable Industrial Welfare Commission Orders.

☑018/031

50.  In failing to compensate Plaintiffs and the Class Members the pay due and owing pursuant to Ca. Labor Code sections 226.7 and subsection 12 of the applicable Industrial Welfare Commission Orders as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiffs and the Class Members by reaping economic gain at Plaintiffs' and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to pay due and owing. Consequently, Plaintiffs and the members of the Representative Class, and the Class-Action Class are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.

51.  Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.

### THIRD CAUSE OF ACTION

**(Violation of California Labor Code Section 201, 202, and 203)**
**(Against WAL-MART STORES, INC,
dba WAL-MART TRANSPORTATION, LLC)**

52.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53.  California Labor Code section 201 provides in pertinent part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately ..."

54.  California Labor Code section 202 provides in pertinent part: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become

due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

55.  California Labor Code section 203 provides in pertinent part:

"If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or quit, the wages of the employee shall continue as a penalty from the due date the of at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.   An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.
Suit may be filed for these penalties at any time before the expiration of the statue of limitations on an action for the wages from which the penalties arises."

56.  Plaintiffs and Class Members identified herein were discharged by Defendants and/or voluntarily quit.  The Defendants, in violation of California Labor Code sections 203, had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages or accrued vacation of all such former employees as described herein.  Plaintiffs and Class Members did not secret or absent themselves from Defendants nor refuse to accept the earned and unpaid wages from Defendants. Accordingly, Defendants are liable for waiting time penalties for the unpaid wages pursuant to California Labor Code sections 203.

57.  In addition to the penalties imposed by California Labor Code section 203, Defendants, and each of them are liable for the penalties imposed by subsection 20 of the applicable Industrial Welfare Commission Orders which provides in relevant part as follows:

☑020/031
11/03/2008 15:26 FAX 5594490749   Wagner and Jones

1    (a) In addition to any other civil penalties provided by
law, any employer or any other person acting on behalf
2    of the employer who violates, or causes to violate, the
provisions of this order, shall be subject to the civil
3    penalty of: (1) Initial Violation - $50.00 for each
underpaid employee for each pay period during which the
4    employee was underpaid in addition to the amount which
is sufficient to recover unpaid wages.   (2) Subsequent
5    Violations - $100.00 for each underpaid employee for
each pay period during which the employee was underpaid
6    in addition to an amount which is sufficient to recover
unpaid wages.

7        58.  Despite all of the available California law, Defendants

8    and each of them, willfully refused, and continue to refuse, to

9    compensate Plaintiffs and Class Members with the pay they are owed

10   pursuant to California Labor Code section 203 and section 20 of

11   the applicable Industrial Welfare Commission Orders.

12       59.  In failing to compensate Plaintiffs and the Class

13   Members the pay due and owing pursuant to Ca. Labor Code section

14   203 as alleged herein, Defendants, and each of them, acted

15   maliciously, oppressively, despicably, with the wrongful intention

16   of causing injury and hardship to Plaintiffs and the Class Members

17   by reaping economic gain at Plaintiffs' and the Class' expense, in

18   willful and conscious disregard of their statutory and regulatory

19   right to pay due and owing.  Consequently, Plaintiffs and the

20   members of the Representative Class, and the Class-Action Class

21   are entitled to an award of exemplary damages to punish

22   Defendants' past conduct and to deter similar future conduct.

23       60.  Furthermore, Plaintiffs and Class Members are entitled

24   to the relief requested below.

25                    FOURTH CAUSE OF ACTION
26       (Violation of Business and Professions Code 17200 et seq.)
                    (Against all Defendants)
27

28       61.  Plaintiffs incorporate by reference the allegations

     contained in paragraphs 1 through 60 of this Complaint as if fully

1  set forth herein.

