United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD C. BRYAN, VIRGIL CALDWELL, CARROLL HAMPTON, and ROBERT RODRIGUEZ,<br><br>       Plaintiffs,<br>   v.<br><br>WAL-MART STORES, INC., *et al.*,<br><br>       Defendants.<br>                                                             / | No. C 08-5221 SI<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |

Plaintiffs have filed a motion to remand this action to state court. The motion is scheduled for a hearing on February 27, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES plaintiffs' motion to remand.

**BACKGROUND**

This case involves a potential class action claim brought by employees seeking unpaid wages and penalties. On October 10, 2008, named plaintiffs Donald C. Bryan, Virgil Caldwell, Carroll Hampton, and Robert Rodriguez filed a complaint in Alameda Superior Court against defendant Wal-Mart, Inc., and its subsidiary Wal-Mart Transportation, LLC.  The complaint alleges a class that includes all persons employed by defendants as "Driver[s]" in the state of California. The complaint alleges seven causes of action for violations of California labor laws, including claims for failure to pay overtime compensation, failure to pay wages owed upon termination of employment, failure to provide meal and rest periods, and failure to provide accurate wage statements.

On November 3, 2008, plaintiffs amended their complaint to add defendant Jeffrey Hammond, general manager of Wal-Mart residing in Fresno County. On November 19, 2008, defendants removed the case to this Court. Currently before the Court is plaintiffs' motion to remand the case to the Alameda Superior Court.

**LEGAL STANDARD**

Generally, a state court action is only removable to federal court if it might have been brought there originally. 28 U.S.C. § 1441(a). The federal removal statute is strictly construed, and federal courts reject jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal law requires that the notice of removal of a civil action must be filed within 30 days after service. 28 U.S.C. § 1446(b). The party seeking removal bears the burden of proving its propriety. *Duncan*, 76 F.3d at 1485; *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006).

Under the Class Action Fairness Act ("CAFA"), "district courts shall have original jurisdiction in any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). CAFA also provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." *Id.* § 1332(d)(6). Because CAFA permits federal court jurisdiction where only minimal, rather than complete, diversity exists, "[s]ection 1332(d) thus abandons the complete diversity rule for covered class actions." *Abrego Abrego*, 443 F.3d at 680. The Ninth Circuit has explained that CAFA did not disturb the traditional allocation of the burden of establishing removal jurisdiction, holding "that under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Id.* at 685; *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Where, as here, the complaint does not plead a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego*, 443 F.3d at 683.

2

## DISCUSSION

Plaintiffs move to remand this action to state court. Defendants contend that this Court may exercise removal jurisdiction under CAFA. Both parties concede that the minimal diversity and numerosity requirements of CAFA are met, and the Court agrees. Plaintiffs, however, contend that defendants' removal is improper because not all defendants joined in the removal. Additionally, plaintiffs dispute whether defendants have met their burden of establishing, by a preponderance of the evidence, that the amount in controversy has been met.

As an initial matter, the Court addresses plaintiffs' concern that all defendants must join in removing the case to federal court. Plaintiffs argue that remand should be granted because not all defendants – specifically, Wal-Mart Transportation, LLC – joined in the removal. However, under CAFA, a class action may be removed "by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). Thus, there is nothing improper in Wal-Mart Stores, Inc.'s decision to remove the case without joining Wal-Mart Transportation, LLC.

With regard to the jurisdictional minimum, defendants assert that they have established, by a preponderance of the evidence, an amount in controversy that exceeds $5,000,000, based on just one of the statutory violations alleged in plaintiffs' amended complaint. To establish that the amount in controversy exceeds $5,000,000, defendants have submitted the declaration of Rick Aurit, the Regional Transportation Manager for Wal-Mart Stores, Inc. Aurit Decl. ¶ 1. Aurit researched the number of individuals employed by Wal-Mart as truck drivers in the state of California whose job functions could fall within plaintiffs' class definition and reviewed research concerning the annual compensation of those individuals. Aurit Decl. ¶¶ 4-5. Based on Aurit's research, defendants assert that the total number of class members exceeds 500 people based on the class alleged by plaintiffs. Aurit Decl. ¶ 4. With respect to plaintiffs' claim that defendants failed to pay 2.5 hours of overtime per week to each class member, *see* Pls.' First Amended Compl.¶ 73, defendants argue that the amount in controversy is at least $11,310,000. *See* Defs.' Opp. at 5 n.4. This calculation is based on Aurit's estimate that most of the individuals in the class earned an annual compensation over $60,000. Aurit Decl.¶ 5. Defendants estimate that at least 500 individuals were required to work 2.5 hours of overtime per week, 52 weeks per year, over the four-year class period. Defendants then calculate the penalty would be $22,620 per

3

class member over the four-year period, or $11,310,000 collectively for a class of 500.

