IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD C. BRYAN, VIRGIL CALDWELL, CARROLL HAMPTON, and ROBERT RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>WAL-MART STORES, INC., *et al.*,<br><br>    Defendants.<br>_____/ | No. C 08-5221 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRECERTIFICATION COMMUNICATION** |

  Plaintiffs have filed a motion to be allowed to engage in precertification communications with class members. Docket No. 52. The motion is scheduled for a hearing on September 14, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiffs' motion.

  Specifically, plaintiffs seek leave of the Court to require defendant to produce contact information for the putative class members and allow plaintiffs' counsel to send a letter to the putative class members for the purpose of securing discovery and identifying new plaintiffs and potential class representatives. Plaintiffs attach a copy of their proposed letter to their motion. *See* Docket No. 52-2. As plaintiffs note, this case was stayed for over three years while the California Supreme Court considered and issued its ruling in *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004 (Cal. 2012). During that time, two of the proposed named plaintiffs have died, one has "lost interest" in continuing as a class representative, and plaintiffs' counsel has "concerns" about the ability of the fourth named plaintiff to continue to adequately represent the class. Motion at 1. Defendants oppose, arguing

that allowing such discovery would be an abuse of discretion and is outweighed by the privacy interests of the putative class members.

The Court recognizes that this is a unique case. This is not one where the named plaintiffs were inadequate representatives from the beginning or where plaintiffs' counsel are attempting to secure new class representatives because of deficiencies that have become apparent after the filing of their complaint. Instead, this is a case where, due to the significant passage of time, the apparently adequate named plaintiffs have either died or have reconsidered their ability to serve as class representatives. Moreover, unlike many of the inapposite cases relied on by defendant, there is an existing case and controversy here. While the deceased plaintiffs' claims have been extinguished, the claims of the remaining two plaintiffs, and of any similarly situated putative class member, continue to exist. The extraordinary stay in this case – which was jointly requested by the parties and which lasted over three years – requires extra action by the parties at this juncture. Finally, the information sought from the plaintiffs is not limited to an attempt to find additional named plaintiffs, but includes clearly relevant and appropriate discovery regarding the defendant's practices.

In these unique circumstances, the Court finds it appropriate to grant plaintiffs the relief they seek. Defendant shall provide the requested contact information to plaintiffs' counsel within 30 days. Plaintiffs shall mail their proposed letter within 15 days of the receipt of the contact information. **Plaintiffs *shall not* disclose or use the contact information for any purpose other than sending the approved letter, absent further order of the Court**. Plaintiffs shall be prepared – if necessary – to file an amended complaint for the limited purpose of substituting in new named plaintiffs on or before **November 30, 2012** and a Further Case Management Conference is hereby set for **November 30, 2012.**

**IT IS SO ORDERED.**

Dated: September 12, 2012

SUSAN ILLSTON
United States District Judge

2