IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BROWN, CHARLES RIDGEWAY, JAIME FAMOSO, JOSHUA HAROLD, RICHARD BYERS, DAN THATCHER, DENNIS COLE, NINO PAGTAMA, WILLIE FRANKLIN, TIME OPITZ, THOMAS BRYSON, FARRIS DAY, KARL MERHOFF, and MICHAEL KROHN, <br><br> Plaintiffs, <br> v. <br><br> WAL-MART STORES, INC., a Delaware Corporation dba WAL-MART TRANSPORTATION LLC and DOES 1-50, <br><br> Defendants. | No. C 08-5221 SI <br><br> **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**; **CONTINUING CASE MANAGEMENT CONFERENCE** |

Currently before the Court is defendant Wal-Mart's motion to dismiss plaintiffs' Third Amended Complaint. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters suitable for disposition without oral argument and therefore VACATES the hearings currently scheduled for April 19, 2013. Having considered the moving papers and the arguments of the parties, and for good cause appearing, the Court hereby GRANTS in part and DENIES in part Defendants' motion.

The Case Management Conference currently set for April 19, 2013 is continued until June 21, 2013 at 3:00 p.m.

**BACKGROUND**

Plaintiffs are truck drivers in California who were employed by Defendant Wal-Mart Stores, Inc., *et al.* for some period of time between 1993 and the present and who allege they were not paid timely wages and all earned wages. Third Amended Complaint ("TAC"), ¶ 1. Plaintiffs allege a

number of violations of California law relating to Wal-Mart's alleged failure to pay plaintiffs timely wages or provide meal and rest breaks; requirement that employees work "off-the-clock"; and failure to provide accurate wage statements. Plaintiffs assert seven causes of action: violation of California's meal and rest break provisions (California Labor Code §§ 226.7 and 512); waiting time penalties (*id.* § 201-203); failure to pay overtime (*id.* § 510); failure to pay minimum wage (*id.* § 1194); violation of California Business and Professions Code § 17200; and failure to provide accurate wage statement (Cal. Lab. Code § 226). Plaintiffs seek class status.

Wal-Mart has moved to dismiss plaintiffs' Third Amended Complaint for various reasons, detailed below.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). The Ninth Circuit has distilled the following principles from *Iqbal* and *Twombly*:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

2

> party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.2011).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

**1. Claims Relating to Meal and Rest Break Violations (First, Second, and Third Causes of Action)**

Plaintiffs allege that Wal-Mart violated Section 512 of the California Labor Code and Section 11 of the applicable Industrial Welfare Commission Wage Order, by preventing plaintiffs from taking breaks as required by these statutes. Plaintiffs allege they were denied meal breaks (first cause of action) and rest breaks (second cause of action). Plaintiffs assert that although Wal-Mart had formal policies entitling them to these breaks, in practice Wal-Mart prevented them from taking the breaks through tactics such as "pressuring, encouraging, and incentivizing Drivers to work through meal periods." Opposition at 1.

**a. Federal Preemption**

The parties dispute whether the Federal Aviation Administration Authorization Act of 1994 (the "FAAA Act") preempts plaintiffs' claims for meal and rest breaks based on California's Labor Code Sections 226.7 and 512. Wal-Mart asserts that the FAAA Act preempts state laws whenever such laws "relat[e] to a price, route, or service of any motor carrier . . . with respect to the transportation of property . . .," even if indirectly. Motion at 6. Because compliance with California's meal and rest break laws "necessarily affects the routes and services of motor carriers," Wal-Mart argues, these laws are preempted by the FAAA Act. *Id.* Plaintiffs assert that California's meal and rest break laws do not

3

directly relate to a price, route, or service of a motor carrier, and that any alleged indirect effect is too "tenuous" or "remote" to justify preemption. Plaintiffs also argue that the California laws were intended as a "safety regulation," and as such would be expressly removed from the reach of the FAAA Act by 49 U.S.C. § 14501(c)(2)(a), and that it is premature to consider at this time. Opposition at 11.

