1
2
3
4
5
6
7

**LAW OFFICES OF**
**WAGNER & JONES LLP**
Nicholas Wagner, SBN 109455
Andrew B. Jones, SBN 076915
Daniel Kopfman, SBN 192191
Lawrence M. Artenian, SBN 103367
Paul Mullen, SBN 216447
1111 East Herndon, Suite 317
Fresno, California  93720
Tel:  559.449.1800
Fax:  559.449.0749

8
9
10
11

Attorneys for Plaintiffs, RICHARD BROWN, CHARLES RIDGEWAY, JAIME FAMOSO, JOSHUA HAROLD, RICHARD BYERS, DAN THATCHER, DENNIS COLE, NINO PAGTAMA, WILLIE FRANKLIN, TIME OPITZ, THOMAS BRYSON, FARRIS DAY, KARL MERHOFF, and MICHAEL KROHN

12

UNITED STATES DISTRICT COURT

13

FOR THE NORTHERN DISTRICT

14

| | |
|---|---|
| RICHARD BROWN, CHARLES RIDGEWAY, JAIME FAMOSO, JOSHUA HAROLD, RICHARD BYERS, DAN THATCHER, DENNIS COLE, NINO PAGTAMA, WILLIE FRANKLIN, TIME OPITZ, THOMAS BRYSON, FARRIS DAY, KARL MERHOFF, and MICHAEL KROHN,<br><br>    Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation dba WAL-MART TRANSPORTATION LLC and DOES 1-50, inclusive,<br><br>    Defendant. | CASE NO. 3:08-CV-05221 SI<br><br>**FOURTH** AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF<br><br>1.  VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512 AND SECTION 11 OF THE INDUSTRIAL WELFARE COMMISSION WAGE ORDERS. (FAILURE TO PROVIDE A MEAL PERIOD.)<br><br>2.  VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512 AND SECTION 12 OF THE INDUSTRIAL WELFARE COMMISSION WAGE ORDERS. (FAILURE TO PROVIDE A REST PERIOD.)<br><br>3.  VIOLATION OF LABOR CODE 203 (FAILURE TO PAY WAGES DUE AND OWING UPON TERMINATION OF EMPLOYMENT.)<br><br>4.  VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200 ET SEQ. |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

5. FAILURE TO PAY WAGES DUE AND OWING (CA LABOR CODE 510)

6. FAILURE TO PROVIDE ACCURATE WAGE
STATEMENTS  (Ca. Labor Code 226)

7. FAILURE TO PAY MINIMUM WAGE

JURY TRIAL DEMANDED

I.

GENERAL ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

Representative Plaintiffs, RICHARD BROWN, CHARLES RIDGEWAY, JAIME FAMOSO, JOSHUA HAROLD, RICHARD BYERS, DAN THATCHER, DENNIS COLE, NINO PAGTAMA, WILLIE FRANKLIN, TIME OPITZ, THOMAS BRYSON, FARRIS DAY, KARL MERHOFF, and MICHAEL KROHN, bring this challenge to Defendants lucrative, repressive and unlawful business practices on behalf of themselves and on behalf of all other members of the general public similarly situated, and hereby allege and state as follows:

1.  This is a class action brought against Defendants, and each of them, on behalf of a collective class of all persons employed by Defendants, and each of them, in the position of "Driver" in the State of California (or persons with the equivalent position however titled) who were not paid wages timely and who were not paid all earned wages pursuant to California law prior and subsequent to the date this action was filed.

2.  This action alleges that Defendants, and each of them: (1) improperly and in violation of California state law failed to pay wages and penalties due and owing to its "Drivers" in violation of California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510 and 512, and and 1194, sections 3, 4, 7, 11, and 12 of the applicable California Industrial Welfare Commission Orders; and, (2) violated California Business and Professions Code 17200, et. seq., all in conscious disregard of the Plaintiffs' and the Class members' rights, entitling Plaintiffs and the Class to an award of punitive damages.

3.  This action seeks relief for the unremedied violations of California law including, inter alia:

(a)  damages and/or restitution, as appropriate, to Plaintiffs and to the Class Members, who have not been paid wages as required by California law and/or whose records of hours worked have not been maintained or furnished, have been inaccurately maintained or have been altered or destroyed, including exemplary damage where and if appropriate;

(b)  an order requiring disgorgement from Defendants, and each of them, of all monies wrongfully withheld, including interest, as a result of the practices alleged herein;

(c)  implementation of other equitable and injunctive relief, including inter alia, an injunction prohibiting Defendants, and each of them, from (1) failing to pay wages to "Drivers" as required under California Labor Code sections 201, 202, 203, **221**, **222**, 226, 226.7, 510, 512, and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders;

(d)  interest;

(e)  attorney fees and costs as provided by statute and/or applicable case law including California Labor Code sections 218.5 and 1194;

(f)  such other relief as the court deems just and proper.

4.  This class-action lawsuit for damages and equitable relief is founded exclusively upon and governed by the laws of California including, but not limited to, violations of provisions of the California Labor Code, Industrial Welfare Commission Wage Orders, and the California Business and Professions Code.  The claims asserted herein do not involve matters of national or interstate interest.  Therefore this second amended complaint is pleaded in a manner that seeks to avoid Federal Jurisdiction under 28 U.S.C. 1332.

5.  Venue is proper in Alameda County because Defendants own and operate business facilities in Alameda County where Defendants have failed to pay Plaintiffs and Class Members wages in violation of California law.  Plaintiffs and the Class Members have suffered damages in Alameda County and will continue to suffer the same harm as the Representative Plaintiffs as a result of Defendants, and each of their wrongful conduct unless the relief requested herein is granted.  This action was originally filed in a forum with a distinct nexus with the harms alleged on behalf of the class.

