IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONALD BRYAN, *et al.*,

    Plaintiffs,

v.

WAL-MART STORES, INC., *et al.*,

    Defendants.

No. C 08-05221 SI

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Currently before the Court is defendant Wal-Mart's motion to dismiss plaintiffs' fourth amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for June 28, 2013. Having carefully considered the papers submitted, the Court GRANTS in part and DENIES in part defendant's motion to dismiss, for the reasons set forth below.

**BACKGROUND**

Plaintiffs are truck drivers ("Drivers") in California previously employed by defendant Wal-Mart for some period of time between 1993 and the present, who allege they were neither paid all earned wages nor were they paid timely. Fourth Am. Compl. ("4AC") 3-6. Plaintiffs allege Wal-Mart violated a number of California laws by failing to pay plaintiffs' timely wages or provide meal and rest breaks, requiring that employees work "off-the-clock," and failing to provide accurate wage statements. Plaintiffs assert the following causes of action: (1) failure to provide meal breaks; (2) failure to provide rest breaks; (3) failure to timely pay wages due; (4) violation of California's Unfair Competition Law

(Cal. Bus. & Profs. Code § 17200); (6) failure to provide an accurate wage statement; and (7) failure to pay minimum wage. Plaintiffs no longer assert their fifth cause of action.

In the Court's April 18, 2013 Order, plaintiffs' first and second causes of actions were dismissed for failure to state a valid claim for violations of California's meal and rest break provisions. *See* Docket No. 72 ("Order") at 7. The claims were insufficient because plaintiffs failed to describe any facts about how Wal-Mart "'pressured, incentivized or discouraged'" the Drivers from taking breaks. *Id.* (quoting Third Am. Compl. ("TAC") ¶ 49). The third, fourth, and fifth causes of action were dismissed in part as derivative to the meal and rest break claims, and in part as insufficient. *Id.* at 8-12. The sixth cause of action was dismissed for insufficiency. *Id.* at 12. The seventh cause of action, for minimum wage violations, was the only claim that survived defendant's motion to dismiss the third amended complaint. *Id*. at 10. Subsequently, plaintiffs filed a fourth amended complaint, seeking to address the deficiencies identified by the Court. Wal-Mart moves to dismiss the new complaint.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires plaintiffs to allege facts that amount to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 544-55.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs' favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). The Ninth Circuit has distilled the following principles from *Iqbal* and *Twombly*:

> First, to be entitled to the presumption of truth, allegations in a complaint or counter-claim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.    Claims Relating to Meal and Rest Break Violations (1st and 2nd Causes of Action)**

**A.    Adequacy of the Pleadings**

Plaintiffs' first and second causes of action are based on alleged violations of California Labor Code sections 226.7 and 512. The laws provide that an employer may not require an employee to work during meal or rest periods without providing an additional hour of pay, and further, that no employee can be required to work over five hours without a meal/rest period of at least thirty minutes. Cal. Lab. Code §§ 226.7, 512 (2001).

Plaintiffs, in their fourth amended complaint, include new facts describing how Wal-Mart "incentivized, pressured and discouraged" the Drivers from taking breaks. Plaintiffs allege that Wal-Mart pressured employees to avoid breaks by limiting the time per day that they could drive, yet granting commendations/bonuses for miles driven and efficiency. 4AC ¶ 49. Plaintiffs also allege that Wal-Mart discouraged the Drivers from taking breaks because they did not pay their employees for time spent washing their trucks, waiting to get dispatched, or waiting at stores. *Id*. Plaintiffs claim all these facts led to a reasonable and foreseeable pressure on Drivers to forego their meal or rest breaks.

As a pleading matter, the Court finds that these facts are sufficient to "raise a right to relief above the speculative level," and to "permit the court to infer more than the mere possibility of misconduct."

3

### B. Federal Preemption

Second, Wal-Mart argues that the first and second causes of action should be dismissed because of federal preemption. The Court has already heard and decided the issue of whether the Federal Aviation Administration Authorization Act of 1994 ("FAAA") preempts California meal and rest break laws. Order 3-6. The Court held that California's meal and rest break laws do not "relate to" motor carriers' rates, routes or services and are not preempted by the FAAA Act. *Id*. at 6. Wal-Mart now contends the Court was incorrect in its conclusion that California meal and rest break laws are flexible enough to avoid binding motor carriers to a particular route or service. Def.'s Mot. 13. Because the Court has already decided this issue, it would first have to grant a motion to reconsider in order to again address the federal preemption question.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A motion for reconsideration may not be used to present arguments that were presented initially or "reasonably could have been raised" during the initial motion. *Id.* The district court has discretion to deny a motion for reconsideration. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Further, in the Northern District of California, any party seeking to file a Motion for Reconsideration may only do so after obtaining leave from the Court. *See* Civil Local Rule 7-9(a).

According to Wal-Mart, the *Mendez v. R+L Carriers Inc.*, No. C 11–2478, 2012 WL 5868973 (N.D. Cal. Nov. 19, 2012), decision, which the Court relied on in its Order, is incorrect because it presumes a flexibility that the California break and meal laws do not actually afford. Def's Mot. 13. Although Wal-Mart's contentions are emphatic, they are not novel, and the Court has already rejected these same arguments. The Court held that the California laws are not preempted, and Wal-Mart has presented no new law or evidence to contradict this holding. Furthermore, Wal-Mart did not obtain

4

1 leave from the Court for reconsideration. Thus, the Court does not find there is sufficient basis for it 2 to reconsider its holding that plaintiffs' claims are not preempted by the FAAA.

