IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGEWAY, et al., | No. C 08-05221 SI |
| Plaintiffs, | **ORDER RE: ADMINISTRATIVE MOTION TO SEAL** |
| v. | |
| WAL-MART STORES INC., | |
| Defendant. | |

Currently before the Court is plaintiffs' administrative motion, pursuant to Local Rule 79-5(e), to file documents under seal. Docket No. 103. Plaintiffs move the Court for an Order to permit the filing of their motion for class certification and supporting evidence under seal – if defendant Wal-Mart establishes the material is sealable. *Id.* Defendant has filed the declaration of Jesse A. Cripps in support of sealing exhibits referenced and quoted in plaintiff's motion for class certification. Docket No. 106.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations

and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b). Plaintiff's motion for class certification is non-dispositive, and so the "good cause" standard applies.[1]

In the supporting declaration, defendant seeks to seal Exhibit 15 to the Wilson Deposition, arguing this exhibit contains confidential and commercially sensitive information regarding the implementation of Wal-Mart's compensation plan. Docket No. 106, Cripps Decl. ¶ 6.

Defendant seeks to seal Exhibit 4 to the Aurit Deposition and Exhibits 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27 to the Wilson Deposition, arguing they contain confidential and commercially sensitive information regarding Wal-Mart's compensation and operation strategies, specifically the practices relating to recording and managing drivers' routes, activity, and calculating drivers' compensation based on their activity. *Id.* ¶ 7.

Defendant also seeks to seal Exhibits 7, 8, and 10 to the Aurit Deposition, Exhibits 2 and 4 to the Day Deposition, and Exhibits 1 and 2 to the Opitz Deposition. *Id.* ¶ 8. Defendant claims these exhibits contain communications and direction from Wal-Mart to their employees regarding the meal and rest break policies, including the training for and implementation of these policies. *Id.* Defendant maintains that public disclosure of the information stands to cause Wal-Mart harm by giving third parties insight into confidential and sensitive aspects of Wal-Mart's business operations. *Id.*

Defendant seeks to seal Exhibit 6 to the Opitz Declaration and Exhibit 6 to the Thatcher deposition, arguing they contain information regarding the responsibilities and essential job functions of Wal-Mart drivers, which is confidential and commercially sensitive information that reflects Wal-Mart's strategies relating to operations, recruiting, and human resources. *Id.* ¶ 9.

---

[1] The Court notes that "the Ninth Circuit has not yet addressed whether or not, or under what circumstances, a motion for class certification is a dispositive motion" in the context of a motion to file under seal. *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, *1 (N.D. Cal. Apr. 9, 2013) (citation omitted). Here, the Court applies the "good cause" standard in accordance with "the vast majority of other courts within this circuit." *In re High-Tech Employee Antitrust Litigation*, 2013 WL 163779, *2 n. 1 (N.D. Cal. Jan. 15, 2013).

2

Defendant seeks to seal Exhibit 3 to the Aurit Deposition, which contains the road results for a number of drivers, including some no longer associated with the litigation. *Id.* ¶ 10. Defendant argues this information is private and confidential as it relates to the performance and quality of Wal-Mart's drivers. *Id.*

Finally, defendant seeks to seal Exhibit 6 to the Aurit Deposition, which it argues contains private and confidential information as it relates to the work performance, activity, and compensation of an individual no longer associated with this litigation. *Id.* ¶ 11.

The Court has reviewed the exhibits, and has not found good cause to file the entirety of these exhibits under seal. Defendant's requests are over-inclusive, and fail to designate for filing under seal portions of the document that would qualify as privileged, be protectable as a trade secret, or otherwise be entitled to protection under the law. While it may be that portions of the exhibits contain confidential information, defendant's declaration does not demonstrate why the entirety of the exhibits – including the specific portions relevant to the plaintiffs' motion – must be filed under seal. Additionally, defendant's blanket assertions that the documents contain confidential and commercially sensitive information are insufficient. Defendant's vague assertions that public disclosure "stands to cause Wal-Mart harm by giving third parties insight into the confidential and sensitive aspects of Wal-Mart's business operations" does not show a specific harm or prejudice. It is not enough to overcome the strong presumption in favor of access.

Accordingly, the Court DENIES the administrative motion to file under seal. Plaintiffs may file these documents pursuant to L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: May 21, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE