IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGEWAY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>WAL-MART STORES INC.,<br><br>    Defendant.<br>_____ / | No. C 08-05221 SI<br><br>**ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL** |

Defendant has filed an administrative motion, pursuant to Local Rule 79-5(e), to file under seal documents submitted in support of defendant's motion for partial summary judgment. Docket No. 111. Defendant refers to the declaration of Jesse A. Cripps (previously filed as Docket No. 106 in support of sealing exhibits referenced and quoted in plaintiff's motion for class certification) to support its motion to seal.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive

1  motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at
2  1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly
3  tailored," such that only sealable information is sought to be redacted from public access. Civil Local
4  Rule 79-5(b). Defendant's motion for partial summary adjudication is non-dispositive, and so the "good
5  cause" standard applies.

6        Defendant seeks to seal Exhibit 9 to the declaration of Jesse A. Cripps, filed in support of
7  defendant's motion for partial summary judgment. Docket No. 111 ¶ 1. Defendant notes that Exhibit
8  9 to the Cripps Declaration is identical to Exhibit 2 to the Day Deposition – which defendant previously
9  sought to seal in connection with plaintiffs' motion for class certification. *Id.* ¶ 2. Instead of filing a
10 declaration in support of this motion to seal, defendant refers to the declaration it previously submitted
11 as Docket No. 106 in connection with plaintiffs' motion for class certification. *Id.* In the previously
12 filed declaration, defendant claimed the relevant exhibit contains communications and direction from
13 Wal-Mart to their employees regarding the meal and rest break policies, including the training for and
14 implementation of these policies. Docket No. 106 ¶ 8. Defendant again argues that public disclosure
15 of the information stands to cause Wal-Mart harm by giving third parties insight into confidential and
16 sensitive aspects of Wal-Mart's business operations. Docket No. 111 ¶ 2.

17       Defendant's assertion that public disclosure of the exhibit "stands to cause Wal-Mart harm by
18 giving third parties insight into the confidential and sensitive aspects of Wal-Mart's business operations"
19 does not show a specific harm or prejudice and is overly-vague. This mere assertion is not enough to
20 overcome the strong presumption in favor of access. Defendant has failed to show good cause to file
21 the exhibit, in its entirety, under seal.

22       Accordingly, the Court DENIES the administrative motion to file under seal.

23       **IT IS SO ORDERED.**

25 Dated: May 21, 2014                            SUSAN ILLSTON
                                                                     UNITED STATES DISTRICT JUDGE