IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGEWAY, JAIME FAMOSO, JOSHUA HAROLD, RICHARD BYERS, DAN THATCHER, NINO PAGTAMA, WILLIE FRANKLIN, TIM OPITZ, FARRIS DAY, KARL MERHOFF, and MICHAEL KROHN,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation dba WAL-MART TRANSPORTATION LLC and DOES 1-50, inclusive,<br><br>Defendant. | No. C 08-05221 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendant's motion for partial summary judgment was scheduled for a hearing on June 6, 2014. Docket No. 109. Pursuant to Civil Local Rule 7-1(b), the Court took the motion under submission. For the reasons set forth below, the Court GRANTS in part and DENIES in part defendant's motion for partial summary judgment.

**BACKGROUND**

Plaintiffs are truck drivers in California previously employed by defendant Wal-Mart for some period of time between 1993 and the present. Fourth Amended Complaint ("FAC") ¶ 3-6. Plaintiffs allege Wal-Mart violated a number of California laws including failing to pay plaintiffs timely wages, provide meal and rest breaks, and provide accurate wage statements.

Plaintiffs initially filed this case in Alameda County Superior Court in October, 2008. Docket No. 1. Wal-Mart removed the case to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) in November, 2008.[1] *Id.* Plaintiffs moved for remand, which the Court denied. Docket

---

[1] This case was initially captioned: *Donald C. Bryan, Virgil Caldwell, Carroll Hampton, and Robert Rodriguez v. Wal-Mart Stores, Inc., a Delaware Corporation dba Wal-Mart Transportation LLC and DOES 1-50, inclusive.* Docket No. 1.

1 No. 33. In February, 2009, the case was stayed pending a final decision by the California Supreme
2 Court in *Brinker Restaurant Corp. v. Superior Court*, Case No. S166350. Docket No. 32. The
3 California Supreme Court's decision in *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004
4 (2012) became final in May, 2012, at which point proceedings in this case resumed. Plaintiffs Carroll
5 Hampton, Robert Rodriguez, Donald C. Bryan, Virgil Caldwell, and Jeffrey Hammond were terminated
6 on November 27, 2012.[2] Wal-Mart sought dismissal of plaintiff's Third Amended Complaint in
7 December, 2012, which the Court granted in part and denied in part. Docket Nos. 65, 72. Plaintiffs
8 filed their Fourth Amended Complaint in May, 2013, and Wal-Mart again moved to dismiss. Docket
9 Nos. 73, 74. In June, 2013, the Court denied Wal-Mart's motion to dismiss as to plaintiffs' claims for
10 meal and rest break violations, unpaid wages, wage statement violations, minimum wage violations, and
11 UCL claims. Docket No. 82. The Court granted the motion as to plaintiffs' claims for punitive
12 damages. *Id.*

13 In December, 2013, the Court granted the parties' stipulation to dismiss the claims of three
14 plaintiffs: Richard Brown, Dennis Cole, and Thomas Bryson. Docket No. 94. Now before the Court
15 is Wal-Mart's motion for partial summary judgment as to the claims of five plaintiffs: Farris Day,
16 Charles Ridgeway, Tim Opitz, Dan Thatcher, and Jaime Famoso. Docket No. 109.

## LEGAL STANDARD

19 Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and
20 any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled
21 to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of
22 demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317,
23 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving
24 party will have the burden of proof at trial. The moving party need only demonstrate to the Court that
25 there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

---

27 [2] The case caption then became: *Richard Brown, Charles Ridgeway, Jaime Famoso, Joshua Harold, Richard Byers, Dan Thatcher, Dennis Cole, Nine Pagtama, Willie Franklin, Tim Opitz, Thomas Bryson, Farris Day, Karl Merhoff, and Michael Krohn v. Wal-Mart Stores, Inc., a Delaware Corporation dba Wal-Mart Transportation LLC and DOES 1-50, inclusive.*

2

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c).

