**GIBSON, DUNN & CRUTCHER LLP**
CATHERINE A. CONWAY, SBN 98366
cconway@gibsondunn.com
JULIAN W. POON, SBN 219843
jpoon@gibsondunn.com
JESSE A. CRIPPS, SBN 222285
jcripps@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
bevanson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant
WAL-MART STORES, INC.


**LAW OFFICES OF WAGNER & JONES LLP**
ANDREW B. JONES, SBN 076915
DANIEL M. KOPFMAN, SBN 192191
1111 East Herndon Avenue, Suite 317
Fresno, CA  93720
Telephone: (559) 449-1800
Facsimile: (559) 449-0749

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGEWAY, JAIME FAMOSO, JOSHUA HAROLD, RICHARD BYERS, DAN THATCHER, NINO PAGTAMA, WILLIE FRANKLIN, TIM OPITZ,  FARRIS DAY, KARL MERHOFF, and MICHAEL KROHN, <br><br>                  Plaintiffs, <br><br>      v. <br><br>WAL-MART STORES, INC., a Delaware corporation d/b/a WAL-MART TRANSPORTATION LLC, and Does One through and including Doe Fifty, <br><br>                  Defendants. <br><br>[Previously captioned as *Bryan et al. v. Wal-Mart Stores, Inc.*] | CASE NO. 3:08-cv-05221-SI <br><br>**JOINT CASE MANAGEMENT STATEMENT** <br><br>Date:      September 26, 2014 <br>Time:      3:00 p.m. <br>Place:     Courtroom 10 <br>Before:   Judge Susan Illston |

The parties jointly submit this Case Management Statement in advance of the September 26, 2014 case management conference. The parties have discussed the issues relating to Local Rule 16-9 in prior case management conference statements, and this statement addresses those specific issues that the parties expect may be addressed at the September 26, 2014 case management conference.

**1. Upcoming Motions**

On September 10, 2014, the Court granted in part and denied in part Plaintiffs' motion for class certification and denied Defendant's motion to exclude. ECF No. 158. In advance of the status conference, and as of September 24, 2014, Wal-Mart will have filed its petition with the Ninth Circuit under Federal Rule of Procedure 23(f) for permission to appeal the September 10, 2014 order.

**2. Topics for Discussion at Upcoming Status Conference**

Defendant's Position: The case scheduling in this case and the scope of any future discovery will, of course, depend on whether the Ninth Circuit grants Wal-Mart's Rule 23(f) petition. Defendant has proposed to Plaintiffs that district court proceedings—and any issuance of class notice—be stayed pending the outcome of that petition. *See, e.g.*, Exhibit A (Order Granting Defendant's Motion to Stay, *Brown v. Wal-Mart Stores, Inc.*, United States District Court Case No. 5:09-cv-03339-EJD (Nov. 15, 2012) ("[T]he Court GRANTS Defendant's motion for a stay of this case. This action is STAYED in its entirety pending resolution of Defendant's Rule 23(f) petition, and if the petition is granted, Defendant's Ninth Circuit appeal.")). In turn, Plaintiffs have made clear that they will oppose any motion to stay proceedings. As a result of those meet and confer discussions, Defendant has started preparing a motion to stay and proposes that, at the September 26, 2014 case management conference, the Court set a briefing schedule on Defendant's motion. If the Court grants the motion to stay, Defendant will ask that the Court set a scheduling conference for 30 days after the Ninth Circuit issues an order on the Rule 23(f) petition and appeal (if the petition is granted) to discuss the scheduling of any remaining discovery and pre-trial deadlines.

Plaintiffs' Position: The Plaintiffs object to a stay of the proceedings and wish to engage in both formal and informal discovery of the merits of the Plaintiffs' and Class Members' case. Plaintiffs' Counsel intend to begin communicating with members of the certified class and ask

the Court to acknowledge that such communications are privileged as attorney-client communications.

Plaintiffs intend to seek a court order directing issuance of notice to the class pursuant to F.R.C.P. § 23(c)(2)(B). Plaintiffs' Counsel has circulated a draft notice to Defense Counsel. In the event the Court denies to stay the case pending Defendants' Rule 13(f) petition, Plaintiffs contend notice to the class should not be delayed. *See* Exhibit B (draft notice class action).

