1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    CHARLES RIDGEWAY, JAIME                  Case No. 08-cv-05221-SI
     FAMOSO, JOSHUA HAROLD, RICHARD
     BYERS, DAN THATCHER, NINO
8    PAGTAMA, WILLIE FRANKLIN, TIM
     OPITZ, FARRIS DAY, KARL MERHOFF,         **ORDER DENYING DEFENDANT'S**
9    and MICHAEL KROHN,                       **MOTION FOR CERTIFICATION FOR**
                                              **INTERLOCUTORY APPEAL**
10                 Plaintiffs,

11          v.

12   WAL-MART STORES, INC., a Delaware
     Corporation dba WAL-MART
13   TRANSPORTATION LLC and DOES 1-50,
     inclusive,
14
                   Defendant.
15

16          Currently before the Court is a motion by defendant Wal-Mart for an order certifying an

17   interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Pursuant to Civil Local Rule 7-1(b), the

18   Court finds this matter suitable for disposition without oral argument and therefore VACATES the

19   hearing currently scheduled for July 31, 2015.  Having carefully considered the papers submitted

20   and finding good cause the Court DENIES defendant's motion for the reasons set forth below.

21

22                                      **BACKGROUND**

23          Plaintiffs are truck drivers in California previously employed by defendant Wal-Mart for

24   some period of time between 1993 and the present.  Fourth Amended Complaint ("FAC") ¶ 3-6.

25   Plaintiffs allege Wal-Mart violated California law by failing to pay plaintiffs at least the minimum

26   wage for each hour worked.

27          This case has a long procedural history.  Plaintiffs initially filed this case in Alameda

28

United States District Court
Northern District of California

County Superior Court in October 2008.  Docket No. 1.  Wal-Mart removed the case to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) in November 2008.[1]  *Id*.  Plaintiffs moved for remand, which the Court denied.  Docket No. 33.  In February 2009, the case was stayed pending a final decision by the California Supreme Court in *Brinker Restaurant Corp. v. Superior Court*, Case No. S166350.  Docket No. 32.  The California Supreme Court's decision in *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012) became final in May 2012, at which point proceedings in this case resumed.  Wal-Mart moved to dismiss plaintiff's Third Amended Complaint in December 2012, which the Court granted in part and denied in part.[2] Docket Nos. 65, 72.  Plaintiffs filed their Fourth Amended Complaint in May 2013, and Wal-Mart again moved to dismiss.  Docket Nos. 73, 74.  In June 2013, the Court denied Wal-Mart's motion to dismiss as to plaintiffs' claims for meal and rest break violations, unpaid wages, wage statement violations, minimum wage violations, and UCL claims.[3]  Docket No. 82.  The Court granted the motion as to plaintiffs' claims for punitive damages.  *Id*.

In May 2014, Wal-Mart moved for partial summary judgment as to the claims of five plaintiffs: Farris Day, Charles Ridgeway, Tim Opitz, Dan Thatcher, and Jaime Famoso.  Docket No. 109.  The Court granted in part and denied in part Wal-Mart's motion for summary judgment. The Court denied the motion as to plaintiffs' minimum wage claims for layovers, pre- and post-inspections and paperwork, wait periods, rest breaks, and moving trailers.  In September 2014, the Court granted in part and denied in part plaintiff's motion for class certification.  Docket No. 158.

Most recently, plaintiffs moved for partial summary judgment as to their minimum wage claims and Wal-Mart's eighth affirmative defense.  Plaintiffs argued that Wal-Mart's payment policies, as articulated in Wal-Mart's Driver Pay Manuals, violate California wage law by failing

---

[1] This case was initially captioned: *Donald C. Bryan, Virgil Caldwell, Carroll Hampton, and Robert Rodriguez v. Wal-Mart Stores, Inc., a Delaware Corporation dba Wal-Mart Transportation LLC and DOES 1-50, inclusive.* Docket No. 1.

[2] Plaintiffs Carroll Hampton, Robert Rodriguez, Donald C. Bryan, Virgil Caldwell, and Jeffrey Hammond were terminated on November 27, 2012.

[3] Later in 2013, the Court granted the parties' stipulation to dismiss the claims of three plaintiffs: Richard Brown, Dennis Cole, and Thomas Bryson.  Docket No. 94.

