**WAGNER, JONES, KOPFMAN,**
**& ARTENIAN LLP**
Nicholas J.P. Wagner #109455
Andrew B. Jones #076915
Daniel M. Kopfman #192191
Lawrence M. Artenian #103367
1111 E. Herndon, Ste. 317
Fresno, CA 93720
559/449-1800
559/449-0749 Fax

Attorneys for Plaintiffs CHARLES RIDGEWAY, JAIME FAMOSO, JOSHUA HAROLD, RICHARD BYERS, DAN THATCHER, NINO PAGTAMA, WILLIE FRANKLIN, TIM OPITZ, FARRIS DAY, KARL MERHOFF, and MICHAEL KROHN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT

| | |
|---|---|
| CHARLES RIDGEWAY, JAIME FAMOSO, JOSHUA HAROLD, RICHARD BYERS, DAN THATCHER, NINO PAGTAMA, WILLIE FRANKLIN, TIM OPITZ, FARRIS DAY, KARL MERHOFF, and MICHAEL KROHN, <br><br> Plaintiffs, <br> vs. <br><br> WAL-MART STORES, INC., a Delaware Corporation dba WAL-MART TRANSPORTATION LLC and DOES 1-50, inclusive, <br><br> Defendant. | CASE NO. 3:08-cv-05221 SI <br><br> **CLASS ACTION** <br><br> **JOINT STATEMENT RE DISCOVERY** |

/ / /

/ / /

/ / /

/ / /

/ / /

On July 6, 2015, Counsel for the Parties attended a face-to-face meet and confer conference in The United States District Court for the Northern District of California. (Dkt. 221.) Andrew B. Jones and Daniel Kopfman of Wagner Jones Kopfman & Artenian LLP attended on behalf of the Plaintiffs and the Class. Catherine A. Conway and Jenna M. Yott, of Gibson Dunn & Crutcher LLP attended on behalf of the Defendant. During the conference Counsel for the Parties reached the following agreements regarding discovery:

1) Defendant has agreed to permit Plaintiffs to take a F.R.C.P. § 30(b)(6) deposition of Wal-Mart's Person Most Qualified for the purpose of identifying electronically stored information (if any) regarding Class Members' compensation and job duties, including but not limited to, preparation, collation, compilation, storage and maintenance of electronic data. The deposition will take place in Bentonville, Arkansas. Experts will be allowed to attend either telephonically or in person. Plaintiffs will question Defendant's PMK about the existence of electronic data storage, retention, and destruction with respect to data relevant to class members. Questioning will include data concerning Class Member compensation, trip activity data (fueling, washing, activities, etc), and time and position (GPS) data. Defendant has agreed to secure reasonable dates for the deposition and has represented that the deposition will most likely be scheduled for a date in August, 2015. To enable Defendant to identify a witness, Plaintiffs will promptly prepare and provide Defendant with a F.R.C.P § 30 (b)(6) notice identifying the particular topics to be covered and the documents to be produced at the deposition, which shall not be duplicative of topics and documents that Plaintiffs have previously requested. Defendant reserves the right to object to the noticed topics. The parties will meet and confer in good faith in order to resolve any disputes with respect to the topics prior to the deposition.

2) Plaintiffs have agreed that Defendant will produce an initial selection of electronic data from 2014 from the Dispatch Driver Payroll Update data as identified in the declarations Mr. Davis (*e.g.*, Dkt. 194-2) and Mr. Vincent (*e.g.*, Dkt. 192-2). Defendant has agreed to produce the 2014 data by July 15, 2015. Defendant has represented that it expects that electronic data from the Dispatch Driver Payroll Update system exists for the entire Class and Class Period. After Plaintiffs review the 2014 data provided by Defendant, Defendant has agreed to meet and

confer with Plaintiffs regarding the production of additional available data upon Plaintiffs' request.

3) Plaintiffs have agreed that Defendant will produce emails responsive to Plaintiffs' Document Request No. 89, subject to the objections included with Defendant's written responses, by July 20, 2015. Plaintiffs asked for production of the emails in PDF format but can request they be produced as load files instead.

4) Defendant has provided definitions of the field codes listed in the T-Pay database as attached to Defendant's Counsel's May 28, 2015 letter to Plaintiffs' Counsel. Counsel for the parties have agreed to meet and confer to identify the scope of production of electronic data contained in the T-Pay database. Counsel for the Parties will make reasonable efforts to exclude non-Class Member data from any future production of data from the T-Pay database. Once the fields of interest have been specified, Defendant will advise how long collection of the database will take before delivery can be made.

5) Plaintiffs have agreed that Defendant will identify what Comdata Fuel Card electronic data exists within Wal-Mart's possession, custody, or control, if any, that will identify each date and time a Class Member uses the Comdata Fuel Card to purchase fuel. Defendant has informed plaintiffs that Comdata is a third-party vendor and Defendant does not have control over its data.

6) Defendant has agreed to make reasonable efforts to search for and produce documents, if any, demonstrating any time a Class Member was given prior approval for layover pay when taking a layover somewhere other than the tractor cab, beyond those that have already been produced or made available to Plaintiffs.

7) Defendant has agreed to make reasonable efforts to identify whether, and to what extent electronic data exists to determine the total miles driven by each Class Member throughout the Class Period.

8) Defendant has agreed to make reasonable efforts to ensure that any future production of electronic data will not include redundant data or data for persons who are not Class Members; in particular, *e.g.*, dedicated drivers.

9) Defendant has agreed to answer a total of 23 interrogatories (with any discrete subparts

to be counted as a single interrogatory) beyond those to which it has already provided substantive responses.  Plaintiffs will either identify previous interrogatories that have already been served on Defendant, and/or draft new interrogatories, for Defendant to answer.  Defendant reserves the right to make objections to any propounded interrogatories.

10)  Plaintiffs have proposed permitting a limited number of 35 Class Member depositions by written question as set forth in F.R.C.P. § 31.  Defendant has agreed to evaluate the Plaintiffs proposal once it is reduced to writing and is sufficiently identified.

11)  Defendant asserts that the previously-produced video concerning trip inspections is the only video concerning pre trip and/or post trip DOT inspections.

The mention of any data or document above is not necessarily a concession that such data or document exists, and any production(s) contemplated herein remain subject to the objections included with the relevant written responses to discovery requests.  The parties reserve all rights to make appropriate objections to any contemplated discovery, including to object to the relevance or use of any discovery discussed herein at any future time in this or any other litigation.  Any and all contemplated discovery remains subject to any designation made in accordance with the Stipulated Protective Order (Dkt. 90).  Defendant reserves the right to object to the production of any data on the grounds of burden, and Defendant will meet and confer with plaintiffs with respect to cost-sharing prior to agreeing to produce overly burdensome data.

DATED:  July 22, 2015                                    WAGNER, JONES, KOPFMAN
                                                                              & ARTENIAN LLP

                                                                              By:  /s/
                                                                                   Daniel M. Kopfman
                                                                                Attorneys for Plaintiffs

DATED:  July 22, 2015                                    GIBSON, DUNN & CRUTCHER LLP

                                                                              By:  /s/
                                                                                   Jenna M. Yott
                                                                                Attorneys for Defendant
                                                                              WAL-MART STORES, INC

Discovery/JntStmt re Disco