**WAGNER, JONES, KOPFMAN,**
**& ARTENIAN LLP**
NICHOLAS J.P. WAGNER, SBN 109455
ANDREW B. JONES, SBN 076915
DANIEL M. KOPFMAN, SBN 192191
LAWRENCE M. ARTENIAN, SBN 103367
1111 E. Herndon, Ste. 317
Fresno, CA 93720
Telephone:  559.449.1800
Facsimile:  559.449.0749

Attorneys for Plaintiffs

**GIBSON, DUNN & CRUTCHER LLP**
CATHERINE A. CONWAY, SBN 98366
　cconway@gibsondunn.com
JULIAN W. POON, SBN 219843
　jpoon@gibsondunn,com
JESSE A. CRIPPS, SBN 222285
　jcripps@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
　bevanson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:      213.229.7000
Facsimile:       213.229.7520

**SCOPELITIS, GARVIN, LIGHT,**
**    HANSON & FEARY, PC**
JAMES H. HANSON (admitted *pro hac vice*)
　jhanson@scopelitis.com
10 West Market Street, Suite 1500
Indianapolis, IN 46204
Telephone: 317.492.9205
Facsimile: 317.687.2414

Attorneys for Defendant WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGEWAY, JAIME FAMOSO, JOSHUA HAROLD, RICHARD BYERS, DAN THATCHER, NINO PAGTAMA, WILLIE FRANKLIN, TIM OPITZ,  FARRIS DAY, KARL MERHOFF, and MICHAEL KROHN,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WAL-MART STORES, INC., a Delaware corporation d/b/a WAL-MART TRANSPORTATION LLC, and Does One through and including Doe Fifty,<br><br>　　　　　Defendants.<br><br>[Previously captioned as *Bryan et al. v. Wal-Mart Stores, Inc.*] | CASE NO. 3:08-cv-05221-SI<br><br>**STIPULATION REGARDING CLASS MEMBER DEPOSITIONS** |

1  The undersigned counsel, on behalf of Plaintiffs Charles Ridgeway, Jaime Famoso, Joshua
2  Harold, Richard Byers, Dan Thatcher, Nino Pagtama, Willie Franklin, Tim Opitz, Farris Day, Karl
3  Merhoff, and Micheal Krohn ("Plaintiffs") and Defendant Wal-Mart Stores, Inc. ("Wal-Mart," and
4  collectively, with Plaintiffs, the "Parties"), hereby stipulate as follows:

5  1. Wal-Mart does not agree that Plaintiffs' proposed survey of class members—as set
6  forth below—is proper or appropriate and does not agree with the validity and/or methodology of any
7  such survey. It reserves all rights regarding or related to the proposed survey and expressly objects to
8  any use of the proposed survey by Plaintiffs in this litigation, including as to the admissibility of any
9  survey or survey results at trial.

10  2. Plaintiffs intend to survey certain Class Members.

11  3. Plaintiffs have proposed as part of their survey to select, using a random method, 40
12  class members, each of whom will appear and be sworn and then take a written survey prepared by
13  Plaintiffs. The Parties agree no attorneys will be present in the room until the Class Member
14  completes the survey.

15  4. Although Wal-Mart does not sanction the survey and is not participating in the survey
16  process, Plaintiffs have agreed that Wal-Mart will be provided with all written survey questions that
17  will be asked of these Class Members and the list of Class Members to be contacted for in-person
18  survey/deposition, and have agreed to provide such information in advance of the survey and no later
19  than January 30, 2016.

20  5. Plaintiffs' counsel have stated that they intend to meet with the Class Member at the
21  survey site immediately following the class member's completion of the in-person survey.

22  6. During this meeting, and although Wal-Mart is not participating in the survey process,
23  Plaintiffs have agreed that Wal-Mart will have access to and receive a copy of the Class Member's
24  survey responses.

25  7. Although Wal-Mart is not participating in the survey, Wal-Mart will be permitted to
26  immediately at the in-person survey site (or on the day of the survey or at some later time or place,
27  agreeable to the Parties) depose the Class Member for up to three hours and then plaintiffs may
28

depose the class member for up to one hour.  The Parties shall use all reasonable efforts to complete the deposition of the Class Member on the date set for the deposition.

8. The parties have also agreed that, completely independent of Plaintiffs' survey, Wal-Mart may also select 10 Class Members of its own choosing using any methodology it wishes for standard depositions per the Federal Rules, and it does so without waiver of its rights to seek depositions of additional class members.

9. The forty (40) randomly selected Class Member depositions as well as the ten (10) Class Member depositions selected by Wal-Mart will not count against any prior agreements between the parties about the number of depositions to be permitted in this case or the number of depositions expressly permitted by Fed. R. Civ. P. § 30(a)(2)(A)(i).  It is each Parties' independent position that, by entering into this agreement, it is not waiving any rights it may have for additional depositions pursuant to Fed. R. Civ. P. § 30(a)(2); provided, however, each Party reserves all rights to challenge any further depositions of Class Members as improper under Fed. R. Civ. P. § 30(a)(2) or otherwise.

10. Wal-Mart reserves all rights to seek written discovery from absent class members following the completion of the Class Member depositions identified herein, *see* Dkts. 230, 234. Plaintiffs reserve all rights to object to Wal-Mart's efforts to seek written discovery from absent Class Members.

11. The depositions/in-person surveys will not take place until after February 1, 2016, absent agreement of the parties, no more than four depositions or 12 hours of deposition (whichever takes longer) will be noticed or scheduled for a single day.  Plaintiffs' counsel shall issue deposition subpoenas at least 10 days before any deposition and shall immediately notify Wal-Mart's counsel when a witness indicates that they will appear for deposition on the date noticed or on an alternate date.  To eliminate the service of multiple subpoenas from both parties, the deposition subpoenas issued by Plaintiffs shall be deemed to include a requirement that the individual sit for deposition for Wal-Mart on the terms discussed in this stipulation, and that requirement shall be set forth in the subpoena issued by Plaintiffs.  Once Wal-Mart has received such notice for any class member, Wal-Mart's Counsel will use reasonable efforts to provide Class Counsel with the personnel file, Earnings History Report and Dispatch Driver Payroll report for that witness no fewer than five days before the

date set for deposition. No witness will be questioned by Wal-Mart about a witnesses' personnel file or Earnings History Report that has not been produced by Wal-Mart to Plaintiffs' Counsel where Wal-Mart did not make reasonable efforts to produce those documents at least 5 days before the deposition.

IT IS SO STIPULATED.

Dated: January 16, 2016

By:_____        By:____/s/ Jesse A. Cripps_____

Daniel Kopfman                       Jesse A. Cripps
WAGNER, JONES, KOPFMAN, &            GIBSON, DUNN & CRUCTHER LLP
ARTENIAN LLP
                                     Attorneys for Defendant
Attorneys for Plaintiffs



IT IS SO ORDERED

Judge Susan Illston

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA