UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGWAY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC., <br><br> Defendant. | Case No. 08-cv-05221-SI <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Re: Dkt. No. 255 |

Plaintiffs have moved for partial summary judgment on their fourth cause of action. Docket No. 255. Pursuant to Civil Local Rule 7-1(b), the Court determines this motion is appropriate for resolution without oral argument and VACATES the hearing set for April 28, 2016. For the reasons set forth below, the Court GRANTS plaintiffs' motion for partial summary judgment.

**BACKGROUND**

Plaintiffs are truck drivers in California previously employed by defendant Wal-Mart for some period of time between 1993 and the present. Docket No. 72, Fourth Am. Compl. ¶¶ 3-6. Plaintiffs allege Wal-Mart violated California law by failing to pay plaintiffs at least the minimum wage for each hour worked.

The facts and procedural history of this case are summarized in numerous prior orders of the Court. *See*, *e.g.,* Docket No. 211. In September 2014, the Court granted in part and denied in part plaintiffs' motion for class certification. Docket No. 158. In March 2015, plaintiffs moved for partial summary judgment, and on May 28, 2015, the Court granted plaintiffs' motion for summary judgment on their seventh cause of action (minimum wage claims pursuant to the

1  Industrial Welfare Commission orders). Docket Nos. 181, 211. The Court denied plaintiffs'
2  motion as to Wal-Mart's eighth affirmative defense.
3  On February 4, 2016, plaintiffs filed the present motion for partial summary judgment on
4  their fourth cause of action, violation of the Unfair Competition Law ("UCL"), California
5  Business and Professions Code sections 17200 et seq. Fourth Am. Compl. at 19-21; Docket No.
6  255, Mot. at 1. Wal-Mart filed an emergency motion for an extension of time to respond, which
7  the Court granted over plaintiffs' objection. Docket Nos. 256, 257, 258. Wal-Mart filed its
8  opposition to the motion for partial summary judgment on March 25, 2016. Docket No. 268.
9  Plaintiffs filed their reply on April 8, and Wal-Mart filed an objection to the reply on April 15,
10 2016. Docket Nos. 275, 279.

## LEGAL STANDARD

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

2

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c).

## DISCUSSION

Plaintiffs move for summary judgment on their UCL claim. Mot. at 1. They argue that because the Court found Wal-Mart's pay policies to be in violation of California minimum wage laws, plaintiffs are entitled to a similar finding on their UCL claim. Mot. at 2-3 (citing *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178 (2000) ("[A]ny business act or practice that violates the Labor Code through failure to pay wages is, by definition (§ 17200), an unfair business practice.")). This is significant because, as plaintiffs note, minimum wage violations in California carry a three-year statute of limitations, whereas UCL violations are subject to a four-year statute of limitations. Mot. at 1 (citing Cal. Code Civ. Proc. § 338(a); Cal. Bus. & Prof. Code § 17208).

In opposition, Wal-Mart argues that plaintiffs are improperly trying to expand the Court's ruling regarding Wal-Mart's pay policies to encompass Wal-Mart's actual practices, which it argues comport with California law. Wal-Mart states that the UCL requires proof of actual harm, and argues that the twenty-nine class member depositions taken to date show that plaintiffs have not suffered harm. Opp'n at 4, 8. Wal-Mart also argues that plaintiffs should be judicially estopped from making their present argument and that the motion is premature, given that discovery does not close until July. *Id.* at 22-23.

The California Supreme Court has held that a defendant employer who improperly withholds wages in violation of the Labor Code "may be compelled to restore unpaid wages"

1   under the UCL. *Cortez*, 23 Cal. 4th at 168. As the *Cortez* court explained, "[o]nce earned, those
2   unpaid wages bec[o]me property to which the employees [a]re entitled. Failure to promptly pay
3   those wages [i]s unlawful and therefore an unfair business practice." *Id*. As a result, an employee
4   seeking restitution under the UCL may avail himself or herself of the UCL's four-year limitations
5   period, even if his or her claim for the underlying wage violation might be time-barred. *Id*. at 178-
6   79.

7         Having previously held that Wal-Mart's pay policies violate California minimum wage
8   law, the Court finds that plaintiffs are entitled to summary judgment on their UCL claims.
9   According to *Cortez*, the failure to pay wages in violation of the Labor Code "constitutes an unfair
10  business practice . . . ." *Id*. at 174. Wal-Mart is incorrect that the California Supreme Court's
11  finding in *Cortez* was "mere dicta." *See* Opp'n at 10. Rather, it was central to the court's decision
12  in that case that violation of California's overtime laws constitutes a violation of the UCL. *See*
13  *Cortez*, 23 Cal. 4th at 168, 174, 178.

