UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGWAY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WAL-MART STORES, INC.,<br><br>　　　　Defendant. | Case No. 08-cv-05221-SI<br><br>**ORDER RE: RECENTLY IDENTIFIED CLASS MEMBERS AND SCHEDULE ADJUSTMENTS**<br><br>Re: Dkt. No. 314 |

　　　　Currently before the Court is plaintiffs' motion for an order directing issuance of supplemental class notice to recently identified class members. Docket No. 213 ("Mot."). On June 14, 2016, defendant Wal-Mart notified plaintiffs that it had identified an additional 42 class members who were inadvertently not included in the previous class list. Docket No. 316, Decl. of Jesse A. Cripps ¶ 2, Ex. A. Plaintiffs therefore seek an order regarding, among other items, class notice, supplemental expert reports, and the costs associated with each. Wal-Mart has filed a response, asking that the Court order a 60-day opt-out period and proposing alternative and additional deadlines to those put forward in plaintiffs' motion. Docket No. 315 ("Resp.").

　　　　Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for resolution without oral argument and VACATES the hearing currently scheduled for July 8, 2016. Having considered the papers filed, the Court hereby ORDERS as follows.

　　　　**Class Notice:** Class notice shall issue to the 42 recently identified class members no later than **July 12, 2016**. The notice attached as Exhibit B to the Declaration of Daniel M. Kopfman, Docket No. 314-2, is approved with the following changes:

- The notice shall give the class members a 45-day opt-out period, resulting in an opt-out deadline of no later than **August 26, 2016**.

- Section I shall include the following language, in place of the language from the original class notice that plaintiffs seek to strike:[1] "The case has not yet gone to trial, and the Court has not entered a final judgment in the action or determined that Wal-Mart owes any money or damages. The trial in this case is currently set to begin on October 3, 2016." (See below regarding new trial date.)

- Section IX shall be modified to reflect the new trial date of October 3, 2016, in place of the September 19, 2016, date.

Wal-Mart shall pay the costs of notice, which plaintiffs estimate to be approximately $158. *See* Kopfman Decl. ¶ 20, Ex. C.

**Expert Supplementation:** Wal-Mart has indicated that on July 1, 2016, it produced additional discovery related to the 42 class members. Resp. at 8. Therefore, plaintiffs may serve supplemental expert reports that reflect this new production no later than **July 12, 2016,** and defendants may serve a supplemental expert report from Dr. Jonathan Walker no later than **July 19, 2016**.[2] Each expert for whom a supplemental report is served shall be made available for deposition **within fourteen days** of the service of the supplemental report. As agreed to in their

---

[1] Plaintiffs seek to strike the following language at Section I of the original class notice:

> The case has not yet gone to trial, and the Court has not made any final decisions about the merits of the case and has not determined that Wal-Mart owes any money. It may ultimately determine that Wal-Mart has done nothing wrong. Conversely, the Court may ultimately determine Wal-Mart has violated California's wage laws and award damages.

Mot. at 4; Cripps Decl. ¶ 7.

[2] Wal-Mart indicates in its response that Dr. Walker is the only defense expert who will need to serve a supplemental report in light of the newly produced data. Resp. at 8. Wal-Mart further indicates that the expert witnesses for plaintiffs who will be impacted by the new data production are Dr. Phillips, Mr. Chasworth, and Mr. Garcia. *Id.* Plaintiffs do not specify which experts they believe will need to file supplemental reports.

papers, Wal-Mart shall pay the reasonable costs associated with plaintiffs' supplemental expert report(s). *See id.* at 3.

**Motions Deadlines:** Wal-Mart has requested that the Court set deadlines for the filing of *Daubert* motions on the supplemental expert reports and for Wal-Mart's decertification motion. The Court declines to set a schedule for the filing of *Daubert* motions. As to any motion to decertify the class, the Court has already set a motions deadline of July 8, 2016, and this remains the deadline.[3]

**Trial Dates:** The Court finds that a slightly modified trial schedule is appropriate at this time. The pretrial conference is hereby continued to **September 20, 2016, at 3:30 p.m**. in Courtroom 1, 17th Floor. The trial is continued to **October 3, 2016, at 8:30 a.m.**

**IT IS SO ORDERED**.

Dated: July 6, 2016

_____
SUSAN ILLSTON
United States District Judge

---

[3] In fact, Wal-Mart previously represented that it would file its decertification motion on the motions deadline of July 8, 2016. Docket No. 216, Joint Case Management Statement at 1. Why Wal-Mart has now taken the position that that deadline does not apply and a new deadline must be set is unclear.

3