UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES RIDGWAY, et al.,
    Plaintiffs,
    v.
WAL-MART STORES, INC.,
    Defendant.

Case No. 08-cv-05221-SI

**ORDER DENYING DEFENDANT'S MOTION TO SEAL**

Re: Dkt. No. 323

Currently before the Court is defendant's administrative motion to seal a document in support of its motion to dismiss. Docket No. 323. Having considered the papers filed, including the motion, the declaration of Jenna M. Yott in support of the motion, and the document proposed to be sealed, the Court DENIES defendant's motion without prejudice.

**BACKGROUND**

On July 8, 2016, defendant Wal-Mart Stores, Inc. ("Wal-Mart") filed a motion to dismiss, *inter alia*, the claims of class member Kevin Putnam. Docket No. 321. Wal-Mart claims that Putnam "previously agreed to a general release of all claims against Wal-Mart as part of a settlement in an unrelated matter, and that release covers Putnam's claims in this action." *Id.* at 1.

That same day, Wal-Mart filed an administrative motion to seal the settlement agreement between Putnam and Wal-Mart. Docket No. 323. According to Wal-Mart, during Putnam's March 2016 deposition, the document "was marked 'as confidential pursuant to the [P]rotective [O]rder' and plaintiffs' counsel 'ask[ed] that it be attached separately and treated as confidential.'" *Id.* at 1. Wal-Mart contends that the document "contains sensitive information that Mr. Putnam and Wal-Mart agreed to keep confidential, and the parties would be harmed if this information

were made public." *Id.* Wal-Mart also filed a proposed "redacted" version of the document, which redacts the text of the eleven-page document in its entirety. *See* Docket No. 323-2.

Wal-Mart states that it attempted to meet and confer with plaintiffs' counsel regarding the requested relief, but that it received no response. *Id*. Plaintiffs filed no opposition to Wal-Mart's motion to seal.

**LEGAL STANDARD**

With the exception of a narrow range of documents that are "traditionally [] kept secret," courts begin their sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134-35 (9th Cir. 2003). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). "A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . ." Civ. L.R. 79-5(b). In addition, all requests to file under seal "must be narrowly tailored," such that only sealable information is sought to be redacted from public access. *Id.*

When applying to file documents under seal in connection with a dispositive motion, the party seeking to seal must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). Where a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" is sufficient. *Id*. at 1179-80; *see also* Fed. R. Civ. P. 26(c). Because a motion to dismiss is a dispositive motion, the "compelling reasons" standard applies here. *See Koninklijke Philips N.V. v. Elec-Tech Int'l Co.*, No. 14-CV-02737-BLF, 2015 WL 581574, at *1 (N.D. Cal. Feb. 10, 2015).

## DISCUSSION

The Court finds that Wal-Mart has not met its burden to obtain a sealing order. Wal-Mart offers only that the document sought to be sealed was designated as confidential pursuant to the protective order, and that the document "contains sensitive information." *See* Docket No. 323 at 1. However, reference to the protective order "is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L. R. 79-5(d)(1)(A). Wal-Mart makes no attempt to explain why public filing of the document in question would cause harm to itself or to Putnam. Wal-Mart states only that "the parties would be harmed if this information were made public." *See* Docket No. 323 at 2. Wal-Mart fails to offer a "compelling reason[]" to overcome strong public policy favoring disclosure. *See Kamakana*, 447 F.3d at 1178.

Additionally, Wal-Mart's proposed redactions are not narrowly tailored, as Wal-Mart proposes to seal the entirety of the agreement. *See* Civ. L.R. 79-5(b); *see also Verinata Health, Inc. v. Ariosa Diagnostics, Inc*, No. 12-CV-05501-SI, 2015 WL 1885626, at *1 (N.D. Cal. Apr. 24, 2015) (denying a motion to seal where defendant "failed to narrowly tailor its redactions. [Defendant] propose[d] to seal whole pages of the transcript[.]").

For the above reasons, the Court DENIES the motion to seal. Defendant may file a new motion that complies with Civil Local Rule 79-5. The new motion must indicate why the information is sealable, must be narrowly tailored to seal only sealable material (if any), and must describe what specific harm or prejudice will result if the exhibit is not sealed.

## CONCLUSION

For the foregoing reasons, Wal-Mart's administrative motion to seal is DENIED without prejudice to the parties' filing a new motion.

**IT IS SO ORDERED**.

Dated: July 20, 2016

_____
SUSAN ILLSTON
United States District Judge

3