UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGEWAY, et al., <br> Plaintiffs, <br> v. <br> WAL-MART STORES, INC., <br> Defendant. | Case No. 08-cv-05221-SI <br><br> **ORDER DENYING DEFENDANT'S MOTIONS TO STRIKE THE REPORTS AND OPINIONS OF PLAINTIFFS' EXPERTS** <br><br> Re: Dkt. Nos. 336, 360, 361, 365, 372 |

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") has filed a motion to strike plaintiffs' supplemental expert reports under Federal Rules of Civil Procedure 26 and 37. Dkt. No. 336. Wal-Mart has also moved to strike various other opinions and reports of plaintiffs' experts under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Dkt. Nos. 360, 361, 365, 372. This matter came on for hearing on September 9, 2016. Having carefully considered the papers filed and the arguments made, the Court hereby rules as follows.

**DISCUSSION**

**I. Defendant's motion to strike plaintiffs' supplemental reports of Dr. G. Michael Phillips and Edward T. Garcia**

Wal-Mart asks the Court to strike the supplemental reports of plaintiffs' experts Dr. G. Michael Phillips and Edward T. Garcia. Dkt. No. 336. Although Wal-Mart does not dispute that plaintiffs met the expert disclosure deadline of May 13, 2016, they urge the Court to strike the supplemental reports served on July 12, 2016, pursuant to Federal Rule of Civil Procedure 37.

The Court considered and rejected this argument in its August 30, 2016 Order denying

defendant's motion for summary judgment. *See* Dkt. No. 405 at 15-19. There, Wal-Mart moved for summary judgment, arguing that plaintiffs had failed to present evidence of individualized damages and asking that the Court strike the supplemental report of Dr. G. Michael Phillips because his computation of individualized damages came after the May 13 expert disclosure deadline. In ruling on Wal-Mart's motion, the Court construed the motion as a request for sanctions under Rule 37. Wal-Mart now makes this request explicit in its present motion.

The Court finds no reason to revisit the decision that it so recently made. As already explained, the Court finds that Wal-Mart has suffered no harm by the July 12, 2016, supplementation. Among other things, Wal-Mart had the opportunity to file a supplemental expert rebuttal report and to depose Dr. Phillips after receiving his supplemental report. Over plaintiffs' objections, the Court moved the trial date back by several weeks. This is not an instance where a new expert or an entirely new area of testimony is disclosed years after the close of discovery or with trial just weeks away. *See, e.g., Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-07 (9th Cir. 2001). The Court again DENIES Wal-Mart's motion to exclude Dr. Phillips's supplemental report under Rule 37. Because Wal-Mart seeks to exclude the supplemental report of Edward T. Garcia for its reliance on the supplemental report of Dr. Phillips, the Court DENIES the motion as to Mr. Garcia as well.

## II. Defendant's motions under *Daubert*

### A. Legal Standard

Federal Rule of Evidence 702 permits the introduction of expert testimony only if: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," (2) "the testimony is based on sufficient facts or data," (3) "the testimony is the product of reliable principles and methods," and (4) "the expert has reliably applied the principles and methods to the facts of the case." The proponent of the expert testimony has the burden of proving the proposed expert testimony is admissible. *Lust ex rel. Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). "Although the district court must perform a gatekeeping function, a trial court 'not only has broad latitude in determining

2

whether an expert's testimony is reliable, but also in deciding *how* to determine the testimony's reliability.'" *United States v. Gadson*, 763 F.3d 1189, 1202 (9th Cir. 2014) (citation omitted); *see also Daubert*, 509 U.S. at 597.

### B. Defendant's motion to strike the report and opinions of Dr. Michael H. Belzer

Wal-Mart moves to strike the report and opinions of Dr. Michael H. Belzer, whom plaintiffs present as a rebuttal expert regarding issues of preemption under the Federal Aviation Administration Authorization Act ("FAAAA"). Dkt. No. 360. Wal-Mart filed this motion prior to the Court's ruling that the FAAAA does not preempt California minimum wage law, as Wal-Mart had urged. *See* Dkt. No. 405 at 15.

The Court tends to agree with Wal-Mart that, given the contents of the report, as drafted, Dr. Belzer's testimony would not be admissible. His "report," which comes in the form of a declaration, reads like an opposition brief and improperly draws legal conclusions. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("an expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law") (citation omitted). Dr. Belzer states, for instance, that this Court "ruled in 2015 that Wal-Mart, like other California employers, is required to follow California law. . . . Judge Illston's ruling specifically *requires* Wal-Mart to pay for all tasks and rest breaks, as required by California law." Dkt. No. 362-1, Belzer Decl. ¶ 10. Dr. Belzer also asserts that certain arguments of Wal-Mart's expert are now moot in light of this Court's rulings. *Id.* ¶ 8. These are not appropriate conclusions for expert testimony.

