UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGEWAY, et al., etc., <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>WAL-MART STORES, INC., <br><br>　　　　Defendant. | Case No.  08-cv-05221-SI <br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

　　　　On September 21, 2016, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning October 5, 2016. All parties were represented by counsel. The following matters were resolved:

　　　　**1.**　　**Trial schedule:**　The case has been set for trial beginning October 5, 2016. Plaintiffs have estimated that the trial should take about 12 days, and defendant estimates a somewhat longer time frame. At the pretrial conference, one of the counsel for Wal-Mart (Mr. Edelman) requested a continuance because of a state court trial in Fresno in which he will be engaged during most of October. Counsel for plaintiffs agreed to the continuance. Accordingly, the parties jointly agreed to continue this trial to begin October 31, 2016, with jury selection on Thursday, October 27, 2016; and further agreed that the case would conclude with argument on November 21, 2016, leaving the jury two days for deliberations prior to the Thanksgiving holiday. The Court does not hear trials on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate. Based on this schedule, each side shall have one hour for opening statements; each side shall have 29 hours total for presentation of evidence, which includes direct and cross-

examination and presentation of all exhibits; and each side shall have up to 1-1/2 hours for closing argument.

**2.     Number of jurors and challenges:**  There will be a jury of eight members. Each side shall have four peremptory challenges.

**3.     Voir dire:**  The Court will provide a written questionnaire to the jury panel, for its completion on the morning of October 27, 2016.  Voir dire will be conducted after the questionnaire has been completed.  The Court will conduct general voir dire, including various of the questions requested by counsel in their proposed additional voir dire filings.  Counsel for each side shall have up to 20 minutes total to question the panel.  The parties are directed to meet and confer concerning a neutral, non-argumentative statement of the case which can be read to the jury panel at the beginning of the voir dire process; this statement shall be provided to the Court **by Tuesday, October 25, 2016.**

**4.     Jury instructions:**  The Court received proposed jury instructions from the government and from defendant; substantial disagreements remain between the parties.  The parties are directed to meet and confer to resolve as many disputes as possible.  The parties are further directed to provide the Court **by Wednesday, October 5, 2016** a succinct statement of the fundamental disagreements in the substantive instructions, together with the (few) competing instructions reflecting those disagreements.  The Court will review same and undertake to inform counsel prior to trial which substantive instructions will be given.

**5.     Trial exhibits:**  No later than Wednesday, October 26, 2016, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses).

**6. Motions in limine:** The parties each filed motions in limine. Docket Nos. 408, 409. After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

**Plaintiffs' motion #1 to preclude evidence of the amount of compensation that any class member receives per year, per month, or per pay period:** DENIED without prejudice to raising specific objections at the time of trial.

**Plaintiffs' motion #2 to preclude any evidence regarding liability:** DENIED. The Court shall instruct the jury on the remaining issues of liability in light of the Court's prior rulings on plaintiffs' motions for partial summary judgment.

**Plaintiffs' motion #3 to preclude defendant from offering any evidence that class members "like their job with Wal-Mart" or "believe that they have been paid or compensated for all the work that they have performed":** DENIED as to testimony that class members like their jobs, without prejudice to objecting to specific testimony at trial. GRANTED as to testimony that class members believe they were paid for all work performed. The probative value of the latter evidence is substantially outweighed by the danger of confusing the issues and misleading the jury. *See* Fed. R. Evid. 403.

**Plaintiffs' motion #4 to preclude any witness offered by the defendant, other than those designated by the defendant as the "PMQ," from testifying as to any issues set forth in the PMQ deposition notice:** DENIED without prejudice to raising specific objections at the time of trial.

**Defendant's motion #1 to exclude testimony from Wal-Mart's Rule 30(b)(6) witnesses on topics for which the witness was not designated:** DENIED without prejudice to raising specific objections at the time of trial. The parties may propose a limiting instruction regarding whether such statements bind the defendant, should such an instruction be needed.

**Defendant's motion #2 to exclude all evidence or argument regarding prior Court orders:** DENIED without prejudice to raising specific objections at the time of trial. As noted above, the Court shall instruct the jury on the remaining issues of liability in light of the Court's prior rulings.

**Defendant's motion #3 to exclude evidence of damages and penalties that were not timely asserted:** GRANTED. Plaintiffs do not oppose this motion.

**Defendant's motion #4 to exclude references to evidence not included in plaintiffs' initial disclosures:** DENIED. The Court finds that plaintiffs timely disclosed their intent to pursue the unpaid paperwork/driver coordinator claim and that exclusion is not warranted under Federal Rule of Civil Procedure 37.

**7.    Other Matters:** As discussed at the pretrial conference, the parties are ORDERED to meet and confer regarding the status of the twenty-four class members who are in bankruptcy proceedings. The parties shall file a joint statement on this issue, with supporting authority, **no later than October 5, 2016**. Further, counsel shall promptly resolve the issue of dismissing the § 203 waiting time penalties, and **no later than October 5, 2016**, provide proposed class notice plan for the Court's review.

**IT IS SO ORDERED.**

Dated: September 21, 2016

_____
SUSAN ILLSTON
United States District Judge

4