UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGEWAY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES INC., <br><br> Defendant. | Case No. 08-cv-05221-SI <br><br> **ORDER RE: JURY INSTRUCTIONS** |

## BACKGROUND

On September 21, 2016, the Court held a pretrial conference and issued a final pretrial scheduling order. Docket No. 426. The order directed the parties "to meet and confer to resolve as many disputes as possible" regarding proposed jury instructions. The parties were "to provide the Court by Wednesday, October 5, 2016 a succinct statement of the fundamental disagreements in the substantive instructions, together with the (few) competing instructions reflecting those disagreements." *Id.* at 2. The Court further directed the parties "to meet and confer regarding the status of the twenty-four class members who are in bankruptcy proceedings. The parties shall file a joint statement on this issue, with supporting authority, no later than October 5, 2016." *Id.* at 4.

On October 5, 2016, plaintiffs filed a memorandum of issues related to jury instructions. Docket No. 431. The memorandum highlighted three main areas of dispute between the parties: (1) whether plaintiffs must prove liability at trial, in light of the Court's prior partial summary judgment orders; (2) how to instruct the jury regarding layovers; and (3) whether plaintiffs must prove that they did not receive minimum wage for each hour worked.

That same day, defendant Wal-Mart Stores, Inc. ("Wal-Mart") filed a statement regarding the parties' fundamental disagreements regarding jury instructions. Docket No. 433. Wal-Mart

discussed the same disagreements that plaintiffs cited, along with two additional issues: how plaintiffs must prove damages, and whether there is a private right of action for penalties under California Labor Code section 1197.1. Wal-Mart also argued that plaintiffs did not meet and confer in good faith following the Court's pretrial scheduling order and requested that the Court "order the parties to meet and confer on the remaining instructions at the courthouse with the aid of a court reporter in resolving these fundamental disputes." *Id.* at 2.

The parties also filed a joint statement with their respective positions as to those class members who may be or have been involved in bankruptcy proceedings. Docket No. 432.

The Court now issues this order to provide further guidance to the parties on the main areas in dispute, with the aim of assisting their efforts to submit a set of mutually agreeable jury instructions.

**DISCUSSION**

**I.      Issues Regarding Jury Instructions**

**A.      Liability**

At the pretrial conference, the Court made clear that it did not agree with plaintiffs' position that liability as to plaintiffs' minimum wage claims had been established in the May 2015 partial summary judgment order. *See* Docket No. 211. Accordingly, the Court denied plaintiffs' motion in limine #2 to preclude Wal-Mart from presenting any evidence as to liability. Docket No. 426 at 3. The Court also denied Wal-Mart's motion in limine #2 to preclude all evidence or argument regarding prior Court orders, stating that "the Court shall instruct the jury on the remaining issues of liability in light of the Court's prior rulings." *Id.* The Court also agreed to a longer trial schedule than the twelve days that the plaintiffs originally requested, in light of the fact that the Court disagreed with plaintiffs' position on liability. Despite the discussion on this topic at the pretrial conference and the absence of any objections at that time, plaintiffs now devote the majority of their recent memorandum on jury instructions toward attempting to change the Court's position on the issue of liability. *See* Docket No. 431.

The Court reiterates that it does not share plaintiffs' view that the Court's order granting in

1    part plaintiffs' motion for partial summary judgment, Docket No. 211, established liability in
2    plaintiffs' favor as to their minimum wage claims. The Court's reasoning in that order focused
3    entirely on Wal-Mart's pay policies "as articulated in Wal-Mart's Driver Pay Manuals . . . ." *See*
4    Docket No. 211 at 4. The Court acknowledges that some of the language in that order, in
5    characterizing the position of plaintiffs, may have created confusion on the question of liability.
6    *See id.* at 4, 15. However, the order repeatedly makes clear, and the reasoning of the order
7    supports, that the Court was ruling only as to whether "*the pay policies as detailed in the Manuals*
8    violate California wage law by failing to pay drivers at least minimum wage for all of the time
9    they work . . . ." *See id.* at 15 (emphasis added).

