United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES RIDGEWAY, et al.,

Plaintiffs,

v.

WAL-MART STORES INC.,

Defendant.

Case No. 08-cv-05221-SI

**INTRODUCTORY JURY INSTRUCTIONS**

The following preliminary instructions will be read to the jury prior to counsels' opening statements.

Dated October 28, 2016

SUSAN ILLSTON
United States District Judge

**INTRODUCTORY INSTRUCTION NO. 1 — DUTY OF JURY**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**INTRODUCTORY INSTRUCTION NO. 2 — CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties and an overview of the case:

Plaintiffs in this case are nine former truck drivers for Wal-Mart Stores, Inc., which I will refer to as Wal-Mart. Those plaintiffs are Charles Ridgeway, Jaime Famoso, Joshua Harold, Richard Byers, Dan Thatcher, Willie Franklin, Tim Opitz, Farris Day, and Karl Merhoff.

In this case, these nine plaintiffs represent other Wal-Mart truck drivers, also called fleet drivers, in what is called a "class action." A class action is a lawsuit that has been brought by one or more people on behalf of a larger group of people. All of these people together are called a "class."

The class in this case is:

- All persons employed in California by Defendant in the position of Private Fleet Driver at any time from October 10, 2004 to October 15, 2015.

Plaintiffs argue that Wal-Mart did not pay its fleet drivers the minimum wage for all of the time they worked. Specifically, plaintiffs say that minimum wage was not paid for time worked while plaintiffs completed the following tasks: (i) pre-trip inspections; (ii) post-trip inspections; (iii) fueling the tractor; (iv) washing the tractor/trailer; (v) weighing the tractor/trailer; (vi) performing adjustments after weighing the tractor/trailer; (vii) undergoing Department of Transportation inspections; (viii) meeting with a driver coordinator; (ix) taking California state-mandated rest breaks; (x) 10-hour breaks mandated by the Department of Transportation (also called "layovers"); and (xi) certain time spent waiting at a vendor or at a store location.

The Court has previously found that Wal-Mart's driver pay manuals state that no pay is earned for certain tasks. Such a policy, if enforced, does not comply with California's minimum wage laws. What is stated in any pay plan or written policy does not itself establish whether someone was paid the minimum wage. Rather, plaintiffs must still prove that, in accordance with the pay policy, the class members in fact were not paid for certain tasks. Plaintiffs have the burden to prove their claims.

United States District Court
Northern District of California

In addition, plaintiffs contend that Wal-Mart did not pay class members the minimum wage for layovers.

Wal-Mart denies plaintiffs' claims. Wal-Mart contends that it paid its drivers at least the minimum wage for all of the time they worked. Wal-Mart also contends that plaintiffs cannot offer evidence sufficient to meet their burden of proving their claims or damages.

Wal-Mart also raises certain affirmative defenses. Wal-Mart has the burden to prove its affirmative defenses. If Wal-Mart proves one or more of its affirmative defenses, that means plaintiffs may not be entitled to some or all of the damages they seek.

**INTRODUCTORY INSTRUCTION NO. 3 — BURDEN OF PROOF**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

**INTRODUCTORY INSTRUCTION NO. 4 — WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

United States District Court
Northern District of California

United States District Court
Northern District of California

**INTRODUCTORY INSTRUCTION NO. 5 — WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INTRODUCTORY INSTRUCTION NO. 6 — EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

United States District Court
Northern District of California

**INTRODUCTORY INSTRUCTION NO. 7 — DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INTRODUCTORY INSTRUCTION NO. 8 — RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

United States District Court
Northern District of California

United States District Court
Northern District of California

**INTRODUCTORY INSTRUCTION NO. 9 — CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INTRODUCTORY INSTRUCTION NO. 10 — CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or other social media, including but not limited to Facebook, Twitter, Instagram, or any other social media website or app. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify

the court immediately.

United States District Court
Northern District of California

**INTRODUCTORY INSTRUCTION NO. 11 — NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

United States District Court
Northern District of California

**INTRODUCTORY INSTRUCTION NO. 12 — TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

United States District Court
Northern District of California

**INTRODUCTORY INSTRUCTION NO. 13 — BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

United States District Court
Northern District of California

**INTRODUCTORY INSTRUCTION NO. 14 — OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiffs will then present evidence, and counsel for Wal-Mart may cross-examine. Then Wal-Mart may present evidence, and counsel for Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.