**GIBSON, DUNN & CRUTCHER LLP**
SCOTT A. EDELMAN, SBN 116927
sedelman@gibsondunn.com
CATHERINE A. CONWAY, SBN 98366
cconway@gibsondunn.com
JESSE A. CRIPPS, SBN 222285
jcripps@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

**GIBSON, DUNN & CRUTCHER LLP**
MICHAEL LI-MING WONG, SBN 194130
mwong@gibsondunn.com
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant
WAL-MART STORES, INC.

[*Additional Counsel Listed on Signature Page*]

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PC**
JAMES H. HANSON (admitted *pro hac vice*)
jhanson@scopelitis.com
10 West Market Street, Suite 1500
Indianapolis, IN 46204
Telephone: 317.492.9205
Facsimile: 317.687.2414

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PC**
ADAM C. SMEDSTAD, SBN 303591
asmedstad@scopelitis.com
30 West Monroe Street, Suite 600
Chicago, IL 60603
Telephone: 312.255.7200
Facsimile: 312.422.1224

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGEWAY, JAIME FAMOSO, JOSHUA HAROLD, RICHARD BYERS, DAN THATCHER, WILLIE FRANKLIN, TIM OPITZ, FARRIS DAY, AND KARL MERHOFF,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation dba WAL-MART TRANSPORTATION LLC, and Does 1-50,<br><br>Defendants.<br><br>[Previously captioned as *Bryan et al. v. Wal-Mart Stores, Inc.*] | CASE NO. 3:08-cv-05221-SI<br><br>**CLASS ACTION**<br><br>**WAL-MART STORES, INC.'S RESPONSE TO PLAINTIFFS' TRIAL BRIEF** |

## I. INTRODUCTION

Two months ago, this Court reminded Plaintiffs that they "need to present a plan for manageably trying this case." ECF No. 405 at 26. Plaintiffs still have not done so. Instead, on Saturday October 29, 2016—less than 48 hours before opening statements and *after* jury selection—Plaintiffs submitted a "trial brief" addressing two matters relating to *post*-trial relief: restitution under California Business and Professions Code Section 17200 ("UCL") and liquidated damages pursuant to California Labor Code Section 1194.2. None of this Court's orders call for the brief Plaintiffs filed, and Plaintiffs did not discuss the issues addressed or otherwise meet and confer with Wal-Mart before filing the brief. Regardless, it is baffling why Plaintiffs would submit a brief addressing these post-trial matters now, in light of the fact that, in order to properly address them, the Court must look to and enter an order consistent with the jury's verdict. The time for consideration of the questions raised in Plaintiffs' brief, and the context in which those issues should be addressed, is after a trial, with the benefit of a full record. Until that time, the issues are hypothetical at best, and may, at end, be mooted altogether. Moreover, Plaintiffs' brief is not only premature but improper. It sets forth new theories that Plaintiffs have never before argued and which find no support in the case law. In short, Plaintiffs' submission is improper, unauthorized, and premature.

Wal-Mart respectfully requests that the Court order the parties to brief post-trial issues on a mutually agreeable schedule at the appropriate time—after trial—so that the parties and Court may take into account the record adduced at trial and the jury's verdict. In the meantime, for the convenience of the Court, Wal-Mart briefly responds to the issues Plaintiffs identified.

## II. DISCUSSION

Plaintiffs' brief addresses two issues: (i) Plaintiffs' UCL claim and (ii) Plaintiffs' request for liquidated damages. Because both must be resolved after the jury reaches its verdict, and should be decided on a full record, the Court need not grapple with Plaintiffs' inaccurate description of the governing law nor its premature and confusingly formulated requests.

### A. Plaintiffs Must Prove Liability Under the Labor Code To Obtain Unpaid Wages Under the UCL

Plaintiffs argue that *even if* they fail to prove liability on their Labor Code claims at trial, this Court should enter an award of an arbitrary amount of unpaid wages that the "Court deems just"

pursuant to Plaintiffs' UCL claim. This request is simultaneously unconstitutional and procedurally improper. Even were this not forbidden under our Constitution—and it is—its timing would be premature. *See* U.S. Const. amend. V, VII.

