UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGEWAY, ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WAL-MART STORES INC.,<br><br>    Defendant. | Case No. 08-cv-05221-SI<br><br>**JURY INSTRUCTION - RESPONSE TO JURY QUESTION RE: CONTROL** |

There is no clear definition of "control" in the California Labor Code. The cases from the California courts have stated that the level of the employer's control over its employees, rather than the mere fact that the employer requires the employee's activity, is determinative. To determine if a driver was subject to Wal-Mart's control during the layover, you must determine whether the driver was able to use that time effectively for his or her own purposes.

I will give you two examples from other cases. These involve different factual situations, and may be helpful as guidance only.

When an employer directs, commands or restrains an employee from leaving the work place during his or her lunch hour, and thus prevents the employee from using the time effectively for his or her own purposes, the employee remains subject to the employer's control.

When agricultural worker employees were required by their employer to meet at designated places to take the employer's buses to work and were prohibited from taking their own transportation, the employees were subject to the control of their employer, although they could read on the bus or perform other personal activities.