UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES RIDGEWAY, et al.,

        Plaintiffs,

     v.

WAL-MART STORES INC.,

        Defendant.

Case No.  08-cv-05221-SI

**JURY INSTRUCTIONS (FINAL)**

**JURY INSTRUCTION NO. 1 — DUTY OF JURY**

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 2 — BURDEN OF PROOF**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 3 — WHAT IS EVIDENCE**

The evidence you are to consider in deciding whether plaintiffs met their burden includes:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I may instruct you to accept as proved.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 4 — WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

3. Testimony that is excluded or stricken during the trial, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you have seen or heard when the Court is not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 5 — DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**JURY INSTRUCTION NO. 6 — DEPOSITION TESTIMONY**

You have heard deposition testimony throughout this trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial or it may be used for impeachment purposes. You should consider deposition testimony, insofar as possible, in the same way as if it were given from the witness stand.

It is typical for depositions to last several hours and for only small portions of the testimony to be used at trial.

**JURY INSTRUCTION NO. 7 — CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case, if any;

5.  the witness's bias or prejudice, if any;

6.  whether other evidence contradicted the witness's testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence; and

8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

**JURY INSTRUCTION NO. 8 — OPINION TESTIMONY**

2      Some witnesses, because of education or experience, are permitted to state opinions and

3 the reasons for those opinions.

4      Opinion testimony should be judged just like any other testimony. You may accept it or

5 reject it, and give it as much weight as you think it deserves, considering the witness's education

6 and experience, the reasons given for the opinion, and all the other evidence in the case.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 9 — CHARTS AND SUMMARIES**

**NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**JURY INSTRUCTION NO. 10 — CHARTS AND SUMMARIES**

**RECEIVED IN EVIDENCE**

Certain charts and summaries were received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 11 — CORPORATIONS AND PARTNERSHIPS –**

**FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any other party.

**JURY INSTRUCTION NO. 12 — CLASS ACTION**

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." The class representatives who bring this action are: Charles Ridgeway, Jaime Famoso, Joshua Harold, Richard Byers, Dan Thatcher, Willie Franklin, Tim Opitz, Farris Day, and Karl Merhoff.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class testified. If you find it appropriate, you may apply the evidence at this trial to all class members. All members of the class will be bound by the result of this trial. The fact that this case is proceeding as a class action does not mean any decision has been made about what your verdict should be.

In this case, the class consists of the following: All persons employed in California by Defendant in the position of Private Fleet Driver at any time from October 10, 2004 to October 15, 2015.

You have heard evidence in this case concerning the time period October 10, 2004 to October 15, 2015. However, the determinations you are to make as jurors concern only the time from October 10, 2005 to October 15, 2015. You are not to consider any evidence from the October 10, 2004 to October 10, 2005 time period.

1

**JURY INSTRUCTION NO. 13 — MINIMUM WAGE CLAIM – ELEMENTS**

2        Plaintiffs claim that Wal-Mart owes them the difference between the wages paid by Wal-

3  Mart and the wages plaintiffs should have been paid according to the minimum wage rate required

4  by state law.

5        To establish this claim, plaintiffs must prove all of the following:

6    1.   That plaintiffs performed work for Wal-Mart;

7    2.   That plaintiffs were paid less than the minimum wage by Wal-Mart for some or all

8          hours worked; and

9    3.   The amount of wages owed.

10        The minimum wage for labor performed from January 1, 2004, through December 31,

11  2006, was $6.75 per hour.

12        The minimum wage for labor performed from January 1, 2007, through December 31,

13  2007, was $7.50 per hour.

14        The minimum wage for labor performed from January 1, 2008, through June 30, 2014, was

15  $8.00 per hour.

16        The minimum wage for labor performed from July 1, 2014, through December 31, 2015,

17  was $9.00 per hour.

18        An employee is entitled to be paid the legal minimum wage rate even if he or she agrees to

19  work for a lower wage.

