**GIBSON, DUNN & CRUTCHER LLP**
THEODORE J. BOUTROUS, JR., SBN 132099
tboutrous@gibsondunn.com
SCOTT A. EDELMAN, SBN 116927
sedelman@gibsondunn.com
CATHERINE A. CONWAY, SBN 98366
cconway@gibsondunn.com
JESSE A. CRIPPS, SBN 222285
jcripps@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

**GIBSON, DUNN & CRUTCHER LLP**
MICHAEL LI-MING WONG, SBN 194130
mwong@gibsondunn.com
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant
WAL-MART STORES, INC.

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PC**
JAMES H. HANSON (admitted *pro hac vice*)
jhanson@scopelitis.com
10 West Market Street, Suite 1500
Indianapolis, IN 46204
Telephone: 317.492.9205
Facsimile: 317.687.2414

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PC**
ADAM C. SMEDSTAD, SBN 303591
asmedstad@scopelitis.com
30 West Monroe Street, Suite 600
Chicago, IL 60603
Telephone: 312.255.7200
Facsimile: 312.422.1224

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGEWAY, JAIME FAMOSO, JOSHUA HAROLD, RICHARD BYERS, DAN THATCHER, WILLIE FRANKLIN, TIM OPITZ, FARRIS DAY, AND KARL MERHOFF,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation dba WAL-MART TRANSPORTATION LLC, and Does 1-50,<br><br>Defendants.<br><br>[Previously captioned as *Bryan et al. v. Wal-Mart Stores, Inc.*] | CASE NO. 3:08-cv-05221-SI<br><br>**CLASS ACTION**<br><br>**WAL-MART STORES, INC.'S SUR-REPLY RESPONDING TO EVIDENCE NEWLY SUBMITTED IN REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND ENHANCEMENT AWARDS** |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................ 1

III. ARGUMENT ................................................................................................................. 2

    A. The Court Should Not Credit Mr. Artenian's New Time Entries ................................. 2

        1. Mr. Artenian's Original Time Records Are Not a Sufficient "Summary" ............................................................................................. 3

        2. Mr. Artenian Created His Untimely Entries Based Off Wal-Mart's Objections ........................................................................................... 5

        3. Mr. Artenian's Late-Claimed Fees Are Inappropriate And Unreasonable ...................................................................................... 7

    B. The Court Should Reject Plaintiffs' Counsel's Attempt to Rewrite the Discovery Record ........................................................................................ 9

IV. CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Armstrong v. Genesh Inc.*,
   2011 WL 6151416 (D. Kan. Dec. 12, 2011) ............................................................................. 7

*In re Bluetooth Headset Prods. Liab. Litig.*,
   2012 WL 6869641 (C.D. Cal. July 31, 2012) ............................................................................ 6

*In re ConAgra Foods Inc.*,
   90 F. Supp. 3d 919 (C.D. Cal. 2015) ......................................................................................... 7

*Davis v. Prison Health Servs.*,
   2012 WL 4462520 (N.D. Cal. Sept. 25, 2012) .......................................................................... 6

*Digital Reg of Texas, LLC v. Adobe Sys., Inc.*,
   2015 WL 1026226 (N.D. Cal. Mar. 9, 2015) ............................................................................ 4

*Doppes v. Bentley Motors, Inc.*,
   174 Cal. App. 4th 967 (2009) .................................................................................................... 8

*Edwards v. Marin Park, Inc.*,
   91 F. App'x 14 (9th Cir. 2004) .................................................................................................. 5

*Gorman v. Tassajara Dev. Corp.*,
   178 Cal. App. 4th 44 (2009) ...................................................................................................... 7

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) .............................................................................................................. 2, 7

*Hernandez v. Taqueria El Grullense*,
   2014 WL 1724356 (N.D. Cal. Apr. 30, 2014) .......................................................................... 8

*J & J Sports Productions, Inc. v. Barajas*,
   2017 WL 469343 (E.D. Cal. Feb. 2, 2017) ............................................................................... 5

