CHRISTOPHER D. SULLIVAN (148083)
*csullivan@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Phone: (415) 692-5200

*Counsel for Non-Party Legalist Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIDGEWAY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC., *et al.*, <br><br> Defendants. | Case No. 3:08-cv-05221-SI <br><br> **LIMITED OPPOSITION OF NON-PARTY LIEN CLAIMANT LEGALIST INC. TO PLAINTIFFS' MOTION FOR APPROVAL OF PROPOSED PLAN TO DISTRIBUTE PROCEEDS OF JUDGMENT** <br><br> Date:  November 20, 2020 <br> Time:  10:00 a.m. <br> Place:  Courtroom 1, 17th Floor <br> Judge:  The Honorable Susan J. Illston |

On July 30, 2020, non-party lien claimant Legalist Inc. ("Legalist") filed a notice of its lien on funds owed to Russel Myrick ("Myrick") and Myrick's law firm RDM Legal Group ("RDM") in the amount of $588,256.85. *See* Dkt. Nos. 621 and 621-1. On October 16, 2020, Plaintiffs filed a motion for approval of a proposed plan to distribute proceeds of the judgment Plaintiffs obtained in this action ("Motion"). *See* Dkt. No. 623. Legalist respectfully submits this limited opposition to Plaintiffs' Motion as explained below.

As part of their Motion, Plaintiffs assert that (1) Myrick formerly was an employee of one of the law firms that represented Plaintiffs in this action; (2) Myrick has not performed any work in this action since the conclusion of the trial in late 2016 and post-trial motions in 2017; (3) Myrick is not owed any money by any firm or attorney representing Plaintiffs in this action; (4) Myrick is not

1

claiming or entitled to any portion of the proceeds of the judgment herein; (5) Myrick will not be paid any money directly or indirectly from the judgment funds being held by the Administrator herein; (6) in the absence of Legalist's claim of lien, the Administrator would not be instructed to pay any funds to Myrick or RDM and no such funds would go to either Myrick or RDM indirectly via Plaintiffs' other attorneys. *See* Dkt. 623, at page 20, lines 1-11.  Plaintiffs' Motion further asserts that Plaintiffs believe no funds from the judgment can or should be diverted to pay any part of Legalist's claims against Myrick and RDM because Myrick and RDM "are simply not owed any money from the forthcoming award of attorney's fees." *Id.*, page 20, lines 13-15.

Plaintiffs' Motion is supported by the Declaration of Lawrence M. Artenian ("Artenian Decl."), one of the attorneys of record for Plaintiffs. *See* Dkt. 623-1, at page 10, line 21 through page 11, line 2.

Legalist submits this limited opposition to Plaintiffs' Motion on the ground that Myrick and RDM have not submitted a Declaration establishing neither of them is entitled to, claiming, or will receive directly or indirectly any proceeds of the judgment.  The general statements about Myrick and RDM contained in the Artenian Decl. lack the evidentiary foundation to establish what Myrick or RDM are or are not claiming, entitled to, or will receive from the proceeds of the judgment, either via the proposed distribution plan or from other of Plaintiffs' attorneys or Plaintiffs.  The Artenian Decl. also contains no statement about, much less an evidentiary basis to support, the argument in Plaintiffs' Motion that Myrick or RDM dispute Legalist's claim of lien.

In addition to lacking foundation as to the rights, claims, and actions of Myrick and RDM, the Artenian Decl. also does not support the statements in Plaintiffs' Motion relating to both Myrick *and* RDM.  The Artenian Decl. refers only to *Myrick* allegedly not claiming and not being entitled to any of the proceeds of the judgment, and states only that the proposed distribution plan allocates nothing to *Myrick*.  The Artenian Decl. does not make similar statements about whether *RDM* allegedly is claiming, entitled to, or will receive any proceeds of the judgment and does not state that the proposed distribution plan does not allocate anything to *RDM*.  The Artenian Decl. lacks foundation and does not support Plaintiff's contentions as they relate to *RDM*.

Given Myrick and RDM's appearance in this action, Legalist respectfully submits that Myrick and RDM should provide the Court with a Declaration or Declarations relating to whether either of them is claiming, entitled to, or will receive any proceeds from the judgment directly or indirectly from any source, and, if appropriate, the Court should conduct an evidentiary hearing relating to Legalist's claim of lien as to any judgment proceeds that Myrick or RDM may be claiming, entitled to, or receive.

Accordingly, Legalist submits this limited opposition to Plaintiffs' Motion to ensure that, despite the lacking evidentiary foundation for the statements in Plaintiffs' Motion, *both* Myrick and RDM are not entitled to, are not claiming, and in fact will not receive any of the proceeds of the judgment, either directly through the proposed distribution plan or indirectly through any of Plaintiffs' other attorneys or Plaintiffs.

Respectfully submitted,

Dated: October 30, 2020                DIAMOND MCCARTHY LLP


By: */s/ Christopher D. Sullivan*
       Christopher D. Sullivan

Attorneys for Non-Party Legalist Inc.