2      62.  **Defendants, and each of them, are persons within the**

3  **meaning of Business and Professions Code Section 17201.**

4  Defendants, and each of them, have engaged and continue to engage

5  in unfair business practices in California by practicing,

6  employing and utilizing the employment policy of failing to pay

7  Plaintiffs, members of the Representative Class and members of the

8  Class-Action Class employment compensation as required by the

9  California law cited herein above.  Defendants', and each of

10 their, utilization of such unfair business practices constitutes

11 unfair competition and provides an unfair advantage over

12 Defendants' competitors.

13     63.  Plaintiffs seek on their own behalf, on behalf of the

14 Representative Class, and on behalf of the general public, full

15 restitution and disgorgement of all employment compensation

16 wrongfully withheld, as necessary and according to proof, to

17 restore any and all monies withheld, acquired and/or converted by

18 the Defendants by means of the unfair and/or unlawful practices

19 complained of herein.  The restitution and disgorgement requested

20 includes all wages earned and unpaid, including interest thereon.

21 The acts complained of herein occurred, at least in part, within

22 the last four (4) years preceding the filing of the Complaint in

23 this action and continue to the present.

24     64.  Plaintiffs are informed and believe and on that basis

25 allege that at all times herein mentioned Defendants, and each of

26 them, have engaged in unlawful, deceptive and unfair business

27 practices, as proscribed by California Business and Professions

28 Code 17200 et seq., by depriving Plaintiffs and the members of the

Representative Class of the minimum working condition standards

due to them under the California Labor Code and Industrial Welfare

1  Commission wage orders as identified herein.

2      65. Business and Professions Code 17200, et seq., prohibits

3  acts of unfair competition which shall mean and include any

4  unlawful, unfair or fraudulent business act or practice. Under

5  California law, wages unlawfully withheld from an employee

6  constitutes an unfair business act entitling the Plaintiffs and

7  the members of the Representative Class to a restitution remedy

8  authorized by section 17203. Plaintiffs, the representative

9  class, and the general public are therefore entitled to the relief

10 requested below.

11

12                        **FIFTH CAUSE OF ACTION**

13    **(Failure to Pay Wages Due And Owing. California Labor Code
       section 510 and subsection 3 of the applicable
14              Industrial Welfare Commission Orders)
              (Against WAL-MART STORES, INC,
15            dba WAL-MART TRANSPORTATION, LLC)**

16     66.  Plaintiffs incorporate by reference the allegations

17 contained in Paragraphs 1 through 65 of this Complaint as if fully

18 set forth herein.

19     67.  California Labor Code 510 and subsection 3 of the

20 applicable Industrial Welfare Commission Orders provide in

21 relevant part as follows:

22     (a) Eight hours of labor constitutes a day's work. Any
       work in excess of eight hours in one workday and any
23     work in excess of 40 hours in any one workweek and the
       first eight hours worked on the seventh day of work in
24     any one workweek shall be compensated at the rate of not
       less than one and one-half times the regular rate of pay
25     for an employee. Any work in excess of 12 hours in one
       day shall be compensated at the rate of not less than
26     twice the regular rate of pay for an employee. In
       addition, any work in excess of eight hours on any
27     seventh day of a workweek shall be compensated at the
       rate of not less than twice the regular rate of pay of
28     an employee. Nothing in this section requires an
       employer to combine more than one rate of overtime
       compensation in order to calculate the amount to be paid
       to an employee for any hour of overtime work.

       68.  California Labor Code 514 and subsection 3 of the

Ø023/031
11/03/2008 15:27 FAX  5594480749        Wagner and Jones

applicable Industrial Welfare Commission Orders provides an
exception to the overtime provisions of California Labor Code 510
in relevant part as follows:

> Sections 510 and 511 do not apply to an employee covered
> by a valid collective bargaining agreement if the
> agreement expressly provides for the wages, hours of
> work, and working conditions of the employees, and if
> the agreement provides premium wage rates for all
> overtime hours worked and a regular hourly rate of pay
> for those employees of not less than thirty percent more
> than the state minimum wage.

69. This cause of action for payment of overtime pursuant to
California Labor Code section 510 and subsection 3 of the
applicable Industrial Welfare Commission Orders is brought on
behalf of Plaintiffs, Representative Class Members and members of
the Class who are not exempt by operation of California Labor Code
514 and the corresponding language in subsection 3 of the
applicable Industrial Welfare Commission Orders.

70. During all relevant periods, Defendants, and each of
them, suffered or permitted Plaintiffs, members of the
Representative Class and Class-Action Class Members to work in
excess of eight (8) hours per day and to work in excess of forty
(40) hours per week.