Under the preponderance of the evidence standard, the Court must determine whether it is more likely than not that the amount in controversy exceeds $5,000,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The Court must assume the truth of the allegations in the complaint and that a jury will return a verdict for the plaintiff on all claims alleged. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Plaintiffs contended that defendants' calculations are speculative and based on assumptions that are unsupported by fact. Plaintiffs suggest that the class may not reach 500 members, and that defendants may not simply assume an annual salary of $60,000 and extrapolate an hourly wage from that number. Plaintiffs argue that without additional investigation into the actual hourly wage earned by prospective class members, defendants' assumption that members of the class earned an annual salary of $60,000 amounts to mere "speculation and conjecture," which the Ninth Circuit has held is not sufficient to establish removal jurisdiction under CAFA. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007). The court in *Lowdermilk*, however, was applying a more rigorous standard in which the defendant had to prove with "legal certainty" that the amount in controversy was met because the plaintiff's complaint had alleged less than CAFA's amount in controversy. *Id.* at 998. Here, because the complaint does not allege less than the minimum amount in controversy under CAFA, the lesser preponderance of the evidence standard applies.

Although the Court agrees with plaintiffs that defendants have been rather inexact and haphazard in meeting their burden – and that not every class member necessarily earned an annual salary of $60,000 – the Court nevertheless finds that defendants have put forth enough evidence to demonstrate that it is more likely than not that CAFA's amount in controversy requirement is met. First, even if defendants had based their overtime calculation on the lowest annual salary earned by any person who could fit in plaintiffs' class definition, $35,000, the amount in controversy would still be $6,435,000.[1] Aurit Decl. ¶ 5. Furthermore, defendants' calculations do not include any damages that plaintiffs may be awarded as a result of defendants' alleged failure to pay wages owed to terminated employees, failure

---

[1] Using defendants' formula: 2.5 hours/week x 52 weeks/year x 4 years x approximately $16.50/hour x 1.5 for overtime = $12,870 per class member, or $6,435,000 collectively.

to provide accurate wage statements, and missed meal and rest periods. Nor do defendants' calculations include attorney's fees, to which plaintiffs would be entitled with respect to at least some of their claims. *See Lowdermilk*, 479 F.3d at 1000 (attorney's fees may be included in the amount in controversy if provided by the statute that provides the cause of action). Finally, if plaintiffs prove any one of their many allegations regarding unpaid or insufficient wages, penalties for inaccurate wage statements apply for each employee affected. *See* Cal. Labor Code § 226(e). Similarly, for any employee affected who later resigned or was discharged, statutory penalties for failure to pay wages to terminated employees would also apply. *See* Cal. Labor Code § 203. Each of these potential damage awards significantly amplifies the amount in controversy for each prospective class member. Thus, even if many of the 500 or more prospective class members were not affected by defendants' policies over the entire four-year class period, the Court finds that defendants have provided enough factual support to prove that it is "more likely than not" that the amount in controversy exceeds $5,000,000.

Ultimately, the amount of detail plaintiffs request would render removal under CAFA unworkable in many cases. Plaintiffs would ask that defendants quantify the number of employees who experienced a wage and hour violation during the class period, the type of wage and hour violation each employee experienced, and that specific employee's hourly salary. Plaintiffs, in other words, would ask that defendants conduct a fact-specific inquiry into whether the rights of each and every potential class member were violated. This, however, is the ultimate question the litigation presents, and defendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed occur. Accordingly, the Court DENIES plaintiffs' motion to remand.

///
///
///
///
///
///

5

**CONCLUSION**

For all the foregoing reasons, plaintiffs' motion to remand this case to state court is DENIED. (Docket No. 11.)

**IT IS SO ORDERED.**

Dated:  February 23, 2009

SUSAN ILLSTON
United States District Judge