The relevant portion of the FAAA Act provides that a State or political subdivision of a State "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). In *American Trucking Ass'n v. City of Los Angeles*, 660 F.3d 384, 395-96 (9th Cir. 2011), the Ninth Circuit articulated a method of determining whether § 14501(c)(1) of the FAAA Act preempts State action:

> First, we must consider whether the provision "relate [s] to a price, route, or service of a motor carrier." *Id.; see also Rowe*, 552 U.S. at 368, 128 S.Ct. 989. If the answer is no, the provision does not fall within the preemptive scope of § 14501(c)(1). If the answer is yes, we must consider whether the provision "has the force and effect of law" — that is, whether the provision was enacted pursuant to the State's regulation of the market, rather than the State's participation in the market in a proprietary capacity. 49 U.S.C. § 14501(c)(1); *see also Tocher*, 219 F.3d at 1049–50. If the provision does not fall within the market participant doctrine and relates to rates, routes, or services, we turn to the third inquiry and consider whether any of the FAAA Act's express exemptions save the regulation from preemption.

The Court's first inquiry thus involves the actual or likely effect of California's meal and rest break laws, to determine whether the laws have a connection to rates, routes, or services. Preemption may occur even if a state law's effect on rates, routes, and services is indirect, but such effect must be more than "tenuous" or "remote." *Id.* at 396-97.

The Ninth Circuit has not yet addressed the question of whether the FAAA Act preempts the California Labor Code's meal and rest period requirements. The parties cite to various district court cases addressing this issue, with varying results. *See Dilts v. Penske Logistics LLC*, 819 F.Supp.2d 1109 (S.D.Cal.2011); *Mendez* v. *R + L Carriers, Inc.,* 2012 WL 5868973 (N.D. Cal., Nov. 19, 2012); *Reinhardt v. Gemini Motor Transport,* 869 F.Supp.2d 1158 (E.D. Cal. 2012); *Esquivel v. Vistar Corp.*, 2012 WL 516094, 2012 U.S. Dist. LEXIS 26686 (C.D.Cal. Feb. 8, 2012); *Cardenas v. McLane FoodService, Inc.*, 796 F.Supp.2d 1246 (C.D.Cal.2011); *Campbell v. Vitran Express, Inc.*, 2012 WL 2317233 (C.D.Cal.); *Aguiar v. Cal. Sierra Express*, 2012 WL 1593202 (E.D.Cal.).

4

As an initial matter, the Court disagrees with plaintiffs' assertion that preemption should not be decided at the pleading stage. Although many of the cases addressing this issue included an evidentiary record before the Court, they did not hold that determination of the issue of preemption always requires an evidentiary record. *See Dilts*, at 1119 ("no factual analysis is required to decide this question of preemption . . ."; *Mendez*, at *6 (analyzing preemption without reference to specific facts of the case).

Having reviewed the relevant case authority as well as the parties' arguments, the Court does not find that plaintiffs' meal and rest break claims are preempted by the FAAA Act. Because California's meal and rest break laws apply to all employers in California, and do not "aim directly at the carriage of goods," *see Rowe v. N.H. Transp. Assoc.*, 552 U.S. 364, 376 (2008), they are not directly related to motor carriers' prices, routes, or services. *See Dilts,* 819 F.Supp.2d at 1116 ("The preemption language of the FAAA Act contained in Section 14501 does not, on its face, explicitly encompass state regulation of meal and rest breaks.") Therefore, the inquiry centers on whether these laws have an indirect effect on carriers that is more than "tenuous" or "remote," by "bind[ing] the . . . carrier to a particular price, route or service and thereby inter[fering] with competitive market forces within the . . . industry." *See American Trucking*, at 396-97.

Defendant relies on various out-of-district cases to support its preemption argument. Plaintiffs rely on a decision from this district, *Mendez* v. *R + L Carriers, Inc.,* 2012 WL 5868973 (N.D. Cal., Nov. 19, 2012), to support their contention that California's meal and rest break laws are not preempted. This Court finds Chief Judge Wilken's decision in *Mendez* persuasive, and will follow it.[1] The *Mendez* decision expressly considered the purpose and history of the FAAA Act, utilized the three-part test identified in *American Trucking*, reviewed relevant case law addressing the same issue, and analyzed the California meal and rest break laws in this context. *Mendez* expressly noted the flexibility that California's meal and rest break laws offer employees: employers may comply with section 226.7's rest break requirement by paying employees an additional hour of wages (a slight monetary impact

---

[1] The Court disagrees with Wal-Mart's contention that *Mendez* is "deeply flawed." Motion at 8.