6.  Plaintiffs and Class Members were and are employed as "Drivers" (or the equivalent) by Defendants, and each of them, and work in various other counties in the State of California.  The majority of the Class are citizens of the State of California.

7.  Plaintiffs and Class Members were and are employed as "Drivers" (or the equivalent) by Defendants, and each of them, and work in various other counties in the State of California. Greater than two-third (2/3) of the members of the proposed plaintiff class are citizens of the State of California.   The remaining members of the proposed class are not dispersed among a substantial number of other states.   In fact, the principal injuries resulting from the alleged conduct of Defendants were incurred in the State of California.

8.  Plaintiff, CHARLES RIDGEWAY is a resident of Tulare County and is a citizen of the State of California. He has been employed by Defendant, and each of them as a Driver from 1993 to 2008. Mr. RIDGEWAY joins this action in his individual capacity on behalf of himself, and on behalf of all other Delivery Drivers similarly situated pursuant to California Code of Civil Procedure section 382, and pursuant to California Business and Professions Code 17200 et. seq., on behalf of the general public.

9.  Plaintiff, JAIME FAMOSO is a resident of  San Bernardino County and is a citizen of the State of California. He has been employed by Defendant, and each of them as a Driver from June 5, 2011 to April, 2010. Mr. FAMOSO joins this action in his individual capacity on behalf of himself, and on behalf of all other Drivers similarly situated pursuant to California Code of Civil Procedure section 382, and pursuant to California Business and Professions Code 17200 et. seq., on behalf of the general public.

10.  Plaintiff, JOSHUA HAROLD is a resident of Fresno County and is a citizen of the State of California. He has been employed by Defendant, and each of them as a Driver from October 4, 2004 to the present. Mr.  HAROLD joins this action in his individual capacity on behalf of himself, and on behalf of all other Drivers similarly situated pursuant to California Code of Civil Procedure section 382, and pursuant to California Business and Professions Code 17200 et. seq., on behalf of the general public.

11.  Plaintiff, DAN THATCHER is a resident of Stanislaus County and is a citizen of the State of California. He has been employed by Defendant, and each of them as a Driver from January 1995 to June 2006. Mr. THATCHER joins this action in his individual capacity on behalf of himself, and on behalf of all other Drivers similarly situated pursuant to California Code of Civil Procedure section 382, and pursuant to California Business and Professions Code 17200 et. seq., on behalf of the general public.

12.  Plaintiff, RICHARD BYERS is a resident of Lake Havesu City, Arizona.  He has been employed by Defendant, and each of them as a Driver from February 1993 to May 2006. Mr. BYERS joins this action in his individual capacity on behalf of himself, and on behalf of all other Drivers similarly situated pursuant to California Code of Civil Procedure section 382, and pursuant to California Business and Professions Code 17200 et. seq., on behalf of the general public.

13.  Plaintiff, DENNIS COLE, is a resident of San Bernardino County and is a citizen to the State of California.  He has been employed by Defendant, and each of them as a Driver from March 23, 1993 to the present. Mr. COLE joins this action in his individual capacity on behalf of himself, and on behalf of all other Drivers similarly situated pursuant to California Code of Civil Procedure section 382, and pursuant to California Business and Professions Code 17200 et. seq., on behalf of the general public.

14.  Plaintiff, NINO PAGTAMA, is a resident of Tulare County and is a citizen to the State of California.  He has been employed by Defendant, and each of them as a Driver from May 25, 1999 to March 27, 2012. Mr. PAGTAMA joins this action in his individual capacity on behalf of himself, and on behalf of all other Drivers similarly situated pursuant to California Code of Civil Procedure section 382, and pursuant to California Business and Professions Code 17200 et. seq., on behalf of the general public.

15.  Plaintiff, WILLIE FRANKLIN, is a resident of San Bernardino County and is a citizen to the State of California.  He has been employed by Defendant, and each of them as a Driver from October 2005 to October 2010. Mr. FRANKLIN joins this action in his individual capacity on behalf of himself, and on behalf of all other Drivers similarly situated pursuant to California Code of Civil Procedure section 382, and pursuant to California Business and Professions Code 17200 et. seq., on behalf of the general public.

16.  Plaintiff, TIM OPITZ, is a resident of Los Angeles County and is a citizen to the State of California.  He has been employed by Defendant, and each of them as a Driver from July 2004 to May 2009. Mr. OPTIZ joins this action in his individual capacity on behalf of himself, and on behalf of all other Drivers similarly situated pursuant to California Code of Civil Procedure section 382, and pursuant to California Business and Professions Code 17200 et. seq., on behalf of the general public.

17. Plaintiff, THOMAS BRYSON, is a resident of Tulare County and is a citizen to the State of California. He has been employed by Defendant, and each of them as a Driver from August 1998 to the present. Mr. BRYSON joins this action in his individual capacity on behalf of himself, and on behalf of all other Drivers similarly situated pursuant to California Code of Civil Procedure section 382, and pursuant to California Business and Professions Code 17200 et. seq., on behalf of the general public.

18. Plaintiff, FARRIS DAY, is a resident of Tulare County and is a citizen to the State of California. He has been employed by Defendant, and each of them as a Driver from 1998 to 2009. Mr. DAY joins this action in his individual capacity on behalf of himself, and on behalf of all other Drivers similarly situated pursuant to California Code of Civil Procedure section 382, and pursuant to California Business and Professions Code 17200 et. seq., on behalf of the general public.

19. Plaintiff, KARL MERHOFF, is a resident of Tehama County and is a citizen to the State of California. He has been employed by Defendant, and each of them as a Driver from February 2002 to January 2009. Mr. MERHOFF joins this action in his individual capacity on behalf of himself, and on behalf of all other Drivers similarly situated pursuant to California Code of Civil Procedure section 382, and pursuant to California Business and Professions Code 17200 et. seq., on behalf of the general public.