3 Accordingly, the Court DENIES Wal-Mart's motion to dismiss plaintiffs' first and second causes 4 of action.

## II.     Unpaid Wages (3rd Cause of Action)

Plaintiffs' third cause of action alleging violations of California Labor Code §§ 201-203 is based on plaintiffs' meal and rest break allegations. 4AC ¶¶ 61-68. The Court previously dismissed the claim because it was derivative of the first two causes of action, which it found were insufficiently pled. Order 8. Because the Court has found that plaintiffs' fourth amended complaint has sufficiently provided facts to support their allegation that Wal-Mart failed to pay earned wages, the Court also finds that this derivative claim is sufficiently pled. Accordingly, the Court DENIES defendant's motion to dismiss the third cause of action.

## III.    Wage Statement Claims (6th Cause of Action)

The Court previously dismissed plaintiffs' sixth cause of action for failing to allege an essential element required to sustain a violation of California Labor Code § 226. Order 11. Section 226(e)(1) requires injury "as a result of a knowing and intentional failure by an employer to comply with subdivision (a)," which requires employers to provide accurate, itemized wage statements. Cal. Lab. Code § 226(a), (e)(1). In their third amended complaint, plaintiffs presented only conclusory allegations that Wal-Mart "knowingly and intentionally" violated the law, but did not provide factual support.

Plaintiffs now add the facts that Wal-Mart had all documents necessary to provide check stubs with a breakdown of the piece-rate pay earned, as required by section 226(a), yet did not provide this information on employees' wage statements. 4AC ¶ 84. Plaintiffs allege that documents stating the total number of hours worked and all the activities performed by the Drivers enabled Wal-Mart to determine the information required by the Labor Code, yet Wal-Mart still chose to provide only a gross statement for "regular earning." *Id.* Plaintiffs allege that this failure to break down the piece rate system

5

in their wage statements was done on a systematic basis, and was thus a knowing and intentional failure to comply with the Labor Code. *Id.*

This information provides factual support to the allegations that Wal-Mart failed to provide accurate wage statements as required by the Labor Code. *See* Cal. Lab. Code § 226(e)(1). Plaintiffs therefore provide sufficient facts to support a valid section 226 violation claim, and the Court DENIES defendant's motion to dismiss the sixth amended complaint.

### IV. Minimum Wage Claims (7th Cause of Action)

The Court previously denied Wal-Mart's motion to dismiss plaintiffs' minimum wage claims. Order 11. It found plaintiffs' factual allegations that the Drivers were not being paid for activities such as "time required to drop their trailer for fueling . . . time spent moving trailers . . . [and] time spent clearing a dock to drop a trailer," were sufficient to state a valid claim for violation of California's minimum wage laws. *Id*.

Wal-Mart now argues the minimum wage claims should be dismissed as a matter of law because plaintiffs have not adequately alleged that any Driver worked off the clock. Def.'s Mot. 18-19. However, this Court has already held that the plaintiffs' allegations are sufficient, and Wal-Mart has presented no new law or facts that would justify reconsideration of its previous holding. *See supra*, section I.B (discussing the requirements for a motion for reconsideration).

Accordingly, the Court DENIES defendant's motion to dismiss plaintiffs' seventh cause of action.

### V. California's Unfair Competition Law Violations (4th Cause of Action)

California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et seq*., has a broad scope that allows for "violations of other laws to be treated as unfair competition that is independently actionable" while also "sweep[ing] within its scope acts and practices not specifically proscribed by any other law." *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 949 (2002). Here, plaintiffs' fourth cause of action alleges that Wal-Mart violated the UCL by failing to pay plaintiffs minimum wage, preventing plaintiffs from taking rest and meal breaks, failing to comply with Labor

6

Code section 226, and misrepresenting their statutory duty to provide meal periods. 4AC ¶ 69. Thus, its UCL claim is derivative of plaintiffs' other causes of action.

Because the Court finds that plaintiffs have sufficiently pled a claim for those causes of action, plaintiffs' UCL cause of action similarly sufficiently states a claim.

Accordingly, the Court DENIES defendant's motion to dismiss plaintiffs' fourth cause of action.

## VI. Punitive Damages

The Court has previously ordered that all portions of the complaint requesting punitive damages be stricken. Plaintiffs have withdrawn all of their punitive damages requests, but have neglected to withdraw the request from paragraph three of the Prayer. 4AC Prayer, ¶ 3. Plaintiffs concede that this request should also be stricken. Pls.' Opp'n 23.

Accordingly, the Court GRANTS defendant's motion to strike the portions of the Prayer that seek punitive damages.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss plaintiffs' 1st, 2nd, 3rd, 4th, 6th, and 7th causes of action, and GRANTS defendant's motion to strike the Prayer's request for punitive damages. This resolves Docket No. 74.

**IT IS SO ORDERED.**

Dated: June 26, 2013

SUSAN ILLSTON
United States District Judge

7