**DISCUSSION**

Plaintiffs claim that while employed by Wal-Mart, they were paid according to Wal-Mart's piece-rate plan. Day Decl. ¶ 6; Thatcher Decl. ¶ 6; Opitz Decl. ¶ 6; Famoso Decl. ¶ 6; Ridgeway Decl. ¶ 6. Wal-Mart pays its drivers based on mileage, activity pay (for duties Wal-Mart deems compensable), and non-activity pay (for events at Wal-Mart dispatch and home offices or unplanned events). Wilson Dep. at 42-44, Ex. 2 at 2, Ex 14. at 1. Plaintiffs allege that they reported all activities that Wal-Mart considered compensable, but duties including layovers, pre- and post-trip inspections, paperwork, waiting at stores or vendors, and rest breaks were not included as compensable activity pay. Day Decl. ¶¶ 7-16; Thatcher Decl. ¶¶ 7-16; Opitz Decl. ¶¶ 7-16; Famoso Decl. ¶¶ 7-16; Ridgeway Decl. ¶¶ 7-16. Wal-Mart now moves for partial summary judgment as to certain plaintiffs' (1) meal break violations; (2) minimum wage claims; (3) wage statement claims; (4) waiting time penalties; and (5) unfair competition law claims.

3

## I.   Meal Break Violations

Plaintiffs allege that Wal-Mart failed to provide its drivers with off-duty meal breaks in violation of California Labor Code sections 226.7 and 512 and section 11 of the applicable Industrial Welfare Commission Wage Order. FAC ¶ 49. The California Supreme Court in *Brinker* explained that pursuant to § 226.7, an employer is obligated to provide a meal period to its employees, and "satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break." *Brinker*, 53 Cal. 4th at 1040. "Proof an employer had knowledge of employees working through meal periods will not alone subject the employer to liability for premium pay," but "an employer may not undermine a formal policy of providing meal breaks by pressuring employees to perform their duties in ways that omit breaks." *Id*. Section 512 "requires a first meal period no later than the end of an employee's fifth hour of work, and a second meal period no later than the end of an employee's 10th hour of work." *Brinker*, 53 Cal. 4th at 1041.

Plaintiffs' Fourth Amended Complaint alleges that Wal-Mart pressured employees to avoid breaks by limiting the time per day that they could drive, yet granted commendations and bonuses for miles driven and efficiency. FAC ¶ 49. Plaintiffs claim that because Wal-Mart did not pay its employees for time spent washing their trucks, waiting to get dispatched, or waiting at stores, the plaintiffs were discouraged from taking meal breaks. *Id*. Wal-Mart argues that summary judgment should be granted as to plaintiffs Day, Ridgeway, Thatcher, Opitz, and Famoso's meal break claims because each has conceded he could take a break whenever he felt like it and either took it or voluntarily chose not to take the breaks provided to him. Plaintiffs have not opposed Wal-Mart's position as to the meal break claims of these five plaintiffs, and therefore concede through silence. Accordingly, the Court GRANTS Wal-Mart's motion as to the meal break claims of plaintiffs Day, Ridgeway, Thatcher, Opitz, and Famoso.

## II.   Minimum wage claims

Plaintiffs allege that Wal-Mart required them to work unpaid hours and without compensation for minimum wages. FAC ¶¶ 88-89. Wal-Mart now moves for summary judgment as to the plaintiffs'

4

1 minimum wage claims for overnight layovers, waiting times, pre- and post-trip inspections and
2 paperwork, rest breaks, and other tasks.

3 Employment in California is governed by the Industrial Welfare Commission (IWC) wage
4 orders. California's minimum wage orders require employers to pay employees at least the minimum
5 wage per hour for all hours worked. *See e.g.* Cal. Code. Regs., tit. 8 § 10070 subd. 4(A). "Hours
6 worked" is defined as "the time during which an employee is subject to the control of an employer, and
7 includes all the time the employee is suffered or permitted to work, whether or not required to do so."
8 *Id*. § 2(G). California Labor Code section 1194 provides, "[n]otwithstanding any agreement to work
9 for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime
10 compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of
11 the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable
12 attorney's fees, and costs of suit." Cal. Lab. Code § 1194.

13

14 **A. Layovers**

15 Plaintiffs were paid $42.00 for ten-hour layover periods, and claim they should have been paid
16 at least the minimum wage for each of those ten hours. FAC ¶¶ 27, 88; Wilson Dep. Ex. 2 at 2.
17 Plaintiffs argue that Wal-Mart directed them to take their layovers in the cab of the trucks, and that they
18 were not relieved of all job duties, and therefore must be compensated. Opp. at 2. Plaintiffs cite Wal-
19 Mart's 2008 driver pay manual which defines layover time: "A layover is earned when taking a
20 mandatory DOT break and is not paid in conjunction with any other type of pay. The intent is to pay
21 Drivers for layovers taken in the tractor cab." Aurit Dep. Ex 2 at 13. Plaintiffs also cite the 2008
22 Reference Manual, which states that drivers "should always park [the] tractor in a safe, legal and secure
23 location." Aurit Dep. Ex. 1 at 59. Plaintiffs contend that Wal-Mart's requirement that drivers stay with
24 their trucks during layover periods provides a valuable and compensable service to Wal-Mart, for which
25 drivers must be paid the minimum wage. Opp. at 2, 5.