Respectfully submitted,

Dated: September 19, 2014     GIBSON, DUNN & CRUTCHER LLP

/s/ *Jesse A. Cripps*
Jesse A. Cripps
Attorney for Defendant
WAL-MART STORES, INC.

Dated: September 19, 2014     WAGNER & JONES LLP

/s/ *Daniel M. Kopfman*
Daniel M. Kopfman
Attorney for Plaintiffs

Gibson, Dunn & Crutcher LLP

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NISHA BROWN and KATHY WILLIAMSON, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>WAL-MART STORES, INC., and DOES 1-50, inclusive,<br><br>            Defendant. | Case No.: 5:09-CV-03339-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFF'S MOTION TO FACILITATE CLASS NOTICE AS MOOT**<br><br>**[Re: Docket Nos. 115, 117]** |

Plaintiffs Nisha Brown and Kathy Williamson bring this case on behalf of themselves and all others similarly situated against Defendant Wal-Mart Stores, Inc. ("Defendant") and Does 1-50, under the California Private Attorney General Act of 2004 ("PAGA") (Cal. Labor Code § 2689, et seq.) alleging violations of California's suitable seating laws.  The complaint alleges that Defendant has failed to provide stools at its cash registers in violation of Wage Order 7-2001, § 14 and California Labor Code § 1198.  Presently before the court are Defendant's Motion to Stay the case pending resolution of its Rule 23(f) petition and, if granted, its appeal to the Ninth Circuit, and

1    Plaintiff's Motion to Facilitate Class Notice.  For the reasons set forth below, the court GRANTS

2    Defendant's motion, and DENIES Plaintiff's motion as moot.

3    **I.     BACKGROUND**

4          On August 24, 2012, this court certified a class of current and former Wal-Mart cashiers to

5    pursue a claim for violation of Wage Order 7-2001 Section 14 against Defendant, and appointed

6    Kathy Williamson ("Plaintiff") as the class representative. Order Granting Class Certification, Dkt.

7    No. 110.  In certifying the class, this court rejected Defendant's argument that the discretion

8    afforded the court by Section 14 in awarding damages should defeat class certification because it

9    was clear that Defendant's liability could be determined by facts common to all members of the

10   class. Id. at 12:12-21.  To address Defendant's concern, this court noted that "the issue of damages

11   can be resolved after the common issue of liability is resolved."  Id. at 12:21-22.   In so ruling, this

12   court cited to, inter alia, two cases which approved the use of statistical sampling to determine

13   damages: Hilao v. Estate of Marcos, 103 F.3d 767, 782 (9th Cir. 1996) and Garvey v. Kmart Corp.,

14   No. 11-CV-02575, 2012 WL 2945473, at *4 (N.D. Cal. July 18, 2012).

15         Defendant has filed a Rule 23(f) petition with the Ninth Circuit seeking permission to

16   appeal this court's class certification.  Particularly, Defendant asks the Ninth Circuit to consider

17   whether this court

18            erred in certifying a class of Wal-Mart employees seeking penalties under the California

19            Private Attorney General Act, notwithstanding the statutory requirement that such penalties

20            be assessed on an employee-by-employee basis, by relying on a statistical sampling

21            approach to replace the requisite individualized inquiries with a class-wide penalty

22            determination.

23   Defendant then filed the instant motion to stay proceedings in this court until resolution of its Rule

24   23(f) petition.

25   **II.    LEGAL STANDARDS**

26         A petition for permission to appeal a class certification "does not stay proceedings in the

27   district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f).  To

28                                                        2

Case No.: 5:09-CV-03339-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFF'S
MOTION TO FACILITATE CLASS NOTICE AS MOOT

United States District Court
For the Northern District of California

1  prevail on its motion to stay, Defendant must show that (1) it is likely to succeed on the merits of

2  the appeal; (2) it will be irreparably injured in the absence of a stay; (3) issuance of a stay will not

3  substantially injure Plaintiff; and (4) the stay is in the public interest.  Leiva-Perez v. Holder, 640

4  F.3d 962, 964-70 (9th Cir. 2011); Gray v. Golden Gate Nat'l Recreational Area, No. 08-CV-00722,

5  2011 WL 6934433 at *2 (N.D. Cal. Dec. 29, 2011) (applying this four-factor test to a motion to

6  stay pending the resolution of a Rule 23(f) petition).