United States District Court
Northern District of California

1    to pay drivers at least minimum wage for all of the time they work, including time spent on pre-

2    trip and post-trip inspections, rest breaks, wait time, fueling the tractor, washing the tractor and

3    trailer, weighing the tractor and trailer and completing mandatory paperwork.  Plaintiffs further

4    argued that drivers are entitled to payment of minimum wages for the time spent taking mandatory

5    layovers.  In its order, the Court specified that for the purposes of the motion for partial summary

6    judgment, plaintiffs sought a determination of whether the driver pay policies described in the

7    Driver Pay Manuals violate California minimum wage law.  Docket No. 211 at 4.  Addressing

8    Wal-Mart's driver pay policies, as stated in their Driver Pay and Reference Manuals and as

9    described in deposition testimony by the persons designated by Wal-Mart as most qualified, the

10   Court found that activities that are not separately compensated (and are explicitly listed and

11   recognized as unpaid activities) may not properly be built in or subsumed into the activity pay

12   component of Wal-Mart's pay policies, under California law.  *Id*. at 11.  The Court further found

13   that Wal-Mart's policies, as stated in its Driver Pay and Reference Manuals, subjected drivers to

14   Wal-Mart's control during layover periods.  *Id*. at 13-14.  Accordingly, the Court granted

15   plaintiff's motion as to the minimum wage claims.[4]

16

17                                        **DISCUSSION**

18         Normally, interlocutory orders, such as orders on motions for summary judgment, are not

19   immediately appealable.  *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir.

20   2002).  However, 28 U.S.C. § 1292(b) permits a district court to certify an order for interlocutory

21   appellate review where the order involves (1) "a controlling question of law;" (2) "as to which

22   there is substantial ground for difference of opinion;" and (3) where "an immediate appeal from

23   the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b);

24   *accord In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).  "[T]he party pursuing

25   the interlocutory appeal bears the burden of . . . demonstrating" that all three requirements have

26

27   ─────────────────────────
     [4] The Court denied the motion for partial summary judgment as to Wal-Mart's eighth affirmative
28   defense.  Docket No. 211 at 15.

1    been met.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  Moreover, "[c]ertification

2    under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b)

3    requirements are met."  *Id.*  "Section 1292(b) is a departure from the normal rule that only final

4    judgments are appealable, and therefore must be construed narrowly."  *James*, 283 F.3d at 1067

5    n.6.  Accordingly, section 1292(b) is "to be used only in exceptional situations in which allowing

6    an interlocutory appeal would avoid protracted and expensive litigation."  *Cement Antitrust Litig.*,

7    673 F.2d at 1026.

8          As an initial matter, the Court finds that the specific "questions of law" which Wal-Mart

9    seeks to certify (see Docket No. 215) are over-broad, argumentative and untethered from the

10   orders that this Court has issued.  The first question framed by Wal-Mart is as follows:

> Whether piece-rate, multi-pronged or other pay plans based on units other than hours must separately compensate employees for each task performed, without accounting for other forms of pay employees may receive for those tasks or for the time during which those tasks are performed, in order to comply with California's minimum wage law.

The second question framed by Wal-Mart is this:

> Whether having the option of sleeping on an employer's premises establishes as a matter of law that drivers are subject to their employer's control."
> *Id*.

Wal-Mart's first question misstates the holding in the order issued by the Court.  In its

order, the Court stated: "For the purposes of this motion for partial summary judgment, plaintiffs

seek a determination of whether the driver pay policies described in the Driver Pay Manuals

violate California minimum wage law."  Summary Judgment Order at 4.  Addressing this narrow

question, the Court specified: "The Court finds that activities that are not separately compensated

(and are explicitly listed and recognized as unpaid activities) may not properly be built in or

subsumed into the activity pay component of Wal-Mart's pay policies, under California law."  *Id.*

at 11.  This determination was made considering the specific policies enunciated in Wal-Mart's

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    2001, 2006, and 2008 Driver Pay and Reference Manuals and the deposition testimony of the

2    persons designated as most qualified to discuss Wal-Mart's California based driver compensation

3    system and the schedules of California-based drivers.

4              As to its second question, Wal-Mart again seeks to certify a question that does not

5    accurately reflect the Court's holding in the prior order on plaintiff's motion for partial summary

6    judgment.  In its order the Court addressed whether Wal-Mart's policies, as written in Wal-Mart's

7    Driver Pay and Reference Manuals subjected drivers to Wal-Mart's control:  "The Court finds that

8    the policies in the Driver Pay Manuals subjected drivers to Wal-Mart's control during layover

9    periods."  *Id*. at 14.

10             Wal-Mart's proposed questions are not appropriate for certification for interlocutory appeal

11   as they are broader than and are inaccurate reflections of the narrow holdings issued in this Court's

12   prior order.  Further, on the record before it this Court does not find that Wal-Mart has properly

13   framed a "controlling question of law."  Neither has Wal-Mart demonstrated that there is

14   "substantial ground for difference of opinion" on any such controlling question.  Finally, and most

15   tellingly, there is no showing that interlocutory appeal will "materially advance the ultimate

16   termination of the litigation."  This action has been pending for seven years already; it is time to

17   get on with the trial and resolution of these claims.  Appeal following verdict should suffice for

18   any disappointed parties.

19

20                                        **CONCLUSION**

21             For the foregoing reasons, the Court hereby DENIES defendant's motion.

22

23             **IT IS SO ORDERED.**

24   Dated:  July 21, 2015

25

26                                                            _____

27                                                            SUSAN ILLSTON
                                                              United States District Judge

28

5