14        Despite its assertions to the contrary, Wal-Mart's opposition largely constitutes an attempt
15  to relitigate the previous summary judgment motion in which the Court found Wal-Mart's pay
16  policies to be unlawful. Wal-Mart raises many of the same arguments that it raised in opposition
17  to plaintiffs' prior motion. *See* Docket No. 190. Although Wal-Mart now presents more evidence
18  regarding its pay practices, in the form of testimony from recent class member depositions, that
19  cannot change the Court's earlier finding that "the pay policies detailed in [Wal-Mart's Driver
20  Pay] Manuals violate California wage law by failing to pay drivers at least minimum wage for all
21  of the time they work . . . ." Docket No. 211 at 15. The Court follows the law of the case and, per
22  *Cortez*, finds that the prior summary judgment adjudication in plaintiffs' favor mandates that the
23  Court likewise rule for plaintiffs as to their UCL claim. For this reason, the Court disagrees that
24  plaintiffs' motion is premature. Additional class member testimony regarding Wal-Mart's pay
25  practices will not alter the Court's prior ruling that the pay policies violate California law.

26        Likewise, Wal-Mart's arguments regarding actual harm are misplaced given the question
27  that plaintiffs have put before the Court today. To support its proposition that the UCL requires
28  evidence of actual harm, Wal-Mart relies in part on cases that analyzed questions of standing that

4

arose following amendments to the UCL in 2004. *See* Opp'n at 8. These amendments barred members of the general public from bringing suit but permitted UCL suits brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." *See* Cal. Bus. & Prof. Code § 17204. The class members in this case clearly have standing under the UCL amendment to prosecute their claims. Wal-Mart also cites to class certification decisions, or decisions relying on class certification analysis, in which courts questioned whether plaintiffs could show harm on a classwide basis. *See, e.g., Campion v. Old Republic Home Prot. Co.*, 272 F.R.D. 517, 533-34 (S.D. Cal. 2011) (insured's proposed class action alleged that insurer fraudulently induced insured to buy home warranty policy for repair or replacement of appliances, in violation of UCL and other California consumer and contract laws); *Campbell v. Vitran Express, Inc.*, No. 11-cv-5029, 2016 U.S. Dist. LEXIS 31360 (C.D. Cal. Mar. 2, 2016) (declining to hold employer's policies facially invalid "because such a ruling would not advance the adjudicative process"). The Court is not persuaded that these cases are applicable to the factual situation faced in this case in light of the Court's prior rulings. Moreover, the Court has stated that if an individual class member did not in fact suffer lost wages, such evidence may be relevant if and when it comes time to determine the amount of relief to which the class member is entitled. *See* Docket No. 211 at 15.

Finally, there is nothing inconsistent between the position plaintiffs took in their prior motion and the position they take now. It is true that plaintiffs previously sought adjudication that Wal-Mart's pay policies violate California's minimum wage law. *See, e.g.*, Docket No. 205, Tr. of Proceedings, May 1, 2015, at 2:15-19 (noting that plaintiffs were in effect seeking "a declaration that the driver pay policy violates California law"). Having obtained such adjudication, it is not inconsistent for plaintiffs next to seek a finding that a UCL violation exists. Wal-Mart's argument for judicial estoppel appears to rest largely on a misapprehension that an unlawful policy cannot constitute an unfair business act or practice under the UCL. This is not so. As California courts have stated, "The UCL's scope is broad. By defining unfair competition to include any '*unlawful . . .* business act or practice' [citation], the UCL permits violations of other laws to be treated as unfair competition that is independently actionable." *Ticconi v. Blue Shield*

*of Cal. Life & Health Ins. Co.*, 160 Cal. App. 4th 528, 538 (2008) (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002)); *see also Steinhebel v. Los Angeles Times Communications, LLC*, 126 Cal. App. 4th 696, 712 (2005); *Application Group v. Hunter Group*, 61 Cal. App. 4th 881, 907 (1998) ("[W]here the employer's *policy or practic*e is forbidden or found to violate the Labor Code, it may also be held to constitute an 'unlawful business practice' subject to redress under the [UCL].") (emphasis added). Therefore, the Court need not estop plaintiffs from making their current argument.

By their motion, plaintiffs have presented the narrow question of whether, in light of the Court's prior minimum wage ruling, plaintiffs are entitled to summary judgment on their UCL claim. The Court finds that they are.[1]

**CONCLUSION**

For the reasons stated above, the Court GRANTS plaintiffs' motion for partial summary judgment on their fourth cause of action.

**IT IS SO ORDERED**.

Dated: April 25, 2016

*/s/ Susan Illston*

SUSAN ILLSTON
United States District Judge

---

[1] Because the Court's decision rests on the law of the case and on the California Supreme Court's decision in *Cortez*, the Court need not consider the evidence that plaintiffs cited in their reply and to which Wal-Mart objects. *See* Docket No. 279.