Nevertheless, plaintiffs clarified at the hearing that they do not intend to introduce Dr. Belzer's testimony at trial, given that the Court has already ruled on the question of FAAAA preemption. The Court made its ruling without relying on Dr. Belzer's report. *See* Dkt. No. 405 at 9-15. Accordingly, the Court DENIES Wal-Mart's motion as moot.

### C. Defendant's motion to strike the report and opinions of V. Paul Herbert

Wal-Mart seeks to strike the report and opinions of V. Paul Herbert, a trucking expert

3

whom plaintiffs seek to have testify as to the typical amount of time that it would take a class member to complete the following tasks: pre- and post-trip inspections, fueling, and washing. Dkt. No. 361. Wal-Mart argues that Mr. Herbert's testimony should be excluded because his "conclusions are not based on any special knowledge or expertise connected to the facts of this case, and . . . are not based on a reliable methodology." *Id.* at 6.

The Court first concludes that Mr. Herbert's expertise in the trucking industry qualifies him to offer an opinion on the amount of time it would take a truck driver to complete various tasks as required by law, such as the completion of a Daily Vehicle Inspection Report. That Mr. Herbert was never employed by Wal-Mart, or never timed Wal-Mart truck drivers regarding how long it takes them to complete various tasks, does not render him unqualified to offer an opinion on the average length of time that it would take a truck driver to complete the tasks in question. Mr. Herbert's report explains, among other items, that "[t]here are exactly 100 lug nuts on a 5 axle vehicle combination" and that "a brake system air pressure loss test" is performed by "building up air pressure in the system then conducting air pressure loss tests with brakes applied and with brakes unapplied each time watching the air gauges for one complete minute." Dkt. No. 362-3, Herbert Report at 11-12. The report shows that Mr. Herbert is qualified "by knowledge, skill, experience, training, or education" to testify as to ". . . technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." *See* Fed. R. Evid. 702.[1]

Wal-Mart characterizes Mr. Herbert's report as "pure conjecture not derived from any methodology." Mot. at 9. Yet Mr. Herbert explains that his conclusions are based on his review of various materials specific to Wal-Mart and this case, his 35 years of employment in the trucking industry, and applicable laws, regulations, and industry standards. Herbert Report at 1-3. The Court finds that Wal-Mart's attacks do not render the report unreliable. Neither *Tyson Foods* nor

---

[1] This is quite a different situation from the case that defendant cited in its reply and at the hearing, *Aguilar v. Fed Ex Corp.*, No. B245197, 2013 WL 6824915, at *4 (Cal. Ct. App. Dec. 27, 2013). *See* Reply at 2. That unpublished case, not citable in State court, found no abuse of discretion in the trial court excluding Mr. Herbert's testimony from a personal injury case involving a van, where Mr. Herbert did not testify to having "any knowledge of vans in particular." *See Aguilar*, 2013 WL 6824915, at *4.

4

*Mt. Clemens* stands for the proposition that expert testimony is admissible only where it relies on representative sampling, as Wal-Mart seems to imply. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); Reply at 3. To the extent that Wal-Mart attacks Mr. Herbert's testimony as inapplicable to Wal-Mart's truck drivers, this can be the subject of cross-examination. The Court agrees with Wal-Mart that Mr. Herbert may not testify at trial as to legal conclusions, but it has no concerns with the report's statements that a certain amount of time is needed to comply with various legally required trucking tasks. *See* Mot. at 9 n.2. Wal-Mart's motion to strike Mr. Herbert's report is DENIED.

### D. Defendant's motion to strike the report and opinions of Dr. G. Michael Phillips

Wal-Mart moves to strike Dr. Phillips's report and opinions based on arguments that (1) "the methodology used for his damages model is incontrovertibly unreliable" and (2) neither his initial nor supplemental report "does anything to help the factfinder answer the key question of whether *time* spent on the tasks at issue is compensated." Mot. at 5-6.

The Court concludes that Wal-Mart's challenges go to the weight rather than the admissibility of Dr. Phillips's testimony. Dr. Phillips was retained "to estimate how much time private fleet drivers for Walmart spent performing various activities and then, under various assumptions, to estimate dollar equivalent values for such time and corresponding simple interest charges." Dkt. No. 366-2, Phillips Report at 2. In his initial report, Dr. Phillips provided estimates of the length of time that class members spent on tasks including layovers, pre- and post-trip inspections, rest breaks, and fueling. Dr. Phillips then calculated damages resulting from that time spent. He relied on the following information: the preliminary class list, the list of opt-outs, a questionnaire "to aid in the deposition questioning of Walmart private fleet drivers," deposition transcripts, paper records from Wal-Mart storage facilities, and Wal-Mart electronic data files. *Id.* at 4-6.