10   The Court's later orders consistently took the same position, that the partial summary
11   judgment order resolved only whether the pay policies were unlawful. *See, e.g.,* Docket Nos. 224
12   at 3 ("In its order, the Court specified that for the purposes of the motion for partial summary
13   judgment, plaintiffs sought a determination of whether the driver pay policies described in the
14   Driver Pay Manuals violate California minimum wage law."), 286 at 5 ("[P]laintiffs previously
15   sought adjudication that Wal-Mart's pay policies violate California's minimum wage law"). As
16   the Court noted in an April 2016 order, at the May 2015 hearing on plaintiffs' motion for partial
17   summary judgment, plaintiffs affirmed that they were "seeking, effectively, . . . a declaration that
18   the driver pay policy violates California law." *See* Docket No. 286 at 5 (citing Docket No. 205,
19   Tr. of Proceedings, May 1, 2015, at 2:15-19). Thus, it remains for plaintiffs to prove at trial that
20   the policies were implemented in practice. If the jury finds that Wal-Mart in fact applied the pay
21   policies to the class, then liability will be established.

22   Accordingly, the Court directs the parties to meet and confer on their proposed minimum
23   wage jury instructions, in light of the above.

25   **B.    Layovers**
26   The parties also dispute the Court's prior order regarding Wal-Mart's layover policy.
27   Plaintiffs seek clarification that class members may be entitled to compensation for layover time
28   even if not all of that time was spent strictly in the truck's sleeper berth. Wal-Mart seeks

3

clarification that liability on layovers has not been established and that Wal-Mart may introduce evidence that the layover policy was not implemented in practice.

The Court agrees with both parties on these two propositions. In its May 2015 order, the Court examined California's definition of "hours worked" and California case law to determine that Wal-Mart's pay policies on layovers caused drivers to be "restricted and directed to specific locations . . . ." Docket No. 211 at 14. Although "drivers may have been able to leave their trucks to eat a meal, shop, or exercise, . . . Wal-Mart exercised a high level of control over its drivers by specifying the location for a paid layover and prohibiting payment for layovers taken at the driver's residence without prior authorization." *Id.* Thus, plaintiffs are correct that the Court has already determined that Wal-Mart's layover policies "subjected drivers to Wal-Mart's control during layover periods," and that "the drivers must be paid *for all of the time they were subject to Wal-Mart's control.*" *See id.* (emphasis added).

As to Wal-Mart's present argument regarding layover practices, the Court has made clear, *see* I.A, *supra*, that liability will also require demonstration that the policies were implemented. Thus, Wal-Mart may seek to introduce evidence at trial that the layover policies were not implemented in practice.

### C.  Proof of failure to pay minimum wage for each hour worked

The parties are also in disagreement as to whether plaintiffs must prove that Wal-Mart failed to pay minimum wage as to each hour that class members worked. The Court has previously ruled that "activities that are not separately compensated (and are explicitly listed and recognized as unpaid activities) may not properly be built in or subsumed into the activity pay component of Wal-Mart's pay policies, under California law." Docket No. 211 at 11. In so ruling, the Court relied in part on *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314 (2005), which held that under California law an employer may not use the federal "model of averaging all hours worked 'in any work week' to compute an employer's minimum wage obligation . . . ." *See Armenta,* 135 Cal. App. 4th at 324. The Court also cited to *Cardenas v. McLane FoodServices, Inc.*, 796 F. Supp. 2d 1246 (C.D. Cal. 2011), which looked to *Armenta* and other sources to

conclude that "a piece-rate formula that does not compensate directly for all time worked does not comply with California Labor Codes, even if, averaged out, it would pay at least minimum wage for all hours worked." *See Cardenas*, 796 F. Supp. 2d at 1252.

Wal-Mart now takes the position that "Plaintiffs must prove that Wal-Mart drivers performed work during an hour in which that driver did not otherwise earn the minimum wage." Docket No. 433 at 5. As an example, Wal-Mart argues that "if a driver performed a pre-trip inspection [that was not separately compensated] during the first 10 minutes of an hour, and then drove at 50 miles per hour for the next 50 minutes, at a rate of $0.50 per mile (for a total of approximately 41 miles), there could be no [minimum wage] violation . . . ." *Id.* By this same reasoning, Wal-Mart argues that the uncompensated pre-trip inspection *could* constitute a minimum wage violation if it occurred in the following hour, if that following hour did not contain other activities that would bring the driver's pay up to minimum wage for that following hour. Wal-Mart's position is that plaintiffs must prove—for every hour in which a potential minimum wage violation occurred—that no other activity occurred within that same hour such that the plaintiff received minimum wage for that hour.