As a general matter, a California UCL claim is an equitable claim for restitution. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) ("A UCL action is equitable in nature"). More specifically, Plaintiffs have repeatedly and consistently represented to this Court that *their* UCL claim is coextensive with, "precisely … the same" as, and subject to the "same" analysis as, their legal claim for a minimum wage violation under the Labor Code. *See*, *e.g.*, ECF No. 255-1 [Plts.' Second Motion for Partial Summary Judgment] at 4 ("Plaintiffs' cause of action under Business and Professions Code section 17200 is based precisely on the same practice and is subject to the same legal analysis as the cause of action for failure to pay minimum wages for all hours worked."). While Plaintiffs now contend, *for the first time*, that their UCL claim is "not necessarily identical" to their minimum wage claim (ECF No. 457 at 7), a new theory untimely sprung, there can be no question that the two claims here involve overlapping, coextensive facts and questions, including most fundamentally whether and to what extent Wal-Mart's did or did not pay the class members the minimum wage.[1]

That means, of course, that Plaintiffs' request that this Court make an end-run around the jury trial on their equitable claims must be denied. Where, as here, "there are issues common to both the equitable and legal claims, the legal claims involved in this action *must* be determined *prior* to any final court determination of [the] equitable claims" to preserve the Seventh Amendment "right to trial by jury of all legal claims." *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir.

---

[1] Plaintiffs also assert, for the first time, that their UCL claim is not based on a violation of the minimum wage statute, but is instead based on a violation of the "unfair" prong of the UCL, which simply does not apply here. ECF. No. 457 at 3 ("It is not necessary to have a violation of some other law to establish a UCL violation"). They should not be given leave to reframe their claims at so late a date. *Cf.* Fed. R. Civ. P. 37. Moreover, Plaintiffs' new theory is fundamentally flawed and the cited authority is completely inapposite. In *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881 (1998), plaintiff obtained a declaratory judgment that his non-compete contract was unenforceable under the UCL and other California statutes. The court was not asked to award any unpaid wages, restitution, or any other monetary award. Indeed, no court has ever awarded unpaid wages under the UCL absent an adjudicated minimum wage claim. In any event, this question, along with Plaintiffs' request for prejudgment interest, can also be resolved after trial.

1989) (internal quotation marks and citations omitted) (emphasis added). Indeed, the Northern District of California has specifically and repeatedly found that, in deciding a UCL claim, a court must "follow the jury's implicit or explicit factual determinations." *Netlist, Inc. v. Diablo Techs., Inc.*, No. 13-cv-5962, 2015 WL 1887261, at *3 (N.D. Cal. Apr. 24, 2015) (internal quotation marks and citations omitted); *Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 988, 1023 (N.D. Cal. 2009) (noting that "[b]ecause of the substantial factual overlap between the claims tried to the jury and the Manufacturers' equitable claims and defenses, the court therefore adopts the findings of the jury"); *Apodaca v. Costco Wholesale Corp.*, 2014 WL 2533427, No. CV12-5664, at *6-7 (C.D. Cal. June 5, 2014) (barring plaintiff from relitigating Labor Code claims as UCL claims where a "vast majority of the evidence" was already presented to the jury, some of the evidence referred to conduct within the four-year statute of limitations, and the jury found in the defendant's favor as to liability, which was not limited on any temporal basis); *Villalpando v. Exel Direct, Inc.*, 161 F. Supp. 3d 873, 890 (N.D. Cal. 2016) ("the UCL claim is to be tried to the Court after the jury trial has concluded").[2]

Thus, Plaintiffs are incorrect that it would be "appropriate" for the Court to award restitution if the Court concludes that "the jury's award of damages" does not "adequately redress[]" them. ECF No. 457 at 7. To the contrary, such an award would constitute a textbook violation of the Seventh Amendment. *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) ("in a case where legal claims are tried by a jury and equitable claims are tried by a judge, and the claims are based on the same facts, in deciding the equitable claims the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations'") (internal quotation marks and citations omitted); *Floyd v. Laws*, 929 F.2d 1390, 1397 (9th Cir. 1991) ("it would be a violation of the [S]eventh [A]mendment right to jury trial for the court to disregard a jury's finding of fact"); *Allen v. Hylands, Inc.*, No. CV 12-1150, 2016 WL 4402794, at *4 (C.D. Cal. Aug. 16, 2016) ("Inasmuch as Plaintiffs' . . . UCL claims are based on the same underlying facts as the legal claims decided by the jury, it follows from the jury's implicit determination on the legal claims that Plaintiffs also failed to