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

14

**JURY INSTRUCTION NO. 14 — MINIMUM WAGE CLAIM – ELEMENT 1**

The time period that you are to consider in this case is October 10, 2005 to October 15, 2015.  Any work performed outside of this period is not issue, and you are not to consider that work in reaching your verdict.

Plaintiffs argue that Wal-Mart did not pay its fleet drivers the minimum wage for all of the time they worked. Specifically, plaintiffs say that minimum wage was not paid for time worked while plaintiffs completed the following tasks: (i) pre-trip inspections; (ii) post-trip inspections; (iii) fueling the tractor; (iv) washing the tractor/trailer; (v) weighing the tractor/trailer at an independent weigh station; (vi) performing adjustments after weighing the tractor/trailer at an independent weigh station; (vii) undergoing Department of Transportation inspections; (viii) meeting with a driver coordinator; (ix) taking California state-mandated rest breaks; (x) 10-hour breaks mandated by the Department of Transportation (also called "layovers"); and (xi) certain time spent waiting at a vender or at a store location.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 15 — MINIMUM WAGE CLAIM – ELEMENT 2**

"Wages" includes all amounts for labor performed by an employee, whether the amount is calculated by time, task, piece, commission, or some other method.  The rate of the minimum wage is set forth in Instruction No. 13.

The Court has previously found that Wal-Mart's 2008 driver pay manual states that no pay is earned for certain tasks.  Such a policy, if enforced or applied, does not comply with California's minimum wage laws.  A policy that does not compensate directly for all time worked does not comply with California Labor Codes, even if, averaged out, it would pay at least minimum wage for all hours worked.  Therefore, if Wal-Mart applied the policy as it is stated in the driver pay manual, such that no pay was earned for certain tasks, then it did not comply with California's minimum wage law.  Wal-Mart may, however, pay drivers for certain tasks through activity codes that include those tasks.

What is stated in any pay plan or written policy does not itself establish whether someone was paid the minimum wage.  Rather, plaintiffs must still prove that, in accordance with the pay policy, the class members in fact were not paid for certain tasks.  Plaintiffs have the burden to prove their claims.

**JURY INSTRUCTION NO. 16 — MINIMUM WAGE CLAIM – ELEMENT 2 – LAYOVERS**

Plaintiffs claim that Wal-Mart owes them unpaid wages for time spent during 10-hour "layovers" at the end of a shift.  Plaintiffs claim that Wal-Mart owes them the difference between the layover fee paid by Wal-Mart and the wages that plaintiffs claim should have been paid according to the minimum wage rate required by state law.

Under California law, employers must pay employees at least the minimum wage per hour for all hours worked.  "Hours worked" is defined as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  The level of the employer's control over its employees, rather than the mere fact that the employer requires the employee's activity, is determinative.

The Court has previously found that the policies stated in Wal-Mart's driver pay manuals subjected drivers to Wal-Mart's control during layover periods.  Under California law, the drivers must be paid for all of the time that they were subject to Wal-Mart's control.  Therefore, if plaintiffs prove by a preponderance of the evidence that Wal-Mart applied the policy as it is stated in the driver pay manuals, then plaintiffs are entitled to the amount of additional pay that will bring Wal-Mart's payment for each 10-hour layover up to the amount of the minimum wage that was applicable at that time.

You must limit your calculations to wages for layovers that occurred during the period beginning on October 10, 2005 and ending on October 15, 2015.

**JURY INSTRUCTION NO. 17 — MINIMUM WAGE CLAIM – ELEMENT 2 –**

**REST BREAKS**

Under California law, Wal-Mart must authorize and permit drivers to take one paid 10-minute rest break for every four hours worked or major fraction thereof.  Employees are not required to take rest breaks.  Wal-Mart authorizes class members to take rest breaks.

Wal-Mart's driver pay manuals do not separately specify pay for rest breaks.  If you find that class members took rest breaks, and that Wal-Mart applied the policy as it is stated in the driver pay manuals, such that minimum wage was not earned for rest breaks, then plaintiffs are entitled to recovery of wages for each 10-minute rest break at the rate of the minimum wage that was applicable at that time.