*Kerkeles v. City of San Jose*,
   243 Cal. App. 4th 88 (2015) .................................................................................................. 4, 8

*Kilopass Tech., Inc. v. Sidense Corp.*,
   82 F. Supp. 3d 1154 (N.D. Cal. 2015) ...................................................................................... 3

*Mahach-Watkins v. Depee*,
   593 F.3d 1054 (9th Cir. 2010) ................................................................................................... 8

*In re Nat'l Sec. Agency Telecomm'ns Records Litig.*,
   2010 WL 11475732 (N.D. Cal. Dec. 21, 2010) ....................................................................... 4

*Plyley v. Grangaard*,
 2014 WL 1599930 (N.D. Cal. Apr. 21, 2014) ..........................................................................5

*Rodriguez v. Barrita, Inc.*,
 53 F. Supp. 3d 1268 (N.D. Cal. 2014) ..................................................................................10

*Stonebrae, LP v. Toll Bros., Inc.*,
 2011 WL 1334444 (N.D. Cal. Apr. 7, 2011) ..........................................................................3

*Whitman v. Am. Trucking Ass'n*,
 531 U.S. 457 (2001) ................................................................................................................4

**Statutes**

Labor Code § 203 ..........................................................................................................................8

Labor Code §§ 1194.2 and 1197.1 ................................................................................................8

**Rules**

N.D. Cal. Local Rule 7-3 ..............................................................................................................1

N.D. Cal. Local Rule 54-5 ...............................................................................................1, 3, 4, 5

# I. INTRODUCTION

At the Court's invitation, Wal-Mart submits its response to two of the categories of new evidence that Plaintiffs submitted in Reply (ECF 594). First, the late time entries submitted by Mr. Artenian flout the Court's Local Rules, both as improper reply evidence under Local Rule 7-3(d)(1), and as an endeavor to replace the "summary" counsel submitted with the Plaintiffs' Motion in a purported attempt to comply with Local Rule 54-5. Mr. Artenian's bid to re-cast the deficient time records submitted with the Motion as an exploding "offer" to "cap" his time finds no support in what he actually filed with the Court; if anything, this salvo underscores Plaintiffs' failure to comply with Local Rule 54-5's meet and confer requirement. Plaintiffs should not be permitted to ignore one part of a Local Rule while invoking those same Local Rules to justify their lack of compliance.

Separately, the record of filings and Wal-Mart's document productions entirely contradicts Plaintiffs' counsel's attempt to recast discovery in this case as so full of risk that it could justify their requested multiplier.

# II. STATEMENT OF FACTS

*Mr. Artenian's New and Changed Time Entries.* After declaring under penalty of perjury that Plaintiffs' counsel "are using only 1200 hours" of Mr. Artenian's time in their Motion (ECF 570-1 at 20 (Artenian Decl. ¶ 39)), counsel now seek fees for 1842.8 hours, having submitted an additional 688 time entries with their Reply brief:

|  | **Motion** | **Reply** | **Change** |
|---|---|---|---|
| **Number of Documented Artenian Hours** | 623.1 (but claimed 1200) | 1842.8 | **+1,219.7** |
| **Number of Time Entries** | 254 | 942 | **+688** |
| **Documented Fees** | $529,635 (but claimed $1,020,000) | $1,566,380 | **+$1,036,745** |

*See* ECF 570-1 at 46-51 (Original Time Entries); ECF 594-1 at 15-54 (New & Revised Time Entries); *see also* ECF 595-1 (Redline Comparison of Original and New Time Entries). In Reply, counsel also declared that Wal-Mart should have known that Mr. Artenian's "claimed 1200 hours" was an "offer[] to cap" his time. ECF 594-1 at 6 (Artenian Rep. Decl.) ¶ 61. But there is no such statement in his