71. During all relevant periods, Defendants, and each of
them, suffered or permitted Plaintiffs, the members of the
Representative Class and the members of the Class-Action Class to
work up to fourteen hours per day without a lunch or break period.

72. However, Defendants, and each of them, had and continue
to have a systematic business policy of deducting thirty (30)
minutes from the total time each driver worked each day and refuse
to pay them for the thirty (30) minutes the drivers were required
to devote to work instead of a daily lunch period.

73. Since Defendants, and each of them, deduct the thirty
(30) minutes from the total hours worked by each driver each day,

Wagner and Jones

1  Defendants, and each of them, have willfully failed and continue

2  to fail to pay Plaintiffs, members of the Representative Class and

3  Class-Action Class Members, who are not exempt by operation of

4  California Labor Code section 514 and the corresponding language

5  in subsection 3 of the applicable Industrial Welfare Commission

6  Orders, 2.5 hours of overtime for each five day work week and 3.0

7  hours of overtime for each six day work.

8      74.  Despite all of the available California law, Defendants

9  and each of them, willfully refused, and continue to refuse, to

10 pay Plaintiffs and Class Members the pay they are owed.

11     75.  In failing to compensate Plaintiffs and the Class

12 Members for the wages due and owing pursuant to California Labor

13 Code section 510 as alleged herein, Defendants, and each of them,

14 acted maliciously, oppressively, despicably, with the wrongful

15 intention of causing injury and hardship to Plaintiffs and the

16 Class Members by reaping economic gain at Plaintiffs' and the

17 Class' expense, in willful and conscious disregard of their

18 statutory and regulatory right to overtime compensation.

19 Consequently, Plaintiffs and the members of the Class-Action Class

20 are entitled to an award of exemplary damages to punish

21 Defendants' past conduct and to deter similar future conduct.

22     76.  Furthermore, Plaintiffs and Class Members are entitled

23 to the relief requested below.

### SIXTH CAUSE OF ACTION

24 (Failure To Provide Accurate Wage Statements.  California Labor
25    Code 226, And Subsections of the applicable
       Industrial Welfare Commission Orders.)
26        (Against WAL-MART STORES, INC,
            dba WAL-MART TRANSPORTATION, LLC)

27

28     77.  Plaintiffs incorporate by reference the allegations

contained in paragraphs 1 through 76 of this Complaint as if fully

set forth herein.

78.  California Labor Code 226 provides:

226. Itemized statements; contents; records; inspection of records; compliance with inspection request;' limitation of application

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an existing employee identification number other than asocial security number may be shown on the check, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer. The employer may take reasonable steps to assure the identity of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.

(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. A violation of this subdivision is an infraction. Impossibility of performance, not caused by or a result of a violation of law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision. An employer may designate the person to whom a request under

this subdivision will be made.

(d) This section does not apply to any employer of any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of the owner or occupant.

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision ©) entitles the current or former employee or the Labor Commissioner to recover a seven hundred fifty dollars ($750) penalty from the employer.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

79.     Defendants have failed to maintain the records required by Labor Code §226. Consequently, it will be more difficult for Plaintiffs and Class Members to establish all actual hours worked for Defendant over the four years preceding the filing of this complaint. As a result, Plaintiffs and class members will incur additional attorney fees and costs and will be required to devote significantly more time to this litigation.

80.     Accordingly, Plaintiffs and Class Members may be prejudiced in their ability to establish the total amount of their actual damages.

81.     Therefore, Plaintiffs and Class Members seek the remedy set forth in California Labor Code §226(e).

☑027/031

11/03/2008 15:27 FAX 5594490749          Wagner and Jones

### SEVENTH CAUSE OF ACTION

**(Failure to Pay Minimum Wage As Required By
Subsection 4 Of The Applicable Industrial
Welfare Commission Orders.)
(Against WAL-MART STORES, INC., and Does 1-50.)**

81.   Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 80 of this Complaint as if fully set forth herein.