5

insufficient to raise preemption concerns), thereby allowing motor carriers to satisfy the rest break requirement without altering their routes or services. *See Mendez*, at \*6. Additionally, the California Supreme Court has explained the flexible nature of scheduling meal and rest breaks within a work period. *See Brinker Restaurant Corp. v. Superior Court,* 53 Cal.4th 1004, 1031-35 (describing the IWC wage order for meal periods as "sufficiently flexible to allow for situations where that is not possible," i.e., by establishing conditions for an on duty meal period" and explaining that employers may deviate from scheduling a rest break in the middle of a work period "where practical considerations render it infeasible"). The Court notes Wal-Mart's concerns that obtaining meal period "waivers" from the drivers requires voluntary employee consent and applies only in limited contexts. These concerns, however, are insufficient to override the flexibility afforded by statute *and* by case-authority identified above.

In light of this flexibility, California's meal and rest break provisions are unlikely to "bind" motor carriers to particular rates, routes, or services. Accordingly, the Court concludes that these laws do not "relate to" motor carrier rates, routes, or services and are not preempted by the FAAA Act.[2]

### b. Adequacy of the Pleadings

Wal-Mart also asserts that plaintiffs' meal and rest break claims should be dismissed for failing to satisfy Rule 8 of the Federal Rules of Civil Procedure, as construed in *Twombly, Iqbal,* and *Cook*. Defendant argues that plaintiffs "just recite the underlying legal standard, and then claim that Wal-Mart violated it." Motion at 10. Defendant points primarily to the lack of specific factual support, noting, for example, that the TAC fails to identify even one "instance in which any . . . of the . . . Plaintiffs was actually denied a meal period . . ." Plaintiffs contend that the law does not require them to plead specific details, but requires only that they provide enough "factual enhancements" to put defendant on notice of their claim. Opposition at 14-15 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007) (explaining that the allegations in the case may come close to stating a claim, but "without

---

[2] Because the Court has determined that California's meal and rest break laws are not preempted by the FAAA Act, the Court need not address whether these provisions qualify for the "safety" exemptions.

1 further factual enhancement it stops short of the line between possibility and plausibility")). They have
2 done this, they claim, through allegations that Wal-Mart scheduled the Drivers, did not provide a code
3 to verify whether lunch breaks were taken, and pressured, incentivized, and discouraged the Drivers
4 from taking lunch breaks. Additionally, plaintiffs claim that they are not required to provide specific
5 allegations of an individual missing a meal break.

6 Determining whether a complaint states a plausible claim for relief is "a context-specific task
7 that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v.*
8 *Iqbal*, 556 U.S. 662, 679 (2009). While plaintiffs need not provide detailed factual allegations, a
9 complaint "requires more than labels and conclusions . . ." and the factual allegations must be sufficient
10 "to raise a right to relief above the speculative level on the assumption that all of the complaint's
11 allegations are true." *Twombly*, 550 U.S. at 545. *Id.*

12 The Court concludes that plaintiffs have failed to plead sufficient facts to state a claim for
13 violation of California's meal and rest break provisions. Although plaintiffs allege, for example, that
14 Wal-Mart "pressured, incentivized, and discouraged" the Drivers from taking lunch breaks, they do not
15 provide *any* facts surrounding these alleged tactics.[3] Additionally, they allege that Wal-Mart's
16 scheduling policy made it "difficult" for Drivers to take breaks because Wal-Mart had control over the
17 Drivers' start and stop times and did not schedule meal periods or provide them an activity code for
18 meal periods. Yet, plaintiffs do not provide any facts describing instances of this "difficulty" as to any
19 Driver. Moreover, the cases cited by plaintiffs are either inapposite or distinguishable.