20. Plaintiff, MICHAEL KROHN, is a resident of San Joaquin County and is a citizen to the State of California. He has been employed by Defendant, and each of them as a Driver from 1993 to August 2008. Mr. KROHN joins this action in his individual capacity on behalf of himself, and on behalf of all other Drivers similarly situated pursuant to California Code of Civil Procedure section 382, and pursuant to California Business and Professions Code 17200 et. seq., on behalf of the general public.

21. Plaintiffs are informed and believe and thereupon allege that Defendants, and each of them, are at all times relevant hereto, persons, residing in various counties in the State of California.

22. Plaintiffs are further informed and believe and thereupon allege that at all relevant times herein such DOE 1-20 Defendants, were managing agents of Defendants, and each of them, with policy making authority to set wages, hire, fire, discipline employees, and with supervisory control over Plaintiffs and Class members.

23. The true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs, who therefore sues such Defendants by their fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiffs are informed and believe that each of the Doe Defendants are liable to Plaintiffs under the same theories and causes of action as set forth in this complaint. Plaintiffs are informed and believe and thereon allege that the DOE Defendants are California residents. Plaintiffs will amend this complaint to show such true names and capacities when the same have been ascertained.

24. Plaintiffs are informed and believe and thereon allege that each of the Defendants identified herein was at all times relevant hereto the agent, employee, servant, representative or alter ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such relationship.

25. At all times mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuit of, said joint venture, partnership and common enterprise.

26. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants and proximately caused the damages as alleged herein.

27. Defendants, and each of them, through their agents and employees (not including the Plaintiffs, members of the "Collective Class", or "Class-Action Class" (members)), established and carried out a policy which violated California Labor Code sections 201, 202, 203, 204, 221, 222, 226.7, 510, 512, and 1194, and Subsections 3, 7, 11, and 12 of the applicable Industrial Welfare Commission Orders in that Plaintiffs, members of the Collective Class, and Class-Action Class members were not paid wages according to California law for hours that they were required to work off-the-clock including, but not limited to, hours devoted to the following: (1) waiting to receive route assignments; (2) waiting to deliver; (3) waiting to pickup; (4) fueling and washing their trucks; (5) work during which Defendants, and each of them, automatically deducted 30 minutes or more from their daily hours worked; (6) work during which they were engaged to wait (standby time); (7) 45 minute traditional waiting time; (8) time required to drop their trailer for fueling or maintenance; (9) time spent moving trailers at any location to get their

assigned trailer; (10) time spent clearing a dock to drop a trailer; (11) time spent moving between the same company's compounds, yards, or docks that are on the same physical property or adjoining locations to pick up a trailer or bobtail; and (12) time spent receiving loading instructions or documentation at a building or office different from where the trailer is loaded even when it is in a different town.

28.  As a result of the actions of Defendants, and each of them, Plaintiffs, members of the Collective Class, and Class-Action Class members suffered damages, including, but not limited to, lost pay, wages, benefits, vacation pay, and interest.

29.  These violations of law were committed knowingly and willfully by Defendants, and each of them, with full knowledge of the required laws cited herein.

30.  ~~The actions of Defendants, and each of them, were therefore fraudulent, malicious, and oppressive and as such Plaintiffs, the Collective Class and the Class-Action Class members are entitled to an award of punitive damages by way of example and deterrence.~~

31.  The duties and responsibilities of the "Drivers" are virtually identical from region to region, area to area, store to store and employee to employee within the State of California. Further, any variation in job activities between the different individuals are legally insignificant to the issues presented by this action since the central facts remain, to wit, Plaintiffs and the Representative Class and Class-Action Class Members performed nonexempt work for which they have never been paid the wages earned as required by California law.

32.  Some of the Class Members were involuntarily discharged by Defendants, constructively terminated or voluntarily terminated their employment, and did not receive all pay due and owing at the time their employment with Defendants, and each of them, was terminated. Defendants, in violation of California Labor Code sections 201, 202, and 203 had a consistent uniform policy, practice and procedure of willfully failing to pay the earned and wages of all such former employees.  The Defendants willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, meal, break, fueling, washing, standby, etc., and time devoted to work which Defendants, and each of them, automatically deducted from their daily hours worked or did not record as work time. The Defendants willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, timely payment of straight time, minimum wages, overtime wages, and accrued vacation on termination of employment. Members of the Collective Class and members of the Class-Action Class did not

secret or absent themselves from Defendants nor did they refuse to accept the earned but unpaid wages from Defendants.  Accordingly, Defendants are liable for waiting time penalties for the unpaid wages pursuant to California Labor Code sections 201, 202, and 203.

## II
## CLASS ACTION ALLEGATIONS

33.  This complaint is brought by Representative Plaintiffs, RICHARD BROWN, CHARLES RIDGEWAY, JAIME FAMOSO, JOSHUA HAROLD, RICHARD BYERS, DAN THATCHER, DENNIS COLE, NINO PAGTAMA, WILLIE FRANKLIN, TIME OPITZ, THOMAS BRYSON, FARRIS DAY, KARL MERHOFF, and MICHAEL KROHN pursuant to California Code of Civil Procedure section 382 on behalf of the Class.  All claims alleged herein arise exclusively under California law for which Representative Plaintiffs seek the relief authorized under California law.  The class is comprised of, and defined as, all current and former California-based, "Drivers" or persons in an equivalent position or performing equivalent job duties however titled, who worked and/or are working for Defendants, and each of them, within four years prior to the filing of the original Complaint in this action up to and including the resolution of this action, yet were not paid wages in violation of California Labor Code sections 201, 202, 203, 204, 221, 222, 226, 226.7, 510, 512, and 1194 and subsections 3, 4, 7, 11, and 12 of the applicable Industrial Welfare Commission Orders.