26 Wal-Mart moves for summary judgment as to Day, Ridgeway, Thatcher, Opitz, and Famoso's
27 claims that they were not paid for time spent on overnight layovers, asserting that each of these five
28 plaintiffs admitted that he was free to leave his truck and spend his layover as he wished. Motion at 14-

5

15. In support of its position, Wal-Mart cites portions of the deposition testimony of the five plaintiffs in which they describe varying types of activities undertaken during layovers.[3] Plaintiffs point to other portions of the same depositions, describing limitations and restrictions on the drivers' conduct.[4]

While defendants have emphasized these five plaintiffs' statements regarding instances in which they took time away from their trucks or engaged in certain activities during layovers, this does not compel a conclusion that, as a matter of law, they have no claim for insufficient pay for layover periods. The language of the depositions is equivocal, at best, for Wal-Mart's position. Taking the evidence in the light most favorable to plaintiffs, the non-moving party, the Court finds that Wal-Mart has not met its burden to demonstrate that there is an absence of evidence that plaintiffs were subject to the control of Wal-Mart during the layover periods, and thus entitled to minimum wages. Accordingly, the Court DENIES defendants' motion as to this issue.

### B.  Wait Times

Wal-Mart moves for summary judgment as to Day, Ridgeway, and Thatcher's claims that they were not paid for waiting time. Motion at 14-15. Wal-Mart contends that it has no legal obligation to pay for waiting time in which the employee is relieved of all duty, and that each plaintiff admitted he

---

[3] See, e.g., Day testimony (Day was not supposed to leave the truck during layovers, but did on occasion; he did not recall if there was a written rule not to leave the truck on layover, he heard that some drivers were told they could not leave their truck parked and go home; Day dep. at 26, 28-29); Ridgeway testimony (Ridgeway "would say" that he was relieved of responsibility for care and custody of the vehicle and its accessories and cargo during layovers; Ridgeway Dep. at 31); Thatcher testimony (Thatcher could leave the vehicle during layovers and engage in personal activities, such as call his wife, do homework for the college course he was taking, watch television, and go for walks around the parking lot; Thatcher dep. at 37, 41-42); Opitz testimony (the law required him to be relieved of his duties during layovers, and he could not operate, move, or work on the vehicle during layovers, but he had to remain with the vehicle; he never saw rules to this effect in writing, but there was "no other option"; Opitz dep. at 35-38); Famoso testimony (he would take his layovers wherever he could find "a safe place to park," which included locations like truck stops, rest areas, stores, and sometimes vendors; while on layover he was allowed to shop for personal items, go eat, make personal phone calls, go talk to people he knew personally in the store, read books, and read magazines; Famoso dep. at 159-160, 167-169).

[4] See, e.g., Day testimony (Day was not allowed to leave the truck unattended and go home while on layover; Day dep. at 26, 28); Ridgeway testimony (had to stay in truck and couldn't get up and go into restaurant to eat; had to stop at closest safe place for layover; Ridgeway dep. at 29-30, 34); Opitz testimony (he was required to "man the truck in case of an emergency," remain with the truck and not go home; Opitz dep. at 33-35); Famoso testimony (had to stay in the truck while on layover, was required to take layover at the closest safe place and could not go home because he remained responsible for he equipment; Famoso dep. at 159, 167-168).

6

1 performed no compensable work during the waiting times. *Id*. at 16. Plaintiffs argue that Day, 2 Ridgeway, and Thatcher remained subject to Wal-Mart's control during wait times because they were 3 required to stay with their trucks. Opp. at 6. Plaintiffs cite the 2001 Wal-Mart Driver Pay Manual, 4 which states that wait time is a compensable job duty after 2 hours of waiting after arrival at a store, but 5 drivers are not compensated for the first 2 hours of wait time. Wilson Dep. Ex. 12 at 13. Similarly, the 6 2008 Wal-Mart Pay Manual states that wait time "applies when waiting 45 minutes at any location 7 (except the home domicile or Driver's First Load of the Week)." Aurit Dep. Ex 2. at 30.