7       The Ninth Circuit has held that these four factors should be examined on a flexible

8  "continuum," which is "essentially the same as the 'sliding scale' approach" applied to requests for

9  preliminary injunctions. Leiva-Perez, 640 F.3d at 964–66. Under this approach, "the elements ...

10  are balanced, so that a stronger showing of one element may offset a weaker showing of another."

11  Id. at 964.

12  **III.      DISCUSSION**

13       **a.  LIKELIHOOD OF SUCCESS ON THE MERITS**

14       The first prong of the stay analysis requires the court to determine whether Defendant has

15  demonstrated a likelihood of success on the merits.  See Leiva-Perez, 640 F.3d at 966.  On a

16  motion to stay pending the resolution of a Rule 23(f) petition, the movant need not demonstrate

17  that it is more likely than not that it will win on the merits.  Id.  Instead "serious legal questions"

18  raised in the petition can satisfy this first prong. Id. at 967-68.  When relying on "serious legal

19  questions," the movant must not only show that a serious legal question exists, but also that the

20  hardship balance tips sharply towards the movant.  Alliance for the Wild Rockies v. Cottrell, 632

21  F.3d 1127, 1132 (9th Cir. 2011); see Leiva-Perez, 640 F.3d at 966 (applying the "serious

22  questions" approach to a stay).

23       Defendant first argues that the fact that appellate courts have not considered California's

24  suitable seating law or the propriety of certifying suitable seating classes under Rule 23 is in and of

25  itself sufficient to raise a "serious legal question."  A Rule 23(f) petition that presents an unsettled

26  question of law constitutes a "serious legal question" sufficient to satisfy this first prong of the stay

27  analysis.  Gray, 2011 WL 6934433 at *2.  Plaintiff does not dispute that Defendant's Rule 23(f)

28

3

Case No.: 5:09-CV-03339-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFF'S
MOTION TO FACILITATE CLASS NOTICE AS MOOT

1    petition presents a case of first impression to the Ninth Circuit.  This fact alone could support a

2    finding that the first factor weighs in favor of a stay.

3         Defendant also contends that the effect of the Supreme Court's ruling in <u>Wal-Mart Stores v.</u>

4    <u>Dukes</u>, ---U.S.---, 131 S. Ct. 2541 (2011), constitutes a "serious legal question" because the district

5    courts have split as to the use of statistical sampling.  The Court in <u>Dukes</u> held that in order to gain

6    class certification, class members' claims "must depend upon a common contention…that is

7    capable of classwide resolution—which means that determination of its truth or falsity will resolve

8    an issue that is central to the validity of each one of the claims in one stroke."  <u>Id.</u> at 2551.   The

9    Court also found that statistical sampling à la <u>Hilao</u> could not be used as a substitute for

10   determining back-pay owed to individual employees under Title VII, and that consequently, class

11   certification under Federal Rule of Civil Procedure 23(b)(2) was not possible in that case.  <u>Id.</u> at

12   2561.  Under <u>Dukes</u>, Defendant argues, a class cannot be certified when a statutory scheme

13   provides for individualized consideration of damages or penalties.

14        In the year and a half following the <u>Dukes</u> decision, the district courts of the Ninth Circuit

15   have split on the issue of utilizing statistical sampling. In <u>Cruz v. Dollar Tree Stores, Inc.</u>, a court

16   in this district decertified a class based in part on the Supreme Court's ruling in <u>Dukes</u> regarding

17   statistical sampling.  Nos. 07-CV-2050 and 07-CV-4012, 2011 WL 2682967, at *6 (N.D. Cal. July

18   8, 2011).  Additionally courts in both the Central District and the Southern District of California

19   have rejected statistical sampling.  See <u>Pryor v. Aerotek Scientific, LLC</u>, 278 F.R.D. 516, 536