In his supplemental report, Dr. Phillips provided estimates of the length of time spent on the same tasks analyzed in his initial report. *Compare* Phillips Report at 19-20 *with* Dkt. No. 366-3, Phillips Supp. Report at 14. Dr. Phillips calculated damages resulting from that time spent and,

5

as defendant points out, included a break-down of damages estimate by individual class member. Phillips Supp. Report, App'x K. In addition to the data utilized in the initial report, the supplemental report relied on the following information that Dr. Phillips received after he issued his initial report: the remaining class member deposition transcripts, electronic payroll data for 10% of the class list, "GasBoy" data regarding fueling, DOT inspection information, and data for 42 class members who were not identified until June 2016. Phillips Supp. Report at 1-2; Dkt. No. 338, Phillips Decl. ¶¶ 5-9.

Wal-Mart primarily challenges Dr. Phillips as relying on a survey/questionnaire[2] that it says fails to conform to recognized scientific methods. Mot. at 6. The Court disagrees. First, Dr. Phillips explains in his report that he created the tool "to aid in the deposition questioning of Walmart private fleet drivers . . . ." Phillips Report at 4. "The questionnaires were initially filled out by the randomly selected deponents [roughly 40] which served as a basis for deposition inquiry." *Id.* Dr. Phillips then recorded and analyzed the deponents' responses based on their initial responses to the survey/questionnaire tool and any clarifications or modifications provided at deposition. *Id.* Thus, what Wal-Mart calls a "survey" was not a standalone survey as utilized in many of the cases that Wal-Mart cites in its brief, but rather was one of several methods used to reach time estimates for a small, randomly selected group of class members.

Additionally, as noted above, Dr. Phillips relied on a wide range of data, including Wal-Mart's own records, to reach his conclusions. The data included: electronic payroll data, hard copies of payroll documentation, GasBoy data, data of approximately 1200 DOT inspections, a driver log database, a trip detail database, and a GPS database. Phillips Report at 5-6; Phillips Supp. Report at 1, 5-6. These datasets provided at least some portion of the basis for Dr. Phillips's estimates regarding layovers, pre- and post-trip inspections, fueling, and CHP/DOT inspections. This is not a case in which an expert report "derived entirely from survey responses[.]" *See In re: Autozone, Inc.*, No. 10-md-2159-CRB, 2016 WL 4208200, at *17 (N.D. Cal. 10, 2016).[3]

---

[2] Wal-Mart characterizes this as a "survey," while plaintiffs object that it is a "questionnaire."

[3] At the hearing, Wal-Mart argued that Dr. Phillips's report must be stricken for not

6

Ultimately, Wal-Mart's arguments attack the weight of Dr. Phillips's report rather than its admissibility. "[T]echnical inadequacies in a survey, including the format of the questions or the manner in which it was taken, bear on the weight of the evidence, not its admissibility." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1036 (9th Cir. 2010) (citing *Keith v. Volpe*, 858 F.2d 467, 480 (9th Cir. 1988)) (internal quotation marks omitted).

Wal-Mart also makes much of what it asserts is a failure on Dr. Phillips's part to address whether the tasks for which he gives time estimates "were performed during paid or unpaid time." Mot. at 2. It argues that Dr. Phillips's report fails the "fit test"—that is, whether "the proposed expert testimony is 'relevant to the task at hand,' . . . i.e., that it logically advances a material aspect of the proposing party's case." *See Daubert v. Merrell Dow Pharms., Inc. ("Daubert II")*, 43 F.3d 1311, 1315 (9th Cir. 1995) (quoting *Daubert*, 509 U.S. at 591, 597).

This Court has issued an order agreeing with Wal-Mart that "class members may not recover for harm they did not suffer" and that "plaintiffs should be prepared to address this question and propose a solution as the case proceeds towards trial."[4] Dkt. No. 405 at 23. That Dr. Phillips himself does not purport to answer this question does not serve as a basis for striking his report. The "fit test" does not require an expert to provide all of the components of a party's case, and Dr. Phillips's calculations on the amount of time that it takes to complete various tasks, and the corresponding damages, "logically advances a material aspect of the proposing party's case." *See Daubert II*, 43 F.3d at 1315. Wal-Mart's challenges to Dr. Phillips's opinions on these matters can be the subject of cross-examination but they do not render Dr. Phillips's opinion unreliable. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596; *see also Primiano v. Cook,* 598 F.3d 558, 564

---

complying with a peer reviewed methodology, citing, in part, his failure to use a methodology for fueling estimates that Professor Belly has authored. Wal-Mart thus attacks Dr. Phillips's report as *too* dependent on data from this case (i.e., drivers' deposition testimony and Wal-Mart data), and not dependent enough on any estimates published in peer reviewed journals, while simultaneously attacking Mr. Herbert's report as not relying *enough* on data from this case.