The Court disagrees with Wal-Mart's position, finding that it violates California's prohibition on "averaging" hours for minimum wage purposes as articulated in *Armenta*. Wal-Mart relies on a contorted reading of California law, that "'[t]he minimum wage standard applies to *each hour worked*' by an employee . . . ." Docket no. 433 at 7 (citing *Armenta*, 135 Cal. App. 4th at 324) (emphasis added by Wal-Mart). Wal-Mart's interpretation would mean that California minimum wage law applies to whole hours and only whole hours worked, but not to fractions of an hour. Yet California law defines "hours worked" not by the metric Wal-Mart proposes but as follows: "*the time* during which an employee is subject to the control of an employer, and includes *all the time* the employee is suffered or permitted to work, whether or not required to do so." Cal. Code Regs., tit. 8 § 11090, 2(G) (emphases added). What Wal-Mart argues for is essentially an "averaging" of hours on a small scale—across a given hour, rather than across a work week as was

at issue in *Armenta*.[1] This argument would lead to the anomalous result that the same uncompensated activity (for instance, a pre-trip inspection) may, or may not, constitute a minimum wage violation, depending on when during the workday it occurs.[2] This misstates California law.

### D. Proof of Damages

Wal-Mart also raises the question of who bears the burden of proving damages. Having examined the parties' competing jury instructions regarding damages, it appears that some of the differences may be resolved based on the Court's above guidance that liability has not yet been established in plaintiffs' favor (§ I.A, *supra*), and that activities that are not separately compensated (and are explicitly listed and recognized as unpaid activities) may not properly be built in or subsumed into the activity pay component of Wal-Mart's pay policies (§ I.C, *supra*). The Court therefore urges the parties to work toward agreement on a substantive jury instruction regarding damages. The burden of proving damages lies with plaintiffs, and thus it is inappropriate to instruct the jury that they "must calculate the unpaid wages according to the plaintiffs' estimates unless Wal-Mart proves these estimates are unreasonable." *See* Docket No. 433 at 25.

---

[1] The only on-point case that Wal-Mart cites in support, *Cole v. CRST, Inc.*, No. 08-1570-VAP, 2012 WL 4479237, at *7-8 (C.D. Cal. Sept. 27, 2012), differs from the circumstances of this case in that here the Court has already found that Wal-Mart did have a general policy of denying minimum wage to drivers. In *Cole*, the court granted the defendant's motion to decertify the class in part because the plaintiff had not made a showing that the defendant had a policy that was unlawful.

[2] Wal-Mart's interpretation also runs afoul of newly enacted California law, which Wal-Mart cites to in the form of an undated letter from the California Department of Industrial Relations. Docket No. 433 at 10 (citing Gorman Decl. Ex. B). Wal-Mart argues, it seems, that the new law demonstrates that before 2016 an employer could group uncompensated activity into an hour in which the employee otherwise made minimum wage. To the contrary, the cited letter explains that the new law was intended to clarify, not to change, California law regarding piece-rate compensation: "It was intended to make the rules for piece-rate compensation, for both employers and employees, clear going forward . . . ." The letter makes no distinction between unpaid work performed within an hour with other paid activity and unpaid work performed in the following hour. Rather, as the court found in *Armenta*, California law requires "that employers must compensate piece-rate workers separately from their piece-rate compensation for . . . time under the employer's control . . . that is not directly related to the activity being compensated on a piece-rate basis." *See* Gorman Decl. Ex. B at 3 (citing Cal. Labor Code § 226.2).

### E. Labor Code Section 1197.1 Penalties

Wal-Mart argues that the Court should not give a jury instruction on plaintiffs' claim for underpayment penalties under California Labor Code section 1197.1, arguing that this statute does not create a private right of action.

Labor Code section 1197.1 provides in part:

> (a) Any employer . . . who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:
>
> (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.
>
> (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

As an initial matter, the Court finds that Wal-Mart's recent filing regarding jury instructions is not the proper vehicle for seeking to dismiss one of the plaintiffs' claims for relief just weeks before trial. Wal-Mart filed extensive dispositive motions back on the dispositive motion deadline of July 8, 2016, but did not seek to dismiss this claim at that time. *See* Docket Nos. 321, 324, 325. In fact, Wal-Mart has not raised this concern during the lengthy history of this case, save for a footnote in its opposition brief to the class certification motion in 2014. *See* Docket No. 130 at 13 n.7.