---

[2] Plaintiffs' brief anticipates that Plaintiffs will *not* prevail at trial insofar as the brief asks the Court for relief that the jury declined to award. For example, Plaintiffs appear to concede that the evidence will show that some drivers "did leave the truck without first obtaining permission" during 10-hour mandated DOT breaks, contrary to Plaintiffs' claims. ECF. No. 457 at 5.

meet their burden of establishing [the UCL claim]"); *Tu Thien The, Inc. v. Tu Thien Telecom, Inc.*, No. CV 11-09899-MWF, 2014 WL 3893617, at *3 (C.D. Cal. Aug. 11, 2014) (adopting jury's findings in determining UCL cause of action and declining to award any further relief because remedies were "redundant" to remedies awarded on legal claims).

Given those constitutional constraints, it is premature for this Court to consider, much less grant, the relief Plaintiffs seek.

### B. Plaintiffs' Discussion of Liquidated Damages Is Misleading and Premature

Plaintiffs' brief also addresses liquidated damages under California Labor Code section 1194.2. The parties agree—and the statute and case law make crystal clear—that whether liquidated damages are appropriate in this case is a decision to be made by the Court *after* trial. Thus, there is no need to address liquidated damages at this stage. Nevertheless, Wal-Mart briefly responds to Plaintiffs' inaccurate description of the governing law.

#### 1. The Court Must Decide Whether Liquidated Damages Are Available After Trial

The liquidated damages statute provides that the court may award liquidated damages "in an amount equal the wages unlawfully unpaid." Cal. Labor Code § 1194.2(a). Thus, any award of liquidated damages depends entirely on the jury's finding of whether, and to what extent, if any, the class did not receive all wages owed. *See A-Ju Tours, Inc. v. Ok Song Chang*, No. B230858, 2013 WL 4562308, at *3 (Cal. Ct. App. Aug. 28, 2013) (trial court set post-trial briefing schedule and held post-trial hearing on liquidated damages; court awarded one-half of requested amount of liquidated damages because defendant acted in good faith "to some extent"; liquidated damages award vacated on appeal because there was no substantial evidence supporting jury's finding of underlying minimum wage violation). The Court must therefore wait until the jury reaches its verdict before deciding whether to award liquidated damages. *See Sanders v. City of Newport*, 657 F.3d 772, 783 (9th Cir. 2011) ("[W]here legal claims tried by the jury and equitable claims tried by the court are based on the same set of facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.") (internal quotation marks and citations omitted). And, if the jury determines

that Plaintiffs failed to meet their burden of proving they are owed unpaid wages, then the Court need not address liquidated damages at all.

Further, even *if* Plaintiffs prove at trial that some wages were unpaid (and Wal-Mart submits Plaintiffs will not), Wal-Mart will demonstrate that no liquidated damages are appropriate because Wal-Mart acted in good faith and reasonably believed that it acted consistent with all minimum wage laws. *See* Cal. Labor Code § 1194.2 (b) ("[I]f the employer demonstrates to the satisfaction of the court . . . that the act or omission giving rise to the action was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of any provision of the Labor Code relating to minimum wage . . . the court . . . may, as a matter of discretion, refuse to award liquidated damages"). Indeed, as Wal-Mart will explain post-trial, the law governing payment for piece-rate and activity-based compensation systems in California is complex and the law is uncertain; as a result, the Legislature saw fit to enact AB 1513 to "provide clear guidance" regarding an "historically vexing" area of employee compensation. *See* Legislative History for AB 1513 (Summary of Assembly Committee on Labor and Employment Hearing); *see also id.* Industry Analysis of AB 1513 ("AB 1513 was passed in response to *Bluford* and *Gonzalez* to try to provide employers with greater certainty"). Indeed, so uncertain was the law, in the Legislature's view, that the statute itself includes a "safe harbor" provision for employers from claims resulting from recent California appellate decisions addressing piece-rate compensation. *See* Cal. Labor Code § 226.2(b). If there was ever a case involving good faith, this is it.