You must limit your calculations to wages for rest breaks that occurred during the period beginning on October 10, 2005 and ending on October 15, 2015.

**JURY INSTRUCTION NO. 18 — MINIMUM WAGE CLAIM – ELEMENT 2 – OVERTIME NOT AT ISSUE**

Overtime is not at issue in this class action.  Thus, in deciding whether the class members were paid the minimum wage, you are not to consider overtime.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 19 — DAMAGES – PROOF**

2      It is the duty of the Court to instruct you about the measure of damages.  By instructing

3 you on damages, the Court does not mean to suggest for which party your verdict should be

4 rendered.

5      If you find for the plaintiffs on the plaintiffs' minimum wage claim, you must determine

6 the plaintiffs' damages.  The plaintiffs have the burden of proving damages by a preponderance of

7 the evidence.  Damages means the amount of money that will reasonably and fairly compensate

8 the plaintiffs for any injury you find was caused by Wal-Mart, in accordance with these

9 instructions.

10      It is for you to determine what damages, if any, have been proved.

11      Your award must be based upon evidence and not upon speculation, guesswork or

12 conjecture.

13      In instances where Wal-Mart did not maintain records of the number of times certain work

14 duties were performed or the amount of time it took class members to perform those duties, the

15 plaintiffs can satisfy their burden of proof if they produce sufficient evidence to show the amount

16 and extent of that work as a matter of just and reasonable inference.  Wal-Mart may dispute the

17 reasonableness of the inference to be drawn from the plaintiffs' evidence.

18      There is a space on the verdict form for you to enter this number for each task at issue.

19      In determining the amount of unpaid wages, you may not include or add to the amount for

20 the purpose of punishing Wal-Mart.

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 20 — CIVIL PENALTY**

If you decide that plaintiffs have proved their minimum wage claim against Wal-Mart, then plaintiffs may be entitled to receive an award of a civil penalty based on the number of pay periods Wal-Mart failed to pay the minimum wage.

To recover the civil penalty, plaintiffs must prove that Wal-Mart intentionally failed to pay wages owed to class members in a pay period from October 10, 2007 to October 15, 2015. This time period is shorter than the Class Period; it does not include the years October 10, 2004 to October 9, 2007.

You will not be asked to calculate the amount of any civil penalty to be awarded, nor should the civil penalty factor into your calculation of damages, should you award damages. Rather, you will be asked to determine (1) whether Wal-Mart acted intentionally and (2) for how many pay periods plaintiffs were underpaid, in order to assist the Court in calculating any civil penalties.

A party acts "intentionally" when the party acts willfully or with a conscious objective to engage in particular conduct.

A "good faith dispute" exists where an employer presents a defense based in law or fact that would, if successful, preclude any recovery by the employees. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute existed.

Where a "good faith dispute" exists, an employer has not "intentionally" failed to pay wages.

**JURY INSTRUCTION NO. 21 — DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 22 — CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or social media application, including but not limited to Facebook, Twitter, Instagram, or any other social media website or app.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the Court immediately.

United States District Court
Northern District of California

23

1

**JURY INSTRUCTION NO. 23 —  COMMUNICATION WITH COURT**

2      If it becomes necessary during your deliberations to communicate with me, you may send

3   a note through the clerk, signed by any one or more of you.  No member of the jury should ever

4   attempt to communicate with me except by a signed writing.  I will not communicate with any

5   member of the jury on anything concerning the case except in writing or here in open court.  If you

6   send out a question, I will consult with the lawyers before answering it, which may take some

7   time.   You may continue your deliberations while waiting for the answer to any question.

8   Remember that you are not to tell anyone—including the Court—how the jury stands, whether in

9   terms of vote count or otherwise, until after you have reached a unanimous verdict or have been

10   discharged.

### JURY INSTRUCTION NO. 24 — RETURN OF VERDICT

A verdict form has been prepared for you.  I have instructed you on the law that you are to use in answering its questions.  You must follow my instructions and the verdict form carefully.

After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom

United States District Court
Northern District of California