Declaration (*see* ECF 570-1), and Mr. Artenian made no effort to communicate this "offer" to Wal-Mart's counsel through the required meet and confer process. Brass Sur. Decl. ¶¶ 2-3; *see also* N.D. Cal. Civ. L.R. 54-5(b)(1). Yet now he argues that Wal-Mart somehow "rejected" this "offer," thereby justifying a belated "detailed line-item billing of 1842.8 hours." ECF 594-1 at 7 (Artenian Rep. Decl.) ¶ 6; ECF 600 at 7:12-13. And, at oral argument, counsel disputed that these late time entries, unquestionably not submitted with the Motion, are "new evidence." ECF 600 (Fees Hr'g Tr.) at 7:17-20.

***Facts Concerning Wal-Mart's Document Productions.*** Counsel has claimed that Plaintiffs did not "get actual usable data that our experts could crunch into the stuff that was presented at trial until into 2016." ECF 600 at 8:15-17; *see also* ECF 570 at 7 (arguing that "[u]ntil 2016, Wal-Mart insisted that no payroll or employment data concerning any of the roughly 839 class members existed in digital form"). Wal-Mart's Opposition pointed to its productions of electronic payroll and employment records on February 24, 2015 and July 14, 2015, along with the Parties' agreement that Wal-Mart would produce additional electronic data upon Plaintiffs' request, as memorialized in the parties' Joint Statement following an in-person meet and confer before Magistrate Judge Spero. *See* ECF 226 ¶ 2; ECF 587 at 12; ECF 588 (Yott Decl.) ¶¶ 5-11 & Exs. 4-8. Plaintiffs' counsel do not dispute that they never made such a request. Yet they continue to claim that "all that time and money [spent] trying to create a database [from paper records]" is a basis for a multiplier. ECF 600 at 9:8-10. The discovery record confirms Plaintiffs' counsel have only themselves to blame for any challenges they faced.

### III. ARGUMENT

#### A. The Court Should Not Credit Mr. Artenian's New Time Entries

It is axiomatic that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). And it is equally well-established that "[n]ew evidence . . . presented for the first time in a reply will not be considered." ECF 595 at 4 (citing cases). Mr. Artenian's submission of new time entries totaling more than $1 million, and alterations to *two dozen more* entries, cannot be reconciled with these principles. *See* Brass Sur. Decl., ¶¶ 6-7 & Ex 1 (Redline Comparison of Mr. Artenian's Time Entries). The Court

should limit its review to the 623.1 hours that Mr. Artenian timely documented.[1]

### 1. Mr. Artenian's Original Time Records Are Not a Sufficient "Summary"

At argument, Mr. Artenian told this Court that he "think[s] that everything that [he] said in the declaration with the reply brief is exactly the same thing [he] said in the initial motion." ECF 600 at 7:17-19. Not so. In the Motion, Mr. Artenian stated under penalty of perjury that he was "using only 1200 hours" of his time and that he was providing documentation for 670 hours, although he estimated, in even increments of 100 hours, other categories of his time. ECF 570-1 at 20-21 (Artenian Decl. ¶ 39). Wal-Mart duly analyzed the evidence provided and responded in its Opposition—including pointing out that Mr. Artenian had actually documented 623.1 hours, not 670. ECF 587 at 15; *see also* ECF 589 (Brass Decl. ¶¶ 5-8). The decision to then argue for the first time in Reply that this 1,200 hours represented an "offer" to "cap" time, and that because Wal-Mart had objected, counsel would now claim 1,842.8 hours is a classic bait and switch. ECF 594-1 (Artenian Rep. Decl. at 1).[2]