82.   Subsection 4 of the applicable Industrial Welfare Commission Orders provides in relevant part as follows:

(a) Every employer shall pay to each employee wages not less than six dollars and twenty-five cents ($6.25) per hour for all hours worked, effective January 1, 2001, and not less than six dollars and seventy-five cents ($6.75) per hour for all hours worked, effective January 2002, ... (b) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

83.   During all relevant periods, Defendants, and each of them, suffered or permitted Plaintiffs, members of the Representative Class and Class-Action Class Members to work in excess of eight (8) hours per day and to work in excess of forty (40) hours per week.

84.   During all relevant periods, Defendants, and each of them, required Plaintiff, members of the Representative Class and Class-Action Class Members to work unpaid hours.

85.   However, Defendants, and each of them, had and continue to have a systematic business policy and practice of refusing to pay them for all time they were required to devote to work.

86.   Defendants, and each of them, have willfully failed and continue to fail to pay Plaintiffs, members of the Representative Class and Class-Action Class Members minimum wage.

87. It was and continues to be Defendants', and each of their, systematic business policy and practice to not pay minimum wage as required by California law and as alleged herein.

88. Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to subsection 4 of the applicable Industrial Welfare Commission Orders.

89. In failing to compensate Plaintiffs and the Class Members the pay due and owing as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiff and the Class Members by reaping economic gain at Plaintiff's and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to receive pay due and owing. Consequently, Plaintiff, members of the Representative Class and Class-Action Class Members are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.

90. Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.

## PLAINTIFFS REQUEST JURY TRIAL

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

1. An Order certifying that the action may be maintained as a class action;

2. Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of

action, in an amount to be proven at trial;

3.   Exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code section 3294;

4.  An Order imposing an asset freeze in constructive trust of Defendants, and each of their, ill-gotten gains, and enjoining Defendants from failing and refusing to disgorge all monies acquired by means of any act or practice declared by this Court to constitute unlawful, unfair or fraudulent acts or practices;

5.   That Defendants, **and each of them**, be ordered to show cause why **they** should not be enjoined and ordered to comply the applicable California Industrial Welfare Commission Wage Orders related to payment of employment compensation and record keeping for Defendants' employees who are engaged in non-exempt work and work, without a meal or break period;

6.   For a declaratory judgment and decree adjudging and decreeing that the Plaintiffs and the Class have meal periods and break periods for which they have not been paid in violation of California Law;

7.   For restitution to Plaintiffs and other similarly affected members of the general public (and disgorgement from Defendants) of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the California Labor Code, Industrial Welfare Commission Orders, and California Business and Professions Code 17200 et seq.

8. For any and all profits, whether direct or indirect, Defendants acquired by its conversion of the Plaintiffs' and Class Members' wages;

9.  For pre-judgment and post-judgment interest as allowed
by California Labor Code sections 218.6 and 1194;

10.  For reasonable attorney's fees, expenses and costs as
provided by California Labor Code sections 218.5 and 1194; and

11.  Such other and further relief as the Court deems just
and proper.

DATED: November 3 2008

LAW OFFICES OF
WAGNER & JONES LLP

By:
Andrew B. Jones
Attorneys for Plaintiffs

FAC

CLASS ACTION - FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

11/03/2008 15:28 FAX  5594490749          Wagner and Jones          @031/031

PROOF OF SERVICE
(Code Civ. Proc. §§ 1013a, 2015.5)

STATE OF CALIFORNIA, COUNTY OF FRESNO

    I am employed in the County of Fresno; I am over the age of 18 years and not a party to the within above-entitled cause; my business address is 1111 E. Herndon, Suite 317, Fresno, California.

    I served the within document described as FIRST AMENDED COMPLAINT on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Jacob Weisberg                          Gregory Spallas
**LAW OFFICES**                         **PHILLIPS, SPALLAS & ANGSTADT**
844 N. Van Ness                         650 California St., 10th Flr.
Fresno, CA 93728                        San Francisco, CA 94108
559/442-3164 Fax                        415/278-9411 Fax

Co-Counsel for Plaintiff                Counsel for Defendant

[X]  **(BY MAIL)** placing the envelopes for collection and mailing on the date and at my address shown above following our ordinary business practices. I am completely familiar with Wagner & Jones' practice of collection and processing correspondence for mailing pursuant to which the envelopes would be deposited with the United States Postal Service the same day in the ordinary course of business.