20 Taking all reasonable inferences in plaintiffs' favor and assuming the complaint's allegations
21 as true, the Court finds the allegations insufficient to "raise a right to relief above the speculative level,"
22 *see Twombly*, at 545, or to "permit the court to infer more than the mere possibility of misconduct," *see*
23 *Iqbal,* at 679. Accordingly, the Court GRANTS Wal-Mart's motion to dismiss plaintiffs' claims relating

---

[3] Plaintiffs appear to assert additional factual support in their Opposition by alleging that "such incentivization, pressure and encouragement can include a variety of devices such as emphasizing the importance of making deliveries, awarding bonuses, or commendations for miles driven . . ." However, even if these facts were sufficient, they were not included in the Complaint.

7

to the denial of meal and rest breaks (Causes of Action 1, 2 and 3)[4] and grants plaintiffs leave to amend their complaint.[5]

### c. Derivative Claims

Defendant argues that claims 3, 4, 5, and 7 are based, at least in part, on plaintiffs' allegation that Wal-Mart did not pay meal and rest break premiums for the breaks they supposedly missed. Thus, defendant argues, because plaintiffs failed to state a claim for violations of the meal and rest break laws, their derivative claims should be dismissed. Plaintiffs challenge the "derivative" characterization, noting that their Third Amended Complaint lists "the plethora of activities that the Drivers were required to engage in, none of which included 'meal breaks' or 'rest breaks.'"

The Court concludes that plaintiffs' third cause of action, a waiting-time claim, is derivative of the meal and rest break claims and will accordingly be dismissed (*see* Section 1b). With respect to claims 4, 5 and 7, plaintiffs make a number of allegations that do not involve meal and rest breaks. Accordingly, they will not be dismissed as derivative of the meal and rest break claims.

### 2. Overtime, Unpaid Wages, and Minimum Wage Claims (Fifth, Sixth, and Seventh Causes of Action)

Plaintiffs fifth, sixth, and seventh causes of action stem from their allegations that Wal-Mart failed to pay Drivers for "off-the-clock" work that Wal-Mart required for certain activities, and failed to pay the overtime premium for work over eight hours a day or forty hours a week. TAC, ¶¶ 27, 74-92. Plaintiffs claim that Drivers were not paid wages for hours they were required to work "off-the-clock" for certain activities such as:

---

[4] The TAC's third cause of action alleges denial of unpaid wages to terminated drivers. Read in context, the last paragraph of the third cause of action, which reads, "Furthermore, Plaintiffs and Class Members are entitled to the relief requested below," suggests that this claim is derivative of the first two causes of actions. *See* TAC, ¶ 68. Accordingly, the third cause of action will be dismissed. The Court thus need not address plaintiffs' claims per Cal. Lab. Code § 203, but notes that it agrees with Wal-Mart's assertion that conclusory allegations of willfulness, without further factual support, are insufficient.

[5] Defendants urge the Court to deny plaintiffs leave to amend the complaint. However, the Court has only granted leave to amend once before. In light of unusual circumstances of this case, one more opportunity to amend in not inappropriate.

8

> (1) waiting to receive route assignments; (2) waiting to deliver; (3) waiting to pick up; (4) fueling and washing their trucks, (5) work during which Defendants . . . automatically deducted 30 minutes or more from their daily hours worked; (6) . . . standby time . . . (7) 45 minute traditional waiting time; (8) time required to drop their trailer for fueling or maintenance; (9) time spent moving trailers at any location to get their assigned trailer; (10) time spent clearing a dock to drop a trailer; (11) time spent moving between the same company's compounds, yards, or docks . . . to pick up a trailer or bobtail; and (12) time spent receiving loading instructions or documentation at a building or office different from where the trailer is loaded even when it is in a different town.

TAC, ¶ 27.

Wal-Mart argues that plaintiffs are expressly exempt from California's overtime laws because they are "employees whose hours or service are regulated" by the U.S. Department of Transportation Hours-of-Service regulations or the corresponding California regulations. Motion at 14. Additionally, Wal-Mart asserts that plaintiffs failed to state a claim for unpaid wages because their "off the clock" work was included in their piece rate pay. Wal-Mart asserts that because plaintiffs were not hourly workers (only receiving hourly pay for layovers and when broken down, *see* TAC, ¶ 83), plaintiffs do not have a basis for claiming wages for time spent "off the clock." In any event, Wal-Mart argues, plaintiffs do not allege that tasks for which they were denied wages were not covered by the piece rate scheme. Wal-Mart cites its Driver Pay Manual to urge that many of these tasks are included in drivers' piece rates, so that plaintiffs should not be separately compensated for those tasks.[6] Lastly, Wal-Mart asserts that plaintiffs fail to allege that defendant had any knowledge that they were allegedly working overtime or under the minimum wage.