34.  The members of the Class are so numerous that joinder of all members would be impractical, if not impossible.  The identity of each members of the Class is readily ascertainable by review of Defendant's own business records, including but not limited to, records required by subsection 7 of the applicable Industrial Welfare Commission Orders and California Labor Code sections 1174.  Further, the subject matter of this action both as to factual matters and as to matters of law, is such that there are questions of law and fact common to the Class which predominate over questions affecting only individual members.

35.  The California Labor Code and Industrial Welfare Commission Wage Order provisions upon which Representative Plaintiffs base their claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of

superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Representative Plaintiff and the Class make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  Further, this case involves a large corporate employer and a large number of individual employees with many relatively small claims.  If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Plaintiff and Class member with its vastly superior financial and legal resources.  Requiring each member of the Class to pursue an individual remedy and would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at their current or subsequent employment.

36.    The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (2) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests.  Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

37.  Such a pattern, practice and uniform administration of corporate policy regarding employee compensation as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the Class, in a civil action, for the unpaid balance of the full amount of the pay, including interest thereon, waiting time penalties, reasonable attorney's fees and costs of suit according to the mandates of California Labor Code sections 218.5 and 1194.

38.  Proof of a common business practice or pattern, of which the named Plaintiffs experienced are representative and will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

39.  The Class is entitled in common to a specific fund with respect to the wages illegally and unfairly retained by Defendants.  The Class is entitled in common to restitution and

disgorgement of those funds being improperly withheld by Defendants.   This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

40.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.   The questions of law and fact common to the Class predominate over questions that may affect individual Class Members, including the following:

...

(a) whether Drivers received pay due and owing pursuant to California Labor Code sections 201, 202, 203, 204, 221, 222, 226.7, 510, 512, 1194 and subsections 3, 4, 7, 11 and 12 of the applicable Industrial Welfare Commission Orders;

(b) whether Defendants implemented and engaged in a systematic business practice of failing to pay "Drivers" wages according to California law for each hour worked;

(c) whether upon recognizing its legal obligation to pay wages pursuant to California law to members of the Class, Defendants paid all wages actually due;

(d) whether Defendants failed to keep, maintain or furnish accurate records of the actual hours worked by each Driver as required by subsection 7 of the applicable Industrial Welfare Commission Orders; and California Labor Code sections 226 and 1174.

(e) whether Defendants failed to maintain any other records and/or other evidence relevant to the claims asserted in this litigation;

(f) whether Defendants willfully failed to pay all wages due and owing to all Drivers whose employment with Dependants was terminated;

(g) whether the systematic acts and practices of Defendants, and each of them, as alleged herein violated, inter alia, California Labor Code sections 201, 202, 203, 204, 221, 222, 226.7, 510, 512, 1174, 1194, sections 3, 4, 7, 11, and 12, of the applicable Industrial Welfare Commission Wage Orders, and California Business and Professions Code sections 17200, et seq.

41. Because the Representative Plaintiffs and other members of the Class in the position of "Driver" routinely worked more than four hours without breaks and/or more than five hours without a lunch period as required by Defendant's written policy and by California Labor Code section 512 and subsections 11 and 12 of the applicable Industrial Welfare Commission Orders,

and based upon the uniform duties and responsibilities required by Defendants, and each of them, and its uniform pay scheme for such employees, the Representative Plaintiffs' claims are typical of the claims of the entire Class.

42. The Representative Plaintiffs will fairly and adequately represent and protect the interests of the Class in that they have no disabling conflicts of interest that would be antagonistic to the other members of the Class. The Representative Plaintiffs have retained counsel who are competent in the prosecution of class action litigation, and in overtime wage class action litigation.

43. The Representative Plaintiffs and members of the Class have all similarly suffered irreparable harm and damages as a result of Defendants, and each of their, unlawful and wrongful conduct. Defendants' systematic failure to retain accurate records of hours worked by each "Driver" as required by law makes Class treatment especially appropriate. This action will provide substantial benefits to both the Class and the public since, absent this action, Defendants' unlawful conduct will continue unremedied and uncorrected.

FIRST CAUSE OF ACTION
(Violation of California Labor Code section 512 and section 11 of the applicable Industrial Welfare Commission Wage Order.)
(Against WAL-MART STORES, INC,
dba WAL-MART TRANSPORTATION, LLC)

44. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

45. California Labor Code sections 512(a) provide as follows:

> (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes. Except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

46. Section 11 of the applicable Industrial Welfare Commission Wage Order provides as follows:

"(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.(C) unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

47. California Labor Code section 226.7 provides:

"(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

48. Defendants' employee handbook states that employees are entitled to an off-duty meal period each day of work.  On or about July 29, 2003, Defendants, and each of them, issued a memorandum entitled "Transportation Philosophy Dispatch Operations."  The memorandum states in part, "Drivers are scheduled for one hour of coffee/meal stop time for each five hours of consecutive driving time."  On or about April 22, 2007, Defendants, and each of them, held safety meeting wherein Plaintiffs and Class Members were advised it was the policy of Defendants, and each of them, to provide off-duty meal periods within five hours or work as required California Labor Code 512 and Industrial Welfare Commission Wage Order § 7.  In addition, Defendants, and each of them, started to require Plaintiffs and Class Members to show

an off-duty meal period on their daily time sheets.