8 Wal-Mart argues that summary judgment should be granted as to Day, Ridgeway, and Thatcher's 9 claims because these plaintiffs testified in their depositions that they were off-duty and not required to 10 do any unpaid work. Motion at 16. Again, the deposition testimony is equivocal.[5] Taking this 11 evidence in the light most favorable to plaintiffs, the Court finds there is an issue of material fact as to 12 whether plaintiffs were subject to the control of Wal-Mart during the wait periods. Accordingly, the 13 Court DENIES defendants' motion as to this issue.

### C. Pre- and Post-trip Inspections and Paperwork

16 Plaintiffs assert that they were not paid the minimum wage for mandatory job duties, including 17 pre- and post-trip inspections and completing paperwork. Opp. at 8-9. According to plaintiffs, they 18 spent 6.5 hours per week on the pre- and post-trip inspections and 6 hours per week on paperwork, for 19 which they were not paid. Docket Nos. 110-6 at 4, 6; 110-7 at 4, 6, 9, 10, 13, 15; 110-8 at 4, 6. 20 Defendants argue that summary judgment should be granted as to Day, Ridgeway and Thatcher's claims 21 because these three plaintiffs admitted that they were paid for these tasks and have offered no evidence 22 rebutting Wal-Mart's testimony that these tasks were paid for. *Id*. at 17; Reply at 10.

---

[5] Day testimony (he would use his cell phone for personal use while waiting at a vendor; he had to stay with the truck during wait times, but that it was not a written rule somewhere, nor did anyone specifically tell him that it was a rule that applied to him; Day dep. at 56, 58-59); Ridgeway testimony (he never used wait time for personal reasons, but did not recall that it was "written down" somewhere that he could not leave the truck during wait time, and did not recall anyone specifically saying to him "don't leave the truck during wait time"; Ridgeway dep. at 100); Thatcher testimony (he didn't know if it was written down somewhere, but that it was "pretty much implied" that he was responsible for the tractor from the time you "put the key in it and start it up until you're done with it"; he chose to log himself as "off duty" during wait times because Wal-Mart told him that if he logged it as on duty, but not driving, he would lose time that he could use towards his driving time hours, but he was not doing work during the periods he logged as off duty; Thatcher dep. at 74, 86-87).

Wal-Mart does not pay drivers separately for performing pre-trip and post-trip inspections. Wilson Dep. at 219-220. Nor are drivers separately paid for maintaining and completing required paperwork. *Id*. at 221. The pre- and post-trip inspections and paperwork are considered part of the driver's trip, and are included as part of the driver's "trip pay." *Id*. These tasks are not classified as compensable activities for activity pay. Aurit Dep. Ex. 2 at 5; Wilson Dep. Exs. 12, 13 at 2, 14 at 1.

Defendant argues that California measures minimum wage liability "per hour," and as long as Wal-Mart has paid at least the minimum wage for work performed during the hour period, there can be no minimum wage violation. Motion at 20. Plaintiffs contend that under California law uncompensated tasks – like the pre- and post-trip inspections and paperwork – may not be averaged with compensated tasks to meet minimum wage requirements. Opp. at 8.

In *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314 (2005), the California Court of Appeal explained that California's minimum wage standard applies to each hour worked for which plaintiffs were not paid. Under § 1194(a), "any employee receiving 'less than the legal minimum wage' is entitled to recover the unpaid balance of the 'full amount' owed." *Id*. at 323 (quoting Cal. Lab. Code § 1194). In *Armenta*, the court specifically addressed the distinction between the "averaging method" used by federal courts to analyze violations of the federal minimum wage law, and differentiated the method to be used under California law. *Id*. at 323-24. The Court explained that California's labor statutes reveal "a clear legislative intent to protect the minimum wage rights of California employees to a greater extent than federally." *Id*. at 324. The minimum wage standard enunciated in *Armenta* has been recognized and followed by this district. *See Quezada v. Con-Way Freight, Inc.*, No. 09-03670, 2012 WL 2847609, *6 (N.D. Cal. July 11, 2012) (holding "that California law does not allow an employer to 'build in' time for non-driving tasks into a piece-rate compensation system," and "employees must be directly compensated for all time worked.").