20   (C.D. Cal. 2011) (finding that even if statistical sampling were permitted, it would not be useful in

21   determining liability); <u>Stone v. Advance Am.</u>, 278 F.R.D. 562, 566 n.1 (S.D. Cal. 2011)

22   (acknowledging in dicta that "the Supreme Court's disapproval of the <u>Hilao</u> method largely

23   eliminates a 'trial by formula' approach to use statistics to extrapolate average damages for an

24   entire class, at least when the statute contains an individualized defense").  During the same period,

25   both this court in this action and another court in this district have certified classes where liability

26   can be proven by facts common to all class members, and in doing so suggested that statistical

27   sampling may potentially be used to address damages.  See <u>Garvey</u>, 2012 WL 2945473 at *5

28

United States District Court
For the Northern District of California

4

Case No.: 5:09-CV-03339-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFF'S
MOTION TO FACILITATE CLASS NOTICE AS MOOT

1  (citing, <u>inter alia,</u> <u>Hilao</u> to support its certification of a suitable-seating class because while

2  individualized damages may need to be proven, the defendant's liability could be resolved by facts

3  common to all class members).

4           Plaintiff disputes Defendant's contention that a split in district court authority exists.

5  Because several of the cases cited above fail to address whether statistical sampling can be used to

6  address the issue of penalties in a case brought under PAGA § 2699 based on an alleged violation

7  of Wage Order § 14(a), Plaintiff argues, the district courts have not truly split.  While the cases

8  mentioned above have not precisely addressed the use of statistical sampling in the context of

9  PAGA or California's suitable seating law, they certainly suggest a disagreement as to the

10  appropriateness of statistical sampling in class actions post-<u>Dukes</u>.  The question Defendant raises

11  in its Rule 23(f) petition is therefore not "clear cut," and guidance from the Ninth Circuit would

12  "materially advance the ultimate termination of this litigation."  <u>Antonelli v. Finish Line, Inc.</u>, No.

13  5:11-CV-03874, 2012 WL 2499930, at *2 (N.D. Cal. June 27, 2012); <u>see</u> <u>Richards v. Ernst &</u>

14  <u>Young LLP</u>, No. 08-CV-04988, 2012 WL 92738, at  *2 (N.D. Cal. Jan. 11, 2012).

15           Because the Ninth Circuit has not considered the propriety of certifying a class under

16  California's suitable seating laws, and because the district courts have varied in their application of

17  <u>Dukes</u>, the court finds that Defendant has presented a "serious legal question" in its Rule 23(f)

18  petition and the first factor thus weighs in favor of a stay.

19           **b.  BALANCE OF HARDSHIPS**

20           The second and third prongs of the stay analysis require the court to consider, respectively,

21  the likelihood of irreparable harm to the Defendant if the court denies a stay, and injury to other

22  parties should the court grant a stay.  In cases such as this where the movant relies on a "serious

23  legal question" to satisfy the first prong of the stay analysis, the movant must show that the balance

24  of harm tips sharply in its favor.  <u>Alliance for the Wild Rockies</u>, 632 F.3d at 1132 (9th Cir. 2011).

25  Therefore the court will consider the second and third prongs together.

26           Defendant argues that if this court denies a stay, it will be irreparably harmed by a pre-

27  mature dissemination of class notice and by considerable litigation costs and fees.  The class notice

28
                                                     5
Case No.: 5:09-CV-03339-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFF'S
MOTION TO FACILITATE CLASS NOTICE AS MOOT

**United States District Court**
For the Northern District of California

1    issue will be discussed below.  Courts evaluate whether litigation expenses constitute irreparable

2    harm based on the specific circumstances of each case.  See Richards, 2012 WL 92738 at *3.  The

3    certified class in this case is estimated to encompass over 22,000 individuals.  The sheer size of the

4    class makes it likely that Defendant will incur significant discovery and other litigation expenses

5    while its appeal to the Ninth Circuit is pending.  Moreover, the Ninth Circuit may alter or overturn

6    this court's class certification, which would render some or all of the discovery previously

7    conducted irrelevant.  Forcing Defendant to incur potentially substantial fees and engage in

8    discovery that may ultimately be unnecessary constitutes at least some harm to Defendant.