[4] Plaintiffs stated at the hearing that they address this concern in the pretrial conference statement. The pretrial conference is set for September 20, 2016.

7

(9th Cir. 2010).

Wal-Mart's motion to strike the reports and opinions of Dr. Phillips is DENIED.

**E.  Defendant's motion to strike the reports and opinions of Edward T. Garcia and Sean Chasworth**

Finally, Wal-Mart seeks to strike the reports and opinions of Edward T. Garcia and Sean Chasworth, both of whom work with Dr. Phillips and whose reports are attached as appendices to Dr. Phillips's report.[5]  *See* Dkt. No. 372.

Wal-Mart's arguments against Mr. Garcia largely derive from complaints about Dr. Phillips—that Mr. Garcia did not independently verify Dr. Phillips's calculations before incorporating them into his own report and that Mr. Garcia's report fails to answer the same questions about what time was uncompensated.  *See* Mot. at 3, 7.  As to the former argument, the cases that Wal-Mart cites do not support striking Mr. Garcia's report.  *See York v. Starbucks Corp.*, No. 08-7919-GAF, 2011 WL 8199987, at *13-14 (C.D. Cal. Nov. 23, 2011) (expert relied on another company for the final pay dates in his report, while admitting he "knew nothing about the process for determining the final pay dates"); *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 420 F. Supp. 2d 1070, 1088-89 (N.D. Cal. 2006) (admitting expert testimony that relied on another expert's tests because "an expert is not required to testify only upon data the expert has personally gathered or tested" and opposing party could have subpoenaed the underlying expert but did not); *Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 630 (W.D. Wash. 2011) (excluding expert report that relied on data collected by another expert "for purposes of a different litigation, [and who] collected his underlying data approximately ten years ago"); Mot. at 3-4. Second, as addressed above, the Court will not strike Mr. Garcia's report because of an alleged failure to address which time was paid or unpaid.  To the extent that Mr. Garcia has included calculations of damages that class members are not actually owed, Wal-Mart will be able to draw that out on cross-examination and through the presentation of other evidence at trial.

---

[5] The Court notes that at the hearing the parties indicated that plaintiffs would shortly seek to dismiss their claims for waiting time penalties.  If that is so, then the portion of Mr. Garcia's report calculating waiting time penalties under California Labor Code Section 203 will no longer be at issue.

8

Additionally, Wal-Mart argues that "Mr. Garcia's calculations rely on assumptions and speculation . . . ." Mot. at 4. Wal-Mart points to several hotly contested disputes in this case, such as whether drivers spent any portion of layovers away from their trucks and whether class members are properly characterized as California drivers. That Mr. Garcia does not opine on these topics does not make his report unreliable. The Court has already ruled that Wal-Mart may defend itself on these topics by putting on testimony "whether [of] its own experts or individual class members, in an attempt to disprove the damages model that plaintiffs put forward" and—as to the issue of California drivers—through the use of claims forms. *See* Dkt. No. 405 at 28-29.

Regarding Sean Chasworth, Wal-Mart's arguments amount to an attack on the assumptions Mr. Chasworth used in sampling records rather than on the methodology itself. Wal-Mart attacks Mr. Chasworth for not being present when all of the physical collection of the samples took place, for not confirming that the collection process gathered the records he intended to gather, and for not verifying the sample's representativeness in the mode that Wal-Mart says he should have. *See* Mot. at 7-9. All of these concerns are ones that Wal-Mart can use to attack the weight of Mr. Chasworth's testimony at trial. *See Dorn v. Burlington N. Santa Fe. R.R. Co.*, 397 F.3d 1183, 1196 (9th Cir. 2005) ("'the reasonableness of the assumptions underlying the experts' . . . analysis, or criticisms of an expert's method of calculation are matters for the jury's consideration in weighing that evidence") (internal brackets and citation omitted).

Accordingly, Wal-Mart's motion to strike the reports and opinions of Mr. Garcia and Mr. Chasworth is DENIED.[6]

///

///

---

[6] The Court previously stated in its order denying defendant's motion to decertify the class that, "[s]hould the Court's ruling on [the] *Daubert* motions affect today's ruling on the motion to decertify, the Court will revisit this Order and modify it accordingly." Dkt. No. 405 at 25 n.10. Because the Court denies defendant's motions to strike the reports and opinions of plaintiffs' experts, the Court finds no reason to reconsider its prior order on the motion to decertify.

9

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Wal-Mart's motions to strike the reports and opinions of plaintiffs' experts. This resolves docket numbers 336, 360, 361, 365, and 372.

**IT IS SO ORDERED**.

Dated: September 12, 2016

_____
SUSAN ILLSTON
United States District Judge