Secondly, the Court cannot credit Wal-Mart's argument that there is no private right of action under this Labor Code section 1197.1. Nothing in the above text supports Wal-Mart's contention that the penalties, restitution, and damages provided for in the statute "are recoverable only by the Labor Commissioner . . . ." *See* Docket No. 433 at 13. Wal-Mart's position also ignores that the California Court of Appeal has affirmed an award of penalties under Labor Code section 1197.1 following trial in a minimum wage lawsuit. *See Brewer v. Premier Golf Props.*,

7

1  168 Cal. App. 4th 1243, 1250-51, 1257 (2008).  The directions to the Judicial Council of
2  California Civil Jury Instructions (CACI), No. 2701 also state that "[b]oth liquidated damages
3  (See Lab. Code, § 1194.2) and civil penalties (See Lab. Code, § 1197.1) may be awarded on a
4  claim for nonpayment of minimum wage."  The Court accordingly declines Wal-Mart's request
5  not to instruct the jury regarding plaintiffs' claims under Labor Code section 1197.1

## II.     Bankruptcy Proceedings

Finally, the Court has reviewed the parties' respective positions regarding the twenty-four absent class members who have filed bankruptcy petitions.  The Court disagrees with Wal-Mart's position that this is a matter of standing that must be addressed before trial.  Wal-Mart has not cited any authority as grounds for dismissing absent class members in the final weeks before trial based on the existence of a bankruptcy petition.  *See* Docket No. 432 at 1-2 (citing *Parra v. Bashas' Inc.*, 291 F.R.D. 360, 388 (D. Ariz. 2013) (finding that failure to disclose the litigation in a bankruptcy petition, and subsequent bankruptcy discharge, did not make the plaintiff an inadequate class representative); *Mayo v. USB Real Estate Sec., Inc.*, No. 08-568-CV-W-DGK, 2012 WL 4361571, at *4-5 (W.D. Mo. Sept. 21, 2012) (finding lack of predominance at class certification stage where 44% of proposed class members were involved in bankruptcy); *Gawry v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 942, 955-56 (N.D. Ohio 2009) (lack of predominance at class certification stage)).

The Court agrees with plaintiffs that this matter may be resolved after trial, during any claims phase, should the jury award plaintiffs damages.  Any recoveries from this case could be distributed in accordance with the status of the class member's bankruptcy proceeding.  As to those bankruptcy cases that have closed, the Court finds it appropriate to examine those instances on a case-by-case basis during the pendency of any claims distribution phase, if there is a distribution to make.

**III.     Other Matters**

    **A.     Verdict Form**

At the pretrial conference, the Court indicated that it would not give Wal-Mart's proposed verdict form to the jury. The Court therefore ORDERS the parties to meet and confer as to the proposed verdict form and to file a joint form with the Court by the deadline given below.

    **B.     Compliance with Local Rules and Standing Order**

The Court notes that plaintiffs' October 5, 2016 filing, Docket No. 431, did not comply with the Civil Local Rules or with this Court's Standing Order. Plaintiffs have repeatedly failed to comply with these rules throughout the course of this case. Plaintiffs are admonished to remember that: Civil Local Rule 5-1(e)(2) requires that documents filed electronically must be submitted in PDF format and "must be converted to PDF from the word processing original, not scanned, to permit text searches and to facilitate transmission and retrieval"; Civil Local Rule 5-1(e)(7) requires that parties "provide for chambers a paper copy of each document that is electronically filed"; and the Court's Standing Order requires that "courtesy copies must be three-hold punched at the left margin" and "must bear the ECF stamp . . . at the top of each page." The Court expects full compliance with the Local Rules and this Court's Standing Orders as this case proceeds to trial.

**CONCLUSION**

With the above guidance, the Court hereby ORDERS the parties to meet and confer in person in the attorney conference room adjacent to Courtroom 1 of 450 Golden Gate Avenue, San Francisco, California, **no later than October 21, 2016,** at 10:00 a.m., to discuss and reach agreement on as many substantive jury instructions as possible, as well as on the proposed verdict form. The parties shall determine a mutually agreeable date and time, and shall provide that information to the Court by sending an email to SIpo@cand.uscourts.gov **no later than October 19, 2016.** Either side may bring a court reporter to record the conference.

The parties shall then file **a new, full set of proposed jury instructions no later than**

1 **October 25, 2016.** This set shall be accompanied by a succinct joint statement of any remaining
2 fundamental disagreements, together with the (few) competing instructions reflecting those
3 disagreements. **All proposed instructions, whether joint or competing, shall contain citations**
4 **to legal authority** and be numbered for ease of reference.

5     The parties shall file a joint proposed verdict form **no later than October 25, 2016.**

7     **IT IS SO ORDERED**.

8 Dated: October 17, 2016

                                                          *Susan Illston*
                                        SUSAN ILLSTON
                                        United States District Judge