### 2.  Plaintiffs' UCL Claim Does Not Permit a Penalties Award

Plaintiffs suggest that the Court may award liquidated damages pursuant to the UCL claim *even if* they do not prevail on their minimum wage claim. Plaintiffs are wrong. Remedies under the UCL are limited to injunctive relief and restitution. *Korea Supply*, 29 Cal. 4th at 1144. Neither penalties nor damages are "properly considered restitution and cannot be claimed "under the UCL because employees have no ownership interest in the funds." *Pineda v. Bank of Am.*, 50 Cal. 4th 1389, 1393 (2010); *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 173 (2000) (damages not available under UCL); *see also Brown v. Am. Airlines, Inc.*, 285 F.R.D. 546, 552 (C.D. Cal. 2011) ("penalties under the Labor Code are not recoverable through a UCL claim"); *Noe v. Superior Court*,

237 Cal. App. 4th 316, 326 (2015) ("Labor Code penalties are generally not recoverable as a form of UCL restitution."). And liquidated damages are considered "penalties" under the Labor Code. *See Martinez v. Combs*, 49 Cal. 4th 35, 48 n.8 (2010) (claims for liquidated damages under § 1194.2 seek "in effect a penalty"); *Denton v. G4S Secure Solutions (USA), Inc.*, No. 2:14-cv-01697-KJM-CKD, 2015 WL 2185293, at *4 (E.D. Cal. May 8, 2015) ("Claims for liquidated damages under § 1194.2 seek in effect a penalty and are therefore subject to the one-year statute of limitations.") (internal quotation marks and citations omitted). Thus, Plaintiffs cannot recover liquidated damages unless they prove their minimum wage claim.

### 3. Wal-Mart Will Prove Its Good Faith Defense to Plaintiffs' Request for Underpayment Penalties at Trial

To be clear, although the question of liquidated damages under Section 1194.2 will be resolved *after* trial, the question of whether Plaintiffs are entitled to underpayment penalties under Section 1197.1 is to be decided by the jury. The parties agree that underpayment penalties should be submitted to the jury and have submitted competing jury instructions. *See* ECF No. 449-1 at 71, 73. And in other cases involving underpayment penalties, courts send the questions of intent and number of pay periods to the jury and calculate the amount of underpayment penalties after trial based on those findings (*see, e.g.*, *Brewer v. Premier Golf Properties*, 168 Cal. App. 4th 1243, 1251 n.6 (2008)), as Wal-Mart has proposed here (*see* ECF No. 449-1 at 71; ECF No. 450).

And because Plaintiffs must prove that Wal-Mart *intentionally* withheld wages to obtain underpayment penalties, the parties *also* agree that "good faith" is a defense to that intentionality claim. *See* ECF 449-1 at 71; *see also, e.g.*, *In re Taco Bell Wage & Hour Actions*, Case No. 1:07-01314-SAB, 2016 WL 4059270, at No. 36 (E.D. Cal. Mar. 9, 2016) ("the term 'willfully' means the employer intentionally failed or refused to pay the wages"). It is widely recognized that "an employer's reasonable, good faith belief that wages are not owed may negate a finding of willfulness." *Choate v. Celite Corp.*, 215 Cal. App. 4th 1460, 1468 (2013). Thus, Wal-Mart will prove its good faith at trial as part of its defense of Plaintiffs' claim for underpayment penalties.

### III.     CONCLUSION

Plaintiffs' trial brief is improper, misleading, inaccurate, and premature.  Wal-Mart respectfully requests that the Court allow the parties an opportunity to address post-trial matters after trial.

Dated: October 31, 2016           Respectfully submitted,

                                                       GIBSON, DUNN & CRUTCHER LLP


                                                       By:  /s/            *Scott Edelman*
                                                                    Scott Edelman

                                                       Attorney for Defendant WAL-MART STORES, INC.