Mr. Artenian also has argued that his original declaration "was compliant with the [Civil Local] [R]ules" by "detail[ing] quite a lot of different tasks" and including "estimates of those tasks." ECF 600 at 6:8-10. Again, not so. Local Rule 54-5(b) requires, among other things, that Plaintiffs' counsel include a declaration containing "[a] statement of the services rendered by each person for whose service fees are claimed together with a summary of the time spent by each person." As the decisions of this Court make clear, that summary cannot be cursory. It must provide sufficient detail for this Court *and* opposing counsel to assess the reasonableness of the time claimed. *See Stonebrae, LP v. Toll Bros., Inc.*, 2011 WL 1334444, at *8 (N.D. Cal. Apr. 7, 2011) (even though counsel provided line-by-line billing records, Rule 54-5 summary found insufficient where attorneys did not submit statements of their qualifications and experience). Where attorneys seek to support their claim for fees with a Rule 54-5 summary, more is needed than a paragraph summarily stating little more than "services rendered," as Mr. Artenian has done here. *See*, *e.g.*, *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1170 (N.D. Cal. 2015) (Illston, J.) (finding that attorney declaration summarizing by category the hours

---

[1] Wal-Mart also does not object to Mr. Artenian's submission in Reply of time entries for 29.8 hours of work taking place after the submission of the Motion.

[2] Mr. Artenian's approach is distinguishable from all of his colleagues who provided documentation with the Motion for all hours billed (with varying degrees of accuracy and reliability).

billed, to the tenth of the hour, for each stage of the litigation and submitted to the client for payment provided adequate summary to support fee request); *see also* Brass Sur. Decl. ¶ 22 & Ex. 3; *In re Nat'l Sec. Agency Telecomm'ns Records Litig.*, 2010 WL 11475732, at *14 (N.D. Cal. Dec. 21, 2010) (attorney declarations providing bulleted list of the tasks performed, the dates that those tasks occurred, and the number of hours billed per task complied with "summary" allowed by Local Rule); *see also* Brass Sur. Decl. ¶ 23 & Exs. 4-5; *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2015 WL 1026226, at *5 (N.D. Cal. Mar. 9, 2015) (rejecting request for fees where summary did not describe work done during the time periods for which fees were requested); *see also* Brass Sur. Decl. ¶ 24 & Ex. 6. Mr. Artenian should not be permitted to "hide elephants in mouseholes." *Cf. Whitman v. Am. Trucking Ass'n*, 531 U.S. 457, 468 (2001).[3]

Unlike the summaries approved in *Kilopass* and *National Security Agency Telecommunications Records*, Mr. Artenian's one-paragraph explanation for hundreds of hours and years of purported time is drafted in such overly broad terms that it is impossible to decipher whether any of the claimed time was reasonably expended. For example, he claims to have spent "at least 300 hours researching and writing motions and oppositions to motions"—but without any indication as to which "motions" he means or what his role was on these "motions." ECF 570-1 at 21 (Artenian Decl. ¶ 39); ECF 600 at 7:1-3 (describing having drafted the "vast majority" of motions). And if he took a lead role for so much motion drafting, why did so many of Mr. Artenian's colleagues *also* bill for drafting motions? *See, e.g.*, ECF 589 at 31 (Brass Decl. ¶ 38) (Mr. Kopfman spent 102.8 hours, totaling $75,044 in fees, to prepare the opposition brief to the motion to decertify); *see also Kerkeles v. City of San Jose*, 243 Cal. App. 4th 88, 101 (2015) ("It is appropriate to exclude excessive, redundant and unnecessary hours when calculating a lodestar."). The same logic extends to Mr. Artenian's representation that he spent "at least 100 hours preparing for, traveling to and attending depositions." ECF 570-1 at 21 (Artenian Decl. ¶ 39). He makes zero attempt to delineate which depositions he attended, when these depositions took place, to what extent he prepared for them, and how long he travelled. *Id.* There is simply no

---

[3] Courts undoubtedly have allowed attorneys to support their fee requests with summaries and confirmed that counsel need not document every minute to obtain fees. But Wal-Mart has found no case in this district where a court awarded an attorney fees for hundreds of hours with little more description than "write briefs, argue motions, and work on discovery for 18 months."

precedent in this Circuit for selecting a round number and claiming it as fees. *See also* ECF 588-11 at 8-9 (*Bill Padding*) ("large whole number time entries" should be scrutinized).