[ ]  **(BY OVERNIGHT MAIL SERVICE)** by placing the envelope for collection following our ordinary business practices for collection and processing correspondence for mailing by express or overnight mail.

[ ]  **(BY FACSIMILE)** In addition to service by mail as set forth above, the person(s) by whose name an asterisk is affixed, was also forwarded a copy of said documents by facsimile.

[ ]  **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November ___, 2008, at Fresno, California.

11-12-08
2:40pm

11/06/2008 14:44 FAX  5594490749    Wagner and Jones    ☑002/002

**SUM-100**

FIRST AMENDED **SUMMONS**
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WAL-MART STORES, INC., a Delaware Corporation dba WAL-MART TRANSPORTATION, LLC, JEFFREY HAMMOND and DOES 1-50, inclusive

FILED BY FAX
ALAMEDA COUNTY
November 06, 2008
CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DONALD C. BRYAN, VIRGIL CALDWELL, CARROLL HAMPTON and ROBERT RODRIGUEZ

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

CASE NUMBER:
*(Número del Caso):* RG 08414583

The name and address of the court is:
*(El nombre y dirección de la corte es):*
ALAMEDA SUPERIOR COURT
1225 Fallon Street

Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew B. Jones            559/449-1000    559/449-0749
WAGNER & JONES LLP
1111 E. Herndon, Ste. 317
Fresno, CA 93720
DATE: November 06, 2008                    Clerk, by _____, Deputy
*(Fecha)*                                  *(Secretario)*        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Wal-Mart Stores, Inc., a delaware Corp dba Walmart Transportation LLC.
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☑ by personal delivery on (date): 11-12-08

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

Legal Solutions ⊕ Plus

POS-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Andrew B. Jones (076915)
Law Offices of Wagner & Jones
1111 E. Herndon Suite 317
Fresno, CA  93720

TELEPHONE NO.: 559.449-1800      FAX NO. *(Optional)*:  559.449-0749
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA.  94612
BRANCH NAME:

PLAINTIFF/PETITIONER: Bryan, et al.

DEFENDANT/RESPONDENT: Wal-Mart Stores, Inc., et al.

**PROOF OF SERVICE OF SUMMONS**

FOR COURT USE ONLY

**FILED BY FAX**
ALAMEDA COUNTY
November 18, 2008
CLERK OF
THE SUPERIOR COURT
By Doreen Shick, Deputy
CASE NUMBER:
**RG08414583**

CASE NUMBER:
RG08414583

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. | | summons
   b. | | complaint
   c. | | Alternative Dispute Resolution (ADR) package
   d. | | Civil Case Cover Sheet *(served in complex cases only)*
   e. | | cross-complaint
   f. | | other *(specify documents)*: First Amended Summons and First Amended Complaint, Notice of Hearing

3. a. Party served *(specify name of party as shown on documents served)*: Wal-Mart Stores, Inc., a Delaware Corporation dba Wal-Mart Transportation, LLC.
   b. | X | Person *(other than the party in item 3a)* served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Margerite Wilson: Agent for service of process

4. Address where the party was served: 818 W. Seventh Street
   Los Angeles, CA.  90017

5. I served the party *(check proper box)*
   a. | X | **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*: 11-12-08      (2) at *(time)*: 2:40 p.m.
   b. | | **by substituted service.** On *(date)*:      at *(time)*:      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      (1) | | **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) | | **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) | | **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) | | I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20).  I mailed the documents on *(date)*:      from *(city)*:      or | | a declaration of mailing is attached.
      (5) | | I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Legal Solutions Plus

Code of Civil Procedure, § 417.10

| | |
|---|---|
| PLAINTIFF/PETITIONER: Bryan, et al. | CASE NUMBER:<br>RG08414583 |
| DEFENDANT/RESPONDENT: Wal-Mart Stores, Inc., et al. | |

5.  c.  |   | **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*             (2) from *(city):*