Plaintiffs assert that their overtime cause of action does not apply to any person who is exempt from overtime wages. They also argue that Wal-Mart's claim that Drivers were paid on a piece work basis is really an argument for "averaging" of piece rate wages over the course of time to meet the minimum wage laws, which is prohibited by California law. Wal-Mart cannot avoid California's minimum wage laws, plaintiffs assert, by instituting a piece-rate pay scheme. Lastly, plaintiffs argue that Wal-Mart's claim of a lack of knowledge that Drivers were working "off the clock" is "specious"

---

[6] Wal-Mart requests that the Court take judicial notice of its Driver Reference and Pay Manuals, its Transportation Philosophy, and its Driver Pay Manual, which were not attached to the Complaint. *See* Docket No. 67. Because plaintiffs rely on these documents, and the parties do not dispute the authenticity of them, the Court grants this request.

9

considering that Wal-Mart set up a system requiring Drivers to engage in tasks for which they would not be compensated. In any event, plaintiffs argue, California employers are required by statue to know when their employees are working.

### a. Overtime Claim (Fifth Cause of Action)

With respect to plaintiffs' Fifth Cause of Action relating to overtime pay and unpaid wages, the Court agrees with defendant that this claim should be dismissed. Plaintiffs acknowledge that Section 3 of California's Wage orders exempts from overtime laws "employees whose hours of service are regulated" by either the U.S Department of Transportation Code of Federal Regulations, Title 49, Section 395.1 to 395.13 (Hours of Service of Drivers) or Title 13 of the California Code of Regulations, subchapter 6.5, Section 1200. Opposition at 18. Yet, in the TAC, they allege violations on behalf of plaintiffs and class members "who are not exempt" by these laws. As Defendants assert, this appears to be a null set of plaintiffs as all plaintiffs are alleged to be "Drivers" who are necessarily regulated by either the federal or state regulations cited above. Accordingly, the Court GRANTS Wal-Mart's Motion to dismiss plaintiffs' Fifth Cause of Action. To the extent plaintiffs are able to specifically identify plaintiffs or class members who are not exempt by the federal or state regulations above, the Court grants leave to amend the complaint for this cause of action.

### b. Minimum Wage Claim (Seventh Cause of Action)

An employee may bring suit under California Labor Code § 1194 to recover for time that he or she worked but was not paid. *Armenta v. Osmose, Inc*., 135 Cal.App.4th 314, 323 (2005). California courts recognize that "all hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." *Armenta*, 135 Cal.App.4th at 324, 37 Cal.Rptr.3d 460. Stated differently, "[c]ompliance with the minimum wage law is determined by analyzing the compensation paid for each hour worked; averaging hourly compensation is not permitted under California law." *Sheppard v. North Orange County Regional Occupational Pr.*, 191 Cal.App.4th 289, 297 n. 5, (2010).

The Court concludes that plaintiffs have stated a claim for unpaid wages in violation of minimum

wage laws. Piece rate system or not, plaintiffs have alleged that there were certain activities for which they did not receive wages. TAC, ¶ 27. For example, plaintiffs allege that they were denied wages for activities such as "time required to drop their trailer for fueling or maintenance; . . . time spent moving trailers at any location to get their assigned trailer; . . . [and] time spent clearing a dock to drop a trailer . . ." TAC, ¶ 27. These activities are identified in the Driver Pay Manual as activities for which no pay is earned. *See* Evanson Declaration, Exh. 1, Part 1, at 14. As the Court in *Reinhardt* found, "[t]hese allegations indicate a violation of the minimum wage law because they indicate a failure to compensate for each hour worked by plaintiffs." *Reinhardt*, 869 F.Supp. 2d 1168. Although Wal-Mart's Driver Pay Manual suggests that some of the other tasks plaintiffs identify may have been included in the Drivers' piece rates, for present purposes the Court must assume the truth of the factual allegations in the complaint. Plaintiffs have alleged that for certain activities, they were not compensated; the Court will not dismiss this cause of action at this time.