49. Despite Defendants' company policy, and California law, to provide off-duty meal periods, it was and continues to be Defendants', and each of their, systematic business practice work Plaintiffs and Class Members more than five hours per day without a 30 minute off-duty meal period as required by California Labor Code section 512 and section 11 of the applicable Industrial Welfare Commission Wage Order. Defendants undermined their formal policy to provide meal breaks by pressuring, encouraging, and incentivizing Plaintiffs and Class Members to work through and during meal periods. Defendants used a common scheduling policy that made taking breaks extremely difficult. Defendant regulated Plaintiffs' and Class Members' activities during the day through scheduling the start and stop of delivers, routing, and other factors. However, Defendant did not schedule meal periods or include an activity code for them. As a result, Plaintiffs and Class Members regularly worked during and through meal periods without payment of minimum wages, overtime wages, or meal period premiums. **Prior to approximately April, 2007, Wal-Mart did not have a policy pertaining to meal breaks and did not attempt to monitor or enforce California meal break law or to advise its Drivers of their rights to take meal breaks. To the contrary, Wal-Mart scheduled Plaintiffs and Class Members such that they were not able to take meal breaks and it failed to pay Plaintiffs and Class Members for missed breaks. In addition, the Plaintiffs and Class Members were informed by Wal-Mart that they could only drive a set maximum length of time each day. Because Wal-Mart's policies did not pay Plaintiffs and Class Members for the time they spent washing their trucks, waiting to get dispatched fueling their trucks, waiting at stores and other activities, the Plaintiffs and Class Members were discouraged by Wal-Mart from taking lunch and meal breaks and as a result took their meal breaks while sitting in their trucks or while driving. Wal-Mart had a policy generally communicated to Plaintiffs and Class Members the gist of which was that rule one was to keep to the delivery schedule. In addition to emphasizing the importance of making timely deliveries, Wal-Mart awarded bonuses for efficiency and commendations for miles driven. Wal-Mart gave Plaintiffs and Class Members stripes to wear on their uniforms recognizing them for passing various mileage milestones. All of these facts and circumstances resulted in a reasonable and foreseeable pressure on the Plaintiffs and Class Members to not take off-duty meal breaks because of doing so would cost the drivers compensation. As a result, these facts and**

circumstances applied to all Drivers, all Drivers actually were not provided off-duty meal breaks prior to April, 2007. Wal-Mart knew or had reason to know that its Plaintiffs and Class Members were not taking meal breaks and rest breaks prior to April of 2007. Wal-Mart regularly inspected its Plaintiffs and Class Members' logs and driver sheets in order to determine that its drivers were not speeding, that its drivers were at their stores on time, that they were making their back hauls on time, where the drivers laid over and what their drivers' estimated times of arrival were so that they could schedule the driver for additional hauls. Based on that level of analysis, Wal-Mart knew or had reason to know, or chose not to know, that Plaintiffs and Class-Members were not taking their meal breaks as required by California law. Accordingly, Wal-Mart incentivized, pressured and encouraged Plaintiffs and Class Members to skip statutory meal breaks.

50.   Defendants policy to provide meal periods to Plaintiffs and Class Members did not have an adverse impact on the routing, pricing, and scheduling of delivery or Defendants' competitive position in the market place.

51.   In addition, it was and continues to be Defendants', and each of their, systematic business policy and practice not to compensate the Plaintiffs, members of the Representative Class or Class members with the pay due and owing as required by California Labor Code sections 226.7, and subsection 11 of the applicable Industrial Welfare Commission Orders (i.e., one hour of pay per day per lunch period at the employee's regular rate of compensation).

52.   Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to California Labor Code section 226.7 and subsection 11 of the applicable Industrial Welfare Commission Orders.

53.   In failing to compensate Plaintiffs and the Class Members the pay due and owing pursuant to Labor Code sections 226.7 and subsection 11 of the applicable Industrial Welfare Commission Orders as alleged herein, ~~Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiffs and the Class Members by reaping economic gain at Plaintiffs' and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to pay due and owing. Consequently, Plaintiffs and the members of the Representative Class, and the Class-Action Class are entitled to an award of exemplary damages to punish Defendants' past conduct and to~~

~~deter similar future conduct.~~

54. Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.

SECOND CAUSE OF ACTION
(Violation of California Labor Code section 512 and section 12 of the applicable Industrial Welfare Commission Wage Order.)
(Against WAL-MART STORES, INC,
dba WAL-MART TRANSPORTATION, LLC)

55. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. Section 12 of the applicable Industrial Welfare Commission Wage Order provides as follows:

"(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction for wages.

(B) if an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one(1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

57. It was and continues to be Defendants', and each of their, systematic business policy and practice work Plaintiffs, members of the Representative Class, and members of the Class-Action Class members more than three and one half (3 ½) hours per day without a ten (10) minute rest period as required by California Labor Code section 512 and section 12 of the applicable Industrial Welfare Commission Wage Order.

58. In addition, it was and continues to be Defendants', and each of their, systematic business policy and practice not to compensate the Plaintiffs, members of the Representative Class or Class with the pay due and owing as required by California Labor Code sections 226.7, and subsection 12 of the applicable Industrial Welfare Commission Orders (i.e., one hour of pay per day per rest period at the employee's regular rate of compensation).