Applying the legal standard from *Armenta*, the Court finds that Wal-Mart's argument that there was no minimum wage violation under the averaging calculation method does not provide grounds for granting summary judgment as to plaintiffs' minimum wage claims. Additionally, Wal-Mart's argument that plaintiffs admitted they understood they were paid for pre- and post-inspections and paperwork under the piece-rate pay plan does not compel a finding that plaintiffs have no claim for unpaid wages.

8

*See Cardenas v. McLane FoodServices, Inc.*, 796 F.Supp 2d 1246, 1253 (C.D. Cal. 2011) ("it is irrelevant whether the pay formula was *intended* to compensate pre- and post-trip duties, or even if employees believed it covered those duties, if its formula did not actually directly compensate those pre- and post-trip duties.") (emphasis in original). Plaintiffs have presented evidence that Wal-Mart did not separately compensate them for pre- and post-trip inspections and paperwork. Wilson Dep. at 219-221; Aurit Dep. Ex. 2 at 5; Wilson Dep. Exs. 12, 13 at 2, 14 at 1. Accordingly, Wal-Mart's argument as to plaintiffs' understanding of their pay is insufficient to defeat plaintiffs' claims on summary judgment. The Court DENIES Wal-Mart's motion as to this issue.

### D.  Rest Breaks

Wal-Mart protests that plaintiffs did not allege in the Fourth Amended Complaint that they were not paid minimum wages during their rest breaks, but seek such wages in their Rule 26(a) disclosures. Motion at 20. Wal-Mart urges the Court to prohibit plaintiffs from seeking relief they failed to claim in the complaint. *Id*. The Court has reviewed the complaint and is satisfied that plaintiffs stated these claims their allegation that defendant failed to pay plaintiffs for rest breaks and failed to pay minimum wages for each hour plaintiffs worked. FAC ¶¶ 57-59; 86-89.

In their opposition, plaintiffs argue that although Wal-Mart provides time for rest breaks under its piece-rate compensation plan, it does not pay its drivers for these mandatory rest breaks. Opp. at 16-17. Wal-Mart argues that Opitz and Day's minimum wage claims as to rest breaks are expressly contradicted by their deposition testimony, and summary judgment should be granted as to these plaintiffs' claims. Motion at 21.

When Wal-Mart's drivers are given a driving assignment, they also receive a projected estimated time of arrival. Aurit Dep. at 60. Drivers are to look at the estimated time only as an estimate and adjust it with the knowledge that they need a ten-minute rest break and/or a meal break under California law. *Id*. The drivers have full autonomy to make these changes to the estimated times. *Id*. The 2008 Pay Manual states: "Transit times for scheduled deliveries are calculated to allow adequate travel time and meal period/ rest breaks in route to your delivery." Aurit Dep. at 57-58; Aurit Ex. 1 at 40. Wal-

1 Mart does not track its drivers' ten-minute rest breaks, and drivers are not required to mark the ten-
2 minute break times taken on their timesheets. Aurit Dep. at 151; Aurit Ex. 7 Batestamp 26076.

3 Wage Order 4 § 12(a) provides that workers must get 10 minutes of paid rest time for every four
4 hours of work. "An employer is required to authorize and permit the amount of rest break time called
5 for under the wage order for its industry." *Brinker*, 53 Cal. 4th at 1033. Under the rule from *Armenta*,
6 "rest periods must be separately compensated in a piece-rate system. Rest periods are considered hours
7 worked and must be compensated." *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, 872 (2013).

8 Wal-Mart points to portions of Opitz and Day's deposition testimony to argue that these
9 plaintiffs did not take the ten-minute rest breaks and thus summary judgment should be granted as to
10 their claims. Motion at 11. When asked whether he took ten-minute rest breaks, Opitz responded, "No.
11 I never took ten-minute rest breaks." Opitz Dep. at 78. Opitz testified there was "[n]o particular
12 reason" he declined to take the ten-minute rest breaks. *Id*. When asked whether it was his practice to
13 take ten-minute rest breaks at any point during the day, Day responded, "No." Day Dep. at 98.
14 Plaintiffs counter that Opitz and Day took rest breaks, but were not paid for these breaks and cite
15 deposition testimony that they were forced to take them while waiting at a vendors, stores, or waiting
16 for the truck to be fueled. Opp. at 17; Opitz Dep. at 120; Day Dep. at 83-85. Taking the evidence in
17 the light most favorable to plaintiffs, as it must, the Court finds that Wal-Mart has not met its initial
18 burden to demonstrate the absence of a genuine issue of material fact. Accordingly, the Court DENIES
19 Wal-Mart's motion as to this issue.