9    Plaintiff contends that she would be injured by a stay because Defendant may continue to

10   violate the suitable seating law during the stay period and because it would delay her from

11   recovering penalties.   That Defendant may perpetrate a continuing violation during the stay period

12   does not constitute prejudice to Plaintiff in this case.  Plaintiff's complaint seeks penalties and fees,

13   but does not seek an injunction requiring Defendant to provide seats or otherwise comply with the

14   suitable seating law.  As such, this suit is not so much aimed at preventing continuing or future

15   violations as it is at collecting damages for past harms.  The potential delay in Plaintiff's ability to

16   recover penalties also does not constitute a substantial injury.  Plaintiff has not demonstrated that

17   time is of the essence in collecting these penalties.  Any penalties owed to Plaintiff and the class

18   members will continue to accrue during the stay.  Should Plaintiff ultimately prevail, she and the

19   class members will be able to recover any penalties due to them under the statute.  Therefore,

20   Plaintiff and the putative class members do not stand to suffer substantial injury should this court

21   issue a stay.

22   Though the putative class members do not stand to be substantially injured by a stay, they

23   do face a likelihood of harm should a stay not issue.  First, the parties risk generating confusion

24   among class members.  Plaintiff seeks to disseminate class notice in the near future.  Should the

25   Ninth Circuit take Defendant's appeal, there is a likelihood that the court will have to modify or

26   decertify the class after class notice has issued.  Such a result would require the issuance of a

27   second curative notice to the class, perhaps many months or more after the initial class notice was

28

Case No.: 5:09-CV-03339-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFF'S
MOTION TO FACILITATE CLASS NOTICE AS MOOT

1   disseminated. Considering the class in this case is estimated to exceed 22,000 individuals, a

2   curative notice would not be sufficient to stem the confusion that would arise in the event of a

3   change to the class definition or decertification of the class altogether. Second, class members'

4   privacy interests are implicated. Plaintiff has already requested that Defendant produce contact

5   information and social security numbers for all putative class members. Pl. Mot. to Facilitate Class

6   Notice at 7, Dkt. 115. Disclosing this sensitive personal information before resolution of

7   Defendant's Rule 23(f) petition and possible appeal unnecessarily risks the intrusion of individuals'

8   privacy who may not ultimately belong to the class, if any class remains.

9       Having considered the hardship to the Defendant, the lack of substantial injury to the

10  Plaintiff, and the potential harm to class members, the court finds that the balance of hardships tips

11  sharply toward a stay in this action.

12          **c.  PUBLIC INTEREST**

13      Plaintiff argues that "the public interest lies in the robust enforcement of the requirements

14  of California's Wage Orders." While the public certainly has an interest in enforcing California's

15  health and safety regulations, it also has an interest in the efficient use of judicial resources. A stay

16  in this case will not prevent the "robust enforcement" of the suitable seating law. Rather, it will

17  help to ensure the "proper resolution of the important issues raised in this case" by preventing

18  potentially wasteful work on the part of the court and the parties while the Ninth Circuit considers

19  the serious legal question raised by Defendant's Rule 23(f) petition. See Gray, 2011 WL 6934433

20  at *3. The court finds that the public interest weighs in favor of a stay.

21      **IV.     CONCLUSION**

22      For the foregoing reasons, the Court GRANTS Defendant's motion for a stay of this case.

23      This action is STAYED in its entirety pending resolution of Defendant's Rule 23(f)

24  petition, and if the petition is granted, Defendant's Ninth Circuit appeal.

25      The parties shall provide notice to the court within one week of any disposition of

26  Defendant's Rule 23(f) petition.

27

28
                                    7
    Case No.: 5:09-CV-03339-EJD
    ORDER GRANTING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFF'S
    MOTION TO FACILITATE CLASS NOTICE AS MOOT

1       If the petition is granted, the parties shall also provide notice to the court within one week

2  of any disposition of Defendant's Ninth Circuit appeal.