Finally, the Court should reject Plaintiffs' counsel's attempt to pick and choose which parts of Local Rule 54-5 apply to them. At the same time that Mr. Artenian tries to cloak his deficient "services rendered" statement as a "summary," Local Rule 54-5(b)(2), there is no serious dispute that counsel failed to comply with Local Rule 54-5(b)(1), requiring a statement that counsel had met and conferred in "attempting to resolve any disputes with respect to the motion." Had that meet and confer taken place, Wal-Mart could have considered Mr. Artenian's "offer" to "cap" his time. As Wal-Mart demonstrated at oral argument, it is not intractable when presented with valid explanations for fees requested. *See* Brass Sur. Decl., Ex. 2 at 4; ECF 600:16:8-12.[4]

### 2. Mr. Artenian Created His Untimely Entries Based Off Wal-Mart's Objections

Mr. Artenian's *post-hoc* submission of new time entries represents an attempt not only to cure the inappropriate billing practices that Wal-Mart critiqued, *see* ECF 587, but also to take a second bite at the apple by changing, absent any explanation, previously offered time entries.[5]

***Revised Entries.*** In addition to correcting typos in eight entries, counsel changed the date for five entries that Mr. Artenian submitted with the Motion, revised the description in eighteen entries, and changed the amount of recorded time in twelve entries. Brass Sur. Decl. ¶ 7. For example, when

---

[4] *See*, *e.g.*, *Edwards v. Marin Park, Inc.*, 91 F. App'x 14 (9th Cir. 2004) (denying fees motion in part because party failed to comply with Civil Local Rule 54-5(b)(1)'s meet-and-confer requirement); *Plyley v. Grangaard*, 2014 WL 1599930 (N.D. Cal. Apr. 21, 2014) (same).

[5] After Wal-Mart critiqued Mr. Artenian's time practices at the July 28, 2017 hearing, Mr. Artenian explained that his time entries are "based on information that is stored in [his] computer," but that he needed "to do a little bit of work" to create his time entries to submit to the Court; he could not "just print [his time entries] off." ECF 600 at 36:14-37:5; *compare* Brass Sur. Decl., Ex. 4 (Hancock Decl. ¶ 8) ("Because I am responsible for maintaining the computerized billing program, I enter my time entries directly into the billing program on a daily basis.") with ECF 570-1 at 19-20 (Artenian Decl. ¶ 39) ("I maintain contemporaneous records of work on written projects, appearances in court and at depositions, and various other work on the case. These records are stored on my computer. Still, there are large amounts of time in a case like this that, as a practical matter, are never captured."). He explained that he did so using the briefs and other material he had prepared. *Id.* at 37:2-5. Because this process of going back and creating time entries based off end-product is less reliable than contemporaneous or other time keeping methods, it should be viewed with some skepticism. *See J & J Sports Productions, Inc. v. Barajas*, 2017 WL 469343, at *3 (E.D. Cal. Feb. 2, 2017) ("Absent the submission of detailed *contemporaneous* time records justifying the hours claimed to have been expended on this case, the [c]ourt gives little weight to the figures provided by [p]laintiff.") (emphasis added, citations and quotations omitted).

Mr. Artenian submitted his time entries with the Motion, he certified that his entry for June 26, 2014 was for 0.1 hours. Yet with the Reply, he has increased the amount of time by *eight hours* to 8.1. Brass Decl. ¶ 7 & Ex. 1 (Entry 681); *see also*, *e.g.*, *id.* Entry 759 (increase from 1.5 to 1.7 for "Research"). Mr. Artenian also deleted four entries entirely, apparently conceding that this time never should have been submitted at all. *See id.* ¶ 7 & Ex. 1 (Entries 576, 605, 609, 630). Perhaps at least some of these changes were intended to make his work sound more professional (*e.g.*, change from "Review note" to "Review memo" in Entry 623); in any event, no explanation is given as to why time sworn in the first instance to be accurate required revision. This is not the "billing judgment" lauded by Plaintiffs' counsel, and "[n]o reasonable paying client" would pay these fees or tolerate such behavior. *See In re Bluetooth Headset Prods. Liab. Litig.*, 2012 WL 6869641, at *3 & n.6 (C.D. Cal. July 31, 2012).