    (3) |   | with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) |   | to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  |   | **by other means** *(specify means of service and authorizing code section):*

    |   | Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  |   | as an individual defendant.
  b.  | X | as the person sued under the fictitious name of *(specify):* dba Wal-Mart Transportation, LLC.
  c.  |   | as occupant.
  d.  | X | On behalf of *(specify):* Wal-Mart Stores, Inc.
      under the following Code of Civil Procedure section:

      | X | 416.10 (corporation)        |   | 415.95 (business organization, form unknown)
      |   | 416.20 (defunct corporation)     |   | 416.60 (minor)
      |   | 416.30 (joint stock company/association)   |   | 416.70 (ward or conservatee)
      |   | 416.40 (association or partnership)   |   | 416.90 (authorized person)
      |   | 416.50 (public entity)         |   | 415.46 (occupant)
                                      |   | other:

7.  **Person who served papers**
  a. Name: FRESNO ATTORNEY SERVICE/Ryan Price
  b. Address: 6083 N. Figarden Drive, PMB 187, Fresno, CA.  93722
  c. Telephone number: 559.375-2804
  d. The fee for service was: $ 36.00
  e. I am:
    (1) |   | not a registered California process server.
    (2) |   | exempt from registration under Business and Professions Code section 22350(b).
    (3) | X | registered California process server:
      (i) |   | owner  |   | employee  | X | independent contractor.
      (ii) Registration No.: 2126
      (iii) County: Orange

8.  | X | I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  |   | I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 11-17-08

Ryan Price                             ▶ *(SIGNATURE)*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

POS-010 [Rev. January 1, 2007]         **PROOF OF SERVICE OF SUMMONS**

RECEIVED

NOV 1 8 2008                    ☑ 001/003

GCN

11/18/2008 15:25 FAX  5594490749          Wagner and Jones

┌ Wagner & Jones LLP          ┐     ┌ Wal-Mart Stores, Inc., a Delaware
  Attn: Jones, Andrew B               Corporation
  1111 East Herndon
  Ste. 317
└ Fresno, CA  93720          ┘     └

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | | No. RG08414583 |
|---|---|---|
| Bryan | Plaintiff/Petitioner(s) | |
| | VS. | NOTICE OF HEARING |
| Wal-Mart Stores, Inc., a Delaware Corporation | Defendant/Respondent(s) | |
| | (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 11/24/2008   TIME: 02:00 PM   DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Case Management Conference:
DATE: 01/09/2009   TIME: 11:00 AM   DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6936.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 267-6936.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 10/17/2008                              Executive Officer / Clerk of the Superior Court

                              By   _____
                                                        Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/17/2008.

                              By   _____
                                                        Deputy Clerk

RECEIVED

NOV 1 8 2008

GCN

<u>PROOF OF SERVICE</u>
(Code Civ. Proc. §§ 1013a, 2015.5)

1    STATE OF CALIFORNIA, COUNTY OF FRESNO

2        I am employed in the County of Fresno; I am over the age of 18 years and not a

3   party to the within above-entitled case.

       I served the within document described as **notice of hearing** on the interested

4   parties in this action by placing a true copy thereof enclosed in sealed envelopes

5   addressed as follows:

6   G. Charles Nierlich

   **GIBSON, DUNN & CRUTCHER LLP**

7   One Montgomery St.

   San Francisco, CA  94104-4505

8

   415/374-8486 Fax

9   gnierlich@gibsondunn.com

10

11   [ ]    **(BY MAIL)** placing the envelopes for collection and mailing on the date and at my

       address shown above following our ordinary business practices.  I am completely

12       familiar with Wagner & Jones' practice of collection and processing

       correspondence for mailing pursuant to which the envelopes would be deposited

13       with the United States Postal Service the same day in the ordinary course of

       business.

14   [ ]    **(BY OVERNIGHT MAIL SERVICE)** by placing the envelope for collection following

       our ordinary business practices for collection and processing correspondence for

15       mailing by express or overnight mail.

16   [✓]    **(BY FACSIMILE)** In addition to service by mail as set forth above, the person(s) by

       whose name an asterisk is affixed, was also forwarded a copy of said documents

17       by facsimile.

18   [ ]    **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to

19       the offices of the addressee.

20        I declare under penalty of perjury under the laws of the State of California that the

       foregoing is true and correct.  Executed on November 16, 2008, at Fresno, California.

21

22

23

24

25

26

27

28