Accordingly, the Court DENIES Wal-Mart's motion to dismiss Seventh Cause of Action.

### c. Wage Statement Claim (Sixth Cause of Action)

Plaintiffs allege that Wal-mart failed to comply with Labor Code Section 226 relating to wage statement claims. Essentially, plaintiffs assert that they are paid through a combination of piece rate pay and hourly pay, but their pay stubs only identify their pay as "regular earnings." Thus, it is not possible for plaintiffs to determine their "actual hours worked, straight time wages, or overtime wages for each hour worked." TAC, § 83.

Wal-Mart challenges plaintiffs' wage statement claims as incomplete (plaintiffs do not allege what is allegedly missing) and inadequate (plaintiffs fail to allege that Wal-Mart knowingly and willfully omitted language, or that plaintiffs suffered injury as a result). Plaintiffs argue that their allegations are sufficient because Wal-Mart's knowledge and intent, and plaintiffs' injuries, are evident. Opposition at 21; TAC, ¶ 83.

The Court agrees that plaintiffs have failed to allege an essential element required to sustain a violation of Cal. Lab. Code § 226. Section 226(e)(1) requires injury "as a result of a knowing and intentional failure by an employer to comply with subdivision (a) . . . " Plaintiffs have not alleged that

Wal-Mart knowingly and intentionally failed to comply with § 226. Although the TAC generally alleges that "violations of the law were committed knowingly and wilfully" earlier in the TAC (TAC, ¶ 29), plaintiffs fail to support this conclusory allegation with factual support. Moreover, plaintiffs' allegation in their Opposition that Wal-Mart "knew it was requiring Drivers to work hours for which it knew it was not paying the Drivers, and it further knew that its wage statements were not including such earned wages" is unsupported by facts and, in any event, was not included in the complaint. The Court does not find this sufficient.

Accordingly, the Court GRANTS Wal-Mart's motion to dismiss the Sixth Cause of Action and grants plaintiffs leave to amend the complaint.

### 3. 17200 Claim (Fourth Cause of Action)

Plaintiffs assert violations of the California Business and Professions Code § 17200 *et seq*. based solely on the above allegations. However, plaintiffs fail to allege any facts under this cause of action or indicate how Wal-Mart allegedly violated §17200. Accordingly, the Court GRANTS Wal-Mart's motion to dismiss plaintiffs' Fourth cause of action and grants plaintiffs leave to amend this claim.

### 4. Other Assertions

#### a. Statute of Limitations

Wal-Mart moves to dismiss plaintiffs' claims to the extent they fall outside of the statute of limitations. Wal-Mart alleges that many of plaintiffs' claims concern conduct or events occurring over four years before the filing of the original complaint. Plaintiffs challenge this assertion, and argue that nothing on the face of the complaint indicates that any claims are outside of the statute of limitations. Rule 12(b)(6) applies to claims that fail to state of a cause of action, and not to portions of a claim that may fall outside the statute of limitations.

The Court declines to dismiss plaintiffs' claims as time-barred at this stage. While the TAC is vague on the precise nature of when alleged events occurred, it does state that the events involve Drivers who were not paid wages within four years prior to the filing of the original complaint and up to and including resolution of the action. *See* TAC, ¶ 33.

### b. Punitive Damages

Wal-Mart urges the Court to strike portions of the complaint seeking punitive damages, including paragraphs 2, 30, 53, 59, 67, 79, and 91 of the TAC and paragraph 3 of the Prayer. Wal-Mart asserts that plaintiffs cannot, as a matter of law, seek punitive damages because they are limited to the remedies provided under the Labor Code under the "new right-exclusive remedy" doctrine. Plaintiffs do not oppose this request. Accordingly, the Court strikes portions of the complaint that seek punitive damages, as identified in the enumerated paragraphs above.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part and DENIES in part defendants' motion to dismiss plaintiffs' Third Amended Complaint. Any amended complaint must be filed no later than May 10, 2013.

The Case Management Conference currently set for April 19, 2013 is continued until June 21, 2013 at 3:00 p.m.

**IT IS SO ORDERED.**

Dated: April 18, 2013

SUSAN ILLSTON
United States District Judge