59. Despite all of the available California law, Defendants and each of them, willfully

refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to California Labor Code section 226.7 and subsection 12 of the applicable Industrial Welfare Commission Orders. 50. In failing to compensate Plaintiffs and the Class Members the pay due and owing pursuant to Ca. Labor Code sections 226.7 and subsection 12 of the applicable Industrial Welfare Commission Orders as alleged herein, ~~Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiffs and the Class Members by reaping economic gain at Plaintiffs' and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to pay due and owing. Consequently, Plaintiffs and the members of the Representative Class, and the Class-Action Class are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.~~ **Prior to approximately April, 2007, Wal-Mart did not have a policy pertaining to rest breaks and did not attempt to monitor or enforce California rest break law or to advise its Drivers of their rights to take rest breaks. To the contrary, Wal-Mart scheduled Plaintiffs and Class Members such that they were not able to take rest breaks and it failed to pay Plaintiffs and Class Members for missed breaks. In addition, the Plaintiffs and Class Members were informed by Wal-Mart that they could only drive a set maximum length of time each day. Because Wal-Mart's policies did not pay Plaintiffs and Class Members for the time they spent washing their trucks, waiting to get dispatched fueling their trucks, waiting at stores and other activities, the Plaintiffs and Class Members were discouraged by Wal-Mart from taking rest breaks and as a result took their rest breaks while sitting in their trucks or while driving. Wal-Mart had a policy generally communicated to Plaintiffs and Class Members the gist of which was that rule one was to keep to the delivery schedule. In addition to emphasizing the importance of making timely deliveries, Wal-Mart awarded bonuses for efficiency and commendations for miles driven. Wal-Mart gave Plaintiffs and Class Members stripes to wear on their uniforms recognizing them for passing various mileage milestones. All of these facts and circumstances resulted in a reasonable and foreseeable pressure on the Plaintiffs and Class Members to not take off-duty rest breaks because of doing so would cost the drivers compensation. As a result, these facts and circumstances applied to all Drivers, all Drivers actually were not provided rest breaks prior to April, 2007. Wal-Mart knew or had reason to know that its Plaintiffs and Class Members were not taking rest breaks prior to April of**

2007. **Wal-Mart regularly inspected its Plaintiffs and Class Members' logs and driver sheets in order to determine that its drivers were not speeding, that its drivers were at their stores on time, that they were making their back hauls on time, where the drivers laid over and what their drivers' estimated times of arrival were so that they could schedule the driver for additional hauls. Based on that level of analysis, Wal-Mart knew or had reason to know, or chose not to know, that Plaintiffs and Class-Members were not taking their rest breaks as required by California law. Accordingly, Wal-Mart incentivized, pressured and encouraged Plaintiffs and Class Members to skip statutory rest breaks.**

60.  Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.

THIRD CAUSE OF ACTION
(Violation of California Labor Code Section 201, 202, and 203)
(Against WAL-MART STORES, INC,
dba WAL-MART TRANSPORTATION, LLC)

61.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.  California Labor Code section 201 provides in pertinent part:  "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately ..."

63.  California Labor Code section 202 provides in pertinent part: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

64.  California Labor Code section 203 provides in pertinent part:

"If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or quit, the wages of the employee shall continue as a penalty from the due date the of at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arises."

65.   Plaintiffs and Class Members identified herein were discharged by Defendants and/or voluntarily quit.  The Defendants, in violation of California Labor Code sections 203, had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages or accrued wages, **including wages for missed meal and rest breaks as well as the failure to pay minimum wages as alleged in paragraphs 86 through 92 below,** of all such former employees as described herein.  Plaintiffs and Class Members did not secret or absent themselves from Defendants nor refuse to accept the earned and unpaid wages from Defendants. Accordingly, Defendants are liable for waiting time penalties for the unpaid wages pursuant to California Labor Code sections 203.

66.   ~~Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to California Labor Code section 203 and section 20 of the applicable Industrial Welfare Commission Orders.~~

67.   ~~In failing to compensate Plaintiffs and the Class Members the pay due and owing pursuant to Ca. Labor Code section 203 as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiffs and the Class Members by reaping economic gain at Plaintiffs' and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to pay due and owing.  Consequently, Plaintiffs and the members of the Representative Class, and the Class Action Class are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.~~

68.   Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.


### FOURTH CAUSE OF ACTION
(Violation of Business and Professions Code 17200 et seq.)
(Against all Defendants)

69.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 68 and 74 through 92 of this Complaint as if fully set forth herein.

70.   Defendants, and each of them, are persons within the meaning of Business and Professions Code Section 17201. Defendants, and each of them, have engaged and continue to engage in unfair business practices in California by practicing, employing and utilizing the employment policy of failing to pay Plaintiffs, members of the Representative Class and members of the Class-Action Class employment compensation as required by the California law **described** herein above **and below**.   Defendants', and each of their, utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors. **Wal-Mart violated Business and Professions Code by (a) failing to pay Plaintiffs and Class Members the minimum wage for all hours worked as alleged in this Complaint and (b) preventing Plaintiffs and Class Members from taking rest and meal breaks, or, alternatively, failing to pay the premium payment in lieu of such breaks, as alleged in this Complaint and (c) failing to comply with Labor Code Section 226 as alleged in this Complaint.   Furthermore, Wal-Mart misrepresented to the Plaintiffs and Class Members Wal-Mart's statutory duty to provide meal periods.   In fact, in approximately April 2007, Wal-Mart advised Plaintiffs and Class Members that Wal-Mart had no legal obligation to compensate Plaintiffs and Class Members for meal and rest breaks that were not provided prior to approximately April 2007.**

71.   Plaintiffs seek on their own behalf, on behalf of the Representative Class, and on behalf of the general public, full restitution and disgorgement of all employment compensation wrongfully withheld, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair and/or unlawful practices complained of herein.   The restitution and disgorgement requested includes all wages earned and unpaid, including interest thereon.   The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the Complaint in this action and continue to the present.

72.   Plaintiffs are informed and believe and on that basis allege that at all times herein mentioned Defendants, and each of them, have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code 17200 et seq., by depriving Plaintiffs and the members of the Representative Class of the minimum working condition standards due to them under the California Labor Code and Industrial Welfare Commission wage orders as identified herein.