20

21 **E.    Additional tasks**

22 In the Fourth Amended Complaint, plaintiffs allege that Wal-Mart failed to pay wages for hours
23 plaintiffs spent engaged in a variety of tasks. FAC ¶ 27. Wal-Mart seeks summary judgment as to four
24 of these tasks, arguing that plaintiffs have failed to seek damages or other relief in their Rule 26(a) initial
25 disclosures for: time spent moving trailers at any location to get their assigned trailer; time spent
26 clearing a dock to drop a trailer; time spent moving between the same company's compounds, yards,
27 or docks on the same physical property or adjoining locations in order to pick up a trailer or bobtail; and
28 time spent receiving loading instructions or documentation at a building or office that is different from

10

the location where the trailer is loaded. Motion at 21. Plaintiffs' opposition addresses only Wal-Mart's argument as to the task of moving trailers. Opp. at 25. Plaintiffs cite the depositions of Day, Opitz, Ridgeway, and Thatcher in which they all testified that they were not paid for moving trailers and state that they will supplement their Rule 26 disclosures to include this information. The Federal Rules of Civil Procedure require plaintiffs to provide at the outset of the case a computation of each category of damages claimed and supporting documents Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiffs must also supplement or correct the computation as needed. Fed. R. Civ. P. 26(e)(1).

By failing to respond to Wal-Mart's arguments as to time spent clearing a dock to drop a trailer; time spent moving between the same company's compounds, yards, or docks on the same physical property or adjoining locations in order to pick up a trailer or bobtail; and time spent receiving loading instructions or documentation at a building or office that is different from the location where the trailer is loaded, plaintiffs concede and the Court GRANTS summary judgment as to these three tasks. The Court DENIES Wal-Mart summary judgment as to the claims for moving trailers, and directs plaintiffs to file these supplements to their Rule 26 disclosures.

### F. Liquidated damages

Plaintiffs seek liquidated damages for their minimum wage claims pursuant to California Labor Code section 1194.2. FAC ¶¶ 2-3. Section 1194.2 allows an employee to recover unpaid wages from an employer who fails to pay them at the legal minimum wage in an amount equal to the wages unlawfully unpaid and interest thereon. Cal. Lab. Code § 1194.2(a). However, if the employer demonstrates to the satisfaction of the court "that the act or omission giving rise to the action was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation" of the Labor Code, the court may, as a matter of discretion, refuse to award liquidated damages. *Id.* § 1194.2(b). Wal-Mart moves for summary judgment, arguing that the admissions of Day, Ridgeway, Opitz, Thatcher, and Famoso demonstrate that there is at least a good faith dispute as to whether Wal-Mart owes plaintiffs minimum wages for layovers, waiting time, pre- and post-trip inspections, paperwork, and rest breaks. Motion at 22; Reply at 12.

11

The Court finds that Wal-Mart has not carried its burden to provide evidence from which a jury could reasonably render a verdict in their favor on this issue. Wal-Mart has not pointed the Court to any evidence that it had reasonable grounds for believing it was not acting in violation of the Labor Code. Accordingly, the Court DENIES Wal-Mart's motion for summary judgment on this issue.

## III.  Wage statement claims

Plaintiffs allege Wal-Mart failed to provide accurate wage statements, in violation of California Labor Code section 226(a), and seek remedies pursuant to section 226(e). FAC ¶¶ 81-85. Wal-Mart seeks summary judgment as to Thatcher, Ridgeway, and Day claims. Motion at 23; Reply at 13.

Section 226 requires every employer to provide to each of its employees an accurate, itemized statement in writing showing:

> (1) gross wages earned, (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions . . . (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Cal. Lab. Code. § 226(a), effective July 21, 2005 to December 31, 2011.[6]  "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a)" is entitled to recover the greater of all actual damages or fifty dollars for the initial pay period in which a violation occurs and one hundred dollars per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars, and is also entitled to an award of costs and reasonable attorneys' fees. *Id*. § 226(e).

First, Wal-Mart argues that Thatcher's claim is barred by the one-year statute of limitations for penalties. Motion at 23. Under California law, "[a]n action upon a statute for a penalty or forfeiture" is subject to a one-year statute of limitations. Cal. Code Civ. P. § 340. In contrast, "[a]n action upon

---

[6] In their opposition, plaintiffs cite § 226(e)(1), an amendment to the labor code that became effective January 1, 2013. Opp. at 21. Wal-Mart contends that the version of § 226(e) that was in effect at the time plaintiffs' claims accrued and not the amended version must control. Reply at 13. The Court's analysis relies upon the text of the statute effective from July 21, 2005 to December 31, 2011.