3       Plaintiff's Motion to Facilitate Class Notice is DENIED as moot.

4       The Clerk shall ADMINISTRATIVELY CLOSE this matter.

5

6  IT IS SO ORDERED

7  Dated: November 15, 2012

8  

9  EDWARD J. DAVILA
   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 5:09-CV-03339-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFF'S
MOTION TO FACILITATE CLASS NOTICE AS MOOT

**United States District Court**
For the Northern District of California

# EXHIBIT B

| | |
|---|---|
| CHARLES RIDGEWAY, JAIME FAMOSO, JOSHUA HAROLD, RICHARD BYERS, DAN THATCHER, NINO PAGTAMA, WILLIE FRANKLIN, TIM OPITZ, FARRIS DAY, KARL MERHOFF, and MICHAEL KROHN,<br><br>         Plaintiffs,<br>    vs.<br><br>WAL-MART STORES, INC., a Delaware Corporation dba WAL-MART TRANSPORTATION LLC and DOES 1-50, inclusive,<br><br>         Defendant. | CASE NO. 3:08-cv-05221 SI<br><br>**CLASS ACTION** |

## IF YOU ARE OR WERE AN EMPLOYEE OF WAL-MART, A CLASS ACTION MAY AFFECT YOUR RIGHTS

Former employees have sued Wal-Mart, alleging Wal-Mart's failure to comply with the wage payment requirements of the California Labor Code.

The Court has allowed the lawsuit to be a class action on behalf of all persons who worked as a Private Fleet Driver in California during the class period (October 10, 2004 through the date of trial.

The Court has not determined that Wal-Mart owes any money now, and the Court may ultimately determine that Wal-Mart does not owe any money in this case. This notice is being sent to apprise you of the following choice you must make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT ||
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome.**<br><br>By doing nothing, the lawyers who filed the class action will become your lawyers and you will be a class member in the case. Lawyers must prove the claims against Wal-Mart at a trial, which has been scheduled by the Court. If money or benefits are obtained from Wal-Mart, you will be notified about how to ask for a share. |
| **ASK TO BE EXCLUDED** | **Do not participate in this lawsuit. Retain the right to file your own lawsuit if you so wish.** |

| | If you ask to be excluded, you will not be participating in this lawsuit. In that instance, you may file your own lawsuit, on your own or with a lawyer. You keep any rights to sue Wal-Mart separately about the same legal claims brought in this lawsuit. |
|---|---|

Your options are explained in this notice. To ask to be excluded, you must act before [insert date 45 days after mailing]

Lawyers must prove the claims against Wal-Mart at a trial which has been scheduled by the Court. If money or benefits are obtained from Wal-Mart, you will be notified about how to ask for a share.

Any questions? Read on.

**BASIC INFORMATION**

## I.  Why did I get this Notice?

Wal-Mart's records show that you currently work, or previously worked, for Wal-Mart as a Private Fleet Driver. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claims being made against Wal-Mart, on your behalf, are correct. Judge Susan Illston of the United States District Court for the Northern District of California is overseeing this class action. The lawsuit is known as *Ridgeway, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:08-cv-05221 SI.

## II.  What is this lawsuit about?

This lawsuit is about whether Wal-Mart violated the wage payment requirements of the California Labor Code.

## III. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Charles Ridgeway, Jaime Famoso, Joshua Harold, Richard Byers, Dan Thatcher**,** Nino Pagtama, Willie Franklin, Tim Opitz, Farris Day, Karl Merhoff, and Michael Krohn) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The former employees who sued – and all the Class Members like them – are called the Plaintiffs. The company sued (in this case Wal-Mart) is called the Defendant. One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

## IV. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it

meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

## THE CLAIMS IN THE LAWSUIT

### V.  **What does the lawsuit complain about?**

In the lawsuit, the Plaintiffs say that Wal-Mart violated California labor laws and regulations by: (i) failing to pay wages for all hours worked; and (ii) failing to properly pay all wages owed to employees upon termination of the employment relationship. You can read the Plaintiffs' Class Action Complaint at [insert URL].

### VI. **How does Wal-Mart answer?**

Wal-Mart denies that it did anything wrong and says that it complied with all applicable laws and regulations regarding the payment of wages.  Wal-Mart's Answer to the Complaint can be found at –insert URL].