***Newly Found Specificity.*** Mr. Artenian's Reply submission also added new time entries that appear to have been crafted in light of the objections Wal-Mart raised in its Opposition. Where his original time entries included such generic descriptions as "discussions with co-counsel," "research," "review documents produced," and "phone call with office attorneys re research" that could relate to almost *any* case, the late Reply descriptions dialed up the detail, adding time for more than 100 specific conversations with particular colleagues that Mr. Artenian had been unable to present just two months earlier with the Motion. *Compare* Brass Sur. Decl. ¶ 9 (Motion Entries 579, 740, 750, 759, 761, 794) *with id.* ¶ 10 & Ex. 1 (*e.g.* Reply Entries 8188, 8203, 8219, 8227, 8228). The vague and imprecise time entries submitted with the Motion made it impossible to engage in any kind of meaningful review, an objection raised in Wal-Mart's Opposition. *See* ECF 589 (Brass Decl.) ¶¶ 8-9 & Ex. A; *Davis v. Prison Health Servs.*, 2012 WL 4462520, at *11 (N.D. Cal. Sept. 25, 2012) (Illston, J.) (holding that similar "descriptions are too vague to enable the Court to assess the reasonableness of the time claimed"). That so many of Mr. Artenian's late Reply time entries do not suffer this defect is highly suspect and improbable based on any improvement of Mr. Artenian's memory with the passage of time. *See also* ECF 595 at 5 (explaining why Mr. Artenian's new entries violate the prohibition on Reply evidence).

***Travel & Block Billing.*** With the Motion, Mr. Artenian submitted multiple block-billed entries for 9 hours or more to travel to San Francisco, attend a hearing or mediation, and then return to Fresno. Brass Sur. Decl. ¶ 13 (Entries 594, 696, 711). Wal-Mart's Opposition argued that Plaintiffs' counsel

used block billing to seek fees for work of questionable value or for time not spent performing legal services, including 1,466.2 hours ($1,054,704 in fees) of unspecified travel time. ECF 587 at 18-19 (citing cases); ECF 589 (Brass Decl.) ¶ 19 & Ex. A; *see also* Brass Sur. Decl. ¶ 12. Apparently acknowledging the correctness of that objection, Mr. Artenian's belated time entries markedly differ from his prior billing practices; they now separately account for travel and substantive legal work. *Compare id.* ¶ 13, Entry 594 (block billing travel and substantive work) *with id.* ¶ 14, Entries 8632-35 (separately billing travel to San Francisco, preparing for oral argument, attending court, and return travel to Fresno); *see also* Entries 8617-20, 8806-08, 8859-61. This is not the type of "response" to Wal-Mart's Opposition condoned by *ConAgra*; a response would be Mr. Artenian standing by his original billing methods and trying to rebut Wal-Mart's argument that his block billing was improper. *Compare In re ConAgra Foods Inc.*, 90 F. Supp. 3d 919 (C.D. Cal. 2015) (striking reply declaration submitted on entirely new topic while allowing three reply declarations submitted to rebut arguments raised in opposition brief concerning expert's methods and opinions) *with Armstrong v. Genesh Inc.*, 2011 WL 6151416, at *1 (D. Kan. Dec. 12, 2011) ("While plaintiff submitted the evidence in response to defendant's argument that plaintiff had not adequately supported his motion, the court believes that the evidence would have been more properly submitted with plaintiff's motion—not with the reply brief effectively depriving defendant of the opportunity to respond."). It is simply an improper attempt to slip in additional time written in a manner that recognizes the *merit* in Wal-Mart's objections.