73. Business and Professions Code 17200, et seq., prohibits acts of unfair competition which shall mean and include any unlawful, unfair or fraudulent business act or practice. Under California law, wages unlawfully withheld from an employee constitutes an unfair business act entitling the Plaintiffs and the members of the Representative Class to a restitution remedy authorized by section 17203. Plaintiffs, the representative class, and the general public are therefore entitled to the relief requested below.

~~FIFTH CAUSE OF ACTION~~
~~(Failure to Pay Wages Due And Owing. California Labor Code section 510 and subsection 3 of the applicable Industrial Welfare Commission Orders)~~
~~(Against WAL-MART STORES, INC,~~
~~dba WAL-MART TRANSPORTATION, LLC)~~

~~74. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 73 of this Complaint as if fully set forth herein.~~

~~75. California Labor Code 510 and subsection 3 of the applicable Industrial Welfare Commission Orders provide in relevant part as follows:~~

~~(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of not less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of not less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of not less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. 68. California Labor Code 514 and subsection 3 of the applicable Industrial Welfare Commission Orders provides an exception to the overtime provisions of California Labor Code 510 in relevant part as follows:~~
~~Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than thirty percent more than the state minimum wage.~~

~~76. This cause of action for payment of overtime pursuant to California Labor Code section 510 and subsection 3 of the applicable Industrial Welfare Commission Orders is brought~~

---

**FOURTH** AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

on behalf of Plaintiffs, Representative Class Members and members of the Class who are not exempt by operation of California Labor Code 514 and the corresponding language in subsection 3 of the applicable Industrial Welfare Commission Orders.

77.   During all relevant periods, Defendants, and each of them, suffered or permitted Plaintiffs, members of the Representative Class and Class-Action Class Members to work in excess of eight (8) hours per day and to work in excess of forty (40) hours per week.

78.   During all relevant periods, Defendants, and each of them, failed to pay overtime wages for each overtime hour worked by Plaintiffs and Class Members.

69.   Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to pay Plaintiffs and Class Members the pay they are owed.

79.   In failing to compensate Plaintiffs and the Class Members for the wages due and owing pursuant to California Labor Code section 510 as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiffs and the Class Members by reaping economic gain at Plaintiffs' and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to overtime compensation.  Consequently, Plaintiffs and the members of the Class-Action Class are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.

80.   Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.

SIXTH CAUSE OF ACTION
(Failure To Provide Accurate Wage Statements.  California Labor Code 226, And Subsections of the applicable Industrial Welfare Commission Orders.)
(Against WAL-MART STORES, INC,
dba WAL-MART TRANSPORTATION, LLC)

81.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 80 of this Complaint as if fully set forth herein.

82.  California Labor Code 226 provides:

226. Itemized statements;  contents;  records;  inspection of records;  compliance with inspection request;' limitation of application

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check,

draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an existing employee identification number other than asocial security number may be shown on the check, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer. The employer may take reasonable steps to assure the identity of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.

(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.  A violation of this subdivision is an infraction. Impossibility of performance, not caused by or a result of a violation of law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision. An employer may designate the person to whom a request under this subdivision will be made.

(d) This section does not apply to any employer of any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of the owner or occupant.

(e) An employee suffering injury as a result of a knowing and intentional failure

by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven hundred fifty dollars ($750) penalty from the employer.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

83.   Defendants have failed to maintain the records required by Labor Code §226. Defendants, and each of them, paid Plaintiffs and Class Members various piece rates for different activities.  For example, Plaintiffs and Class Members were paid for specific tasks such as drop at a store, picking up load at vendor, hooking an empty trailer, mileage, arriving at location, stopping at multiple locations.  Plaintiffs and Class Members were paid an hourly rate for 10 hour layovers and when broken down.  However, Plaintiffs and Class Members were issued pay stubs that identified "regular earnings". Consequently, it was not possible for Plaintiffs and Class Members to determine from Defendants' pay stubs the actual hours worked for Defendants, and each of them, or whether Defendants paid minimum wages, **or** straight time wages, ~~or overtime wages~~ for each hour worked over the four years preceding the original filing of this complaint. As a result, Plaintiffs and Class Members are forced to experience litigation and incur attorney fees and costs in an effort to recover unpaid wages.

84.   Accordingly, Plaintiffs and Class Members may be prejudiced in their ability to establish the total amount of their actual damages.   **Wal-Mart compensated Plaintiffs and Class Members on a piece-rate system.  Wal-Mart's pay check stubs do not include a breakdown of the piece-rate pay earned, did not include all meal premiums, rest premiums, or minim wages earned, and did not include all requirements of Labor Code § 226(a) above.  Wal-Mart's failure to include all wages earned and all hours worked as required by Labor Code Section 226 was knowing and intentional. Wal-Mart had documents from Plaintiffs and Class Members stating the total amount of hours they worked, and Wal-**

Mart had documents related to the activities performed by Plaintiffs and Class Members, from which Wal-Mart was able to determine the information required by Labor Code Section 226 including the activities which constituted piece rates. Instead, Wal-Mart issued pay stubs that simply stated a gross amount for "regular earnings".   Waymart failed to provide the required information on a systematic basis with respect to all Plaintiffs and Class Members. Wal-Mart's failure was not accidental or an isolated and unintentional payroll error due to a clerical or inadvertent mistake. Rather, Wal-Mart's payroll records were generated pursuant to Wal-Mart's established policies and practices.

85.   Therefore, Plaintiffs and Class Members seek the remedy set forth in California Labor Code §226(e).


SEVENTH CAUSE OF ACTION
(Failure to Pay Minimum Wage As Required By Subsection 4 Of The Applicable Industrial Welfare Commission Orders.)
(Against WAL-MART STORES, INC., and Does 1-50.)