12

a liability created by statute, other than a penalty or forfeiture," is subject to a three year statute of limitations. Cal. Code Civ. P. § 338(a).

Plaintiffs' complaint states that they "seek the remedy set forth in California Labor Code § 226(e)." FAC ¶ 85. Section 226(e) authorizes recovery of either actual damages or a penalty. *See* Cal. Lab. Code. § 226(a). Plaintiffs note, in a footnote, that Thatcher's employment terminated more than one year before the filing of the initial complaint, and present no argument in response to Wal-Mart's position. Plaintiffs appear to concede this issue and the Court GRANTS summary judgment as to Thatcher's liquidated damages claims.

Next, Wal-Mart argues that at least two plaintiffs – Ridgeway and Day – have admitted that they suffered no injury, and the Court should grant summary judgment as to these claims. Motion at 23. "The injury requirement in section 226, subdivision (e), cannot be satisfied simply because one of the nine itemized requirements in section 226, subdivision (a) is missing from a wage statement." *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1142-43 (2011). "By employing the term 'suffering injury,' the statute requires that an employee may not recover for violations of section 226, subdivision (a) unless he or she demonstrates *an injury* arising from the missing information." *Id*. at 1142-43 (emphasis in original). Injury under section 226 may include "the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked." *Alonzo v. Maximus, Inc.*, 832 F.Supp. 2d 1122, (C.D. Cal. 2011); *Elliot v. Spherion Pacific Work, LLC*, 572 F.Supp. 2d 1169, 1181 (C.D. Cal. 2008). A "very modest showing" of injury will suffice for plaintiffs to recover damages. *Jaimez v. DAIOHS USA, Inc.*, 181 Cal. App. 4th 1286, 1306 (2010).

Plaintiffs first argue that Day and Ridgeway have suffered an injury because Wal-Mart failed to include the requisite information on their wage statements and as a result Day and Ridgeway could not promptly and easily determine from the wage statements alone the total hours worked, piece rates paid, or applicable hourly rates. Opp. at 22. Further, plaintiffs assert Day and Ridgeway were forced to refer to documents outside the wage statements and conduct mathematical computations to determine if they were paid correctly. *Id*.

13

Day's declaration states that he was given a "Greenbar Report" with his paychecks that identified various activities for which he was paid but did not identify the rates of pay for each activity, so he had to refer to other documents to determine if he had been paid correctly. Day Decl. ¶ 15. Day testified that he did not receive a statement or breakdown as to what was included in his pay and that there were instances when he would review his pay stub and identify work that he had not been paid for. Day Dep. at 66-69. Ridgeway's declaration also states that his "Greenbar Report" did not identify the rates of pay for each activity and that he had to refer to other documents, like pay manuals, trip sheets, and t-pay forms to determine if he was paid correctly. Ridgeway Decl. ¶ 15. Ridgeway testified in his deposition that there were occasions when he reviewed his pay stub and concluded that the information was inaccurate, incomplete, missing or confusing. Ridgeway Dep. at 114. Both Day and Ridgeway testified that when they reported to management instances when they had not been correctly paid, their concerns were addressed. Day Dep. at 69; Ridgeway Dep. at 114.

Although plaintiffs argue in their opposition that Day and Ridgeway had to refer to outside documents and mathematical computations to determine if they were paid correctly, neither plaintiff stated in his declaration or deposition testimony that he engaged in any mathematical calculation, nor that they were required to "engage in discovery and mathematical computations to reconstruct time records to determine if they were correctly paid." *Price*, 192 Cal. App. 4th at 1143. Plaintiffs have not presented evidence that Day and Ridgeway suffered "the type of mathematical injury that requires 'computations to analyze whether wages paid in fact compensated [plaintiffs] for all hours worked.'" *Jaimez*, 181 Cal. App. 4th at 1306 (quoting *Elliot*, 572 F.Supp. 2d at 1181). The Court finds that plaintiffs have failed to identify evidence of injury sufficient to raise an issue of material fact as to whether Day and Ridgeway suffered a compensable injury under section 226(e) and accordingly GRANTS Wal-Mart's motion as to their claims.