### VII. **Has the Court decided who is right?**

The Court hasn't decided whether Wal-Mart or the Plaintiffs are correct.  By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case.  The Plaintiffs must prove their claims at a trial.  (See "The Trial" below on page ____.)

### VIII. **What are the Plaintiffs asking for?**

The Plaintiffs are asking for Wal-Mart to pay drivers for violations of the wage payment rules.

### IX.  **Does Wal-Mart owe any money now?**

The Court has not yet determined that Wal-Mart did anything wrong or owes any money.  If you remain in the class and money is found to be owed, you will be notified about how to ask for your share.

## WHO IS IN THE CLASS?

You need to decide whether you are affected by this lawsuit.

### X.  **Am I Part of this Class?**

Judge Illston decided that all persons who worked as a Private Fleet Driver in California during the Class Period (on or after October 10, 2004 through the date of trial) are Class Members.

**YOUR RIGHTS AND OPTIONS**

You have to decide whether to stay in the Class or ask to be excluded before the trial, and you have to decide this now.

## XI.  <u>What happens if I do nothing as all?</u>

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit.  By doing nothing you are staying in the Class.  If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, Wal-Mart – as part of any other lawsuit – about the same legal claims that are the subject of this lawsuit.  This means that if you do nothing you will be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

## XII.  <u>Why would I ask to be excluded?</u>

If you already have your own lawsuit against Wal-Mart for unpaid wages, interest, and/or penalties and want to continue with it, you need to ask to be excluded from the Class.  If you exclude yourself from the Class – which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class – you won't get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between Wal-Mart and the Plaintiffs.  However, you may then be able to sue or continue to sue Wal-Mart for unpaid wages and/or interest and penalties arising from wage payment violations.  If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.  You may also opt-out for any other reason, including your desire not to be involved in the lawsuit in any manner.

If you start your own lawsuit against Wal-Mart after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims.  If you do exclude yourself so you can start or continue your own lawsuit against Wal-Mart, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

Note that if you exclude yourself from this lawsuit and you are currently employed by Wal-Mart, any changes made to Wal-Mart's policies and practices about wage payment would still apply to you.

## XIII. <u>How do I ask the Court to escude me from the Class?</u>

To ask to be excluded, you msut send an "Exclusion Request" in the form of a letter by mail, stating that you want to be excluded from *Ridgeway, et al. v. Wal-Mart Stores, Inc., et al.*Exclusions.  You may also get an Exclusion Request form at the website, <u>www._____.com</u>.

# THE LAWYERS REPRESENTING YOU

## XIV.  Do I have a lawyer in this case?

The Court decided that the law firm of Wagner, Jones, Kopfman & Artenian LLP are qualified to represent you and all Class Members as "Class Counsel."  They are experienced in handling similar cases against other employers.  More information about these law firms, their practices, and their lawyers' experience is available at www.wagnerjones.com.

## XV.  Should I get my own lawyer?

If you choose to be part of the Class, you will not need to hire your own lawyer because Class Counsel will work on your behalf.

## XVI. How will the lawyers be paid?

If Class Counsel get money or benefits for the Class after prevailing at trial, they will ask the Court for fees and expenses.  You won't have to pay these fees and expenses. If Class Counsel gets money or benefits for the Class as part of a settlement, the fees and expenses would likely be part of the total funds paid by Wal-Mart in settlement of the matter.

# THE TRIAL

## XVII. How and when will the Court decide who is right?

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial.  The trial has been set to commence _____.
During the trial, a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit.  There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

## XVIII. Do I have to come to the trial?

You do not need to attend the trial unless called as a witness.  Class Counsel will present the case for the Plaintiffs, and Wal-Mart will present the defenses. You or your own lawyer are welcome to come at your own expense.

## XIX.  Will I get money after the trial?

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate.  We do not know how long this will take.

# GETTING MORE INFORMATION

Visit the website, [insert URL], where you will find the Court's Order Certifying the Class, the Complaint that the Plaintiffs submitted, the Defendant's Answer to the Complaint, as well as an Exclusion Request form.  You may also speak to one of the lawyers by calling 559/449-1800.

Dated:_____