### 3. Mr. Artenian's Late-Claimed Fees Are Inappropriate And Unreasonable

Even if this Court were to consider Mr. Artenian's untimely new and revised entries, these entries improperly inflate Plaintiff counsel's lodestar because many of them describe work not "reasonably expended" on this litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983). The Court should at a minimum greatly discount improperly substantiated fees. *See Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) (when confronted with a lengthy fee request, "[a] reduced award might be fully justified by a general observation that . . . the opposing party has stated valid objections").

***Block-Billing.*** Mr. Artenian newly submitted 40 time entries and revised 9 entries reflecting inappropriate block billing, which represents 260.5 hours of claimed work and $221,425 in claimed

fees. Brass Sur. Decl. ¶¶ 15-16. For instance, on December 2, 2016, Mr. Artenian included an improper 7.1-hour entry which stated "further research; review of files and transcripts, discussions, and drafting of portions of plaintiffs' post-trial motions." *Id.* Ex. 1 (Entry 8680). Because block billing inflates the lodestar, this Court should reduce these entries. ECF 587 at 18-19 (citing cases).

***Excessive Billing to Review Depositions.*** Mr. Artenian's untimely new entries include a 169.4 hours at a rate of $850 an hour for reviewing the transcripts of depositions taken by others. Brass Sur. Decl. ¶ 17. This is in addition to 35.8 hours' worth of improper time entries for "review" work submitted with the Motion, for a total of 205.2 hours and $174,420 in claimed fees. As Wal-Mart pointed out in its Opposition (ECF 587 at 19-20), "[i]t is appropriate to exclude excessive, redundant and unnecessary hours when calculating a lodestar." *See Kerkeles*, 243 Cal. App. 4th at 101; *Doppes v. Bentley Motors, Inc.*, 174 Cal. App. 4th 967, 1000 (2009) (25% reduction for excessive time billing).

***Plaintiffs' Lost and/or Abandoned Claims.*** Wal-Mart has previously argued that it should not be held responsible for time that Plaintiffs' counsel billed toward claims or theories where this Court ruled in Wal-Mart's favor, or where Plaintiffs abandoned the claims. ECF 587 at 14-15. Mr. Artenian billed 79.2 hours—totaling $68,340—to unsuccessful work such as Plaintiffs' post-trial motions under Labor Code §§ 1194.2 and 1197.1, abandoned claims such as Labor Code § 203 waiting time penalties, and time spent drafting a never-filed Fifth Amended Complaint. *See* Brass Sur. Decl. ¶¶ 18-19. All of this work should be deducted wholesale from the lodestar, or at a minimum, the Court should apply an across-the-board reduction to the lodestar. *See Mahach-Watkins v. Depee*, 593 F.3d 1054, 1063 (9th Cir. 2010) (affirming 80% cut in light of "limited success" on one federal claim and no success on state law claims).

***Billing in 0.1- and 0.2-Hour Increments***. By billing every phone call, email, review of a memorandum, or review of any notice from the Court as a separate 0.1- and 0.2-hour entry, Mr. Artenian has inflated Plaintiffs' counsel's lodestar by $15,215. *See* ECF 587 at 17-18; *see also Hernandez v. Taqueria El Grullense*, 2014 WL 1724356, at *9 (N.D. Cal. Apr. 30, 2014) (critiquing billing for "multiple 0.1 hour entries separately where they could be consolidated" and reduced these entries by 50%). Mr. Artenian's 29 0.1-hour (six-minute) and 64 0.2-hour (twelve-minute) entries should similarly be reduced. *See* Brass Sur. Decl. ¶ 20.

### B. The Court Should Reject Plaintiffs' Counsel's Attempt to Rewrite the Discovery Record

The new "facts" regarding discovery no more justify a multiplier than those in the Motion. Nothing proffered changes the fact that the tale they spin of discovery misfortune aims to inject uncertainty and throw up obstacles where none actually existed, but for counsel's own making.

First, there is no truth to the claim that Wal-Mart's production of electronic employment and pay record data on February 24, 2015 "was the result of a long drawn out discovery and meet and confer process which resulted in the filing of an administrative motion seeking a discovery order, an order of the court requiring counsel to meet face to face in Magistrate Spiro's [sic] court room, and the parties Joint Statement Re Discovery." ECF 594-1 at 632 (Kopfman Rep. Decl. ¶ 17). Wal-Mart's February 24, 2015 production took place more than four months *before* the Parties' July 6, 2015, meeting with Magistrate Judge Spero and the July 23, 2015 Joint Statement filing. *See* ECF 226. This production contained all available ESI from the drivers' On Board Computers, such as driver activities, locations, and pay data. *See* ECF 588 (Yott Decl.) ¶ 5; Tr. 795:4-15. Wal-Mart produced a catch-up collection of new data from this system in January 2016 to bring it up to date. *See* ECF 588 ¶ 11.

Second, Plaintiffs' counsel does not dispute that Wal-Mart produced electronic payroll data from its Dispatch Driver Payroll system on July 14, 2015; Mr. Kopfman admits that he simply does not "recall" receiving any data from this system until January 2016. ECF 594-1 at 632 (Kopfman Rep. Decl. ¶ 22). But Mr. Kopfman's ignorance of the data does not mean Wal-Mart did not produce it. Instead, the Parties' July 2015 Joint Statement memorializes its production. ECF 226 ¶ 2. Had Mr. Kopfman or his colleagues been more diligent in reviewing the data they had, perhaps they would not have embarked on the photocopying and database project that they later deemed "useless"; that they did so cannot be laid at Wal-Mart's feet.

Third, Plaintiffs' counsel accuse Wal-Mart of a "failure and refusal to be upfront and honest about the scope and types of electronically stored information." ECF 594-1 at 632 (Kopfman Rep. Decl. ¶ 26). Far from it; Wal-Mart's counsel repeatedly explained what the data contained and did not contain. But Plaintiffs' counsel did not like what it heard, insisting that Wal-Mart had data it refused to produce that would show the amount of time drivers spend on activities such as fueling or talking with a driver coordinator. As the Court heard during the trial, Wal-Mart does not track or time these

sorts of tasks. *See, e.g.*, Tr. 829:12-14, 829:23-830:1, 830:16-18, 830:22-831:4 (no requirement to track time spent on individual on-duty activities). The "goose chase" that Plaintiffs' counsel claim Wal-Mart led them on was nothing more than a quixotic hunt for data that never existed.[6]

In sum, nothing about the document productions in this case presented special challenges or risk. There was no "contingent risk" or "extraordinary legal skill" that could justify a multiplier, let alone the 2.71 multiplier sought by Plaintiffs' counsel. *See Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1286 (N.D. Cal. 2014). Here, the lodestar reflects Plaintiffs' counsel's lack of sophistication regarding electronic discovery; nothing about that should be rewarded with a multiplier.

### IV. CONCLUSION

The late-filed evidence Plaintiffs' counsel offered does not rectify the flaws in their fees claim. The Court should not reward counsel's decision to (once again) ignore the rules of this Court, much less grant them an additional $1 million in fees (plus multiplier) for doing so. The additional evidence filed in reply does not justify any further award of fees.

Dated: August 4, 2017

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Scott A. Edelman*
       Scott A. Edelman

Attorneys for Defendant
WAL-MART STORES, INC.

---

[6] Wal-Mart did produce electronic data in June 2016 concerning 42 drivers who had terminated from the company during the early part of the class period that was inadvertently not collected due to a change in how Wal-Mart's data systems coded the truck driver job category. This error was rectified as soon as Wal-Mart learned about it. By that point, Wal-Mart had already produced all available data on more than 800 class members. *See* Brass Sur. Decl., Ex. 2 at 35-36. In any event, Wal-Mart is not challenging the necessity of fees incurred for this work. And nothing in the "goose chase" relates in any way to that data.