86.   Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 86 of this Complaint as if fully set forth herein.

87.   California's Minimum Wage Order provides in relevant part as follows:

Every employer shall pay to each employee wages not less than seven dollars and fifty cents ($7.50) per hour for all hours worked, effective January 1, 2007, and not less than eight dollars ($8.00) per hour for all hours worked, effective January 1, 2008.

88.   During all relevant periods, Defendants, and each of them, suffered or permitted Plaintiffs and Class Members to work without compensation for minimum wages for each hour worked.  During all relevant periods, Defendants, and each of them, required Plaintiff, members of the Representative Class and Class-Action Class Members to work unpaid hours; including hours beyond eight per day and forty per week.

89.   However, Defendants, and each of them, had and continue to have a systematic business policy and practice of refusing to pay them for all time they were required to devote to work. Defendants, and each of them, have willfully failed and continue to fail to pay Plaintiffs, members of the Representative Class and Class-Action Class Members minimum wage.  It was and continues to be Defendants', and each of their, systematic business policy and practice to not

pay minimum wage as required by California law and as alleged herein.

90.  Despite all of the available California law, Defendants and each of them, willfully refused, and continue to refuse, to compensate Plaintiffs and Class Members with the pay they are owed pursuant to subsection 4 of the applicable Industrial Welfare Commission Orders.

91.  ~~In failing to compensate Plaintiffs and the Class Members the pay due and owing as alleged herein, Defendants, and each of them, acted maliciously, oppressively, despicably, with the wrongful intention of causing injury and hardship to Plaintiff and the Class Members by reaping economic gain at Plaintiff's and the Class' expense, in willful and conscious disregard of their statutory and regulatory right to receive pay due and owing.  Consequently, Plaintiff, members of the Representative Class and Class Action Class Members are entitled to an award of exemplary damages to punish Defendants' past conduct and to deter similar future conduct.~~

92.  Furthermore, Plaintiffs and Class Members are entitled to the relief requested below.

PLAINTIFFS REQUEST JURY TRIAL

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

1.  An Order certifying that the action may be maintained as a class action;

2.  Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial;

3.  Exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code section 3294;

4.  An Order imposing an asset freeze in constructive trust of Defendants, and each of their, ill-gotten gains, and enjoining Defendants from failing and refusing to disgorge all monies acquired by means of any act or practice declared by this Court to constitute unlawful, unfair or fraudulent acts or practices;

5.  That Defendants, and each of them, be ordered to show cause why they should not be enjoined and ordered to comply the applicable California Industrial Welfare Commission Wage Orders related to payment of employment compensation and record keeping for Defendants'

employees who are engaged in non-exempt work and work, without a meal or break period;

6. For a declaratory judgment and decree adjudging and decreeing that the Plaintiffs and the Class have meal periods and break periods for which they have not been paid in violation of California Law;

7. For restitution to Plaintiffs and other similarly affected members of the general public (and disgorgement from Defendants) of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the California Labor Code, Industrial Welfare Commission Orders, and  California Business and Professions Code 17200 et seq.

8. For any and all profits, whether direct or indirect, Defendants acquired by its conversion of the Plaintiffs' and Class Members' wages;

9. For pre-judgment and post-judgment interest as allowed by California Labor Code sections 218.6 and 1194;

10. For reasonable attorney's fees, expenses and costs as provided by California Labor Code sections 218.5 and 1194; and

11. Such other and further relief as the Court deems just and proper.


DATED: May 10, 2013                                     LAW OFFICES OF
                                                                        WAGNER & JONES LLP


                                                                        Andrew B. Jones
                                                                        Attorneys for Plaintiffs


AC

PROOF OF SERVICE

1    I am employed in the County of Fresno; I am over the age of 18 years and not a party to the within above-entitled case.

2

3    On May 10th, 2013, I served the within document described as **FOURTH AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** on the interested parties in this action by placing a true copy thereof

4    enclosed in sealed envelopes addressed as follows:

5    G. Charles Nierlich
     **GIBSON, DUNN & CRUTCHER LLP**

6    555 Mission St., Ste. 3000
     San Francisco, CA  94105-2933

7

8    415/374-8486 - Fax
     gnierlich@gibsondunn.com

9

     Julian W. Poon

10   **GIBSON, DUNN & CRUTCHER LLP**
     333 South Grand Avenue

11   Los Angeles, CA  90071-3197

12   213/229-7520 - Fax
     jpoon@gibsondunn.com

13

14

     [  ]  **(BY MAIL)** placing the envelopes for collection and mailing on

15         the date and at my address shown above following our ordinary
           business practices.  I am completely familiar with Wagner &

16         Jones= practice of collection and processing correspondence for
           mailing pursuant to which the envelopes would be deposited with

17         the United States Postal Service the same day in the ordinary
           course of business.

18

     [  ]  **(BY OVERNIGHT MAIL SERVICE)** by placing the envelope for

19         collection following our ordinary business practices for
           collection and processing correspondence for mailing by express

20         or overnight mail.

21   [  ]  **(BY FACSIMILE)** In addition to service by mail as set forth above,
           the person(s) by whose name an asterisk is affixed, was also

22         forwarded a copy of said documents by facsimile.

23   [  ]  **(BY PERSONAL SERVICE)** I caused such envelope to be delivered
           by hand to the offices of the addressee.

24

     [ X ] **(BY ELECTRONIC MAIL)** I caused such documents to be scanned into

25         PDF format and sent via electronic mail to the electronic mail
           addressee(s) of the addressee(s) designated above.

26

27

28

[X ]  **(BY FEDERAL ELECTRONIC FILING)**   I caused the documents to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing and copies of the documents to the parties.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.   Executed on May 10th, 2013, at Fresno, California.