## IV. Waiting time penalties

California law requires the prompt payment of all wages due. If an employer fails to pay wages due, California Labor Code section 203 requires payment of waiting time penalties to the affected employees. Plaintiffs seek waiting time penalties under section 203 as a result of Wal-Mart's failure

14

to pay wages for missed breaks and minimum wages. FAC ¶ 65. Wal-Mart moves for summary judgment as to this issue. Motion at 24.

In order to recover waiting time penalties, the Court must find that the defendant "willfully" withheld wages. Cal. Labor Code § 203. "A willful failure to pay wages within the meaning of [section 203] occurs when an employer intentionally fails to pay wages to an employee when those wages are due. However, a good faith dispute that any wages are due will preclude imposition of waiting time penalties under Section 203." Cal. Code Regs. Tit. 8, § 13520 (2012). "A good faith belief in a legal defense will preclude a finding of willfulness." *Armenta*, 135 Cal. App. 4th at 469.

First, Wal-Mart argues that the penalties under section 203 are merely derivative of plaintiffs minimum wage, meal and rest break claims and should be dismissed along with these claims. Motion at 24; Reply at 15. Having found that summary judgment cannot be granted as to several of plaintiffs' minimum wage claims, Wal-Mart's argument fails.

Wal-Mart further argues for summary judgment as to Day's claims, because Day failed to appear at his workplace to collect his final paycheck when he quit. Motion at 25. Wal-Mart cites Day's deposition testimony, in which he stated that he did not go in to pick up his final check because he had automatic deposit for his paychecks. Day Dep. at 64. Plaintiffs do not respond to Wal-Mart's argument as to Day's claim, and thus concede by silence. The Court GRANTS Wal-Mart's motion for summary judgment as to Day's claims.

Finally, Wal-Mart asserts that plaintiffs have failed to offer any evidence that Wal-Mart acted willfully. Motion at 24-25. Plaintiffs contend that Wal-Mart's express policies designating certain job duties unpaid is sufficient to impose waiting time penalties. Opp. at 24. Specifically, plaintiffs refer to duties like pre- and post-trip inspections, paperwork, fueling, and rest breaks, for which drivers are not paid separately and are not classified as compensable activities for activity pay. Aurit Dep. Ex. 2 at 5; Wilson Dep. Exs. 12, 13 at 2, 14 at 1. Wal-Mart's policy is to compensate drivers for these duties as part of their "trip pay." Wilson Dep. 219-222. Plaintiffs have provided evidence to support a finding of willfulness, thus summary judgment cannot be awarded to Wal-Mart as to the remaining plaintiffs' claims. The Court DENIES Wal-Mart's motion as to Ridgeway, Thatcher, Opitz, and Famoso's claims.

15

## V.  Unfair Competition Law claims

Plaintiffs' fourth cause of action is for violations of California's Unfair Competition Law (UCL), California Business and Professions Code section 17200 *et seq*.  FAC ¶¶ 70-73.  In its Statement of Issues to be Decided, Wal-Mart listed whether summary judgment should be granted as to Day, Ridgeway, Thatcher, Opitz, and Famoso's claims under the UCL, "given they are wholly derivative of the preceding claims."  However, Wal-Mart has not included in its motion or reply an argument as to why the court should grant summary judgment on this issue.  Having found that disputed issues of fact remain as to several of plaintiffs' minimum wage claims, the Court DENIES Wal-Mart's motion as to this issue.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Wal-Mart's motion for partial summary judgment as to: the meal break claims of Day, Ridgeway, Thatcher, Opitz, and Famoso; the minimum wage claims for time spent clearing a dock to drop a trailer, time spent moving between the same company's compounds, yards, or docks on the same physical property or adjoining locations in order to pick up a trailer or bobtail, and time spent receiving loading instructions or documentation at a building or office that is different from the location where the trailer is loaded; the wage statement claims of Thatcher, Day, and Ridgeway; and the claims for waiting time penalties of Day.

The Court DENIES Wal-Mart's motion for partial summary judgment as to: the minimum wage claims for layovers, pre- and post-inspections and paperwork, wait periods, rest breaks, and moving trailers.  The Court DENIES Wal-Mart's motion for summary judgment as to liquidated damages for minimum wage claims; Ridgeway, Thatcher, Opitz, and Famoso's claims for waiting time penalties; and plaintiffs' UCL claims.

**IT IS SO ORDERED.**

Dated: June 10, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE